Raj V. Abhyanker, California SBN 233284
raj@legalforcelaw.com

LEGALFORCE RAPC WORLDWIDE, P.C.
1580 W. El Camino Real, Suite 10
Mountain View, CA 94040
Telephone:    (650) 965-8731
Facsimile:    (650) 989-2131

Attorney for Plaintiff,
LegalForce RAPC Worldwide P.C.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LEGALFORCE RAPC WORLDWIDE, P.C.<br><br>                    Plaintiff,<br><br>           v.<br><br>LEGALFORCE, INC., a Japanese corporation,<br><br>                    Defendant. | Case No. : 3:22-cv-03724-TLT<br><br>**SECOND AMENDED COMPLAINT FOR:**<br><br>1.  TRADEMARK INFRINGEMENT, 15 U.S.C. § 1114;<br>2.  TRADEMARK INFRINGEMENT, 15 U.S.C. § 1125(a);<br>3.  CYBERPIRACY, 15 U.S.C. § 1125(d); and<br>4.  TRADEMARK INFRINGEMENT, CALIFORNIA COMMON LAW.<br><br>**JURY TRIAL DEMANDED** |

Plaintiff LegalForce RAPC Worldwide P.C. ("LegalForce", "Plaintiff"), a California Professional "S" corporation, by and through its counsel, for its second amended Complaint against Defendant LegalForce, Inc. ("Defendant"), a Japanese corporation, complains and alleges upon information and belief as follows:

## FACTUAL ALLEGATIONS

1. Plaintiff is the owner of three U.S. federal trademark registrations:

| Marks | Reg. No. Reg. Date | Serial No. Filing Date | Goods/Services |
|---|---|---|---|
| LegalForce | Reg: 4227650 Oct. 16, 2012 | 85483252 Nov. 30, 2011 | Legal services, namely, law firm services specializing in administrative, transactional, litigation, civil and criminal matters; legal document preparation and research services for attorneys; providing general information in the field of legal services via a global computer network. (45) |
|  LegalForce | Reg: 4346898 June 4, 2013 | 85785842 Nov. 21, 2012 | Legal services; security services for the protection of property and individuals; personal and social services rendered by others to meet the needs of individuals. (45) |
| LegalForce Trademarkia | Reg: 5642937 Jan 1, 2019 | 87924397 May 24, 2018  First Use in Commerce: Apr. 13, 2012 | Providing temporary use of on-line non-downloadable software for trademark searching and managing trademark matters; Computer services, namely, providing search engines for obtaining trademark data from publicly available sources. (42) |

2. The mark LegalForce was declared incontestable through Reg. No. 4346898.

3. The marks "LegalForce", "LEGALFORCE" and "LegalForce Trademarkia" are collectively referred to as the "LEGALFORCE Marks."

4. As a result of Plaintiff's exclusive, extensive, continuous and nationwide use of the LEGALFORCE Marks, the marks have come to signify the leading provider of legal automation, business law, corporate law, and IP law services for businesses and consumers and have achieved such widespread public recognition and major press coverage from leading

1   publications including Bloomberg, FastCompany, TechCrunch, The World Trademark Review,

2   Wall Street Journal,  and in the ABA Journal.

3       5.  As an industry leader, LegalForce has invested well over ten million dollars promoting

4   the brand to corporate and business customers worldwide, and advertising and promoting the

5   LEGALFORCE Marks.

6       6.  In order to build and maintain its status as the leading nationally-recognized brand,

7   LegalForce has promoted the LEGALFORCE Marks through advertising across the media of

8   video, radio, and the Internet.

9       7.  The LEGALFORCE Marks achieved this widespread fame across the United States, and

10  across many different industries and popular culture - for many years before Defendant's first

11  infringing use. LegalForce owned websites have become among the largest websites in the

12  United States, whose LegalForce Trademarkia had website traffic approaching some of the

13  largest websites on the Internet by 2017, and has attracted millions of page views and unique

14  visitors to its LegalForce websites in the years prior.

15      8.  Moreover, the LEGALFORCE marks have been protected globally by LegalForce.

16  Specifically, in at least the following countries and regions around the world :

17

| SL # | MARK NAME | CLASS | COUNTRY | FILING DATE | APPLN # | CURRENT STATUS |
|---|---|---|---|---|---|---|
| 1 | LEGALFORCE (word) | 45 | USA | Nov. 30, 2011 | 85483252 | Registered |
| 2 | LEGALFORCE (logo) | 45 | USA | Nov. 21, 2012 | 85785842 | Registered |
| 3 | EGALFORCE TRADEMARKIA - WORI | 042 & 045 | USA | May.16, 2018 | 87924397 | Registered |
| 5 | LEGALFORCE (word) | 45 | India | Mar. 07, 2012 | 2295736 | Registered |
| 6 | LEGALFORCE (word) | 035, 042 & 045 | EU | Mar. 07, 2019 | 18033044 | Registered |
| 7 | LEGALFORCE (logo) | 035 & 045 | EU | May. 18, 2012 | 10894772 | Registered |
| 10 | LEGALFORCE (logo) | 035 & 045 | UK cloned | May. 18, 2012 | UK00910894772 | Registered |
| 11 | LEGALFORCE (word) | 035, 042 & 045 | UK cloned | Mar. 07, 2019 | UK00918033044 | Registered |
| 12 | LEGALFORCE (word) | 45 | Canada | March. 09, 2012 | 1567942 | Registered |
| 13 | LF LEGALFORCE | 45 | Australia | Feb. 06, 2019 | 1604629 | Registered |
| 15 | LEGALFORCE RAPC (word) | 035, 042 & 045 | New Zealand | Feb. 14, 2019 | 1113664 | Registered |
| 16 | LEGALFORCE (logo) | 035, 042 & 045 | New Zealand | Feb. 14, 2019 | 1113666 | Registered |
| 17 | LEGALFORCE (word) | 035, 042, & 045 | Australia | Oct. 30, 2018 | 1965611 | Registered |
| 19 | LEGALFORCE (word) | 035 & 042 | India | Feb. 07, 2019 | 4080128 | Registered |

25      9.  Similarly, the LEGALFORCE marks are embodied in domain names protected by

26  LegalForec globally including in the countries/domains below.

27

28

| SL # | DOMAIN NAME | STATUS |
|------|-------------|--------|
| 1 | legalforce.com | Registered |
| 2 | legalforcelaw.co.uk | Registered |
| 3 | legalforcelaw.com | Registered |
| 4 | legalforce.jp | Registered |
| 5 | legalforce.biz | Registered |
| 6 | legalforce.us | Registered |
| 7 | legalforce.de | Registered |
| 8 | legalforce.es | Registered |
| 9 | legalforce.fr | Registered |
| 10 | legalforce.info | Registered |
| 11 | legalforce.mobi | Registered |
| 12 | legalforce.eu | Registered |
| 13 | legalforce.ca | Registered |
| 14 | legalforce.it | Registered |
| 15 | legalforce.co | Registered |
| 16 | legalforce.tw | Registered |
| 17 | legalforce.net | Registered |
| 18 | legalforce.co.uk | Registered |
| 19 | legalforce.cn | Registered |
| 20 | legalforce.nz | Registered |
| 21 | legalforce.in | Registered |
| 22 | legalforcelaw.com | Registered |
| 23 | legalforcefh.com | Registered |
| 24 | legalforcetrademarkia.com | Registered |

10. The LEGALFORCE Marks are of material importance to LegalForce.  LegalForce has used the LEGALFORCE Marks continuously for nearly a decade and has spent large amounts of money promoting those marks.

11. Because of the invaluable goodwill that the LEGALFORCE Marks represent, and its importance to the company, LegalForce aggressively protects the LEGALFORCE Marks.

