David A. Makman (SBN 178195)
david@makmanlaw.com
**LAW OFFICES OF DAVID A. MAKMAN**
483 Seaport Court, Suite 103
Redwood City, California 94063
Telephone:     (650) 242-1560
Facsimile:     (650) 242-1547

Christopher Studebaker (admitted *pro hac vice*)
chris.studebaker@tkilaw.com
**TOKYO INTERNATIONAL LAW OFFICE**
Daido Seimei Kasumigaseki Bldg., 8F
1-4-2 Kasumigaseki, Chiyoda-ku
Tokyo 100-0013, Japan
Telephone:     011-81-(0)3-6273-3120
Facsimile:     011-81-(0)3-6273-3876

*Attorneys for Specially Appearing Defendant*
*Kabushiki Kaisha LegalOn Technologies,*
*f/k/a Kabushiki Kaisha LegalForce*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| LEGALFORCE RAPC WORLDWIDE, P.C. | CASE NO.: 3:22-cv-03724-TLT |
| Plaintiff, | **SPECIALLY APPEARING DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS THE SECOND AMENDED COMPLAINT** |
| v. | |
| LEGALFORCE, INC., | |
| Defendant. | Judge:     Hon. Trina L. Thompson |
| | Crtrm.:    9 |
| | Date:      November 7, 2023 |
| | Time:      2:00 PM |
| | Action Filed:     June 24, 2022 |

## NOTICE OF MOTION AND MOTION TO DISMISS

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on November 7, 2023 at 2:00 p.m. PT or as soon thereafter as the matter may be heard before Judge Thompson in Courtroom 9 of the above-entitled courthouse, located at 450 Golden Gate Avenue, San Francisco, California 94102, Specially Appearing Defendant, Kabushiki Kaisha LegalOn Technologies, formerly known as Kabushiki Kaisha LegalForce ("Defendant")—appearing for the limited purpose of challenging subject matter jurisdiction, personal jurisdiction, and the sufficiency of the Second Amended Complaint—will and does hereby move the Court for dismissal of this action pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure ("Motion").

This Motion is made on the grounds that this Court lacks subject matter jurisdiction over Counts 1, 2, and 4 because Defendant has never used the LEGALFORCE mark in commerce in the United States.  With respect to all counts, this Court lacks both general and specific personal jurisdiction over Defendant because it is not a citizen or resident of the State of California and does not have sufficient contacts in California.  There are no facts to establish the requisite minimum contacts with California.  Finally, absent any trademark use in the United States, Plaintiff failed to plausibly plead Counts 1, 2, and 4.  It also failed to adequately plead Count 3 because Defendant has no bad faith intent to profit from the marks it rightfully owns in Japan.  Given the Court's recent Order of April 12, 2023, ECF No. 92, Plaintiff's Second Amended Complaint, ECF No. 93, should be dismissed with prejudice.  This Motion is made and based upon this Notice; the authorities cited in the accompanying Memorandum of Points and Authorities; the supporting Declaration of David A. Makman and its accompanying exhibits; all other papers and pleadings on file; and such additional arguments and evidence as may be presented to the Court at or before a hearing on this Motion.

1  Dated: May 16, 2023                    Respectfully submitted,

2

3                                         By:  *David Alan Makman*

4                                             David A. Makman (SBN 178195)
                                              david@makmanlaw.com
5                                             **LAW OFFICES OF DAVID A. MAKMAN**
                                              483 Seaport Court, Suite 103
6                                             Redwood City, California 94063
                                              Telephone:      (650) 242-1560
7                                             Facsimile:      (650) 242-1547

8                                             Christopher Studebaker (Admitted *pro hac vice*)
                                              chris.studebaker@tkilaw.com
9                                             **TOKYO INTERNATIONAL LAW OFFICE**
                                              Daido Seimei Kasumigaseki Bldg., 8F
10                                            1-4-2 Kasumigaseki, Chiyoda-ku
                                              Tokyo 100-0013, Japan
11                                            Telephone:      011-81-(0)3-6273-3120
                                              Facsimile:      011-81-(0)3-6273-3876
12

13                                            *Attorneys for Specially Appearing Defendant*
                                              *Kabushiki Kaisha LegalOn Technologies, f/k/a*
14                                            *Kabushiki Kaisha LegalForce*

15

16  _____

17

18

19

20

21

22

23

24

25

26

27

28

# **TABLE OF CONTENTS**

Page

I.    INTRODUCTION ...........................................................................................1

II.   THIS COMPLAINT CANNOT BE CURED BY AMENDMENT ...................................2

III.  FACTUAL BACKGROUND...........................................................................3

    A.   The Court Dismisses the FAC in Its Entirety .........................................3

    B.   Months of Jurisdictional Discovery Yields No Facts to Support Jurisdiction
        Over Defendant.........................................................................5

IV.   ARGUMENT.................................................................................9

    A.   The Court Should Dismiss the Action ....................................................9

        1.   The Standard on a Motion to Dismiss.......................................9

        2.   Plaintiff's Allegations Should Be Dismissed as Speculative
            and Unripe...................................................................10

            a.   Plaintiff Proffers No Evidence of "Use in Commerce" in the
                United States ...................................................11

            b.   Plaintiff Fails to Establish That the Claims Are Ripe...................13

        3.   Plaintiff's Claims of Infringement Based on Alleged Infringing
            Use of the LegalOn Mark Fail as a Matter of Law ...................15

        4.   Plaintiff Fails to Establish That This Court Has Personal Jurisdiction
            Over Defendant—a Japanese Entity with No Forum Contacts ................16

            a.   There Is No General Jurisdiction ....................................16

            b.   There Is No Specific Jurisdiction.....................................17

        5.   Plaintiff Still Fails to State Plausible Claims...............................18

            a.   Plaintiff Fails to State a Claim as to Claims 1, 2, and 4 Because
                Defendant Does Not Use LEGALFORCE in U.S. Commerce......18

            b.   Plaintiff Fails to State a Claim as to Claim 3 (Cyberpiracy) .........20

    B.   Leave to Amend Would Be Futile .......................................................21

V.    CONCLUSION................................................................................22

1

## TABLE OF AUTHORITIES

2
Page

3
**Cases**

4
*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ............................................................. 9, 10

5
*Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007) ................................. 10, 13, 18

6
*Bosley Med. Inst., Inc. v. Kremer*, 403 F.3d 672 (9th Cir. 2005)............................. 2, 10, 20

7
*Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047 (9th Cir. 2011) ...................... 12

8
*Colwell v. HHS*, 558 F.3d 1112 (9th Cir. 2009) ...................................................... 2

9
*Daimler AG v. Bauman, et al.*, 571 U.S. 117 (2014) ................................................ 16

10
*Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280 (9th Cir. 1977) ........................ 16

11
*Fink v. Gomez*, 239 F.3d 989 (9th Cir. 2001) ........................................................ 8

12
*Goodyear v. Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011).................................... 16

13
*James R. Glidewell Dental Ceramics v. Keating Dental Arts, Inc.*, Case No. SACV 11-1309-DOC

14
(ANx), 2013 U.S. Dist. LEXIS 24824 (C.D. Cal. Feb. 21, 2013) ................................. 15

15
*Juicy Couture Inc. v. Bella Int'l Ltd.*, 930 F. Supp. 2d 489 (S.D.N.Y. 1989) ..................... 20

16
*Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522 (9th Cir. 2008) ............................. 21

17
*Levitt v. Yelp! Inc.*, 765 F.3d 1123 (9th Cir. 2014) ................................................. 9

18
*Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) ...................................................... 21

19
*Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025 (9th Cir. 2008).................................. 10

20
*Out West Rest. Grp. Inc. v. Affiliated FM Ins. Co.*, 527 F. Supp. 3d 1142 (9th Cir. 2021)............... 12

21
*Petroliam Nasional Berhad v. GoDaddy.com, Inc.*, 897 F. Supp. 2d 856 (N.D. Cal. 2012), *aff'd*, 737

