David A. Makman (SBN 178195)
david@makmanlaw.com
**LAW OFFICES OF DAVID A. MAKMAN**
483 Seaport Court, Suite 103
Redwood City, California 94063
Telephone:   (650) 242-1560
Facsimile:   (650) 242-1547

Christopher Studebaker (admitted *pro hac vice*)
chris.studebaker@tkilaw.com
**TOKYO INTERNATIONAL LAW OFFICE**
Daido Seimei Kasumigaseki Bldg., 8F
1-4-2 Kasumigaseki, Chiyoda-ku
Tokyo 100-0013, Japan
Telephone:   011-81-(0)3-6273-3120
Facsimile:   011-81-(0)3-6273-3876

*Attorneys for Specially Appearing Defendant*
*Kabushiki Kaisha LegalOn Technologies, f/k/a Kabushiki Kaisha LegalForce.*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| LEGALFORCE RAPC WORLDWIDE, P.C.<br><br>Plaintiff,<br><br>v.<br><br>LEGALFORCE, INC.,<br><br>Defendant. | CASE NO.: 3:22-cv-03724-TLT<br><br>**DECLARATION OF DAVID A. MAKMAN IN SUPPORT OF SPECIALLY APPEARING DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**<br><br>Judge:   Hon. Trina L. Thompson<br>Crtrm.:   9<br>Date:   November 7, 2023<br>Time:   2:00 PM<br>Action Filed:   June 24, 2022 |

**DECLARATION**

I, David A. Makman, declare as follows:

1. I am an attorney at the Law Offices of David A. Makman, counsel for Specially Appearing Defendant, Kabushiki Kaisha LegalOn Technologies, sued under the name LegalForce, Inc. ("Defendant"), in this action. The facts in this Declaration are based on my personal knowledge. If called upon to do so, I could and would testify competently to the facts contained in this Declaration.

2. Attached as Exhibit 1 is a true and correct copy of the transcript excerpts from the deposition of Nozumu Tsunoda, Defendant's President and Representative Director, taken by Plaintiff LegalForce RAPC Worldwide, P.C. ("Plaintiff") in this action on January 26, 2023.

3. Attached as Exhibit 2 is a true and correct copy of the transcript excerpts from the deposition of Jean-Pierre Biard, Defendant's Head of Global Strategy, taken by Plaintiff in this action on January 25, 2023.

4. According to the subpoenas served on Messrs. Tsunoda and Biard, the deposition topic for both of them was the same: "Any and all jurisdictional issues that have been asserted in this case by Defendant, including any statements made in any Declarations attached thereto." I note, however, that these depositions were not noticed pursuant to Fed. R. Civ. P. 30(b)(6), prior counsel objected to these topics, and the testimony is of these witnesses personally, not as corporate representatives.

5. Attached as Exhibit 3 is a true and correct copy of the Declaration of Nozomu Tsunoda, dated October 29, 2022, filed in this action. ECF No. 22-1.

6. Attached as Exhibit 4 is a true and correct copy of the Declaration of Daniel Lewis, dated February 23, 2023, filed in *LegalForce RAPC WorldWide, P.C. v. LegalOn Technologies, Inc.*, Case 3:22-cv-07627-TLT (N.D. Cal.). ECF No. 25-1.

7. On information and belief, Counsel for Plaintiff identified Hans Kim and Turo.com in the Complaint after reading a 2023 press release made by the LegalOn US, which is a subsidiary of the Defendant in this action and a separate legal entity. I do not believe that Plaintiff has any reasonable basis for claiming that Hans Kim and Turo.com are customers of the Defendant Japanese entity.

1

DECLARATION OF DAVID A. MAKMAN ISO OF SPECIALLY APPEARING
DEF'S MTN TO DISMISS THE SECOND AMENDED COMPLAINT
Case No.: 3:22-cv-03724-TLT

8. The deposition transcripts have been designated "Confidential" because the Parties have not stipulated to a protective order. When citing portions of the transcripts, Defendant does not waive the "Confidentiality" designation as to those portions not cited and reserves its right to seek continued confidential treatment of these transcripts pending entry of a protective order.

9. I have reviewed the deposition transcripts in detail for both Messrs. Tsunoda and Biard. In the Second Amended Complaint, Plaintiff attributes certain statements to them. However, the transcripts show that the deponents did say the things that Plaintiff alleges.

