Raj V. Abhyanker, California SBN 233284
raj@legalforcelaw.com

LEGALFORCE RAPC WORLDWIDE, P.C.
1580 W. El Camino Real, Suite 10
Mountain View, CA 94040
Telephone:   (650) 965-8731
Facsimile:    (650) 989-2131

Attorney for Plaintiff,
LegalForce RAPC Worldwide P.C.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LEGALFORCE RAPC WORLDWIDE, P.C.<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LEGALFORCE, INC., a Japanese corporation,<br><br>　　　　　Defendant. | Case No. : 3:22-cv-03724-TLT<br><br>**DECLARATION OF RAJ ABHYANKER IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**<br><br>Date:　　November 7, 2023<br>Time:　　2 P.M.<br>Dept.:　　Courtroom 9<br>Judge:　　Honorable Trina L. Thompson |

1. I, Raj Abhyanker, make this Declaration of Raj Abhyanker in support of Plaintiff's Opposition to Defendant's Motion to Dismiss the Second Amended Complaint.

2. The matters stated in this declaration are true of my personal knowledge, and if called upon to do so, I could and would testify competently thereto.

3. I am a licensed attorney in the State of California SBN 233284.

4. I am an attorney and shareholder at LegalForce RAPC Worldwide P.C., focusing my practice on intellectual property law, including trademark law and unfair competition since 2008.

5. I am counsel to the Plaintiff in the instant U.S. proceeding. I conducted the depositions of Nozomu Tsunoda (President and Representative Director) and Jean-Pierre Biard (Head of Global Strategy) on January 25 and January 26, 2023 in Tokyo Japan.

6. The declaration of David A. Makman accompanying the Motion to Dismiss the second amended complaint falsely states that the website of LegalOn US is at www.legalontechnologies.com. Decl. of David A. Makman, ¶ 14]. In reality, there is no website visible at this URL. **Ex. 7**. I disagree with Mr. Makman's characterizations of statements allegedly made by me as cited in his declaration, including but not limited to his distortions on factual allegations within the plain reading of the second amended complaint.

7. **Ex. 1** is a true and correct copy of a press release issued by the Defendant as published on BusinessWire, dated April 24, 2023.

8. In **Ex. 1**, the Defendant admits that "LegalOn's US headquarters are in San Francisco, and its global headquarters are in Tokyo."

9. The reference to a "global headquarters" in Tokyo in **Ex. 1** indicates that the Defendant's company incorporated in Tokyo is referenced in this press release (as described in the Declaration of Nozomu Tsunoda in Dkt 95-4) , and not the U.S. entity incorporated in Delaware  (as described in the Declaration of Daniel Lewis in Dkt 95-1).

10. In **Ex. 1**, the Defendant admits "LegalOn Technologies is the leading AI contract review software for legal teams, serving innovative lawyers and legal professionals at over

3,000 companies and firms globally."

11. In **Ex. 1**, the Defendant admits "The company is backed by leading investors and has raised over $130M."

12. There are multiple customers in the United States identified in **Ex. 1**, these customers include Turo, OnNeck IT Solutions, ScribeAmerica, and Hans Kim.

13. Turo admits through its Senior Contract Manager Alenda Martin that she uses Defendant's products consistently and that the AI picks up critical issues in **Ex. 1**.

14. Based on Google Maps, Turo appears to be headquartered in San Francisco California at 111 Sutter St, San Francisco, CA 94104, and does not appear to have any presence in Japan.

15. OnNeck IT Solutions admits through its Director of Legal Affairs Chad Perlov that Defendant's products are used in their contract review process in **Ex. 1**.

16. Based on their website at https://www.oneneck.com/about-us/locations/, OnNeck IT Solutions appears to be based in multiple states in the United States, including in Arizona, Colorado, Iowa, Minnesota, Nebraska, Oregon, and Wisconsin and does not appear to have any presence in Japan.

17. ScribeAmerica admits through its Associate General Counsel Josh Schmand that Defendant's products are used to identify risky terms and helps him edit contracts in **Ex. 1**.