**Defendant's Infringing Activities in the United States using the LegalForce name**

12.  Defendant has advertised counterfeit LegalForce products and services in the United States to sell its software products to 3000 customers since July 1, 2020, many of which are American corporations and law firms including car sharing company Turo.com and lawyer Hans Kim  in this district.  Defendant offered for sale within interstate commerce in the United

States software products called "LegalForce" and "LegalForce Cabinet" starting around July 1, 2020 which it advertised and sold to American customers in California and New York and continuing onward until at least December 1, 2022.[1]

13. Therefore, Defendant's infringement has a substantial effect on U.S. commerce.

14. On August 11, 2022, Defendant filed a trademark for the LegalForce Logo Mark "LF" in the United States before the United States Patent & Trademark Office (Serial # 79347079, or the '079 Application) in numerous classes 45, 42, 41, 38, 36, 35, and 9 with no concern for Plaintiff's rights. This trademark was live, pending and registered at the time of filing of the instant Complaint.

15. Defendant's logo mark in the '079 Application borrows from the logo of Plaintiff.  See comparison below:

| Plaintiff's Mark (Reg: 4346898  June 4, 2013) | Defendant's infringing design (see '079 App "LF" of August 11, 2022) |
|---|---|
|  |  |

16. Both stylized logos contain a capital "F" and the logo portions both contain the letters "LF" and are surrounded by a polygon shape.

17. Separate and apart distinctly from Defendant's sale of its counterfeit products to customers within the United States since 2020, Defendant also infringed the Plaintiff's marks when advertising sale of its equity shares for purchase by investors in the United States in 2022. In fact, its pitch decks, presentations, and promotional items all advertised shares for sale with

---

[1] See Linkedin Post as of July 13, 2022 by Defendant titled "Lawyer" with the description "Since July 1, 2020, our product "LegalForce" has released the first official version of English review function in Japan. "Nozuma Tsunoda admitted that "English " refers to "American" contracts, and not contracts of the United Kingdom or elsewhere. Tsunoda and Biard also admitted that the product names continue to be called LegalForce and LegalForce Cabinet after December 1, 2022.

1   the design mark in the infringing '079 Application within interstate commerce in the United

2   States.[2]

3       18. Specifically, Defendant advertised infringing LegalForce marks to solicit American

4   investors in the United States when advertising its equity shares for purchase within the United

5   States in 2022 with the specific purpose of expanding the sales of its products and services

6   within the United States from its early start in 2020.[3] American investors including World

7   Innovation Labs ("WiL"), Goldman Sachs, and Sequoia Capital actually purchased millions of

8   dollars of Defendant's stock in response to its advertisements using the LEGALFORCE marks

9   in the summer of 2022. Even the equity financing documents of Defendant, including the

10  invoices in the form of stock purchase agreements demonstrate actual sales of equity shares in

11  Defendant's company to American investors in 2022 advertised using the LEGALFORCE

12  mark, with email body and supporting documents displaying the LEGALFORCE mark with the

13  logo in the infringing '079 Application in conjunction with the sale of securities.

14  **Defendant's Infringing Activities in the United States using the LegalOn name**

15      19. Months after being sued in the instant lawsuit in June 2022 did Defendant change its

16  name to LegalOn in mid September 2022. Even still, in a Press Release dated November 14,

17  2022, Defendant announced its name change to LegalOn it writes "The name of the AI contract

18  screening platform "LegalForce" and the AI contract management system "LegalForce Cabinet"

19  will not change and will continue to be provided as before."

20      20. In view of the history between the companies, even the name LEGALON is confusingly

21  similar to the trademark of LEGALFORCE, given the entirety as to appearance, sound,

22  connotation, and commercial impression and associated past history: Both marks include the

23  word "legal" and are composed of two words. While the marks have different second words, the

24  similarity of the first word and the fact that they are both legal services companies creates a

25  likelihood of confusion for consumers, especially in view of the fact that products of the

26  defendant continue to be called LegalForce.

27

28  [2]  Admitted during the Deposition of Nozumu Tsunoda, January 26, 2023 in the U.S. Embassy in Tokyo authorized under the Hague Convention and the Ministry of Justice of Japan.
    [3]  *Id.*

21. Moreover, there is similarity in nature of the goods: Both companies provide legal services, which are similar in nature.  Moreover, since both Plaintiff and defendant target the same customer base or use similar marketing channels, there is a higher likelihood of confusion. In addition, the conditions under which and buyers to whom sales are made: since both companies sell their legal services in similar ways (i.e., both target consumers who make impulse purchases), there is a higher likelihood of confusion given the Defendant has been using the LegalForce name.

**Defendant's Bad Faith and Commercial Activities in the United States using the LegalForce name**

22. In addition, Defendant has purchased domains it has used in the United States to profit from Plaintiff's goodwill in the LEGALFORCE marks in bad faith with an intent to profit :

    a. **LegalForce-corp.com** was registered on April 28, 2021 in conjunction with defendant's sales in the United States with bad faith intent to infringe the Plaintiff's superior rights (e.g., website color theme in orange copied), and is hosted by an American hosting company, Amazon.com Inc. in Portland Oregon.

    b. **LegalForce-cloud.com** was registered on February 8, 2018, and is hosted by an American hosting company, Amazon.com Inc. in Portland Oregon.

23. Defendant profited from these cybersquatted domains in the United States by listing them as collateral assets of the company in Series D financing documents in the summer of 2022 to American investors in the United States. On these domains, Defendant advertised the logo in the infringing '079 Application to American investors when selling its shares in 2022.

**Defendant has numerous employees in the United States directly and through its alter ego corporation.**

24. Most of the five U.S. employees of Defendant were recruited and hired while the business was called LegalForce before September 19, 2022, and the only exception is the biological son of one of the LF-USA employees.[4] The CEO of LF-USA Daniel Lewis was hired when the company was called LegalForce and is supervised by an executive JP Biard at

---

[4] *Id.*

1    Defendant.[5]

2        25. Defendant also has a Chief Executive Officer Daniel Lewis in this District.[6]  Despite

3    denying that he has any role in Defendant in the United States under oath, Defendant's Head of

4    Global Strategy JP Biard, claims to have a dual role as the "Head of Global Strategy" for United

5    States and Japanese operations on his Linkedin Profile.[7]

6    **Defendant has purposefully availed itself to US jurisdiction in filings with the federal**

7    **government and the USPTO**

8        26. Defendant also made a representation under penalty of perjury to the United States

9    government that it had a bona fide intent to use the LF LegalForce mark in the United States to

10   the USPTO through its U.S. trademark filing # 79347079 on August 11, 2022.  When Defendant

11   first requested its U.S. rights on December 19, 2021 through a WIPO trademark application

12   designating the United States[8]; Defendant was running out of venture funding needed to sustain

13   its operations and was desperately seeking additional investment.[9]  That day, Defendant filed a

14   U.S. trademark for LegalForce's LF mark serial 79347079.

15       27. Based on Defendant's August 11, 2022 trademark filing in the United States for LF

16   LEGALFORCE logo mark which was Live and Pending (not abandoned) as of the filing of the

17   Complaint.[10] At all times, Defendant used the LEGALFORCE marks to American investors that

18   its sole intention was to expand in the United States, and that its need for venture capital was for

19   that purpose " because the US leads the world in the contract market." [11]

20

21   [5] *Id.*
     [6]See Linkedin profile of Daniel Lewis https://www.linkedin.com/in/dlewis4/ as of December 3,
22   2022.
     [7]See Linkedin  https://www.linkedin.com/in/jp-biard-b788437/ as of December 3, 2022.
23   [8] WIPO mark filed on December 19, 2021 as WIPO Serial 1677142 designating the United
     States.
24   [9]  Nozumu Tsonoda made these admissions to the trade press in Japan.
     [10]  See TSDR Record, LF LegalForce Logo mark U.S. Serial 79347079 filed August 11, 2022
25   owned by, owned by LegalOn Technologies, Inc., 6th floor, Toyosu Front, 3-2-20, Toyosu,
     Koto-ku Tokyo 135-0061 Japan;
26   https://tsdr.uspto.gov/#caseNumber=79347079&caseType=SERIAL_NO&searchType=statusSea
27   rch and claiming priority of WIPO mark filed on December 19, 2021 as WIPO Serial 1677142
     designating the United States.
28   [11]  Admitted during the Deposition of Nozumu Tsunoda, January 26, 2023 in the U.S. Embassy
     in Tokyo authorized under the Hague Convention and the Ministry of Justice of Japan.