22
F.3d 546 (9th Cir. 2013) ........................................................................... 20

23
*Saul v. United States*, 928 F.2d 829 (9th Cir. 1991) ............................................... 22

24
*Savage v. Glendale Union High Sch.*, 343 F.3d 1036 (9th Cir. 2003), *cert denied*, 541 U.S. 1009

25
(2004)................................................................................................ 12

26
*Sher v. Johnson*, 911 F.2d 1357 (9th Cir. 1990)................................................... 16

27

28

*SunEarth, Inc. v. Sun Earth Solar Power Co.*, No. C 11-4991 CW, 2013 WL 4528539 (N.D. Cal. Aug. 23, 2013), *amended in part*, No. C 11-4991 CW, 2013 WL 6157208 (N.D. Cal. Nov. 22, 2013), *aff'd*, 650 F. App'x 473 (9th Cir. 2016), *on reh'g en banc*, 839 F.3d 1179 (9th Cir. 2016)21

*Thomas v. Anchorage Equal Rts. Comm'n*, 220 F.3d 1134 (9th Cir. 2000) ...................................... 10

*TIBCO Software Inc. v. GatherSmart LLC*, No. 20-cv-06422, 2021 WL 4477902 (N.D. Cal. Mar. 5, 2021) ................................................................................................................ 18

*Walden v. Fiore*, 571 U.S. 277 (2014) ................................................................................................ 17

**Statutes**

15 U.S.C. § 1114(a) ......................................................................................................... 3, 14

15 U.S.C. § 1125(d)(1)(A) ............................................................................................... 3, 20

15 U.S.C. § 1127 .............................................................................................................. 2, 10

Cal. Civ. Proc. Code § 410.10 ............................................................................................. 16

**Rules**

Cal. R. Prof. Conduct 3.3(a)(1) ............................................................................................. 8

Civ. L.R. 11-4(a)(1) .............................................................................................................. 7

Civ. L.R. 11-4(a)(4) .............................................................................................................. 7

Fed. R. Civ. P. 11 ....................................................................................................... 2, 12, 13

Fed. R. Civ. P. 12(b)(1) ............................................................................................... 3, 9, 10

Fed. R. Civ. P. 12(b)(2) .................................................................................................... 4, 9

Fed. R. Civ. P. 12(b)(6) ............................................................................................... 4, 9, 19

Fed. R. Civ. P. 15(a) .............................................................................................................. 3

Fed. R. Civ. P. 15(d) .............................................................................................................. 3

Fed. R. Civ. P. 4(k)(2) .......................................................................................................... 16

Fed. R. Civ. P. 8(a)(2) ................................................................................................... 12, 13

Fed. R. Evid. 201(b) ............................................................................................................ 14

1    I.      **INTRODUCTION**

2             Specially Appearing Defendant, Kabushiki Kaisha LegalOn Technologies, sued under the

3    name LegalForce, Inc. ("Defendant"), respectfully submits that, because the Court dismissed this case

4    on ripeness grounds, Plaintiff failed to establish a "case or controversy" and thus is not entitled to

5    amend under Ninth Circuit case law discussed below.   Accordingly, the Court should vacate the

6    portion of its order that gave leave to amend.   That said, out of an abundance of caution, in case the

7    Court finds that leave to amend was appropriate, Defendant notes that the Second Amended Complaint

8    (ECF No. 93, the "SAC")—Plaintiff LegalForce RAPC Worldwide, P.C.'s ("Plaintiff") third attempt

9    to plead a ripe and plausible case—is just as defective as all the prior Complaints.   Plaintiff has fixed

10   none of the defects identified in the Court's recent order of dismissal on April 12, 2023 ("Order").   *See*

11   ECF No. 92.   Instead, it introduces new flaws.   Accordingly, the SAC should be dismissed *with*

12   *prejudice.*

13            Plaintiff cannot plead a ripe case or plausible case because Defendant is a foreign entity that

14   has never used or advertised the LEGALFORCE mark on goods or services that are for sale in the

15   United States, nor has Defendant provided services in commerce in the United States using that mark.

16   To the contrary, Defendant, which legally owns the trademark "LEGALFORCE" in Japan, has formed

17   a subsidiary in the United States called LegalOn to do business here and has changed its own name to

18   LegalOn as well.   The subsidiary sells an Americanized version of Defendant's products.   The original

19   products, called LegalForce and LegalForce Cabinet, are only available for purchase in Japan.

20   Defendant's subsidiary does not use the term LEGALFORCE when selling in the United States.[1]

21            On April 12, 2023, this Court dismissed Plaintiff's First Amended Complaint (the "FAC") in

22   its entirety, ruling that: (1) Plaintiff's trademark and cybersquatting claims were not ripe; (2) Plaintiff

23   had failed to establish subject matter jurisdiction; (3) Plaintiff failed to establish general jurisdiction;

24

25            [1]Defendant denies that Plaintiff's LEGALFORCE marks are famous and denies that it would
26   obtain any commercial benefit from being associated with Plaintiff in any way.   However, the
     LEGALON mark cannot, as a matter of law, infringe Plaintiff's marks because the only similarity is
27   the generic term "LEGAL."   Plaintiff has, nevertheless, sued LegalOn US in a related lawsuit that is
     pending before this same Court.
28

1    and (4) Plaintiff failed to establish specific jurisdiction.  The Court also put Plaintiff on notice that

2    failure to properly plead his case would result in dismissal with prejudice this time.

3         Despite a third chance and despite clear guidance on the test necessary for this Court to have

4    jurisdiction, Plaintiff has not fixed his SAC.  In its Order, the Court ruled that to establish a ripe claim:

5         Plaintiff must show that Defendant used Plaintiff's trademarks "in connection with a
     sale of goods or services."  *Bosley Med. Inst., Inc. v. Kremer*, 403 F.3d 672, 677 (9th
6    Cir. 2005).  A mark is used in commerce "on services when it is used or displayed in
     the sale or advertising of services **and** the services are rendered in commerce."  15
7    U.S.C. § 1127.

8    ECF No. 92 at 4 (emphasis added).  Plaintiff can never meet this test because, as is clear from the

9    record evidence, Defendant is not using the LEGALFORCE mark "in commerce," *i.e.*, neither on

10   goods or services that are for sale in the United States nor in connection with services rendered in

11   commerce in the United States.  After extensive opportunity for jurisdictional discovery, Plaintiff has

12   no evidence—and therefore does not properly allege—that Defendant has ever rendered services in

13   the United States using the LEGALFORCE mark.  Rather, Plaintiff pleads the critical use "in

14   commerce" in the United States allegations "on information and belief."  Defendant asks the Court to

15   rule that such pleading is not sufficient to overcome Defendant's factual challenges under the case law

16   cited in the Order.

17        In sum, the SAC is not sufficient to avoid dismissal with prejudice.  To the contrary, the SAC

18   further shows how far Plaintiff is willing to go to press baseless and vexatious claims.

19   **II.    THIS COMPLAINT CANNOT BE CURED BY AMENDMENT**

20        This Court dismissed the FAC on the grounds that the claims were not ripe.  Ripeness is an

21   issue of Article III standing and is jurisdictional.  *Colwell v. HHS*, 558 F.3d 1112 (9th Cir. 2009).  As

22   such, if a claim is not ripe, there is no "case or controversy" and, therefore, the Court lacks subject

23   matter jurisdiction.  Where, as here, "jurisdiction is lacking at the outset, [a] district court has no power

24   to do anything with the case except dismiss."  *Morongo Band of Mission Indians v. Cal. State Bd. of

25   Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988) (internal quotations and citations omitted).

26   Moreover, "[i]f jurisdiction was lacking, then [a] court's various orders, including that granting leave

27   to amend the complaint, were nullities."  *Id*. at 1381.  Thus, although the Court granted leave to amend

28

1  the complaint, that procedure is not permissible here under long-standing binding Ninth Circuit

2  precedent.