10. For instance, Plaintiff alleges that Mr. Tsunoda "admitted during deposition" that he made a trip to San Francisco to meet with "actual and potential customers" and for "recruiting full time hires," SAC ¶ 75-1, and "testified" at deposition to having traveled to the United States "frequently," id. ¶ 75-9. Further, Plaintiff alleges that Mr. Tsunoda "admitted" that he traveled to the United States "numerous times for soliciting business, employees, and/or for seeking buyers of shares in his company." SAC ¶ 75-10. But Plaintiff didn't ask Mr. Tsunoda about U.S. travel, recruitment efforts for employees in the United States or whether he solicited business or investors in the United States. Nor did Mr. Tsunoda offer testimony about those issues.

11. There are other examples. In Footnote 2, Plaintiff falsely alleges that Mr. Tsunoda admitted in his January 26, 2023 deposition that "pitch decks, presentations and promotional items all advertised shares for sale with the design mark in the infringing '079 Application within interstate commerce in the United States". SAC ¶ 17. Plaintiff also states that Mr. Tsunoda "admitted" having "advertised infringing LegalForce marks to solicit investors." Id. ¶ 18. Further, Plaintiff claims that Mr. Tsunoda testified that Defendant "used the LegalForce marks to American investors". Id. ¶ 27. Again, nowhere in the deposition transcript does Mr. Tsunoda offer such testimony or make any such admissions.

12. In Paragraph 12 of the Second Amended Complaint, Plaintiff also makes false allegations. In a meet and confer on April 27, 2023, I asked Raj Abhyanker, Plaintiff's CEO, Founder, and Lead Counsel, to either provide the factual support for the paragraph or, if he had none, to withdraw it.

2

DECLARATION OF DAVID A. MAKMAN ISO OF SPECIALLY APPEARING
DEF'S MTN TO DISMISS THE SECOND AMENDED COMPLAINT
Case No.: 3:22-cv-03724-TLT

13. Mr. Abhyanker was unable to provide any factual support. Nevertheless, he would not withdraw that paragraph. Instead, he first explained that the entire Second Amended Complaint is pled "on information and belief," and he referred to Page 2, lines 1-4, the preamble to the Second Amended Complaint. By implication, this means that all of the new allegations in the SAC are made "on information and belief" and are speculative. He followed by arguing that his allegations were based on the website of LegalOn US, but LegalOn US is not a party to this litigation and there is no basis in the SAC for treating acts of LegalOn US as acts of the Defendant in this action.

14. The website of LegalOn US is at www.legalontechnologies.com. The word LEGALFORCE does not appear on that website, so in my view, he has no reasonable basis, even on information and belief, for claiming that Defendant has "advertised counterfeit LegalForce products and services in the United States to sell its products to 3000 customers." We had a discussion in which Plaintiff's Counsel noted that, by referring to 3000 customers, LegalOn US was presumably referring to customers of LegalOn Japan, *i.e.*, customers who had purchased the LegalForce and/or Legalforce Cabinet products since that is the name of Defendant's product in Japan. I think the point he was trying to make was that with so many customers that purchased in Japan, he speculates that there might have been some advertisement using the LegalForce brand in the United States. Perhaps he has some other argument. Regardless, he was unable to point to any evidence of Defendant "advertis[ing] counterfeit LegalForce products and services in the United States." Moreover, my client denies any such advertising, and the evidence of record does not support that allegation. It is purely speculative.

15. In addition to this lawsuit, Plaintiff has filed a litigation against LegalOn US and he has initiated opposition proceedings be for the United States Patent and Trademark Office. I believe the purpose is to increase costs for my client.

3

DECLARATION OF DAVID A. MAKMAN ISO OF SPECIALLY APPEARING
DEF'S MTN TO DISMISS THE SECOND AMENDED COMPLAINT
Case No.: 3:22-cv-03724-TLT

16. Because the Second Amended Complaint is baseless and vexatious, and because Plaintiff is unnecessarily filing multiple proceedings to litigate the same issues in different forums, Defendant reserves the right to seek relief from the Court including sanctions, costs, and attorney's fees at an appropriate time.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 16th day of May 2023, at Redwood City, California.

By:  /s *David Alan Makman*
         David A. Makman (SBN 178195)

4

DECLARATION OF DAVID A. MAKMAN ISO OF SPECIALLY APPEARING DEF'S MTN TO DISMISS THE SECOND AMENDED COMPLAINT
Case No.: 3:22-cv-03724-TLT