18. Based on their website at https://www.scribeamerica.com/contact-us/, ScribeAmerica appears to be based in Fort Lauderdale, Florida and does not appear to have any presence in Japan.

19. Hans Kim admits that Defendant's review technology is an implementation that he has seen in **Ex. 1.**

20. Based on his California state bar profile. Hans Kim is a California licensed attorney in Palo Alto, California at 25 Alannah Ct, Palo Alto, CA 94303-3009.
https://apps.calbar.ca.gov/attorney/Licensee/Detail/255049.

21. **Ex. 2** is a true and correct copy of the transcript excerpts from the deposition of Nozumu Tsunoda, Defendant's President and Representative Director, taken by me on

January 26, 2023 at the United States Embassy in Tokyo, Japan.

22.  During the deposition of Nozuma Tsunoda in **Ex. 2**, he admitted that Oki Akira prepared slides for investors during the middle of 2022. [**Ex. 2**., pg. 58, line 25; pg. 59, lines 1-12. 20-24]

23.  A true and correct copy of slides that Nozuma Tsunoda admitted to recognizing that were distributed to the media in conjunction with its fundraising from investors in the middle of 2022 are depicted below, and in expanded view in **Ex. 3**:




*See* [**Ex. 2**., pg. 60, lines 21-25; pgs 61, lines 1-25; pg 62, lines 1-24; **Ex. 3**].

24.  When confronted, Jean-Pierre Biard could not explain why there was an American flag in the slide on Ex. 3. [**Ex. 5**., pg. 131, lines 11-25; pg. 132 lines 1-25].

25.  **Ex. 4** is a true and correct copy of Exhibit 14 to the deposition of Nozuma Tsunoda depicting an article dated June 24, 2022 in the media in conjunction with its fundraising from inventors in the middle of 2022 in which the slides above are included.

26.  Defendant advertised infringing LegalForce marks to solicit American investors in the United States when advertising its equity shares for purchase within the United States in 2022 with the specific purpose of expanding the sales of its products and services within the United States.  *See* [**Ex. 2**., pg. 60, lines 21-25; pgs 61, lines 1-25; pg 62, lines 1-24, Decl. of Hirofumi Tada, ¶ 18-21, Tada-Ex3].

27.  **Ex. 5** is a true and correct copy of the transcript excerpts from the deposition of Jean-Pierre Biard, Defendant's Head of Global Strategy, taken by me on January 25, 2023 at the United States Embassy in Tokyo, Japan.

28. Most of the five U.S. employees of Defendant were recruited and hired while the business was called LegalForce before the name change to LegalOn, and the only exception is the biological son of one of the LF-USA employees, and Defendant began recruiting U.S. licensed lawyers in July 2022 while the business was called LegalForce.  [**Ex. 5**., pg. 42, lines 20-25; pg. 43 lines 1-8, pg. 35 lines 2-21, pg. 37 lines 18-21, pg. 111 lines 7-16; **Ex. 2**., pg. 37 line 12 to page 41 line 6; pg. 41 lines 16-19; pg. 42 lines 1-4].

29. The CEO of LF-USA Daniel Lewis was hired when the company was called LegalForce and is supervised by an executive JP Biard at Defendant. [**Ex. 5**., pg. 52, lines 13-23].

30. Four out of five employees of LF-USA came to Japan as part of onboarding new employees. [**Ex. 5**., pg. 42, lines 11-17; pg. 50 lines 7-22].

31. At all times, Defendant's sole expansion outside of Japan was to the United States " because the US leads the world in the contract market." [**Ex. 5**., pg. 143, lines 9-20; pg. 50 lines 7-22; pg. 90 lines 22-25, pg. 91 lines 1-18].

32. Defendant leases office space "part of the Japanese entity's contract" at WeWork in San Francisco.  [**Ex. 5**., pg. 74, lines 12-18].

33. Defendant's CEO Nozumu Tsunoda has admitted that it has raised not a single dollar of venture funding after the name change to LegalOn (including LegalOn the defendant here), and all of its $130 million funding was raised while the name of Defendant was called LegalForce.   [**Ex. 2**., pg. 20, lines 17-25; pg. 21 lines 1-3].