**Defendant has purposefully copied Plaintiff's trade dress, further solidifying its bad faith and creating a false association**

28. In Defendant's advertisements to American investors in the summer of 2022, Plaintiff's trade dress "orange" color theme is presented next to an American flag. Immediately to the right of the flag are shown words in LegalForce's trade dress, while showing the LEGALFORCE Marks immediately above and next to the Japanese flag.  The words written in the orange color theme are roughly translated to "Powerful enterprises not here" admitting Defendant's knowledge of LegalForce's rights but bad faith intent to usurp the brand equity of LegalForce in the United States.



[12]

29. The orange color choice creates a false association with LegalForce because LegalForce's trade dress has included the various same shades of Orange in its trade dress, as shown below:

---

[12] *Id.*

SECOND AMENDED COMPLAINT
CASE NO.: 3:22-cv-03724-TLT









30. At approximately the same time that Defendant was raising capital from venture capitalists using investor pitch decks falsely suggesting that it was somehow affiliated with, sponsored by, or endorsed by LegalForce, LegalForce was also seeking venture capital from the same circles of venture capitalists. LegalForce was unsuccessful in raising venture capital, while Defendant raised venture capital in part through its false association, upon information and belief. This was despite LegalForce's brand equity and customer base being significantly greater than Defendant.

31. Defendant consciously and willfully registered https://en.legalforce-corp.com/, and designed a logo which is intentionally similar to the LEGALFORCE Marks, in a deliberate attempt to capitalize on the goodwill associated with the LEGALFORCE Marks. By offering

similar services over the same channels of commerce to the same group of customers under confusingly similar marks, Defendant is intentionally attempting to capitalize on the hard-earned fame and reputation of the LEGALFORCE Marks. Defendant's actions are willful and unlawful, are calculated to deceive consumers, and will irreparably harm the valuable goodwill LegalForce has built up over almost the past decade as a result of hard work and considerable investment of time and money.

32. Defendant intentionally misleads consumers into thinking that they are going to LegalForce's website when they enter https://en.legalforce-corp.com/ (confusingly similar to LegalForce.com and the "LegalForce" mark), or that Defendant has acquired or merged with LegalForce, or that Defendant and LegalForce are affiliated. By these acts Defendant intentionally trades on LegalForce's fame and goodwill in defiance of the law. Defendant markets its services using LegalForce, and its primary product is "LegalForce Cabinet."

33. Accordingly, Defendant must be ordered to stop its infringing activities, to pay damages to LegalForce in an amount to be determined at trial, and to disgorge any profits it has made as a result of its willful and bad faith infringement of the LEGALFORCE Marks.

34. As a direct result of Defendant's infringing conduct, LegalForce suffered lost revenue and market share, reduced asset value and increased advertising costs.

**PARTIES**

35. Plaintiff is a California S law firm having a principal place of business at 1580 W. El Camino Real, Suite 10, Mountain View, CA 94040, and which operates both the www.legalforcelaw.com website and the www.legalforce.com websites for over a decade.

36. Defendant is a Japanese corporation having a principal place of business at the 6th floor, Toyosu Front, 3-2-20, Toyosu, Koto-ku, Tokyo 135-0061 founded on April 21, 2017. It is registered as a foreign corporation to do business in California and Texas with the Secretary of State of both states. Defendant leases office space "part of the Japanese entity's contract" at WeWork in San Francisco.[13]    Defendant's CEO Nozumu Tsunoda has admitted that it has raised not a single dollar of venture funding after the name change to LegalOn (including

---

[13] *Id.*

LegalOn the defendant here), and all of its $130 million funding was raised while the name of Defendant was called LegalForce.[14]

## JURISDICTION AND VENUE

37. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338 because this action arises under the laws of the United States, and because it involves allegations regarding trademark violations in the United States.

38. Plaintiff has suffered an injury in fact because it has lost customers, investors, and opportunities for its services in the United States in this District as a direct result of Defendant using the LegalForce mark in commerce within the United States from 2020 to 2022. That loss is fairly traceable to the challenged conduct of the defendant because Defendant solicited the same venture capitalists that Plaintiff was seeking investment from, and offered its services to the same American customers. The alleged harm is likely to be redressed by a favorable judicial decision because Defendant would have to disgorge its ill gotten gains and transfer to the Plaintiff the LegalForce domains pirated from it.

39. This Defendant can be sued in federal court in the United States in a trademark litigation because the Lanham Act, which governs trademarks in the United States, provides for jurisdiction over foreign defendants who have committed trademark infringement in the United States.

40. Under the Lanham Act, a foreign defendant who has used a trademark in commerce within the United States can be subject to personal jurisdiction in a U.S. court. This means that the foreign defendant can be sued in a U.S. court for any claims arising out of the alleged trademark infringement.

41. Furthermore, the Lanham Act allows for the exercise of extraterritorial jurisdiction in circumstances which apply here. Specifically, the act provides that a foreign defendant who has used a trademark in commerce with the United States and whose activities have a substantial effect on U.S. commerce can be subject to personal jurisdiction in a U.S. court.

42. In addition, the United States has entered into international treaties and agreements with

---

[14] *Id.*

Japan, such as the Agreement on Trade-Related Aspects of Intellectual Property Rights (TRIPS), which provide for cooperation between the two countries in the enforcement of intellectual property rights, including trademarks. This further supports the jurisdiction of a U.S. court over this Japanese defendant in this trademark litigation.

43. Therefore, based on the Lanham Act and relevant international treaties and agreements, this Japanese defendant who has committed trademark infringement in the United States can be sued in federal court in the United States.

44. Daniel Lewis, the CEO of Defendant's U.S. operations has known of the Plaintiff's trademark rights in the LEGALFORCE marks since at least 2014, and has visited the offices of the Plaintiff.    Defendant's only Chief Sales Officer is Paul Drobot, formerly of UpCounsel. UpCounsel is a direct competitor of Plaintiff, and Plaintiff had previously sued UpCounsel for similar causes of action in this district and reached a substantial settlement to resolve LegalForce's claims.[15]    Moreover, given that Plaintiff's claims involve and include a U.S. trademark recently filed with the USPTO on August 11, 2022 by Defendant, and given the closeness of the prior associations between the parties (between Lewis at Plaintiff in 2014 and Defendant's sales staff with UpCounsel with LegalForce), Plaintiff's claims involve actions highly likely to occur and which are actually likely to occur, and therefore are not too speculative to permit Plaintiff to proceed with this lawsuit.  Moreover, Plaintiff's allegations are specific and detailed, and provide frameworks based on Defendant's own statements to the press, on its websites, and admissions made throughout two depositions of witnesses of Defendant, and therefore its allegations are supported by facts and are not mere inferences.  For example, Defendant advertises on Linkedin that it hired a sales team in the United States.[16] Therefore, the allegations this amended Complaint should be allowed proceed to discovery stage.

---

[15] Case No. 4:18-cv-02573-YGR, *LegalForce RAPC Worldwide P.C. v. UpCounsel, Inc.* settled on or about March 1, 2019.

[16] See Post of Daniel Lewis, CEO of Defendant approximately on November 3, 2022 claiming that "I'm going to be building a sales team starting around Q1…"https://www.linkedin.com/feed/update/urn:li:activity:6985614219379445760/ .  Also admitted by JP Biard during his deposition of January 26, 2023.