3       That said, in the years since the *Morongo* decision, the Ninth Circuit has created a narrow

4  exception pursuant to Fed. R. Civ. P. 15(d) by which amendment would be permissible. *See, Northstar*

5  *Fin. Advisors, Inc. v. Schwab Investors*, 779 F.3d 1036 (9th Cir. 2015). Thus, if the Court granted

6  leave to amend pursuant to Rule15(a), then any leave to amend would be null and void, but if pursuant

7  to Rule 15(d), then the Order may fit into the narrow exception of *Northstar*. Plaintiff did not ask for

8  leave to amend under 15(d), and the amendments do not identify acts that occurred after the original

9  Complaint in this action was filed, so it does not appear that the amendment was made pursuant to

10  Rule 15(d). Moreover, although the Court's Order does not state which rule was the basis for leave to

11  amend, the Court did indicate that amendment was being permitted to allow Plaintiff to present the

12  results of "jurisdictional discovery", which is not a basis for supplementation under Rule 15(d).

13       Defendant therefore submits that the Court should dismiss the Second Amended Complaint

14  and vacate the portion of its Order that granted leave to amend. That said, out of an abundance of

15  caution, Defendant will and, without waiving any standing or jurisdictional arguments—all of which

16  are fully preserved here and for the purposes of appeal—hereby does move to dismiss on the additional

17  grounds discussed below.

## III.   FACTUAL BACKGROUND

### A.   The Court Dismisses the FAC in Its Entirety

20       On June 24, 2022, Plaintiff filed suit against Defendant for: (1) trademark infringement

21  pursuant to 15 U.S.C. § 1114(a); (2) trademark infringement under 15 U.S.C. § 1125(a); (3)

22  cyberpiracy pursuant to 15 U.S.C. § 1125(d)(1)(A); and (4) trademark infringement pursuant to

23  California Common Law.   ECF No. 1.

24       After Defendant filed a motion to dismiss the original Complaint on October 22, 2023, ECF

25  No. 22, Plaintiff responded by filing its FAC on October 23, 2023, ECF No. 32. Then, on November

26  7, 2022, Defendant filed a motion to dismiss the FAC for: (1) lack of subject matter jurisdiction

27  pursuant to Federal Rule of Civil Procedure 12(b)(1); (2) lack of personal jurisdiction pursuant to Rule

28  12(b)(2); and (3) failure to state a claim pursuant to Rule 12(b)(6). ECF No. 39.

While the motion to dismiss the FAC was pending, the Parties stipulated to engage in limited discovery on jurisdictional grounds only, in accordance with the Court's instruction.  ECF No. 84-1. Thereafter, Plaintiff took depositions of Defendant's two senior executives including Nozomu Tsunoda (President and Representative Director) and Jean-Pierre Biard (Head of Global Strategy) on January 25 and January 26, 2023, respectively.  The topic for the two Defendant executives' notices was the same: "Any and all jurisdictional issues that have been asserted in this case by Defendant, including any statements made in any Declarations attached thereto.").  Makman Decl. ¶ 4.[2]  Messrs. Tsunoda and Biard were put forth in their personal capacity as witnesses, not Rule 30(b)(6) witnesses.[3] Makman Decl. Ex. 1, Tsunoda Dep. Tr.: 6:24-25; Makman Decl. Ex. 2, Biard Dep. Tr. 7:7-10.[4]  Prior to his deposition, Mr. Tsunoda had submitted a Declaration in this action.

On April 12, 2023, the Court dismissed the FAC in its entirety because: (1) Plaintiff's infringement claims were not ripe; (2) Plaintiff failed to establish subject matter jurisdiction; (3) Plaintiff failed to establish general jurisdiction; and (4) Plaintiff failed to establish specific jurisdiction. ECF No. 92.  Because Defendant's motion, however, was filed while the Parties were engaged in jurisdictional discovery, the Court granted Plaintiff leave to amend and informed him that the case would be dismissed with prejudice if he failed to overcome the FAC's numerous deficiencies.  *Id.*  On April 25, 2023, Plaintiff filed the SAC.  ECF No. 93.  This Motion to Dismiss follows.

[2]"Makman Decl." refers to the Declaration of David A. Makman submitted in support of this motion to dismiss.  "Markman Decl. Ex." refers to the specific Exhibit attached thereto.

[3]In the SAC, Plaintiff incorrectly characterizes Messrs. Tsunoda's and Biard's deposition testimony as if they were testifying as Defendant's corporate representative.  *See, e.g.*, SAC ¶ 75-7 ("*it* has admitted in *its* January 2023 depositions") (emphasis added).

[4]The deposition transcripts have been designated "Confidential" because the Parties have not stipulated to a protective order in this action.  By citing portions of the transcripts, Defendant does not "Confidentiality" designation as to portions not cited herein and reserves its right to seek continued confidential treatment of these transcripts pending entry of a protective order.  Makman Decl. ¶ 7.

1

2

### B.      Months of Jurisdictional Discovery Yields No Facts to Support Jurisdiction Over Defendant

3

4

Despite the ample opportunities afforded to and used by Plaintiff to discover non-privileged information limited to jurisdiction, the factual record does not support any ripe claims against Defendant.

5

6

Plaintiff has not proffered any facts to contradict Mr. Tsunoda's November 7, 2022 declaration

7

submitted with Defendant's Motion to Dismiss the SAC ("Tsunoda Decl."), *see* Makman Decl. Ex. 3,

8

or the other discovery produced in this case.   Tsunoda declared that Defendant is a Japanese

9

corporation organized under the laws of Japan and is headquartered and has a principal place of

10

business in Tokyo, Japan.  *id.*, Tsunoda Decl. ¶ 3.  Defendant has no physical presence in California

11

or the United States.  *id*. ¶ 19; *see also id.* ¶ 11 (not incorporated in California or the United States;

12

nor is it qualified to do business in California or the United States); *id*. ¶ 12 (no branch offices or

13

comparable facilities in California or the United States and has no telephone listing or mailing address

14

in California or the United States); *id.* ¶ 13 (no registered agent for service in California or elsewhere

15

16

in the United States); *id.* ¶ 18 (no bank accounts or other tangible personal or real property in California,

17

or the United States).

18

Further, Defendant does not recruit or hire employees in California or the United States. *id.* ¶¶

19

20

14, 15, 17; *see also* Makman Decl. Ex. 2, Biard Dep. Tr. 121:9-15 (testifying that the LegalForce name

21

was not used in advertising employment opportunities in the United States).  It also has no officers or

22

directors residing or domiciled in California or the United States.  Makman Decl. Ex. 3, Tsunoda Decl.

23

¶ 16.

24

Defendant has not sought to use the name LEGALFORCE in commerce in the United States

25

within the meaning of the Lanham Act.  *id*. ¶¶ 21-22; *see also* Makman Decl. Ex. 2, Biard Dep. Tr.

26

92:13-25 (testifying that the names LegalForce and LegalForce Cabinet were never used in the United

27

States); Ex. 1, Tsunoda Dep. Tr. 67:4-6 (responding "No" when asked if Defendant ever wanted to

28

use the name "LegalForce" in the United States).  Nor does Defendant have any plans to imminently

offer, sell, transport, distribute, market, or advertise any products or services bearing the

LEGALFORCE mark in the United States.  Makman Decl. Ex. 3, Tsunoda Decl. ¶¶ 21, 64; *see also*

Ex, 2, Biard Dep. Tr. 132:19-133:2 (testifying that "I can state that the Japanese company never said

or intended to enter the U.S. under the LegalForce name"). Defendant's website is available in

Japanese and English and loads by default in Japanese.  *id*. ¶ 26.  The English language version of

Defendant's website is not directed or aimed at California or United States residents.  *id*. ¶ 27.  Rather,

it is aimed at English speaking customers in Japan, as is apparent by the images containing Japanese

characters, relating specifically to Japanese contracts, and using interfaces most familiar to Japanese

customers.  *id*. ¶¶ 28-29.[5]

Defendant has no clients in California or the United States.  *id*. ¶ 30.  It has not entered any

contracts for rendering services in California or the United States.  *id*. ¶¶ 31-32.  Defendant does not

direct any of its advertising specifically toward California or United States residents, nor does it

advertise in any publications that are primarily directed at California or United States residents.  *id*. ¶

33; Makman Decl. Ex. 2, Biard Dep. 121:3-8 (testifying that "LegalForce, the Japanese entity, never

advertised an expansion under the LegalForce name" into the United States).