34. In fact most of the Defendant's employees were hired when the Defendant's corporate name was called LegalForce. [**Ex. 5**., pg. 42, lines 20-25; pg. 43 lines 1-8, pg. 35 lines 2-21, pg. 37 lines 18-21, pg. 111 lines 7-16; **Ex. 2**., pg. 37 line 12 to page 41 line 6; pg. 41 lines 16-19; pg. 42 lines 1-4].

35. Nozuma Tsunoda admitted that "English " refers to "American" contracts, and not contracts of the United Kingdom or elsewhere.   [**Ex. 2**., pg. 40, lines 14-20].

36. Tsunoda and Biard also admitted that the product names continue to be called LegalForce and LegalForce Cabinet after   December 1, 2022.  [**Ex. 5**., pg. 92, lines 5-8; pg.

95 lines 19-22, pg. 96 2-7; Decl. of Hirofumi Tada, ¶ 29-30, Tada-Ex6].

37. Continuously throughout this period, and at least since February 13, 2019, Defendant's CEO Nozumu Tsunoda has known about Plaintiff's superior rights in the United States because he was aware of the Plaintiff's opposition filed in Japan.   **[Ex. 2**., pg. 65, lines 18-25; pg. 66 lines 1-3].

38. Defendant infringed the Plaintiff's LEGALFORCE marks by advertising for sale within interstate commerce software products starting around July 1, 2020 for use with American contracts and sought to hire California or New York licensed attorneys.   **[Ex. 2**., pg. 38, lines 4-21].   At that time, the Defendant's products were called "LegalForce" and "LegalForce Cabinet".

39. Mr. Tsunoda accompanied Mr. Biard on his trip to the San Francisco Bay Area in July 2022 was for business meetings to confirm potential for a US expansion while the business was called LegalForce, Inc. and the LEGALFORCE was being used, "LegalForce" business cards were handed out, presentations given, and this trip included meeting with actual and potential customers and investors, as well as recruiting a full time attorney Jeffrey Shimamoto who later accepted full time work at Defendant's company.   [**Ex. 5**., pg. 53, lines 10-25; pg. 54, lines 1-6; pg. 55 1-25;  pg. 56 1-25; pg. 57 1-25; pg. 58 1-4, 12-25; pg. 64 2-11; pg. 75 22-25; pg. 79].

40. JP Biard admitted in their deposition to coming to the United States numerous times for business that included talking to potential partners, users, investors, and employees. **[Ex. 5**., pg. 72, lines 13-25; pg. 43 lines 21-24].

41. The USPTO has agreed with the Respondent that LegalOn and LegalForce may be confusingly similar.

42. Specifically, the USPTO has agreed that five of the Defendant's trademarks (each with the literal characters LEGALON) may be confusingly similar with the Applicant's trademarks.

43. **Ex. 6** is a true and correct copy of the USPTO's entered Memorandums to File in the prosecution history of Defendant's four LegalOn trademark applications for: LEGALON

Declaration of Raj Abhyanker ISO Plaintiff's Opposition to Defendant's Motion to Dismiss the Second Amended Complaint
Case No.:3:22-cv-03724-TLT

TECHNOLOGIES Serial Nos. 97799088; LegalOn Technologies 97799217, LEGALON 97799167, and LEGALONTECH 97799239 as being flagged for possible likelihood of confusion with the Plaintiff's LegalForce trademarks U.S. Registration Nos. LEGALFORCE TRADEMARKIA 5642937, LF LEGALFORCE LegalForce 4346898, and LEGALFORCE 4227650.

44. **Ex. 8** is a true and accurate copy of the WhoIs domain history and screenshot of www.legalontechnologies.com, showing that there is no website visible on this page, and the domain ownership is hidden.

45. I declare under the penalty of perjury under the law of the United States of America that the foregoing is true and correct.

Respectfully submitted on **May 30, 2023**

/s/   Raj Abhyanker_____
Raj Abhyanker