45. As a result, the Plaintiff has suffered an injury in fact because defendant misdirected customers and investors from Plaintiff to Defendant.Moreover, Plaintiff has suffered a concrete and particularized harm that is actual and imminent especially in view of Defendant's filing of a LegalForce logo trademark in the United States in the form of the '079 Application. This injury has resulted in the loss of sales, profits, or reputation of the Plaintiff resulting from the Defendant's trademark infringement and use of the LegalForce trademarks in the United States since at least July 2020 as pleaded herein. Therefore, Plaintiff has suffered a real, tangible injury that can be traced back to the defendant's actions because of the defendant's infringement. LegalForce can show that the defendant's alleged infringement of the LEGALFORCE Marks trademark was the cause of the plaintiff's injury, and there is a clear and direct causal connection between the Defendant's actions in selling its shares in its company then called LegalForce and the resulting harm suffered by Plaintiff's competitive position as a result.

46. Moreover, the Plaintiff's injury is likely to be redressed by a favorable judicial decision: A court order prohibiting the defendant's infringing conduct including registering infringing domain names and filing trademarks with the LegalForce name would likely lead to the restoration of the plaintiff's lost sales, profits, or reputation, and such a court order is likely to provide meaningful relief and redress the harm suffered.

47. Because all of these elements are satisfied, this defendant can be sued in federal court in the United States for trademark litigation. Plaintiff has suffered an injury in fact that is fairly traceable to the defendant's challenged conduct, and that is likely to be redressed by a favorable judicial decision because a decision would enjoin the defendant from its infringing activities in the United States.

48. This Court has general and specific jurisdiction over Defendant because it is physically present in California and in the United States, and Defendant provided services to customers in California. This Court has general personal jurisdiction over Defendant because it has current and prospective customers who have offices in California, and in this District. This Court has personal jurisdiction over Defendant because its forum contacts are admitted on its own Infringing Website descriptions therefore establishing general and specific jurisdiction.

Defendant has intentionally and purposefully directed tortious acts expressly aimed at California and the United States, with foreseeable harm to Plaintiff, and Plaintiff's claims arise out of the Defendant's forum-related activities, and exercising jurisdiction over Defendant is both reasonable and fair given the facts alleged in this complaint.

49. This Court has supplemental jurisdiction over the state law claim under 28 U.S.C. § 1367 because it arises from the same nucleus of operative facts as the federal claims.

50. This Court has general personal jurisdiction over Defendant because Defendant has law firm and business customers who have offices in California, and in this District.[17] Particularly, Defendant boasted it "provides services to a variety of entities, ranging from large multi-nationals to law firms" which includes "household names such as Fujitsu, Sojitz, and Suntor.[18] Fujitsu and Sojitz have operations in California, contracts in California, employees in California, and more specifically in Santa Clara County.[19] Among Fujitsu and Sojitz contracts include English language non-disclosure agreements (NDAs) with employees and business partners in Santa Clara County, all of which are processible through the Defendant's licensed "LegalForce" software.

51.   Therefore, venue is proper in the United States District Court for the Northern District of California under 28 U.S.C. § 1391(b) because Defendant has solicited customers in this district as late as July 2022.

52. Plaintiff alleges sufficient facts to establish actual case in controversy because this amended complaint describes that Defendant's own website describes its activities in the United States are extensive, including selling to over 3000 customers, which includes customers in the United States such as the car-sharing company Turo.com and lawyer Hans Kim  in this district.

---

[17] For example, Defendant writes on their website "AI-enabled Contract Review Platform "LegalForce" Adopted by over 2,000 Customers, Acquiring more than 500 customers in 3 months" on April 7, 2022; just six months after launching their English language website. https://en.legalforce-corp.com/2943/

[18] Artificial Lawyer article, January 23, 2020, "Meet Legalforce – Japan's Legal AI Pioneer" https://www.artificiallawyer.com/2020/01/23/meet-legalforce-japans-legal-ai-pioneer/

[19]  Fujitsu has numerous in this State and multiple office in Santa Clara County (For example : 350 Cobalt Way MS#160, Sunnyvale, CA 94085 & 1270 East Arques Avenue, #M1, Sunnyvale, CA 94085). Sojitz also has an office in this State and particularly in Santa Clara County (Sojitz Corporation of America is located at 226 Airport Pkwy, San Jose, CA 95110).

1   Moreover, Plaintiff has pleaded that this Court has personal jurisdiction over the Defendant

2   because it has four employees - Daniel Lewis, Jeffrey Shimamoto, Corey Longhurst, and Paul

3   Drobot who all work in this District.   In addition, Defendant's Head of Global Strategy claims

4   to have a dual role as the "Head of Global Strategy" for United States and Japanese operations

5   on his Linkedin Profile.[20]    While Defendant may argue that Daniel Lewis, Jeffrey Shimoto,

6   Corey Longhurst, and Paul Drobot are employees of their newly formed U.S. entity LegalOn

7   Technologies, Inc. in Delaware, Defendant claims these individuals as employees of their own

8   Japanese entity right on their Japanese website.   Specifically, the Defendant boasts on its

9   Japanese website https://en.legalontech.jp/3048/, both in Japanese and English about its

10  expansion into the United States and announces its"appointment of Daniel Lewis as US CEO."

11  Daniel Lewis is a resident of California and resides in this county, as does Corey Longhurst and

12  Paul Drobot.

13      53. In fact most of the Defendant's employees were hired when the Defendant's corporate

14  name was called LegalForce.[21]   Defendant has intentionally and purposefully directed tortious

15  acts expressly aimed at California and the United States hired employees Daniel Lewis, Paul

16  Drobot, and Corey Longhurst in this district, recruited and actually secured dozens customers in

17  this District from its 3000 customers, and marketed and advertised its products, services, and

18  equity shares for sale in this District.   Specifically, Defendant used the LEGALFORCE marks

19  and displayed these marks when soliciting customers for its equity shares it offered to American

20  investors separately and apart from its solicitation of American customers to license and use its

21  LegalForce and LegalForce Cabinet software platforms in the United States, including car

22  sharing company Turo and Hans Kim in this District. The Plaintiff's claims arise out of the

23  Defendant's forum related activities in this County, and for this reason, exercising jurisdiction

24  over the Defendant is both reasonable and fair.   For these reasons, there is both general and

25  specific jurisdiction over the Defendant in this county.

26                              **FIRST CLAIM FOR RELIEF**

27

28  [20]See Linkedin  https://www.linkedin.com/in/jp-biard-b788437/ as of December 3, 2022.
    [21]  Admitted during the Deposition of Nozumu Tsunoda, January 26, 2023 in the U.S. Embassy
    in Tokyo authorized under the Hague Convention and the Ministry of Justice of Japan.

TRADEMARK INFRINGEMENT

15 U.S.C. § 1114

54. Plaintiff repeats each and every allegation contained in the paragraphs above and incorporates by reference each preceding paragraph as though fully set forth herein.

55. Plaintiff's marks LegalForce and LEGALFORCE are valid, protectable trademarks that are registered on the principal register at the USPTO.

56. Defendant infringed the Plaintiff's LEGALFORCE marks by advertising for sale within interstate commerce in the United States software products called "LegalForce" and "LegalForce Cabinet" starting around July 1, 2020 for use with American contracts in California and New York and continuing onward until at least December 1, 2022.[22]

57. Defendant has purposefully availed itself to jurisdiction in the United States by filing a trademark for the LEGALFORCE abbreviation of LF in the United States before the United States Patent and Trademark Office on December 19, 2021. This trademark was live, pending and registered at the time of filing of the instant Complaint. Defendant borrows from the logo of LegalForce. See comparison below:

| **LegalForce Mark** | **Defendant** |
|---|---|
|  |  |

Both stylized logos contain a capital "F" and the logo portions both contain the letters "LF" and are surrounded by a polygon shape.

58. Based on Defendant's August 11, 2022 trademark filing in the United States for LF LEGALFORCE logo mark which was Live and Pending (not abandoned) until just months ago

---

[22] See Linkedin Post as of July 13, 2022 by Defendant titled "Lawyer" with the description "Since July 1, 2020, our product "LegalForce" hs released the first official version of English review function in Japan." Nozuma Tsunoda admitted that "English " refers to "American" contracts, and not contracts of the United Kingdom or elsewhere. Tsunoda and Biard also admitted that the product names continue to be called LegalForce and LegalForce Cabinet after December 1, 2022.