Defendant's website references third-party news websites that have recognized Defendant's

success in the Japanese legal market.  Makman Decl. Ex. 3, Tsunoda Decl. ¶ 57.  Those articles relate

to a June 23, 2022 press conference held in Tokyo.  *id*. ¶¶ 58-59.  During the press conference,

Defendant gave precatory remarks about Defendant's wish to expand its business internationally in

the future and spoke about the opportunities and pitfalls of expanding to countries like the United

States.  *id*. ¶ 60.  Defendant did not claim that it currently operated in the United States or sold services

---

[5] Subsequent to the Tsunoda Declaration, LegalOn moved its web site to legalontech.jp.
That web site, like the prior legal-force web sites, is aimed at Japanese consumers.

1   in the United States under the LEGALFORCE trademark, because it does not.  *id*. ¶¶ 62-63.  Nor did

2   Defendant indicate that it would expand its services to the United States using the LEGALFORCE

3   trademark.  *id*.  ¶ 64.

4       Unable to muster the required evidence to contradict Mr. Tsunoda's sworn declaration and

5   Messrs. Tsunoda's and Biard's deposition testimony, Plaintiff distorts the record.  For instance,

6   Plaintiff claims that Mr. Tsunoda "admitted during deposition" that he made a trip to San Fransico to

7   meet with "actual and potential customers" and for "recruiting full time hires," SAC ¶ 75-1, and

8   "testified" at deposition to having traveled to the United States "frequently," *id*. ¶ 75-9.  Further,

9   Plaintiff alleges that Mr. Tsunoda "admitted" that he traveled to the United States "numerous times

10  for soliciting business, employees, and/or for seeking buyers of shares in his company."  SAC ¶ 75-

11  10.  Not so.  Plaintiff never asked Mr. Tsunoda about U.S. travel, let alone about whether he solicited

12  business or investors in the United States.  Makman Decl. ¶ 9.[6]

13      As to employees, Tsunoda testified that they were retained through a recruiter in Japan,

14  Makman Decl. Ex. 1, Tsunoda Dep. Tr. 45:8-23, and he said nothing and was not asked about whether

15  he solicited employees during any trips to the United States, Makman Decl. ¶ 9.  Moreover, the

16  testimony is not that Messrs. Tsunoda and Biard were soliciting business in the United States, but that

17  they were "looking for advice and insight on their thoughts as to the relevance of Defendant's product

18  for the United States" – *i.e*., that they were doing market research.  Makman Decl. Ex. 2, Biard Dep.

19  Tr. at 64:24-65:3.  In any event, nothing in the SAC indicates that Defendant has ever used

---

[6] This is just a sampling of Plaintiff falsely pleading that Mr. Tsunoda made admissions that are nowhere in the deposition transcript.  Makman Decl. ¶ 11 (citing SAC ¶ 17 (Plaintiff falsely alleging that "pitch decks, presentations and promotional items all advertised shares for sale with the design mark in the infringing '079 Application within interstate commerce in the United States"), *id*. ¶ 18 (Plaintiff falsely claiming that Mr. Tsunoda "admitted" having "advertised infringing LegalForce marks to solicit investors"), *id*. ¶ 27 (Plaintiff falsely stating that Defendant "used the LegalForce marks to American investors")).

1   LEGALFORCE on services that were sold, advertised, or used in connection with services rendered

2   by Defendant in commerce in the United States.[7]

3       Defendant is not engaged in commerce in the United States, and the SAC is misleading when

4   Plaintiff conflates Defendant, LegalOn Japan, with its subsidiary,[8] LegalOn US—the company that is

5   engaged in commerce in the United States.  Plaintiff does this, for example, when referring to the

6   November 2022 Press Release in ¶ 19 of the SAC.  That paragraph relates to the names of the products

7   sold in Japan, which has not changed.  Contrary to ¶ 19 of the SAC, the products and services available

8   in the United States are provided by Defendant's subsidiary, LegalOn US.  LegalForce and LegalForce

9   Cabinet are not used in the United States.  For another example, Plaintiff is claiming general

10  jurisdiction, SAC at ¶ 48, because Defendant is allegedly "physically present" in California.  But

11  LegalOn US, the company that is present here, is not a Defendant in this action.  For another example,

12  Turo.com and Hans Kim are referred to in SAC ¶ 12.  Those names, however, come from a blog posted

13  by LegalOn US and are not properly attributed to the Defendant Japanese entity.  *See* Makman Decl.

14  ¶ 7.  Indeed, Plaintiff has no evidence that these customers transacted with Defendant and no

15  reasonable basis for believing that they might have.

16

17

18

19  _____

20      [7]Plaintiff's misrepresentations violate Local Rules 11-4(a)(1) and (4), which require any
    attorney permitted to practice in the U.S. District Court for the Northern District of California to "[b]e
21  familiar and comply with the standards of professional conduct required of members of the State Bar
    of California" and "[p]ractice with the honesty, care, and decorum required for the fair and efficient
22  administration of justice[.]"  Civ. L.R. 11-4(a)(1), (4).  Moreover, Plaintiff violated California Rule of
    Professional Conduct 3.3(a)(1), which states "[a] lawyer shall not: (1) knowingly make a false
23  statement of fact or law to a tribunal or fail to correct a false statement of material fact or law
    previously made to the tribunal by the lawyer."  Cal. R. Prof. Conduct 3.3(a)(1).  The Court has the
24  discretional authority to sanction or instruct Plaintiff's Counsel, Raj V. Abhyanker, that he must not
    knowingly misrepresent facts to the Court because doing so is "tantamount to bad faith."  *See Fink v.*
25  *Gomez*, 239 F.3d 989 (9th Cir. 2001); *accord Evon v. L. Offs. of Sidney Mickell*, 688 F.3d 1015 (9th
    Cir. 2012) ("The language in Fink makes clear that a district court has the inherent power to sanction
26  for: (1) willful violation of a court order; or (2) bad faith.").
        [8]LegalOn US is not a party to this case.  Rather, it is the defendant in the related action
27  *Legalforce RAPC Worldwide, PC v. LegalOn Technologies, Inc.*, Case No. 3:22-cv-07627-TLT (N.D.
28  Cal.).  As such, the actions of LegalOn US should not be part of the SAC in this action.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## IV.   ARGUMENT

### A.   The Court Should Dismiss the Action

This Court's Order dismissing the FAC gave Plaintiff a clear road map to follow in amending the complaint.  It states the appropriate legal standards that Plaintiff was required to meet in the pleading.  Despite this clarity, Plaintiff has failed to present ripe or plausible claims in the SAC. Therefore, dismissal with prejudice is appropriate.

#### 1.   The Standard on a Motion to Dismiss

The Court dismissed the case as unripe and, in doing so, summarized the legal standards for motions to dismiss pursuant to Rules 12(b)(1), (b)(2) and (b)(6) of the Federal Rules of Civil Procedure.  ECF No. 92 at 2-4.  Defendant respectfully submits that, based on this previously cited case law, dismissal with prejudice is appropriate here under all three sections of Rule 12.

As to Rule 12(b)(1), Defendant has submitted the declaration denying that it has ever rendered services in the United States using the mark "LEGALFORCE."  Makman Decl. Ex. 3, Tsunoda Decl. This declaration constitutes a "factual challenge" to the SAC.  And, when there is a factual challenge, the Court "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment."  *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)*.*  Moreover, the court "need not presume the truthfulness of the plaintiff's allegations."  *id.*; *see also* ECF No. 92 at 2.