1    on February 27, 2023.[23]  Defendant was using the LegalForce mark in the United States beyond

2    the 3000 customers, including customers in the United States since July 1, 2020 as it admitted

3    on its own website.[24]        On its Japanese website https://en.legalontech.jp/3048/, Defendant

4    boasts about its expansion into the United States and announces its"appointment of Daniel

5    Lewis as US CEO."        Notably, the Defendant redirects traffic from its domain

6    https://legalforce-corp.com to https://en.legalontech.jp,        Therefore, it cannot be said that

7    Defendant solely redirects these domains to a Japanese website targeting Japanese customers.

8    Instead, Defendant refers to Daniel Lewis as "US CEO" and describes its over 3000 customers

9    globally including in the United States on the LegalonTech.JP website, which redirects from

10   LegalForce-Corp.com.

11      59. In addition, Defendant  used the LEGALFORCE marks to American investors that its

12   sole intention was to expand in the United States, and that its need for venture capital was for

13   that purpose " because the US leads the world in the contract market." [25]

14      60. While raising the venture funding of $130 million dollars, Defendant represented to

15   investors that it would be called LegalForce.[26] In fact, its pitch decks, presentations, business

16   cards all reflected the name LegalForce.[27] Moreover, Defendant has publicly admitted that it

17   raised the $130 million dollars while it was called LegalForce for the financing was for

18   "expansion into the U.S." in its Japanese retaliation Complaint filed on January 20, 2023 against

19   the LegalForce.[28]

---

[23]  See TSDR Record, LF LegalForce Logo mark U.S. Serial 79347079 filed August 11, 2022 owned by, owned by LegalOn Technologies, Inc., 6th floor, Toyosu Front, 3-2-20, Toyosu, Koto-ku Tokyo 135-0061 Japan;
https://tsdr.uspto.gov/#caseNumber=79347079&caseType=SERIAL_NO&searchType=statusSearch and claiming priority of WIPO mark filed on December 19, 2021 as WIPO Serial 1677142 designating the United States.
[24]  Admitted by Daniel Lewis, CEO of LegalOn, in Ex. 3 to Lewis Decl., as Dkt 20-4 in this case - LegalOn specifically distinguishes innovative lawyers from these other non-licensed professionals "for legal teams[,] [i]innovative lawyers and legal professionals[.]"
[25]  Admitted during the Deposition of Nozumu Tsunoda, January 26, 2023 in the U.S. Embassy in Tokyo authorized under the Hague Convention and the Ministry of Justice of Japan.
[26]  Id.
[27]  Id.
[28]  "The Defendant filed this lawsuit in the U.S. on June 24, 2022, the day after the Plaintiff issued a press release regarding **financing for expansion into the U.S.**" Japanese Complaint,

61. Only after raising venture capital of $130 million, and only after the initial lawsuit filed against Defendant by LegalForce in June 2022 did Defendant conceive of, determine, and choose the name LegalOn in August 2022.[29] Later the next month, in an attempt to further escape liability, Defendant incorporated its shell U.S. corporation LegalOn. Continuously throughout this period, and at least since February 13, 2019, Defendant's CEO Nozumu Tsunoda has known about Plaintiff's superior rights.[30]

62. Defendant owns at least five trademark applications before the United States.

63. Only after being sued in the instant lawsuit on September 19, 2022 did Defendant change its name to LegalOn. Even still, the name LEGALON is infringing on the trademark of LEGALFORCE, given the entirety as to appearance, sound, connotation, and commercial impression: Both marks include the word "legal" and are composed of two words. While the marks have different second words, the similarity of the first word and the fact that they are both legal services companies creates a likelihood of confusion for consumers, especially in view of the fact that products of defendant continue to be called LegalForce.  Moreover, there is similarity in nature of the goods: Both companies provide legal services, which are similar in nature.  Moreover, since both Plaintiff and defendant target the same customer base or use similar marketing channels, there is a higher likelihood of confusion.  In addition, the conditions under which and buyers to whom sales are made: since both companies sell their legal services in similar ways (i.e., both target consumers who make impulse purchases), there is a higher likelihood of confusion given the Defendant has been using the LegalForce name.

64. In addition, given that Plaintiff is a well-known legal services company, there may be a higher likelihood of confusion with LegalOn.  Since both companies operate in the same market and use similar marketing techniques, there may be a higher likelihood of confusion.

65. Defendant's use of Plaintiff's trademark as a domain name to identify Defendant's website in a manner that is likely to cause confusion and/or mistake among internet users as to

---

LegalOn v. LegalForce RAPC Worldwide filed in Japan on January 20, 2023 page 19, first para.
[29]  Admitted during the Deposition of Nozumu Tsunoda, January 26, 2023 in the U.S. Embassy in Tokyo authorized under the Hague Convention and the Ministry of Justice of Japan.
[30] *Id.*

the source or sponsorship of Plaintiff's services constitute trademark infringement.

66. LegalForce first discovered Defendant's infringing use in the English language shortly before filing this Complaint.

67. Defendant's infringing use not only created likelihood of confusion, but also has created actual confusion from customers of LegalForce upon information and belief as the names are exactly identical.

68. Defendant's logo is stylized with a capital F in "LegalForce" and is prominently displayed on its websites in manners that are confusingly similar to LegalForce. This creates even more likelihood of confusion to business consumers.

69. Plaintiff extensively advertises the LEGALFORCE Marks daily since 2012. Thousands of Plaintiff's customers know Plaintiff's services by these marks and they search the LEGALFORCE Marks online to reach LegalForce's websites.

70. Plaintiff is the sole and exclusive owner of the LEGALFORCE Marks. It has overseen, controlled, and directed goods and services marketed, advertised, promoted, and sold under the LEGALFORCE Marks.

71. Plaintiff has priority of use in commerce for the LEGALFORCE Marks over Defendant.

72. Defendant's infringing use as alleged herein was done without the authorization or consent of LegalForce.

73. Such use is likely to cause initial interest confusion of consumers who are in fact searching solely for LegalForce and/or LegalForce's registered trademarks  and is highly likely to cause confusion, mistake and deception among the general public as to the origin of Defendant's goods and services and/or as to the sponsorship by, affiliation with, and/or connection to LegalForce.

74. By using Plaintiff's registered trademarks, and by selling, offering for sale, distributing, or advertising goods and services to the general public in connection with LegalForce's registered trademarks, for profit, Defendant has caused and, unless enjoined by this Court, will continue to cause likelihood of confusion and deception of members of the public, and additional injury to Plaintiff's exclusive right to control, and benefit from, its registered

trademarks, as well as Plaintiff's goodwill and reputation as symbolized by the LEGALFORCE Marks.

75. Defendant's conduct demonstrates an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's registered trademarks to LegalForce's great and irreparable injury. The following statements in the Declaration filed in this Proceeding by Defendant's President Mr. Tsunoda under penalty of perjury are false and misleading representations to this Court upon information and belief in Dkt. 22-1 filed on October 20, 2022.