As to Rule 12(b)(2), this Court ruled that it "must dismiss an action where it does not have personal jurisdiction over a defendant."  Fed. R. Civ. P. 12(b)(2).  The Court also clarified that Plaintiff had the burden of showing personal jurisdiction and noted that it would not "assume the truth of allegations in a pleading which are contradicted by affidavit," but would "resolve factual disputes in the plaintiff's favor."  *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011). ECF No. 92 at 3.  There are no new allegations in the SAC that warrant a finding of personal jurisdiction.

As to Rule 12(b)(6), this Court explained that a case can be dismissed under 12(b)(6) if it does not have at least a plausible chance of success.  *See Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014 (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550

U.S. 544 (2007)).  For Rule 12(b)(6) analysis, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party."  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).  "Although for the purposes of a motion to dismiss [the Court] must take all of the factual allegations in the complaint as true," the Court is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Id*. at 678.  ECF No. 92 at 3-4.

### 2.   Plaintiff's Allegations Should Be Dismissed as Speculative and Unripe

This case is in a unique procedural position.  Defendant made a <u>factual challenge</u> to the original complaint, as it was entitled to do under the *Safe Air for Everyone* case.  Plaintiff has since taken discovery and amended his complaint twice.  The cost of defending has been shockingly high.  Yet despite imposing massive costs on Defendant, all new allegations are made "on information and belief."  The law does not permit Plaintiff to rely on speculation to carry his burden of proof in the face of the factual challenge here.

Indeed, when this Court dismissed the FAC under Rule 12(b)(1), it explained that Plaintiff's claims were speculative and, therefore, not ripe.  ECF No. 92 at 4-5 (citing *Thomas v. Anchorage Equal Rts. Comm'n*, 220 F.3d 1134, 1139 (9th Cir. 2000) and *Name.Space, Inc. v. Internet Corp. for Assigned Names & Numbers*, 795 F.3d 1124, 1132 (9th Cir. 2015)).  Despite the opportunity for discovery, the SAC is even more speculative and misleading than the FAC and, therefore, does not correct the flaws of the FAC and should be dismissed with prejudice.

The Court also told Plaintiff that it was necessary to plead an actual infringement of the trademark, including a "use in commerce" as defined in 15 U.S.C. § 1127 of the Lanham Act.  The Court further set forth the meaning of "use in commerce," ordering that:

> **Plaintiff must show** that Defendant used Plaintiff's trademarks "in connection with a sale of goods or services."  *Bosley Med. Inst., Inc. v. Kremer*, 403 F.3d 672, 677 (9th Cir. 2005).  A mark is used in commerce "on services when it is used or displayed in the sale or advertising of services **and the services are rendered in commerce**."  15 U.S.C. § 1127.

1  ECF No. 92 at 4 (emphasis added); *see also Iglesia Ni Cristo v. Cayabyab*, Case No. 18-CV-00561,

2  2019 WL 3997474, at *8 (N.D. Cal. Aug. 23, 2019) ("[P]laintiff must show that the defendant either

3  used the trademark in interstate commerce – that is, caused goods or service interstate commerce – or

4  that the defendant used the trademark in interstate commerce in a manner that affects interstate

5  commerce.") (citing *Thompson Tank & Mfg. Co. v. Thompson*, 693 F.2d 991 (9th Cir. 1982));

6  *Name.Space*, 795 F.3d at 1132 (indicating that claims are not ripe unless they can be decided "without

7  considering contingent future events that may or may not occur as anticipated, or indeed may not occur

8  at all.").

9         There is nothing ambiguous about the Court's order.  Even though Plaintiff was clearly told

10  what he needed to do to fix his allegations, the SAC does not properly allege "use in commerce" within

11  the meaning of the Lanham Act.  As such, this Court should dismiss with prejudice.

12              **a.    Plaintiff Proffers No Evidence of "Use in Commerce" in the
                        United States**

13

14  In the SAC, Plaintiff falsely alleges that:

15  Defendant has advertised counterfeit LegalForce products and services in the United States to
    sell its software products to 3000 customers since July 1, 2020, many of which are American

16  corporations and law firms including car sharing company Turo.com and lawyer Hans Kim in
    this district.  Defendant offered for sale within interstate commerce in the United States software

17  products called "LegalForce" and "LegalForce Cabinet" starting around July 1, 2020 which it
    advertised and sold to American customers in California and New York and continuing onward

18  until at least December 1, 2022.

19  *Id.* ¶ 12.

20         To the extent that this paragraph alleges the sale of the "LegalForce" and "LegalForce Cabinet"

21  products in the United States, it is contrary to the Tsunoda Declaration, *see id.* ¶¶ 20-21, and Plaintiff

22  has no evidence to support it.  In fact, during a meet and confer between the Parties, when Defendant's

23  counsel asked Plaintiff's counsel to provide factual support for ¶ 12, Plaintiff's counsel stated that his

24  allegations were based on LegalOn US's website.[9]  Makman Decl. ¶¶ 12-13.  However, the word

25

26  _____

27       [9]The LegalOn US website is at www.legalontechnologies.com (last accessed on May 15,

28  2023).

1   LEGALFORCE does not appear on that website and, thus, provides no basis for Plaintiff to claim that

2   Defendant has "advertised counterfeit LegalForce products and services in the United States to sell its

3   products to 3000 customers." *id*. at ¶ 14.  Defendant denies any such advertising, and, when asked

4   about it, Plaintiff could point to no such advertisement.  *id.*  But, even if that were true, Plaintiff has

5   not been damaged and has made only conclusory claims of harm that are not plausible, see SAC at  45

6   (claiming, among other things, harm due to an abandoned trademark application).

7       When confronted about the falsity of ¶ 12 of the SAC, Plaintiff's counsel was also quick to

8   state that this paragraph, in fact the entire pleading, is made "on information and belief", *see* SAC ¶

9   2:4; *see also* Makman Decl. ¶¶ 12-13.  There is, however, nothing in *Safe Air for Everyone v. Meyer*,

10  373 F.3d 1035, 1039 (9th Cir. 2004) or Rule 12(b)(1) to suggest that a factual challenge to a complaint

11  on a motion to dismiss can be overcome by pleading inferences "on information and belief" when such

12  pleading directly contradicts an unambiguous declaration.[10]   To the contrary, where a defendant

13  provides evidence that a fact is false, the plaintiff must present evidence in support of the disputed

14  fact.  *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003), *cert denied*, 541

15  U.S. 1009 (2004) ("Once the moving party has converted the motion to dismiss into a factual motion

16  by presenting affidavits or other evidence properly brought before the court, the party opposing the

17  motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject

18  matter jurisdiction.").

19

20          [10]Footnote 1 of ¶ 12 does not save Plaintiff's allegation.  There, he argues that because the

21  LegalForce product can review "American" contracts, it has been used in commerce in the United
    States.  In addition, despite the evidence that Defendant only uses the LEGALFORCE mark in Japan

22  where Defendant has registered that mark and where Plaintiff has no trade or service mark rights,
    Plaintiff argues that his infringement claims are ripe because Defendant has not changed the name of

23  its product offering in Japan.  These arguments are not plausible.  Nor should Plaintiff's extensive use
    of argumentative footnotes in the SAC be considered because such footnotes are not permissible under

24  Rule 10(b).  *See Out West Rest. Grp. Inc. v. Affiliated FM Ins. Co.*, 527 F. Supp. 3d 1142, 1145 (9th

25  Cir. 2021) (affirming grant of judgment on the pleadings against plaintiff who made "excessive use of
    footnotes" in violation of Rule 10(b)).  Moreover, this additional verbiage simply makes the SAC more

26  difficult to understand and, being argumentative, is not sufficient to meet the requirements of Rule 8.
    The Ninth Circuit has held that dismissing a complaint that, like this one, is "argumentative, prolix,

27  replete with redundancy, and largely irrelevant," is appropriate. *Cafasso, U.S. ex rel. v. Gen. Dynamics*

28  *C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011).