**Mr. Tsunoda's Inconsistent Statements - Declaration v. Deposition**

| | Declaration of Mr. Tsunoda | ¶ | Deposition of Mr. Tsunoda |
|---|---|---|---|
| 1. | "I conduct no business in California or the United States with LEGALFORCE trademark" | ¶ 5 | Mr. Tsunoda's trip to the San Francisco Bay Area in July 2022 was to conduct business in California and within the United States using the LEGALFORCE trademark, including meeting with actual and potential customers and recruiting full time hires to work at Defendant's company. Admitted during the Deposition of Nozumu Tsunoda, January 26, 2023 in the U.S. Embassy in Tokyo authorized under the Hague Convention and the Ministry of Justice of Japan. |
| 2. | *"I have no business interests or assets in California or the United States"* | ¶ 6 | Defendant made a representation under penalty of perjury to the United States government that it had a bona fide intent to use the LF LegalForce mark in the United States to the USPTO through its U.S. |

| | | | |
|---|---|---|---|
| | | | trademark filing # 79347079 on August 11, 2022.    When confronted at his Deposition, Mr. Tsunoda had no response during the Deposition of Nozumu Tsunoda, January 26, 2023 in the U.S. Embassy in Tokyo authorized under the Hague Convention and the Ministry of Justice of Japan. |
| 3. | *"LegalForce does not recruit in California or the United States."* | ¶ 14 | Most of the Defendant's five U.S. employees were hired when the Defendant's corporate name was called LegalForce. Admitted during the Deposition of Nozumu Tsunoda, January 26, 2023 in the U.S. Embassy in Tokyo authorized under the Hague Convention and the Ministry of Justice of Japan.    While Defendant may argue that Daniel Lewis, Jeffrey Shimoto, Corey Longhurst, and Paul Drobot are employees of their newly formed U.S. entity LegalOn Technologies, Inc. in Delaware, Defendant claims these individuals as employees of their own Japanese entity right on their Japanese website.  Specifically, the Defendant boasts on its Japanese website https://en.legalontech.jp/3048/, both in Japanese and English about its expansion into the United States and announces |

| | | | |
|---|---|---|---|
| | | | its"appointment of Daniel Lewis as US CEO." Daniel Lewis is a resident of California and resides in this county, as does Corey Longhurst and Paul Drobot. |
| 4. | *"Each of LegalForce's employees resides outside the United States."* | ¶ 15 | Most of the Defendant's five U.S. employees were hired when the Defendant's corporate name was called LegalForce. Admitted during the Deposition of Nozumu Tsunoda, January 26, 2023 in the U.S. Embassy in Tokyo authorized under the Hague Convention and the Ministry of Justice of Japan.   While Defendant may argue that Daniel Lewis, Jeffrey Shimoto, Corey Longhurst, and Paul Drobot are employees of their newly formed U.S. entity LegalOn Technologies, Inc. in Delaware, Defendant claims these individuals as employees of their own Japanese entity right on their Japanese website. Specifically, the Defendant boasts on its Japanese website https://en.legalontech.jp/3048/, both in Japanese and English about its expansion into the United States and announces its"appointment of Daniel Lewis as US CEO." Daniel Lewis is a resident of |

| | | | |
|---|---|---|---|
| | | | California and resides in this county, as does Corey Longhurst and Paul Drobot. Admitted during the Deposition of Nozumu Tsunoda and JP Biard, January 26, 2023 in the U.S. Embassy in Tokyo authorized under the Hague Convention and the Ministry of Justice of Japan. |
| 5. | *"LegalForce has not used the LEGALFORCE mark in commerce in the United States."* | ¶ 21 | Defendant has advertised counterfeit LegalForce products and services in the United States to sell its software products to 3000 customers since July 1, 2020, many of which are American corporations and law firms.    See Linkedin Post as of July 13, 2022 by Defendant titled "Lawyer" with the description "Since July 1, 2020, our product "LegalForce" has released the first official version of English review function in Japan. "Nozuma Tsunoda admitted in his Deposition of January 20, 2023 that "English " refers to "American" contracts, and not contracts of the United Kingdom or elsewhere. Tsunoda and Biard also admitted in their Depositions in January 2023 the product names continue to be called LegalForce and LegalForce Cabinet after December 1, 2022. |
| 6. | *"Nor has LegalForce taken any* | ¶ 21 | Defendant made a representation under |

| | | | |
|---|---|---|---|
| *steps to imminently offer, sell, transport , distribute, market, or advertise any products or services bearing the LEGALFORCE mark in the United States."* | | | penalty of perjury to the United States government that it had a bona fide intent to use the LF LegalForce mark in the United States to the USPTO through its U.S. trademark filing # 79347079 on August 11, 2022.   When confronted at his Deposition, Mr. Tsunoda had no response during the Deposition of Nozumu Tsunoda, January 26, 2023 in the U.S. Embassy in Tokyo authorized under the Hague Convention and the Ministry of Justice of Japan. |
| 7. | *"The English language version of LegalForce's website is aimed at English speaking customers in Japan."* | ¶ 28 | Defendant has boasted on its own website it has 3000 customers on its U.S. website, and it has admitted in its   January 2023 depositions that its product continues to be called LegalForce and LegalForce Cabinet after   December   1,   2022   despite   the corporate name change to LegalOn. |
| 8. | *"LegalForce has no clients in California or the United States clients"* and *"LegalForce has not entered into any contracts for rendering services in California or the United States"* | ¶29, ¶32 | Defendant   has   advertised   counterfeit LegalForce   products   and   services   in   the United States to sell its software products to 3000 customers since July 1, 2020, many of which   are   American   corporations   and   law firms.   See Linkedin Post as of July 13, 2022 by Defendant titled "Lawyer" with the description "Since July 1, 2020, our product "LegalForce" has released the first official |

| | | | |
|---|---|---|---|
| | | | version of English review function in Japan. "Nozuma Tsunoda admitted in his Deposition of January 20, 2023 that "English " refers to "American" contracts, and not contracts of the United Kingdom or elsewhere. Tsunoda and Biard also admitted in their Depositions in January 2023 the product names continue to be called LegalForce and LegalForce Cabinet after December 1, 2022. |
| 9. | *"Defending a lawsuit in California or the United States would cause LegalForce hardship"* and *"The 12+ hours in travel from Tokyo to San Francisco to participate in this litigation would cause financial and emotional burden on LegalForce." and "The 16-hour time difference between California (PDT) and Japan would interfere with LegalForce's ability to communicate effectively with its counsel."* | ¶39 | Mr. Tsunoda admits to coming to the United States seven times in pg. 3 of his declaration, and therefore does not seem to have hardship traveling to the United States. Both Tsunoda and JP Biard testified in their depositions that they travel to the United States frequently and as business needs require. |
| 10. | *"LegalForce employees have been to California on only two occasions. Those visits were unrelated to the LEGALFORCE* | ¶40, ¶41, ¶42 | Mr. Tsunoda and JP Biard admitted in their deposition to coming to the United States numerous times for soliciting business, employees, and/or for seeking buyers of |

*brand and did not involve any promotion, advertisement, display, or use in commerce of the LEGALFORCE mark or logo. Neither trip was for the purposes of entering any contracts with or soliciting business with Californian individuals or entities."*

shares in his company.    Also, five of Defendant's employees reside full time in the United States and most reside in this District.    While Defendant may argue that Daniel Lewis, Jeffrey Shimoto, Corey Longhurst, and Paul Drobot are employees of their newly formed U.S. entity LegalOn Technologies, Inc. in Delaware, Defendant claims these individuals as employees of their own Japanese entity right on their Japanese website.  Specifically, the Defendant boasts on its Japanese website https://en.legalontech.jp/3048/, both in Japanese and English about its expansion into the United States and announces its"appointment of Daniel Lewis as US CEO."  Daniel Lewis is a resident of California and resides in this county, as does Corey Longhurst and Paul Drobot. Despite denying that he has any role in Defendant in the United States under oath, Defendant's Head of Global Strategy JP Biard, claims to have a dual role as the "Head of Global Strategy" for United States and Japanese operations on his Linkedin Profile.[31]

---

[31]See Linkedin  https://www.linkedin.com/in/jp-biard-b788437/ as of December 3, 2022.

76. Defendant has caused and is likely to continue causing substantial injury to the public and to LegalForce, and LegalForce is entitled to injunctive relief and to recover all damages sustained as a result of Defendant's infringing conduct, including but not limited to Defendant's profits, disgorgement and transfer of all of Defendant's raising of more than $100 million dollars of venture funding misdirecting LegalForce's trade dress and goodwill, LegalForce's actual damages, enhanced profits, treble damages, statutory damages, costs and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116 and 1117.