1    To repeat: Plaintiff does not have evidence to show the required "use in commerce" in the

2    United States and is relying on the statement in the preamble that the entire SAC is pled "on

3    information and belief" (along with the arguments presented in his footnote) to insulate himself from

4    Rule 11 liability for the speculative and false allegations.

5                      **b.      Plaintiff Fails to Establish That the Claims Are Ripe**

6        The U.S. Supreme Court has stated that Rule 8(a)(2) "requires a 'showing,' rather than a

7    blanket assertion, of entitlement to relief," and this necessitates "some factual allegation in the

8    complaint...." *Twombly*, 550 U.S. 544, n.3.  Moreover, when filing a complaint, counsel is required

9    to certify that: "the factual contentions have evidentiary support or, if specifically so identified, will

10   likely have evidentiary support after a reasonable opportunity for further investigation or discovery."

11   Fed. R. Civ. P. 11.  While pleading "on information and belief" in a complaint's preamble may be

12   appropriate in some circumstances, it is not appropriate here.  To the contrary, that method of pleading

13   renders the SAC (*e.g.*, ¶ 12), too speculative to establish a ripe claim for trademark infringement.

14       The Ninth Circuit has explained the relationship between the plausibility standard of *Twombly*

15   and pleading "on information and belief" as follows:

16       The *Twombly* plausibility standard ... does not prevent a plaintiff from pleading facts alleged
         upon information and belief where the facts are peculiarly within the possession and control of
17       the defendant or where the belief is based on factual information that makes the inference of
         culpability plausible.
18

19   *Soo Park v. Thompson*, 851 F.3d 910, 929 (9th Cir. 2017).  In *Soo Park*, the Ninth Circuit also

20   explained that a claim is "plausible" if the facts have two alternative explanations, one advanced by

21   plaintiff, the other advanced by defendant.  *Id.* at 918.  Here, however, Plaintiff is claiming that

22   consumers are likely to be confused by Defendant's public advertisement.  As such, the relevant facts

23   are not "uniquely within the possession and control" of Defendant.

24       Further, Defendant provided a clear declaration that makes a factual challenge to the SAC.

25   While Plaintiff has had extensive opportunity to take discovery, he is still unable to plead facts

26   sufficient to show a ripe claim for infringement of its LEGALFORCE trademarks.  Defendant has

27   only ever sold the products called LegalForce or LegalForce Cabinet in Japan and has never sold either

28   product in commerce in the United States.  Makman Decl. Ex. 1, Tsunoda Decl. ¶¶ 21-22; *see also*

1  Makman Decl. Ex. 2, Biard Dep. Tr. 92:13-25 (testifying that the names LegalForce and LegalForce

2  Cabinet were never used in the United States). The allegation of sales to Turo.com and Hans Kim in

3  SAC ¶ 12 are presumably based on testimonials in a blog from Defendant's subsidiary, LegalOn US,

4  which is not a party to this action. Makman Decl. ¶¶ 12-14. In fact, LegalOn's CEO Daniel Lewis

5  stated in a sworn declaration, which was filed in Plaintiff's infringement litigation against LegalOn

6  US, that LegalOn US does not use the LEGALFORCE trademark and does not plan to use it. Makman

7  Decl. Ex. 4, Declaration of Daniel Lewis ¶¶ 13-14.[11]

8          In addition, the SAC includes a litany of irrelevant facts from the FAC that, on their face, do

9  not establish a ripe claim here. Defendant respectfully submits that, just as the Court did, *inter alia*,

10 in its Order dismissing the FAC, this Court should find Plaintiff's allegation that Defendant sold stock

11 using "pitch decks, presentations, and promotional items" that "advertised shares for sale," SAC ¶17,

12 is insufficient, on its face, to establish a ripe cause of action for trademark infringement. In addition,

13 the Court should reject Plaintiff's allegation that Defendant filed a trademark application (that is now

14 abandoned) that indicated an "intent to use" the LEGALFORCE mark in the United States, SAC ¶ 26,

15 75, as insufficient to establish a ripe cause of action for trademark infringement as pled in the SAC.

16 Neither the sale of stock nor the filing of an application to register a trademark constitutes the use or

17 display of any LEGALFORCE mark in the advertising of services, nor in the rendering of services in

18 commerce. As such, these allegations do not suffice to establish a ripe claim based on the standard

19 cited in the Order. ECF No. 92 at 4; *see also Iglesia Ni Cristo v. Cayabyab*, Case No. 18-CV-00561,

20 2019 WL 3997474, at *9 (N.D. Cal. Aug. 23, 2019).

21

22

23

24

---

25     [11]A court may take judicial notice of facts not subject to reasonable dispute where the facts
26 "(1) [are] generally known within the trial court's territorial jurisdiction; or (2) can be accurately and
   readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid.
27 201(b); *see also Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (noting that judicial
   notice is appropriate for "undisputed matters of public record, including documents on file in federal
28 or state courts") (internal citation omitted).

3.   **Plaintiff's Claims of Infringement Based on Alleged Infringing Use of the LegalOn Mark Fail as a Matter of Law**

Plaintiff now alleges that the LegalOn mark also infringes some or all its various LegalForce marks under 15 U.S.C. § 1114.  SAC ¶¶ 19-20, 61-64.  This claim fails because Defendant is only offering products and services in Japan, as demonstrated in the Tsunoda Declaration and in the deposition testimony of record.  To the extent that Plaintiff makes claims in this lawsuit based on Defendant's use of the LEGALON mark by LegalOn-US, such claims should be addressed in the related lawsuit if Plaintiff is successful in taking jurisdiction over Defendant through its subsidiary on the baseless alter ego theory of liability that he has pled in that action.

Moreover, the allegation that the mark "LEGALON" infringes "LEGALFORCE" is not plausible.  The only similarity between the mark "LEGALON" and any of Plaintiff's registered marks is the term "LEGAL."  In that context, the presence of an additional word ("ON" in one mark and "FORCE" in the other) make it easy to avoid confusion.  In fact, where the only similarity between marks is a generic term, courts have held that any confusion arising from the use of said generic term is <u>outside the scope of the Lanham Act</u>.  *See Basel Action Network v. Int'l Ass'n of Elecs. Recyclers*, 793 F. Supp. 2d 1200, 1205 (W.D. Wash. 2011) ("Where confusion arises solely from the use of a 'generic term, courts have found that confusion to be beyond the scope of the Lanham Act."); *Pocketbook Int'l SA v. Sitetools, Inc*., Case No. CV 20-8708-DMG (PDx), 2022 U.S. Dist. LEXIS 24540, at *27 (C.D. Cal. Feb. 2, 2022) (granting defendant's motion for summary judgment on plaintiff's trademark infringement claim because the evidence weighed against finding a likelihood of confusion); *see also James R. Glidewell Dental Ceramics v. Keating Dental Arts, Inc.*, Case No. SACV 11-1309-DOC (ANx), 2013 U.S. Dist. LEXIS 24824, at *19-20 (C.D. Cal. Feb. 21, 2013) (quoting McCarthy On Trademarks "when the common element of two trademarks is a generic term, the likelihood of confusion is reduced, as the public has come to expect that element on different products.").

1

2

**4.      Plaintiff Fails to Establish That This Court Has Personal Jurisdiction Over Defendant—a Japanese Entity with No Forum Contacts**

3

**a.      There Is No General Jurisdiction**

4

5

6

7

8

9

10

11

12

13

Plaintiff, as the party seeking to invoke the jurisdiction of the federal court, carries the burden of establishing that jurisdiction exists and cannot "simply rest on the bare allegations of its complaint." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). "Where, as here, there is no applicable federal statute governing personal jurisdiction, the law of the state in which the district court sits applies." *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003). To determine the propriety of asserting personal jurisdiction over a defendant, the Court examines whether such jurisdiction is permitted by the applicable state's long-arm statute and comports with the demands of federal due process.  *Id.* (determining scope of California's long-arm statute and examining federal due process requirements); *see also Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990); *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1286 (9th Cir. 1977).[12]

14

15

16

17

18

19

As to general jurisdiction, under *Goodyear v. Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 927 (2011) and *Daimler AG v. Bauman, et al.*, 571 U.S. 117, 119 (2014), merely forming a subsidiary in the United States does not establish general jurisdiction over a foreign corporation. Rather, a defendant will be subject to general jurisdiction in a state only if its connections with the state are so continuous and systematic as to render the defendant "essentially at home" in the forum state.