## SECOND CLAIM FOR RELIEF

### TRADEMARK INFRINGEMENT

### 15 U.S.C. § 1125(a)

77. Plaintiff repeats each and every allegation contained in the paragraphs above and incorporates by reference each preceding paragraph as though fully set forth herein.

78. Defendant used the LEGALFORCE Marks in connection with the sale and advertising of services in a manner that is likely to cause confusion, mistake, and/or deception among consumers as to the affiliation, connection, or association of Defendant with LegalForce, or as to the origin, sponsorship, or approval of Defendant's products and services by LegalForce.

79. Defendant's adoption and use of the LEGALFORCE Marks has been made notwithstanding LegalForce's well-known rights in the famous LEGALFORCE Marks and with both actual and constructive notice of LegalForce's federal registration rights under 15 U.S.C. § 1072.

80. The Lanham Act prohibits any false or misleading description or representation, including words or other symbols tending falsely to describe or represent the same, made in connection with any goods or services entered into commerce.

81. Displaying Defendant's homepage is likely to cause confusion or mistake, or to deceive as to the affiliation, connection or association of the Infringing Websites with LegalForce, or as to the origin, sponsorship, or approval by LegalForce

82. As a direct and proximate result of Defendant's infringing activities, LegalForce has suffered irreparable injury to LegalForce 's business, reputation, and goodwill in its federally

registered LEGALFORCE Marks and will continue to suffer such injury unless Defendant is enjoined by this Court from continuing its infringing activities.

83. Defendant's wrongful conduct has been willful and malicious. Plaintiff is entitled to recover Defendant's profits, disgorgement and transfer of all of Defendant's raising of more than $100 million dollars of venture funding misdirecting LegalForce's trade dress and goodwill, as well as LegalForce's actual damages, enhanced profits and all damages, costs and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1117.

**THIRD CLAIM FOR RELIEF**

CYBERPIRACY IN VIOLATION OF 15 U.S.C.A. § 1125(D)(1)

84. Plaintiff repeats each and every allegation contained in the paragraphs above and incorporate by reference each preceding paragraph as though fully set forth herein.

85. The following domains have been registered for use in the United States after the senior trademark rights of the Plaintiff in bad faith with an intent to profit from Plaintiff's goodwill in the LEGALFORCE marks:

    a. **LegalForce-corp.com** was registered on April 28, 2021 in conjunction with defendant's sales in the United States with bad faith intent to infringe the Plaintiff's superior rights (e.g., website color theme in orange copied), and is hosted by an American hosting company, Amazon.com Inc. in Portland Oregon.

    b. **LegalForce-cloud.com** was registered on February 8, 2018, and is hosted by an American hosting company, Amazon.com Inc. in Portland Oregon.

86. Defendant was aware of the Plaintiff's marks and reputation before engaging in its conduct as alleged herein. Defendant deliberately redirected its website https://en.legalforce-corp.com/ to its "LegalOn" home page for the purpose of harassing the Plaintiff, misappropriating its substantial goodwill, and causing confusion, mistake and deception among Internet users and the public.  Both the https://en.legalforce-corp.com/#about and https://legalforce-cloud.com/ redirect now to websites displaying the LegalOn mark, creating confusion between LegalForce and LegalOn.   Defendant attempted to profit from the Infringing Websites by appending query strings to the domain "-corp.com" to make it look

29

SECOND AMENDED COMPLAINT
CASE NO.: 3:22-cv-03724-TLT

officially connected to LegalForce.    Notably, the redirecting happens to the same https://en.legalontech.jp/ website in which Defendant advertises that it now has a CEO in the United States, Daniel Lewis on this page https://en.legalontech.jp/3048/ in which Defendant boasts, both in Japanese and English about its expansion into the United States and announces its"appointment of Daniel Lewis as US CEO."    Therefore, it cannot be said that Defendant solely redirects these domains to a Japanese website targeting Japanese customers.    Instead, Defendant refers to Daniel Lewis as "US CEO" and describes its over 3000 customers globally including in the United States on the LegalonTech.JP website, which redirects from LegalForce-Corp.com.

87. Defendant registered the infringing domains and used it to redirect visitors to ia website on which the LegalForce brand was displayed https://en.legalforce-corp.com/#about and https://legalforce-cloud.com/.

88. Defendant attempts to profit from the infringing domains by appending query strings to the domain "-corp.com" to make it look officially connected to LegalForce.

1. Defendant actively disseminated and marketed infringing products bearing the LEGALFORCE marks for about one year. WayBackMachine archives show that LegalOn included the Infringing Website in English https://en.legalforce-corp.com/#about as early as July 1, 2021, and was registered on April 28, 2021.    Also the Infringing Website https://legalforce-cloud.com/ contains English script for the Defendant and appears to be registered on February 7, 2018.    Defendant was aware of LegalForce's rights because on November 19, 2018, LegalForce attempted, and failed, to oppose the registration in Japan when the Japanese Patent Office upheld LegalForce's Japanese trademark registration on August 5, 2019.    Therefore, Defendant knew that when it registered the English language domains in 2021 of LegalForce's superior rights. Defendant actively disseminated and marketed the LEGALFORCE domains after registering them in 2021.

89. The Infringing Websites' domain is nearly identical to and confusingly similar to Plaintiff's distinctive LEGALFORCE Marks, and to the Plaintiff's registered domains LegalForce.com and LegalForceLaw.com.

1.  Defendant has bad faith intent to profit from the Infringing Websites. Bad faith is evidenced by, inter alia, the fact that the registration of after Defendant had actual knowledge of the Plaintiff's rights in February 2019, and the redirecting to LegalOn websites occurred after the formation of LegalOn in September 2022.  Moreover, as alleged herein, the IT departments and maintenance of the LegalOn website www.legalontech.com  are with the same individual employed by Defendant who manages the pirated Legalforce domains.    Moreover, their registration of the domain only after the success of the Plaintiff's LegalForce business, and recently launching an English language website.   Also, bad faith is witnessed because the Defendant CEO has known about Plaintiff's superior rights at least since February 13, 2019.[32]

90. Defendant's bad faith intent is further demonstrated by the following:

91. Defendant has no trademark or IP rights in or to the LEGALFORCE Marks, but has filed an infringing trademark for LF with the USPTO as late as August 11, 2022 Serial # 79347079. The Infringing Websites incorporates the intellectual property rights in the trademarks and trade names "LegalForce" literally and exactly into the domain name.

92. Defendant purchased the domain after the LEGALFORCE Marks were already distinctive, had achieved significant international fame, and were registered as U.S. trademarks.

93. Defendant attempted to profit from relationships by tracking the URL when redirecting traffic from the Infringing Websites to its homepage.

94. Defendant intended to harm the goodwill represented by the LEGALFORCE Marks for commercial gain. It intended to tarnish and disparage the LEGALFORCE Marks by creating a likelihood of confusion as to the source, sponsorship, affiliation and endorsement of Infringing Websites by Plaintiff.

95. Defendant intended to harm the goodwill represented by the LEGALFORCE Marks for commercial gain by intentionally utilizing LegalForce's "orange" trade dress when raising over $100 million dollars from Investors by creating confusion that somehow Defendant's entrance in the United States was affiliated with or sponsored by LegalForce.

96. Defendant intentionally misappropriated the LegalForce orange trade dress in its

---

[32]Tsunoda admitted that he first learned about LegalForce's rights since its Japanese rights were opposed on February 13, 2019 by LegalForce during his deposition on January 26, 2023.

1   investor pitch decks to fraudulently secure venture capital for the specific purpose of entry into

2   markets in the United States at the direct expense of LegalForce.

3       97. Defendant's intentional conduct has harmed LegalForce's ability to raise venture capital

4   for its own business.  Specifically, Defendant utilized and misappropriated the "orange" trade

5   dress of LegalFore in its investor presentations resulting in successfully securing over $100

6   million dollars while misidentifying Defendant as being sponsored, affiliated, connected with,

7   and endorsed by LegalForce.