20

21

22

23

24

Plaintiff alleges that the Court has general jurisdiction over Defendant because Defendant is physically present in California, SAC ¶ 48.  This is false.  In moving to dismiss the FAC, Defendant presented testimony by Declaration that it "is a Japanese corporation," organized under the laws of Japan, headquartered and "having a principal place of business" in Tokyo, Japan.  *See* Makman Decl. Ex. 3,

25

26

27

28

---

[12] California's long-arm statute, Cal. Civ. Proc. Code § 410.10, is coextensive with federal due process requirements, and therefore the jurisdictional analyses under state law and federal due process are the same. *See Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011).  And although Plaintiff did not plead nationwide jurisdiction under Rule 4(k)(2), the Rule 4(k)(2) analysis collapses into due process and is therefore addressed with Plaintiff's other jurisdictional claims.

1   Tsunoda Decl. at ¶ 9. Defendant's only physical presence is at its business address in Tokyo, Japan.  *id.* ¶¶

2   11-13.  Defendant is not incorporated anywhere in the United States, is not qualified to do business in

3   California or the United States and does not maintain a registered service agent in California or the United

4   States.  *id.*  Defendant has no branch offices or comparable facilities in California or the United States and

5   has no telephone listing or mailing address in California or the United States.  *id.* ¶ 12.  Defendant has no

6   officers or directors residing or domiciled in California or the United States.  *id.* ¶ 16.  Defendant hires no

7   employees in the United States or California.  *id.* ¶ 17.  Defendant has no bank accounts or other tangible

8   personal or real property in California or the United States.  *id.* ¶ 18.  In short, Defendant has no physical

9   presence in California or the United States.  *id.* ¶ 19.  The "jurisdictional discovery" that led to the SAC

10  does not refute this and the SAC that incorporates that discovery does not make any allegation that could

11  overcome the Declaration.

12                    **b.        There Is No Specific Jurisdiction**

13          Specific jurisdiction is only proper when a suit "aris[es] out of or relate[s] to the defendant's

14  contacts with the forum."  *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8

15  (1984). Whether a court has specific jurisdiction over a nonresident defendant "focuses on the relationship

16  among the defendant, the forum, and the litigation."  *Walden v. Fiore*, 571 U.S. 277, 285 (2014) (internal

17  quotations omitted).

18          The Ninth Circuit has adopted a three-prong test requiring the plaintiff to show that: (1) the

19  defendant purposefully directed its activities at residents of the forum or purposefully availed itself of the

20  privilege of doing business in the forum; (2) the plaintiff's claim arises out of or relates to those activities;

21  and (3) the assertion of personal jurisdiction is reasonable and fair.  *Schwarzenegger*, 374 F.3d at 802.  The

22  plaintiff has the burden to plead allegations satisfying the first two prongs.  *id.*  Even if the plaintiff satisfies

23  that burden, jurisdiction must still be denied if the exercise of personal jurisdiction would not be reasonable

24  and fair.  *id.*  The test is conjunctive, and thus the Court may hold that no specific jurisdiction exists if

25  plaintiff fails to prove either of the first two prongs.

26          The unrefuted Tsunoda Declaration and deposition testimony establish that Defendant has

27  neither "purposefully directed its activities at residents of the forum", nor "purposefully availed itself" of

28  the privilege of doing business in California.  *See* Section III.B, *supra*.   There are numerous other

1  allegations in the SAC, but none of them establishes specific jurisdiction because Defendant is using the

2  term "LEGALFORCE" in Japan, not in the United States.  To the extent that Plaintiff is asking this Court

3  to take jurisdiction over Defendant's actions in Japan, he would have to meet the requirements for

4  extraterritorial jurisdiction discussed below.

5     **5.  Plaintiff Still Fails to State Plausible Claims[13]**

6       **a.  Plaintiff Fails to State a Claim as to Claims 1, 2, and 4**

7         **Because Defendant Does Not Use LEGALFORCE in U.S. Commerce**

8      Even if the Court finds that Plaintiff's claims are "ripe", it should still dismiss this action

9  pursuant to Rule 12(b)(6) because the claims are not plausible under the standards set forth in *Twombly*

10  and *Iqbal.*

11      Like the FAC, Plaintiff has not plausibly pled (and cannot plausibly plead) that Defendant has

12  made any infringing use of the LEGALFORCE mark in commerce in the United States.  *See generally*

13  Makman Decl. Ex. 3, Tsunoda Decl. ¶ 21 ("LegalForce has not used the LEGALFORCE mark in

14  commerce in the United States.  Nor has LegalForce taken any steps to imminently offer, sell,

15  transport, distribute, market, or advertise any products or services bearing the LEGALFORCE mark

16  in the United States.").  To the extent that Plaintiff is still trying to argue that Defendant's use of the

17  mark on its website is trademark infringement, that argument fails as a matter of law (just as it did in

18  the prior round of briefing) because the mere operation of a website, without more, cannot amount to

19  use in commerce in the United States and therefore cannot form the basis of trademark infringement

20  or unfair competition claims.  *See TIBCO Software Inc. v. GatherSmart LLC*, No. 20-cv-06422, 2021

21  WL 4477902, at *3 (N.D. Cal. Mar. 5, 2021).  Because Defendant is only using the LEGALFORCE

22  mark in Japan, where it has the right to do so, *see* Makman Decl. Ex. 3, Tsunoda Decl. ¶ 47, Plaintiff's

23  claims can only be considered plausible if Plaintiff is allowed to rely on Defendant's trademark use

24  occurring wholly outside the United States.

25

26      [13] The arguments in this Section 5 were, for the most part, presented in the prior round of

27  briefing but not addressed in the Order.  They are included here in case the Court deems that the new pleading requires it to consider these issues.

28

1       The Lanham Act may, in limited circumstances, apply extraterritorially, if: "(1) the alleged

2   violations [] create some effect on American foreign commerce; (2) the effect [is] sufficiently great to

3   present a cognizable injury to the plaintiffs under the Lanham Act; and (3) the interests of and links to

4   American foreign commerce [are] sufficiently strong in relation to those of other nations to justify an

5   assertion of extraterritorial authority." *Love v. Associated Newspapers, Ltd.*, 611 F.3d 601, 612-13

6   (9th Cir. 2010) (citing *Star-Kist Foods, Inc. v. P.J. Rhodes & Co.*, 769 F.2d 1393, 1395 (9th Cir.

7   1985)). However, successful extraterritorial application of the Lanham Act generally involves at least

8   some part of the defendant's activities occurring within the United States. *See, e.g., Steele v. Bulova

9   Watch Co.*, 344 U.S. 280 (1952) (defendant purchased watch parts in the United States then assembled

10  and sold counterfeit watches in Mexico); *Trader Joe's Co. v. Hallatt*, 835 F.3d 960 (9th Cir. 2016)

11  (defendant's infringing acts in Canada were based on inventory acquired in the United States).

12      The *Love* case is instructive. There, the Ninth Circuit affirmed dismissal of Love's Lanham

13  Act claims on the grounds that "the Lanham Act cannot be applied extraterritorially to encompass acts

14  committed in Great Britain." *id*. at 612. The court held that "[t]he first two criteria" of the *Star-Kist

15  Foods* test "may be met even where all of the challenged transactions occurred abroad," but only if

16  there is "monetary injury in the United States to an American plaintiff." *id*. at 613 (internal citations

17  omitted). It was undisputed in Love that "all relevant acts occurred abroad" and that "for the Lanham

18  Act to apply, Love must have presented evidence that the complained of actions caused him monetary

19  injury in the United States." *id*. The court found that Love's fact declaration claiming confusion and

20  lost ticket sales resulting from several allegedly infringing activities was insufficient because "it is too

21  great of a stretch to ask us, or a jury, to believe that such confusion overseas resulted in the decreased

22  ticket sales in the United States." *id*. The court concluded that "[b]ecause Love failed to present any

23  evidence that the alleged Lanham Act violations affected United States commerce in any way, we

24  affirm dismissal of all three claims on that ground." *id*. The court did not reach the merits of the third

25  criteria.