8       98. Defendant misled the public by concealing its ownership of the Infringing Websites

9   shortly after it started to divert traffic to Infringing Websites.

10      99. In an apparent attempt to obscure the facts and hide from its conduct, Defendant

11  surreptitiously modified various webpages on or about November 1, 2022 to act as though it had

12  no intention and never actually entered the United States in commerce. For example, the

13  recruiting webpage replaces the words "US Entry" to "Global product".

14      100.    In an apparent attempt to obscure the facts and hide from its conduct, Defendant

15  surreptitiously modified various webpages on or about November 1, 2022 to act as though it had

16  no intention and never actually entered the United States in commerce. For example, the

17  recruiting webpage replaces the words "US Entry" to "Global product".

18      101.    Defendant profited from its cyberpiracy by raising more than $100 million dollars of

19  venture funding misdirecting LegalForce's trade dress and goodwill in the Summer of 2022.

20      102.    Defendant's actions constitute cyberpiracy in violation of the LegalForce's rights

21  under 15 U.S.C. § 1125(d)(1). These actions have been knowing, deliberate, willful, intentional,

22  and flagrantly malicious in light of the LegalForce's rights and global fame.

23      103.    Pursuant to 15 U.S.C. § 1117, LegalForceis further entitled to treble damages and

24  attorneys' fees and costs.

25      104.    Defendant's cyberpiracy in violation of 15 U.S.C. § 1125(d)(1) is a direct and

26  proximate cause of Defendant's unjust enrichment in an amount not yet ascertained.

27      105.    Pursuant to 15 U.S.C. § 1117(d), LegalForce may elect, at any time before final

28  judgment is entered by the trial court, to recover, instead of actual damages and profits for

Defendant's violation of 15 U.S.C. § 1125(d)(1), disgorgement and transfer of all of Defendant's raising of more than $100 million dollars of venture funding misdirecting LegalForce's trade dress and goodwill, an award of statutory damages up to $100,000 per domain name, as the Court considers just.

106.    Accordingly, LegalForce is entitled to recover restitution for Defendant's unjust enrichment in an amount to be determined at trial.

107.    If Defendant's cyberpiracy in violation of 15 U.S.C. § 1125(d)(1) is permitted to continue, LegalForce faces the risk of irreparable harm. Plaintiff's remedy at law is not by itself adequate to remedy Defendant's actions, and irreparable harm suffered by LegalForce will continue unless this Court enjoins Defendant. LegalForce therefore is entitled to protection by injunctive relief, including forfeiture or cancellation of the Infringing Websites domains or transfer of the Infringing Websites domain names to LegalForce.

**<u>FOURTH CLAIM FOR RELIEF</u>**

<u>TRADEMARK INFRINGEMENT</u>

<u>CALIFORNIA COMMON LAW</u>

108.    Plaintiff repeats each and every allegation contained in the paragraphs above and incorporates by reference each preceding paragraph as though fully set forth herein.

109.    Plaintiff is the sole and exclusive owner of the trademark rights in the LEGALFORCE Marks.

110.    Plaintiff has priority of use in commerce for the LEGALFORCE Marks over Defendant.

111.    By its acts as described above, Defendant has created a likelihood of confusion, mistake, and/or deception among consumers as to affiliation; connection, or association with LegalForce or as to the origin, sponsorship, or approval of Defendant's LEGALON and LEGALFORCE products and services.

112.    Absent injunctive relief, LegalForce has no means by which to control Defendant's infringing activities. LegalForce is thus entitled to preliminary and permanent injunctive relief prohibiting Defendant from continuing to commit such acts.

113.    In performing the conduct described herein, on information and belief, Defendant acted with oppression and malice, intending to injure Plaintiff and to wrongfully advantage itself at Plaintiff's expense. Plaintiff is entitled to an award of compensatory and punitive damages against Defendant, in an amount to be determined at trial.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendant as follows:

A. That Defendant and its respective agents, officers, employees, representatives, licensees, franchisees, successors, assigns, attorneys and all other entities and persons acting for, with, by through or under authority from Defendant, and each of them, be preliminarily and permanently enjoined from: (a) using the LEGALFORCE Marks, service marks, and trade names, or any colorable imitation thereof; (b) using any trademark that imitates or is confusingly similar to or in any other way similar to any of the LEGALFORCE Marks or that is likely to cause confusion, mistake, deception, or public misunderstanding as to the origin of LegalForce' s products or its connectedness to Defendant; (c) using any trademark or service mark that is confusingly similar to the distinctiveness of any of the LEGALFORCE Marks;

B. An order that Defendant permanently abandon the registration of https://en.legalforce-corp.com/ Domain (and any other similar domains owned or acquired by Defendant;

C. An order that Defendant permanently abandon the registration of https://legalforce-cloud.com/ Domain (and any other similar domains owned or acquired by Defendant);

D. An order that Defendant permanently abandon the registration of http://www.legalontech.com Domain given traffic has been redirected to this brand and this website in bad faith from LegalForce domains;

E. That Defendant be required to file with the Court and serve on LegalForce within thirty (30) days after entry of the injunction, a declaration under oath setting forth in detail the

manner and form in which Defendant has complied with the injunction;

F.  That, pursuant to 15 U.S.C. § 1117, Defendant be compelled to account to LegalForce for any and all profits derived by Defendant from its illegal acts complained of herein;

G.  That Plaintiff be awarded their costs and expenses of this action against Defendant, including their reasonable attorneys' fees necessarily incurred in bringing and pressing this case, as provided in 15 U.S.C. § 1117(a);

H.  That, pursuant to 15 U.S.C. § 1117, Defendant be held liable for all damages suffered by LegalForce resulting from the acts alleged herein including compensatory and punitive damages against Defendant in an amount to be proven at trial;

I.  That, pursuant to 15 U.S.C. § 1117, Defendant be compelled to disgorge and transfer its $130 million dollars in venture capital that Defendant has raised through investor pitch decks fraudulently associating itself with the goodwill of LegalForce and creating a false association, sponsorship and connection with LegalForce.

J.  That Plaintiff be awarded treble damages to the fullest extent available under the law.

K.  An award of Defendant's profits from their infringing conduct;

L.  Award Plaintiff pre- and post-judgment interest at the applicable rates on all amounts awarded;

M.  An award of statutory damages up to $100,000 per domain name in violation of 15 U.S.C. § 1125(d)(1) per 15 U.S.C. § 1117(d) if elected by LegalForce instead of actual damages and profits, as the Court considers just;

N.  Grant permanent injunctive relief to prevent the recurrence of the violations for which redress is sought in this Complaint;

O.  That the Court grant LegalForce any other remedy to which it may be entitled as provided for in 15 U.S.C. §§ 1116 and 1117 or under all applicable federal or state laws; and

P.  Order any other such relief as the Court deems appropriate.

Respectfully submitted this Tuesday, April 25, 2023.

1

2                              LEGALFORCE RAPC WORLDWIDE P.C.

3

4                              By  /s/ Raj V. Abhyanker
                               Raj V. Abhyanker
5                              California State Bar No. 233,284
                               Attorney for Plaintiff:
6                              LegalForce RAPC Worldwide P.C.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SECOND AMENDED COMPLAINT
CASE NO.: 3:22-cv-03724-TLT

1

## **JURY TRIAL DEMAND**

2

3    Plaintiff hereby requests a trial by jury on all issues so triable in this matter.

4

5    Respectfully submitted this Tuesday, April 25, 2023.

6                                        LEGALFORCE RAPC WORLDWIDE P.C.

7                                        By __/s/ Raj V. Abhyanker_____
8                                        Raj V. Abhyanker
                                         California State Bar No. 233,284
9                                        Attorney for Plaintiff:
                                         LegalForce RAPC Worldwide P.C.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SECOND AMENDED COMPLAINT
CASE NO.: 3:22-cv-03724-TLT