26      Here, just as in the FAC, Plaintiff did not (and cannot) allege sufficient facts to establish that

27  extraterritorial application of the Lanham Act would be proper. In that regard, Plaintiff's conclusory

28  and argumentative allegations of harm, found mostly in SAC ¶ 45, do not establish a "cognizable

1    injury" and, therefore, do not demonstrate any need for the Court to exercise extraterritorial

2    jurisdiction. Under *Love*, for there to be extraterritorial application of the Lanham Act, Plaintiff needs

3    to establish actual monetary injury occurring within the United States, which Plaintiff has not pled and

4    cannot establish.

5         Moreover, even if the first and second criteria of the *Love* test could be met, Defendant fails to

6    meet the third criterion. Defendant has a valid trademark registration for LEGALFORCE in Japan.

7    Makman Decl. Ex. 3, Tsunoda Decl. ¶ 47 (identifying Defendant's Japanese registration). On

8    November 19, 2018, Plaintiff attempted, and failed, to oppose the registration in Japan. Instead, the

9    Japanese Patent Office upheld Defendant's Japanese trademark registration, notice was received on

10   August 5, 2019. *id*. Indeed, where, as here, there are ongoing, parallel disputes, it is even less

11   appropriate for a U.S. court to take jurisdiction over conduct that occurred overseas. *See, e.g., Star-*

12   *Kist Foods, Inc.*, 769 F.2d at 1396 (holding extraterritoriality inappropriate when Philippine courts

13   were handling ongoing dispute relating to trademark rights there); *Juicy Couture Inc. v. Bella Int'l*

14   *Ltd.*, 930 F. Supp. 2d 489, 505 (S.D.N.Y. 1989) (finding extraterritorial injunction improper where

15   there was parallel trademark litigation in Hong Kong).

16            **b.      Plaintiff Fails to State a Claim as to Claim 3 (Cyberpiracy)**

17        As explained in the Motion to Dismiss the FAC, among other things, Defendant has no bad

18   faith intent and, therefore, the cyberpiracy claim fails. The Anticybersquatting Consumer Protection

19   Act ("ACPA") requires a plaintiff plead that the defendant "(i) has a bad faith intent to profit from that

20   mark . . . ; and (ii) registers, traffics in, or uses a domain name [that is confusingly similar to another's

21   mark or dilutes another's famous mark]." *See Bosley Med. Inst*, 403 F.3d at 680 (citing 15 U.S.C.§

22   1125(d)(1)(A)). "A finding of 'bad faith' is an essential prerequisite to finding an ACPA violation."

23   *Petroliam Nasional Berhad v. GoDaddy.com, Inc.*, 897 F. Supp. 2d 856, 864 (N.D. Cal. 2012), *aff'd*,

24   737 F.3d 546 (9th Cir. 2013). "The ACPA provides a non-exhaustive list of nine factors that a court

25   may consider in determining whether a defendant acted with bad faith intent to profit." *Quatrewave*

26   *LLC v. de Stefano*, No. CV2007237MWFPJWX, 2020 WL 10758648, at *5 (C.D. Cal. Dec. 2, 2020).

27        Of relevance here are the "prior use of the domain name," "intent to divert consumers," and

28   "offer to transfer or sell the domain name to the trademark owner for financial gain" prongs. Each

supports dismissal of Plaintiff's ACPA claim.  *First*, Defendant uses the domain names to conduct lawful business in Japan under Defendant's LEGALFORCE trademark—a mark that it owns in Japan. Makman Decl. Ex. 3, Tsunoda Decl. ¶ 47; *see SunEarth, Inc. v. Sun Earth Solar Power Co.*, No. C 11-4991 CW, 2013 WL 4528539, at *23 (N.D. Cal. Aug. 23, 2013), *amended in part*, No. C 11-4991 CW, 2013 WL 6157208 (N.D. Cal. Nov. 22, 2013), *aff'd*, 650 F. App'x 473 (9th Cir. 2016), *on reh'g en banc*, 839 F.3d 1179 (9th Cir. 2016) (stating the prior use factor "recognizes that the legitimate use of the domain name in commerce is a good indicator of a good faith intent" and finding good faith prior use where "Defendants have used the websites for bona fide offerings of goods outside of the United States").  *Second*, Plaintiff's conclusory allegation that Defendant registered its website "to redirect" Plaintiff's potential market is insufficient to plead that Defendant intends to divert customers. Defendant uses the domain names to conduct its Japanese business under a mark it owns in Japan. Makman Decl. Ex. 3, Tsunoda Decl. ¶ 47.  *Third*, Plaintiff does not (nor can it) allege that Defendant sought to extort money from Plaintiff in exchange for the domain name, because Defendant never did.

As such, in the SAC, Plaintiff has again failed to allege sufficient facts to support its claim that Defendant registered and used its domains in bad faith.  SAC ¶¶ 85-100.  Claim 3 must be dismissed for failure to state a claim.

## B.   Leave to Amend Would Be Futile

The Court has already stated that the SAC would be the last chance to amend.  If Plaintiff argues otherwise, however, the Court need not grant leave to amend where "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*) (internal quotation marks omitted).  Leave to amend is generally denied if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).  The Court may deny leave to amend for Plaintiff's "repeated failure to cure deficiencies by amendments previously allowed." *See Ryan v. Microsoft Corp.*, 147 F. Supp. 3d 868, 896-97 (N.D. Cal. 2015) (dismissing first amended complaint with prejudice where it "failed to cure the timeliness deficiencies" previously identified and leave to amend would "unduly prejudice [defendant] by requiring [defendant] to file repeated motions to dismiss on timeliness grounds.").

1  Plaintiff cannot remedy the issues detailed above by providing a *fourth* version of its

2  Complaint.  Plaintiff has already tried and failed repeatedly because Defendant: (1) has never used its

3  LEGALFORCE mark in commerce; (2) has not engaged in any activities that would signal that use is

4  imminent; and (3) is not subject to personal jurisdiction in this Court.  The facts that Plaintiff would

5  need to plead to save the claims do not exist and leave to amend would therefore be futile.  Moreover,

6  it would be prejudicial to Defendant to allow Plaintiff a fourth chance to file a complaint.  As such, all

7  Counts should be dismissed with prejudice.  *See Innospan Corp. v. Intuit, Inc.*, No. C 10-04422, 2011

8  WL 856265, at *3 (N.D. Cal. Mar. 9, 2011) ("Leave to amend may be denied, however, if the proposed

9  amendment is futile or would be subject to dismissal."  (citing *Saul v. United States*, 928 F.2d 829,

10  843 (9th Cir. 1991))).

11  **V.  CONCLUSION**

12  For the reasons stated above, Defendant respectfully requests that the Court vacate the portion

13  of its Order that granted leave to amend and/or dismiss this entire lawsuit WITH PREJUDICE.

14  Dated:  May 16, 2023            Respectfully submitted,

15

16  By:   /s *David Alan Makman*

17  David A. Makman (SBN 178195)
david@makmanlaw.com

18  **LAW OFFICES OF DAVID A. MAKMAN**
483 Seaport Court, Suite 103

19  Redwood City, California 94063
Telephone:      (650) 242-1560

20  Facsimile:      (650) 242-1547

21  Christopher Studebaker (admitted *pro hac vice*)
chris.studebaker@tkilaw.com

22  **TOKYO INTERNATIONAL LAW OFFICE**

23  Daido Seimei Kasumigaseki Bldg., 8F
1-4-2 Kasumigaseki, Chiyoda-ku

24  Tokyo 100-0013, Japan
Telephone: 011-81-(0)3-6273-3120

25  Facsimile: 011-81-(0)3-6273-3876

26  *Attorneys for Specially Appearing Defendant*

27  *Kabushiki Kaisha LegalOn Technologies, f/k/a Kabushiki Kaisha LegalForce*

28