# EXHIBIT 1

to Declaration of Hirofumi Tada



# 訴　状

令和５年１月２０日

東京地方裁判所　御中

原告訴訟代理人弁護士　松　尾　剛　行

同　　　　　　　　　　二本松　直　樹

同　　　　　　　　　　弓　場　浩　子

当事者の表示　　別紙当事者目録記載のとおり

商標権侵害行為差止等請求事件

　訴訟物の価額　金１億４５１０万円

　貼用印紙額　　金４５万８０００円


## 第１　請求の趣旨

1　被告は、契約書レビューサービスの提供に関する広告、価格表について別紙被告標章目録記載の標章を付して電磁的方法により提供してはならない

2　被告は、別紙被告標章目録記載の標章を付したウェブサイトを削除せよ

3　被告は、契約書レビューサービスの提供に、別紙被告商品等表示目録記載の表示を使用してはならない

1



4　被告はウェブサイトその他の広告物から、別紙被告商品等表示目録記載の表示を抹消せよ

5　被告は、「legalforce.jp」のドメイン名を保有し、又は使用してはならない

6　被告は、原告に対し、１０００万円及びこれに対する令和４年９月１日から支払済みまで年３分の割合による金員を支払え

7　被告は、原告に対し、１０００万円及びこれに対する令和４年９月１日から支払済みまで年３分の割合による金員を支払え

8　被告は、原告に対し、１０００万円及びこれに対する令和４年６月２４日から支払済みまで年３分の割合による金員を支払え

9　訴訟費用は被告の負担とする

との判決及び仮執行宣言を求める。


第2　請求の原因

1　当事者

（1）　原告

　　　原告は「全ての契約リスクを制御可能にする」ことを理念として掲げ、法律業務に関するソフトウェアの研究、開発、運営及び保守を営む株式会社である。

（2）　被告

　　　被告は、米国カリフォルニア州のほか、同国アリゾナ州、英国、並びにインドバンガロール及びナーグプルにオフィスを有し、主に商標等を取り扱う法律事務所である。


2　本訴訟提起に至る経緯

（1）　原告ウェブサイトと被告ウェブサイトの酷似

　原告は、「LegalForce」と称する契約書レビューを支援するための AI 契約審査プラットフォーム（以下「原告提供サービス」という。）を提供している。原告提供サービスは、自然言語処理等の技術を活用して契約類型別のチェックリストと契約書の照合を自動的に行い、条文の抜け漏れやリスクの可能性がある条文を指摘するなど、利用者の契約書レビュー業務を支援するためのサービスである。原告は、平成３１年４月に同サービスの正式版の提供を開始し、令和４年１２月現在では約３０００社の企業や法律事務所が利用している。現在、原告は自社のウェブサイト（https://legalforce-cloud.com/）（甲１。以下「原告ウェブサイト」という。）において、原告提供サービスの概要や機能等の宣伝を行っている。

　これに対し、被告は、本訴訟提起時点において、被告のウェブサイト（https://legalforce.com/）（甲２。以下「被告ウェブサイト」という。）上で、日本を含む潜在的利用者に向けて、日本における原告の登録商標である「LegalForce」という標章をそのまま表示した上で、原告のウェブサイトと酷似した外観で、かつ、原告提供サービスと同様の AI 契約書レビューサービスを提供することを謳っている。

(2)　被告によるウェブサイトの変更

　ここで、被告ウェブサイトは、元々原告ウェブサイトと酷似した外観を有するものではなく、下記（３）で述べる不当訴訟提起直後の令和４年８月頃になって、突然現在のような外観に変更されたものであることに留意されたい。

　すなわち、「wayback machine」（https://archive.org/web/）[1]

---

[1] アメリカ合衆国カリフォルニア州サンフランシスコにある非営利団体「インターネットアーカイブ」が運営するサイトで、過去のウェブページのアーカイブを遡っ

を利用して、被告ウェブサイト「https://legalforce.com/」の変遷を確認したところ、被告ウェブサイトでは、平成２８年１月１０日頃から「Trademarkia」という社名が表示されていたところ（甲３）、その後同年８月１７日頃から、「Trademarkia」という商標を扱うウェブサイト（https://www.trademarkia.com/）にリダイレクトする仕様に変更された（甲４の１、甲４の２）。すなわち、ウェブ上で「https://legalforce.com/」をアクセスすると、自動的に「https://www.trademarkia.com/」にアクセスする仕様に変更された[2]。その後、令和４年８月頃に「Trademarkia」にリダイレクトされる仕様ではなくなり[3]、原告ウェブサイトと酷似した外観を有する現在のウェブサイトとなった。

(3)　**本訴訟に先立つ被告による不当訴訟の提起**

　　加えて、被告は、令和４年６月２４日に、原告が米国において「LegalForce」という商標を使用していると主張すると共に、当該商標の使用が被告の商標権を侵害していると主張して、原告に対し、米国にて商標使用の停止等及び損害賠償を請求する訴訟を提起した（以下「本件米国訴訟」という。）。これは、原告が令和４年６

---

て確認することができる。

[2] 甲４号証の１は「wayback machine」（https://archive.org/web/）を用いて、平成２８年８月１７日当時に「https://legalforce.com/」にアクセスした場合、「Trademarkia」という商標を扱うウェブサイト（https://www.trademarkia.com/）にリダイレクトされる仕組みとなっていたことを示すものであり、甲４号証の２はリダイレクト後に同ウェブサイトが表示されることを示すものである。

[3] 遅くとも令和４年７月８日時点までは、従前の仕様、すなわち「Trademarkia」というウェブサイトにリダイレクトする仕様であった（甲５の１、甲５の２）。なお、甲５号証の１が「wayback machine」（https://archive.org/web/）を用いて、令和４年７月８日当時に「https://legalforce.com/」にアクセスした場合、「Trademarkia」という商標を扱うウェブサイト（https://www.trademarkia.com/）にリダイレクトされる仕組みとなっていたことを示すものであり、甲５号証の２がリダイレクト後に同ウェブサイトが表示されることを示すものである。

月２３日に海外進出等も見据えて約１３７億円の資金調達を行っ
たことに関するプレスリリース（甲６）を公表した日の翌日に、原
告において何ら米国におけるビジネス（商標の使用を含む）を行な
っていない段階で行われた極めて不当なものである。

　とりわけ、被告は、本件米国訴訟において、原告に対して、１億
米ドル（日本円にして約１３０億円）という法外な金額を請求して
いることからも、その不当性の著しさは裏付けられている。

(4)　本件米国訴訟の提起時期及びウェブサイトの変更から推測され
　　る被告の意図

　　このように、被告は、本件米国訴訟において１億米ドル（日本円
にして約１３０億円）という法外な金額を要求するのとほぼ同時期
に、被告ウェブサイトを原告ウェブサイトと酷似するものへと変更
している。

　　このことから、被告は、何ら米国で商標を使用していない原告に
対して不当にも本件米国訴訟を提起した上で、被告ウェブサイトと
原告ウェブサイトを誤認混同させて、原告のビジネスを妨害し、も
って本件米国訴訟を早期に終結させるための和解金名目での多額
の金員支払いに向けたプレッシャーを原告に与えるため、被告ウェ
ブサイトを原告ウェブサイトと酷似するものへと変更したことが
強く推認される。

(5)　本件訴訟の概要

　ア　「LegalForce」標章の使用の差止め

　　　上記のとおり、被告は、不当にも、被告ウェブサイトと原告ウ
ェブサイトを誤認混同させるような態様で、被告ウェブサイト
上で「LegalForce」標章を利用している。よって、原告は、本件
訴訟において、商標権侵害及び不正競争防止法違反を根拠とし

て上記の被告の日本における「LegalForce」標章の使用
（legalforce.jp ドメインの利用を含む）の差止めを求めるもの
である。

イ　損害賠償

　　また上記一連の被告の行為は、商標権侵害、不正競争防止法違
反、そして不法行為を構成することから、それに関する損害の賠
償を請求するものである（但し、後述のとおり、それぞれ明示的
一部請求である。）。


3　差止請求に関する主張

(1)　商標権侵害に基づく差止請求

ア　商標権

　　原告は、別紙商標権目録（１）及び（２）記載の各商標権（以
下、総称して「原告商標権」という。また、原告商標権に係る商
標を「原告商標」という。）を有する（甲７の１、甲７の２、甲
７の３）[4]。

イ　被告による本件商標の使用

　　被告は、遅くとも令和４年８月頃以降現在に至るまで、被告ウ
ェブサイト上で、別紙被告標章目録記載の標章（以下「被告標章」
という。）に加えて、「Artificial Intelligence based Contract
and Email Account Reviews」（AI に基づく契約書及び電子メー

---

[4] なお、各商標登録証（甲７の１、甲７の２）では商標権者が「株式会社
LegalForce」となっており原告の現在の商号である「株式会社 LegalOn
Technologies」とは一致していないところ、これは原告が令和４年１２月１日に
「株式会社 LegalForce」から現在の商号である「株式会社 LegalOn
Technologies」に商号を変更したためである。この点、登録名義人の表示変更登録
申請書（甲７の３）に記載のとおり、原告は原告商標権に係る登録名義を「株式会
社 LegalOn Technologies」に変更している。したがって、原告は原告商標権を現
在も正当に有していることが明らかである。

ルアカウントのレビュー）や「LegalForce helps businesses reduce the risk in reviewing contracts through artificial intelligence.」（LegalForce は AI による契約書レビューによってビジネスリスクを低減する手助けをする）といった表示をして、原告提供サービスと同様の AI 契約書レビューサービス（以下「被告役務」という。）を提供する旨の広告を行い（甲２）、かつ、同サービスの価格表を提示した上で（甲８）、当該サービスを提供している。

ウ　原告商標と被告標章が類似していること

(ｱ)　原告商標

a.　外観

原告商標の外観は、「LegalForce」の文字を横一列に配して成る。「LegalForce」は、「L」と「F」のみ大文字、それ以外は小文字であり、いずれも黒色の英語活字体で構成される。

b.　称呼

原告商標は、「リーガルフォース」との称呼を生じる。

c.　観念

原告商標は辞書等に記載がなく、特定の観念を生ずるとはいえないものである。

(ｲ)　被告標章

a.　外観

被告標章の外観は、「L」と「F」を組み合わせたオレンジ色を基調としたロゴが左端に配置される。そして、当該ロゴに連なるように「LegalForce」の薄いブラウンの文字が横一列に配置されている。

b.　称呼

7

被告標章は、「リーガルフォース」との称呼を生じる。

c.　観念

被告商標も同様に、辞書等に記載がなく、特定の観念を生ず
るとはいえないものである。

エ　原告商標と被告標章との類似

原告商標と被告標章は、称呼が一致する。

また、外観についても、「LegalForce」という文字が横一列に
配置されているという部分は一致している。標章の識別におい
ては、そこに記載してある文字列の配置が重要視される。そのた
め、ロゴの有無について差はあるとしても、「LegalForce」とい
うアルファベットの文字列部分が完全に一致する以上、外観の
要部が一致するといえる。

さらに、観念についても、上記のとおり双方とも特定の観念を
生ずるとはいえない点で一致するといえる。

よって、原告商標と被告標章は類似する。

オ　原告商標の指定役務と被告役務との対比

被告役務である契約書レビューサービスは、コンピュータ上
で SaaS 形式にてソフトウェアの提供を行い契約書のレビューサ
ービスを提供するものである。

これは原告商標の指定役務のうち、少なくとも、第４１類の
「法律に関する知識の教授及びこれに関する情報の提供」、第４
２類の「電子計算機用プログラムの提供」、第４５類の「法律業
務に関する情報の提供、法律相談、法律業務に関するコンサルテ
ィング」に含まれる。

カ　被告ウェブサイトを削除する必要性があること

被告は、主に被告ウェブサイトを用いて、被告役務を提供して

8

いる。したがって、被告ウェブサイトを削除する必要性があることは明らかである。

キ　小括

　　以上より、被告による被告役務の提供に関する広告、価格表について電磁的方法により提供する行為は、原告の商標権を侵害しているものであり、差止め及び被告ウェブサイトの削除が認められるべきである（商標法３７条１号、２条３項８号、３６条１項及び２項）。

(2)　不正競争防止法２条１項２号による差止請求

ア　原告表示の商品等表示

　　原告は、別紙原告商品等表示目録記載の表示（以下「原告表示」という。）を、原告の契約書レビューサービスの販売、販売広告その他営業活動に使用している。

　　したがって、原告表示は、原告の営業表示であり、また商品表示でもある。

イ　著名性

　　著名とは、高度の具体的識別力と知名性を備えていることをいう。

　　原告表示は、次のとおり、遅くとも被告が「LegalForce」という名前で契約書レビューサービスを提供する内容の被告ウェブサイトを作成した令和４年８月頃までには、全国の消費者の間で原告の営業又は商品を表示するものとして、高い知名度を有していた。すなわち、原告が提供する「LegalForce」サービスは、令和４年１２月現在では約３０００社に利用されているところ、国内の競合他社は４００社や数百社と文字通り「桁違い」である（甲９・２頁（右下に「２１」とある頁））。このような高い市

9

場占有率に鑑み、少なくとも国内では「リーガルテックといえば
LegalForce」という形で、原告の営業又は商品を表示するものと
して、原告表示は高度の具体的識別力を有する。加えて、令和3
年7月7日からは、テレビコマーシャルの放送を開始し、同コマ
ーシャルでも原告表示を使用している。原告は、AIを用いた高
度な契約書レビューサービスを提供していることから、原告表
示とともに、新聞、雑誌などで多数取り上げられ、その記事が多
数掲載され（甲10）、その結果、原告表示は全国的に高い知名
度を有している。また、令和4年6月23日には、総額約137
億円の資金調達を発表し、その規模の大きさから社会的に注目
を集め、複数の新聞、雑誌等に取り上げられた。よって、原告が
使用する「LegalForce」には著名性が認められる。

ウ　被告の行為

　　上記2のとおり、被告は、原告が米国進出に関するプレスリリ
ースを行った令和4年6月23日の後、同年8月頃に、原告のウ
ェブサイトと外観及びサービス内容が酷似した被告ウェブサイ
トに変更している。

　　このように、被告は、別紙被告商品等表示目録記載の表示（以
下「被告表示」という。）を、被告ウェブサイトなどの広告物に
付して使用している。

エ　類似性について

　　上記(1)エのとおり、原告表示と被告表示は、称呼が一致する。
　　また、ロゴについても、いずれも「L」と「F」を正方形様の図
形の中で組み合わせたものであり、色に関する違いがあるとし
ても、ロゴも類似しているといえる。
　　さらに、「LegalForce」という文字列の配置は、「L」「F」の

みが大文字という点でも一致しており、外観の要部において一致する。また、上記(1)エのとおり文字列の一致から、そこから読み取れる観念についても一致する。

　　　よって、原告表示と被告表示は類似する。

オ　原告の営業上の利益の侵害とそのおそれ

　　　被告は、上記(1)イのとおり、被告ウェブサイトにおいて、業務分野に関して、「Artificial Intelligence based Contract and Email Account Reviews」（AI に基づく契約書及び電子メールアカウントのレビュー）や「LegalForce helps businesses reduce the risk in reviewing contracts through artificial intelligence.」（LegalForce は AI による契約書レビューによってビジネスリスクを低減する手助けをする）と記載している。そして、被告ウェブサイトには日本からもアクセスすることが可能であり、日本に対する販売を行っている。とりわけ、依頼者が日本の依頼を受けている旨を原告商標に対する異議申立手続きの中で明示していることはこの点を裏付けている（甲１１・２頁（７／１３頁）下から７行目）。

　　　したがって、原告は、被告による被告表示の使用又は被告商品の販売により、営業上の利益を侵害されており、今後も侵害されるおそれが大きい。

カ　小括

　　　以上より、被告の行為には、不正競争防止法２条１項２号該当性が認められ、被告による被告表示の使用の差止め及び表示の抹消が認められるべきである（同法３条１項及び２項）。

(3)　不正競争防止法２条１項１号に基づく差止請求

ア　混同行為以外の要件について

11

上記(2)アのとおり、原告表示は、原告の営業表示であり、また、商品表示でもあるところ、上記(2)イのとおり著名性まで認められる以上、周知性は優に認められる。上記(2)エのとおり原告表示と被告表示の間には類似性があり、上記(2)オのとおり原告の営業上の利益の侵害とそのおそれがある。

イ　混同行為

ここで、原告の提供する「LegalForce」というサービスは、AIを利用することを売りにした契約書レビューサービスであり、被告が販売するAIを用いた契約書レビューサービスと同一のサービスであり、需要者は共通する。したがって、需要者において、原告と被告が同一の営業主体であるか、原告商品と被告商品とが同一の出所を有するものと誤信するから、被告の営業又は商品がそれぞれ原告の営業又は商品と混同を生ずるおそれがある。

ウ　小括

以上より、被告の行為には、不正競争防止法2条1項1号該当性が認められ、被告による被告表示の使用の差止め及び表示の抹消が認められるべきである（同法3条1項及び2項）。

(4)　不正競争防止法2条1項19号による差止請求

ア　他人の特定商品等表示と類似するドメイン名を保有したこと

特定商品等表示とは、人の業務に係る氏名、商号、商標、標章その他の商品又は役務を表示するものをいう（不正競争防止法2条1項19号括弧書き）。

原告は、「LegalForce」という商標を有しており、「LegalForce」は特定商品等表示に該当する。

これに対し、被告が使用しているドメイン名は、「legalforce.jp」である（すなわち、インターネットブラウザ

上に「legalforce.jp」と入力すると、被告が運営するウェブサイト（https://www.legalforcelaw.com/）にリダイレクト（自動的に接続）されるように設定されている。）。「L」と「F」が大文字か否かという違いはあるが、ともに英語表記という外観は一致しているほか、称呼はともに「リーガルフォース」である。

　そのため、他人の特定商品等表示と類似するドメイン名を使用したといえる。

イ　不正利得目的の存在

　不正利得目的は、公序良俗に反する態様で自己の利益を不当に図る目的をいう（東京地判平成１４年７月１５日判タ１０９９号２９１頁）。

　被告は、「legalforce.jp」というドメインを使用し、上記アのとおり、被告が運営するウェブサイトに誘導している。被告がこのような仕組みを設定したのは、原告が提供する「LegalForce」というサービスの顧客吸引力を利用し、自社のリーガルサービスを利用させる目的があると考えられる。

　これに加えて、被告は、原告ウェブサイトと酷似した被告ウェブサイトを作成していることからすれば、原告が提供する「LegalForce」というサービスの顧客吸引力を利用し、自社の契約チェックサービスを購買させる目的も有していたと考えられる。

　なお、上記２のとおり、被告が被告ウェブサイトを作成したのは、本件米国訴訟提起後の令和４年８月頃であり、それ以前のデザインや内容はまったく異なるものであったという事実、そして、令和４年６月２４日に本件米国訴訟が提起されたという事実も踏まえると、被告は、本件米国訴訟中に原告の動向をホーム

13

ページ等で確認していると考えられることから、明らかに原告ウェブサイトに似せる形で被告ウェブサイトを作成したと考えるのが自然である。

このような行動をする目的は、現在本件米国訴訟において被告が莫大な金額を請求していることを考慮すると、原告に対する嫌がらせの目的や、ウェブサイトを酷似させて原告のビジネスを妨害することにより和解金名目の金員を支出させる目的なども考えられる。

よって、不正利得目的が存在する。

ウ　原告の営業上の利益の侵害とそのおそれ

上記(2)オのとおり、原告の営業上の利益は侵害されており、今後も侵害されるおそれが大きい。

エ　小括

以上より、被告が「legalforce.jp」を使用する行為は、不正競争防止法2条1項19号に該当し、差止めが認められるべきである（同法3条1項）。


4　損害賠償請求にかかる主張

(1)　商標権にかかる損害賠償請求

ア　商標権の侵害

上記3(1)のとおり、被告役務の提供に関する広告、価格表について電磁的方法により提供する行為は、原告商標権を侵害する行為である（商標法37条1号、2条3項8号）。

イ　被告の故意又は過失

被告の過失は推定される（商標法39条により準用される特許法103条）。

14

　　なお、被告が被告ウェブサイトにおいて、被告役務の提供を開始したのは、令和４年８月頃である。被告が原告に対する不当訴訟である本件米国訴訟を提起したのが同年６月２４日であることからすると、故意に商標権を侵害したとさえ言える。

ウ　損害の発生

　　被告は、被告ウェブサイトにおいて、契約書レビューサービスを３種類提供している。うち１種類については無料で提供しており、うち２種類についてはそれぞれ１０．９９米ドル、２０．９９米ドルで販売を行っているところ（甲８）、被告がこれらを提供することで、原告が提供する契約書レビューサービスが購入される機会が失われ、原告に損害が生じている。

エ　損害額

　　被告は、米国の弁護士事務所であり、米国弁護士が５名在籍している（甲１２）。そして、米国の法務関係専門のリサーチ会社MH Sub I LLC（Martindale Avvo））の統計データ（甲１３）によれば、米国弁護士の平均売上額は、１年間あたり１９万米ドルであることから、１米ドル１３０円の為替レートで計算した場合、日本円にして２４７０万円となる。当該売上金額の全部が利益であると仮定した場合、被告は、１年間あたり１億２３５０万円（２４７０万円×５名）の利益を得ていることとなる。

　　被告が、被告ウェブサイトを作成したのが令和４年８月頃であることから、令和４年９月１日を侵害開始時点とし、本件訴状提出日までに生じた利益を計算すると、４７７０万円（１億２３５０万×１４１日／３６５日。万の位以下を切捨て）である。

　　したがって、商標法３８条２項より、４７７０万円が損害の額と推定される。

　　　また、原告は、本訴の遂行を原告訴訟代理人弁護士に委任した。このうち、被告による不法行為と相当因果関係のある弁護士費用額は、損害額の１０％である４７７万円とするのが相当である。

　　　以上の金額である、５２４７万円の一部請求として本件訴訟では、１０００万円を請求する（明示的一部請求）。

(2)　不正競争防止法４条に基づく損害賠償請求

　ア　不正競争行為と営業上の利益の侵害が存在すること

　　　上記３(2)から(4)のとおり、不正競争防止法２条１項１号、２号、１９号の不正競争が存在し、原告の営業上の利益が侵害されたといえる。

　イ　被告の故意・過失

　　　上記(1)イのとおり被告は故意で不正競争防止法違反をしており、少なくとも過失は存在する。

　ウ　損害額

　　　被告は、米国の弁護士事務所であり、米国弁護士が５名在籍している（甲１２）。そして、米国の法務関係専門のリサーチ会社（Ｍａｒｔｉｎｄａｌｅ Ａｖｖｏ）の統計データ（甲１３）によれば、米国弁護士の平均売上額は、１年間あたり１９万米ドルであることから、１米ドル１３０円の為替レートで計算した場合、日本円にして２４７０万円となる。当該売上金額の全部が利益であると仮定した場合、被告は、１年間あたり１億２３５０万円（２４７０万円×５名）の利益を得ていることとなる。

　　　被告が、被告ウェブサイトを作成したのが令和４年８月頃であることから、令和４年９月１日を侵害開始時点とし、本件訴状提出日までに生じた利益を計算すると、４７７０万円（１億２３

16

５０万×１４１日／３６５日。万の位以下を切捨て）である。

　したがって、不正競争防止法５条２項により、４７７０万円が損害の額と推定される。

　また、原告は、本訴の遂行を原告訴訟代理人弁護士に委任した。このうち、被告による不法行為と相当因果関係のある弁護士費用額は、損害額の１０％である４７７万円とするのが相当である。

　以上の金額である、５２４７万円の一部請求として本件訴訟では、１０００万円を請求する（明示的一部請求）。

(3)　不法行為（民法７０９条）に基づく損害賠償請求

　ア　本件米国訴訟の提起

　被告が、本件米国訴訟を提起したのは、原告が米国進出に向けた資金調達に関するプレスリリースを行った令和４年６月２３日の翌日である同月２４日である。

　また、被告は原告との間では警告書送付等の通常行われるような交渉を行わず、突然訴訟を提起し、訴訟の中で、１億米ドル（日本円にして約１３０億円）という莫大な金額を請求している。

　したがって、このような提訴の時期や態様から、本件米国訴訟は、正当な目的で提起されたものではなく、被告が偶然米国において「LegalForce」という商標権を有していたことから、「LegalForce」という標章を利用して日本でサービスを提供している原告が米国進出を表明したことを奇貨として、何のビジネスもしていない段階で、商標権侵害を理由に原告を訴え、和解金名目で金員を要求するために提起した不当訴訟である。

　イ　本件米国訴訟における被告の対応

　被告は、本件米国訴訟において、米国で訴訟が係属しており、原告が訴訟代理人を選任し、代理人が就任の連絡を行ったにもかかわらず、令和４年８月３日頃に、原告の代表者らに対し、被告の代表者であるラジ　Ｖ　アビヤンカール（Raj V Abhyanker）氏が直接の連絡を行った。

　日本においては、弁護士職務基本規程５２条より、代理人が既に就任しているにもかかわらず、本人に直接連絡する行為は禁止されるところ、同条の趣旨は、相手方が代理人を選任した趣旨を失わせることになり、相手方に不利益を与えることや相手方代理人の職務の妨害になり得ることであり、この趣旨は米国においても妥当する。そこで、少なくとも日本の不法行為の判断においては、米国における行為も同様に扱われる。

　そして、法律事務所の代表者であるラジ　Ｖ　アビヤンカール（Raj V Abhyanker）氏が、原告に対し、直接連絡を行ったということは、上記趣旨に照らせば、原告に不利益を与え、また原告代理人の職務を妨害する行為といえ、正当な訴訟を行う意図があれば、通常行わない行為である。

ウ　被告ウェブサイトの変更について

　被告は、被告ウェブサイトと原告ウェブサイトを誤認混同させて、原告の日本におけるビジネスを妨害し、もって原告に対して上記の和解金名目の金員支払いに向けたプレッシャーを与えるため、被告ウェブサイを原告ウェブサイトと酷似するものへと変更したことが強く推認される。

　そこで、被告ウェブサイトの変更もまた一連一帯の不法行為の一部である。

エ　小括

　　以上より、被告が本件米国訴訟を提起したのは、原告が米国進出を行うことを奇貨として、原告から莫大な和解金をせしめることを目的とした不当なものであるといえる。

　　そして、その商標権侵害の主張には明らかに事実的・法律的根拠を欠くといえ、本件米国訴訟の提起は、不法行為に該当するといえる。

オ　故意又は過失

　　被告は、上記一連一体の不法行為を故意で行っている。なお、少なくとも被告に過失が認められる。

カ　損害の発生及び因果関係

　　原告は、このような不当訴訟である被告による本件米国訴訟の提起によって、本来出費する必要がない訴訟への対応の費用として３０００万円を既に支出済みである。したがって、原告に３０００万円の損害が生じた。そこで、本訴における商標権侵害・不正競争防止法違反にかかる弁護士費用である４７７万円（上記(1)エ、(2)ウ参照）と合わせた３４７７万円を損害賠償として請求できるところ、その一部である１０００万円を請求する（明示的一部請求）。

　　なお、被告が今後も本件米国訴訟を継続させれば、この損害は更に増加するものであり、その場合、原告としては訴えの変更等により、更に増加した損害を請求する意向があることを付言する。


5　結語

　　よって、原告は、被告に対し、商標法３６条１項、２項、３７条１号に基づき、契約書レビューサービスの提供に関する広告、価格表に

ついて被告標章を付して電磁的方法により提供することの差止め、及び被告標章を付したウェブサイトの削除を求めるとともに、不正競争防止法２条１項１号、２号、３条１項及び２項に基づき契約書レビューサービスの提供における被告表示の使用の差止め並びに広告物からの被告表示の抹消を求めるとともに、不正競争防止法２条１項１９号及び３条１項に基づき、「legalforce.jp」のドメイン名の保有及び使用の差止めを求めるとともに、民法７０９条及び商標法３８条２項に基づく損害賠償の一部として１０００万円及びこれに対する令和４年９月１日から支払済みまで民法所定の年３分の割合による遅延損害金、不正競争防止法４条、５条２項に基づく損害賠償の一部として１０００万円及びこれに対する令和４年９月１日から支払済みまで民法所定の年３分による遅延損害金及び不法行為に基づく損害賠償の一部として１０００万円及びこれに対する令和４年６月２４日から支払済みまで民法所定の年３分による遅延損害金を支払うことを求める。

以　　上

証　拠　方　法

令和５年１月２０日付け証拠説明書(1)記載のとおり


附　属　書　類

1　訴状副本　　　　　　　　１通

2　甲号証写し　　　　　　各２通

3　証拠説明書　　　　　　　２通

4　資格証明書　　　　　　　２通

5　訴訟委任状　　　　　　　１通

21

（別紙）

商標権目録（１）

登録番号　　第６０７４５２５号

出願日　　　平成２９年８月１６日

登録日　　　平成３０年８月２４日

登録商標

ＬｅｇａｌＦｏｒｃｅ

商品及び役務の区分

　　第９、３５、３６、３８、４１、４２、４５類

指定商品

　　第９類　電子計算機，電子計算機周辺機器，電子応用機械器具及びその部品，電子計算機用ハードウェア，電子計算機用ソフトウェア，アプリケーション用ソフトウェア，電子計算機用プログラム，インターネットを利用して受信し及び保存することができる画像ファイル，録画済みビデオディスク及びビデオテープ，電子出版物，データ処理装置

　　第３５類　人材の紹介及びあっせん，職業のあっせん，人材の紹介及びあっせんに関するコンサルティング・情報の提供，広告業，広告に関するコンサルティング・情報の提供，新聞記事情報の提供，経営の診断又は経営に関する助言，企業のリスクマネジメントのための調査又は分析，市場調査又は分析，ビジネスコンサルティング，マーケティングに関するコンサルティング・情報の提供，デジタルデータの収集・分析・管理用コ

22

ンピュータデータベースへの入力処理及びこれに関する情報
の提供，コンピュータデータベースへの情報編集及びこれに関
する情報の提供，コンピュータデータベースの検索の代行及び
これに関する情報の提供，文書の複製，文書又は磁気テープの
ファイリング

　　第３６類　　コンピュータネットワークを利用した支払代金
の決済の代行，クレジットカード利用者に代わってする支払代
金の清算，デビットカード利用者に代わってする支払代金の決
済，電子マネー利用者に代わってする支払代金の決済，前払式
支払手段の発行，商品代金の徴収の代行，税務相談に関する情
報の提供，投資・税務計画・資金の貸付け・破産における金融
又は財務に関する助言，投資に関するコンサルティング・情報
の提供，建物又は土地の鑑定評価に関するコンサルティング・
情報の提供，建物又は土地の管理・貸与・売買に関するコンサ
ルティング・情報の提供

　　第３８類　　電気通信（「放送」を除く。），報道をする者に
対するニュースの供給

　　第４１類　　セミナーの企画・運営又は開催，電子出版物の提
供，書籍の制作，電子計算機用ソフトウェア等の使用方法の教
授，電子計算機及び電子計算機周辺機器の使用方法の教授，電
子計算機及びデータ処理技術の教育訓練，映写フィルム・録画
済み磁気ディスク・磁気テープ等の複製

　　第４２類　　電子計算機用プログラムの設計・作成又は保守，
電子計算機用ソフトウェアの設計・作成又は保守，電子計算機
用プログラムの貸与，電子計算機用ソフトウェアの貸与，イン
ターネット上の電子記憶領域の貸与，電子計算機用プログラム

の提供，電子計算機用ソフトウェアの提供，コンピュータシステムの分析及びこれに関する情報の提供，科学技術情報の提供，デザインの考案，ウェブサイトのホスティング，データ・ファイル・アプリケーションのホスティング，電子計算機・電子計算機用プログラム及び電子計算機用ソフトウェアその他その用途に応じて的確な操作をするためには高度の専門的な知識・技術又は経験を必要とするものの性能・操作方法等に関する紹介及び説明，電子計算機用ハードウェアの設計及び開発，機械・装置若しくは器具（これらの部品を含む）又はこれらの機械等により構成される設備の設計，電子計算機に格納された又は入出力される電子データに対する電子計算機用プログラムによる監視，電子計算機を用いて行うデジタルデータの復元又は復旧，電子計算機を用いて行うデータ処理，証拠保全用のコンピュータシステム・データ処理装置の研究開発，デジタルデータの解析・解析結果の開示に関する電子計算機用プログラムの研究開発，デジタルデータの分類・抽出・変換および加工に関する電子計算機用プログラムの研究開発，情報処理技術及び通信技術の調査・研究・開発に関するコンサルティング，科学技術の調査・研究・開発に関するコンサルティング

第４５類　法律業務に関する情報の提供，法律相談，法律業務に関するコンサルティング，インターネット上での紛争を処理するための仲裁・調停，裁判外の法的紛争に関するインターネット上での解決支援，知的財産権に関連する先行文献の調査又は分析，データベース化した情報を用いて行う訴訟事件その他の法律事件に関する調査又は分析，オンラインによるソーシャルネットワーキングサービスの提供，社会保険に関するコン

サルティング・情報の提供，個人の身元又は行動に関する調査

商標権目録（２）

登録番号　　　第６５０２８４７号

出願日　　　　令和３年４月８日

登録日　　　　令和４年１月２１日

登録商標

## ＬｅｇａｌＦｏｒｃｅ

商品及び役務の区分

　　　第４１類

指定商品

　　　第４１類　セミナーの企画・運営又は開催，電子出版物の
　提供，書籍の制作，電子計算機用ソフトウェア等の使用方法
　の教授，電子計算機及び電子計算機周辺機器の使用方法の教
　授，電子計算機及びデータ処理技術の教育訓練，映写フィル
　ム・録画済み磁気ディスク・磁気テープ等の複製，法律に関
　する知識の教授及びこれに関する情報の提供，経営・税務・
　法務・財務に関する知識の教授，法律に関する講演会・講習
　会・セミナーの企画・運営又は開催，経営・税務・法務・財
　務に関するセミナーの企画・運営又は開催，技芸・スポーツ
　又は知識の教授，インターネットを利用して行う映像の提
　供，教育・文化・娯楽・スポーツ用ビデオの制作（映画・放
　送番組・広告用のものを除く。），興行の企画・運営又は開
　催（映画・演芸・演劇・音楽の演奏の興行及びスポーツ・競

26

馬・競輪・競艇・小型自動車競走の興行に関するものを除く。）

（別紙）

被告標章目録



被告商品等表示目録



（別紙）

原告商品等表示目録



別　紙

当　事　者　目　録


〒１３５－００６１　東京都江東区豊洲三丁目２番２０号豊洲フロント
　　　　　　　　　６階
　　　　　原　　　　　　　告　株式会社 LegalOn Technologies
　　　　上記代表者代表取締役　角　田　望


〒１０２－００８３　東京都千代田区麹町４丁目１番地
　　　　　　　　　麹町ダイヤモンドビル
　　　桃尾・松尾・難波法律事務所（送達場所）
　　　電　話　　　０３－３２８８－２０８０
　　　ＦＡＸ　　　０３－３２８８－２０８１
　　　　　　原告訴訟代理人弁護士　松　尾　剛　行
　　　　　　同　　　　　　　　　二本松　直　樹
　　　　　　同　　　　　　　　　弓　場　浩　子


アメリカ合衆国　９４０４０, カリフォルニア州, マウンテン　ビュー,
スイート　１０,　ウエスト　エル　カミノ　リアル　１５８０
（１５８０　ＷＥＳＴ　ＥＬ　ＣＡＭＩＮＯ　ＲＥＡＬ, ＳＵＩＴＥ　１
０, ＭＡＯＵＮＴＡＩＮ　ＶＩＥＷ, ＣＡ, ９４０４０　Ｕ. Ｓ. Ａ）
　　　　被　　　　　　　告　リーガルフォース　アールエーピーシー　ワール
　　　　　　　　　　　　　　ドワイド, プロフェッショナル　コーポレーショ
　　　　　　　　　　　　　　ン
　　　　　　　　　　　　　　（ＬＥＧＡＬＦＯＲＣＥ　ＲＡＰＣ　ＷＯＲＬＤ
　　　　　　　　　　　　　　ＷＩＤＥ,　ＰＲＯＦＥＳＳＩＯＮＡＬ　ＣＯＲ

ＰＯＲＡＴＩＯＮ）

上記被告代表者　ラジ　Ｖ　アビヤンカール

最高経営責任者　（ＲＡＪ　Ｖ　ＡＢＨＹＡＮＫＥＲ）

31



# Complaint

January 20, 2023

To: Tokyo District Court, Tokyo, Japan

Takayuki Matsuo, Plaintiff's Attorney

Naoki Nihonmatsu, Plaintiff's Attorney

Hiroko Yuba, Plaintiff's Attorney

Parties are indicated in the attached list of parties

Case requesting an injunction, etc. against acts of trademark infringement

Value of the suit subject matter 145,110,000,000 yen

Stamps to be affixed 458,000 yen

## 1. Purpose of the claim

1. Defendant shall not provide by electromagnetic means any advertisement or price list for the provision of contract review services with the marks listed in the attached list of Defendant's marks

2. Defendant shall remove the website bearing the marks listed in the attached list of Defendant's marks

3. Defendant shall not use any of the marks listed in the attached list of Defendant's product marks in the provision of contract review services

4. The Defendant shall delete from its website and other advertising materials with the product marks listed in the attached List of the Defendant's product

1

marks

5. Defendant shall not own or use the domain name "lawforce.jp"

6. The Defendant shall pay the Plaintiff 10,000,000 yen and money at the rate of 3% per annum from September 1, 2022 to the full payment thereof

7. The Defendant shall pay the Plaintiff 10,000,000 yen, plus interest thereon at the rate of 3% per annum from September 1, 2022 until paid

8. The Defendant shall pay the Plaintiff 10,000,000 yen and money at the rate of 3 percent per annum from June 24, 2022 until paid

9. The costs of the suit shall be borne by the Defendant

A declaration of provisional execution is also sought.

**Second Cause of Claim**

**1 Parties**

**(1) Plaintiff**

Plaintiff is a corporation engaged in the research, development, operation, and maintenance of software regarding legal services, with the philosophy of "making all contract risks controllable."

**(2) Defendant**

Defendant is a law firm with offices in California, USA, Arizona, UK, Bangalore and Nagpur, India, and mainly deals with trademarks.

**2 Background leading to the filing of this lawsuit**

**(1) The website of the Plaintiff and the website of the Defendant are very similar**

Plaintiff provides an AI contract review platform to assist in contract review called "LegalForce" ("Plaintiff's Service"). Plaintiff's Service is

a service to support users' contract review operations, such as automatically checking contracts against a checklist by contract type using technologies such as natural language processing, and pointing out omissions of clauses or clauses that may pose risks. In April 2018, the Plaintiff started providing the formal version of the service, and as of December 2022, approximately 3,000 companies and law firms are using the service. Currently, the Plaintiff has its own website (https://legalforce-cloud.com/) (Plaintiff's Evidence 1, hereinafter, "Plaintiff's Website").

In contrast, at the time this lawsuit was filed, Defendant's website (https://legalforce.com/) (Plaintiff's Evidence 2, hereinafter, "Defendant's Website") claims to provide AI contract review services to potential users including in Japan, with the mark "LegalForce", which is the Plaintiff's registered trademark in Japan, displayed as it is, and with an appearance very similar to the Plaintiff's Website, and similar to the services provided by the Plaintiff.

**(2) Changes to the website by the Defendant**

It should be noted that the Defendant's website did not originally look very similar to the Plaintiff's Website, but suddenly changed its appearance to the current one around August 2022 just after the commencement of the wrongful action.

In other words, using the "wayback machine" (https://archive.org/web/)[1], we checked the transition of the Defendant's website "https://legalforce.com/" and found that, on the Defendant's website, from around January 10, 2016, it displayed the company name

---

[1] The site is operated by the Internet Archive, a non-profit organization in San Francisco, California, USA, and allows users to go back and check the archives of past web pages.

3

"Trademarkia" (Plaintiff's Evidence 3), and then, from about August 17 of the same year, it was changed to redirect to a website dealing with the trademark "Trademarkia" (https://www.trademarkia.com/) (Plaintiff's Evidence 4-1, 4-2). In other words, when "https://legalforce.com/" was accessed on the web, the specification was changed to automatically access "https://www.trademarkia.com/").[2] The website was changed to "Trademarkia" in 2022. After that, around August 2022, the specification was changed to no more redirect to "Trademarkia"[3], and the website became the current website, which has an appearance very similar to the Plaintiff's website.

**(3) Filing of a wrongful action by the Defendant prior to this lawsuit**

In addition, on June 24, 2022, the Defendant filed a lawsuit against the Plaintiff in the U.S. claiming that the Plaintiff was using the trademark "LegalForce" in the U.S. and that the use of the trademark infringed the Defendant's trademark rights, and demanding that the Plaintiff stop using the trademark and compensate for damages (hereinafter, the "U.S. Lawsuit"). This is extremely unfair. The Defendant filed a lawsuit on June 23, 2022. This is the day after the press release (Plaintiff's Evidence 6) regarding the fundraising of approximately 13.7 billion yen merely with

---

[2] Plaintiff's Evidence 4-1 shows that the "wayback machine" (https://archive.org/web/), was used to access "https://legalforce.com/" as of August 17, 2016, it was re directed to a website dealing with the trademark "Trademarkia," (https://www.trademarkia.com/) and Plaintiff's Evidence 4-2 shows that the website was displayed after the redirection.
[3] Until July 8, 2022, at the latest, the previous specification was the same, i.e., redirecting to the Trademarkia website (Plaintiff's Evidence 5-1, 5-2). If the user accessed "https://legalforce.com/" on July 8, 2022 using the "wayback machine" (https://archive.org/web/), the user was redirected to the website dealing with the trademark "Trademarkia" (https://archive.org/web/). Plaintiff's Evidence 5-1 shows that the "wayback machine" (https://archive.org/web/), was used to access "https://legalforce.com/" as of June 8, 2022, it was re directed to a website dealing with the trademark "Trademarkia," (https://www.trademarkia.com/) and Plaintiff's Evidence 5-2 shows that the website was displayed after the redirection.

a view to expanding its business overseas, etc. At this stage, the Plaintiff apparently had not conducted any business (including use of trademarks) in the U.S.

In particular, the Defendant has demanded an exorbitant amount of 100 million U.S. dollars (about 13 billion Japanese yen) from the Plaintiff in this U.S. lawsuit, which confirms the extreme unfairness of the demand.

**(4) Defendant's intention inferred from the timing of the filing of this U.S. lawsuit and the changes to the website**

Thus, at about the same time as the Defendant was demanding the exorbitant sum of US$100 million (about 132 billion Japanese yen) in this U.S. lawsuit, the Defendant changed its website to one that closely resembles the Plaintiff's website.

From this, it is strongly inferred that Defendant wrongfully filed this U.S. lawsuit against Plaintiff who has not used the trademark in the U.S. in any way, and then changed Defendant's website to look very similar to Plaintiff's website in order to mislead and be confused with Plaintiff's website and thereby interfere with Plaintiff's business and put pressure on Plaintiff to pay a large sum in the name of settlement in order to bring this U.S. lawsuit to an early conclusion.

**(5) Outline of the Lawsuit**

**(a) Injunction against use of the "LegalForce" mark**

As described above, Defendant has been using the "LegalForce" mark on Defendant's website in a manner that unfairly misleads and confuses Defendant's website with Plaintiff's website. Therefore, in this lawsuit, Plaintiff seeks an injunction against the Defendant's use of the "LegalForce" mark (including use of the legalforce.jp domain)

in Japan as described above on the basis of trademark infringement and violation of the Unfair Competition Prevention Law.

**(a) Compensation for damages**

In addition, since the above series of actions by the Defendant constitute trademark infringement, violation of the Unfair Competition Prevention Law, and tortious behavior, the Defendant claims compensation for damages related thereto (however, as described below, each is an express partial claim).

### 3 Argument concerning request for injunction

#### (1) Injunction based on Trademark Law

##### (a) Trademark rights

The Plaintiff possesses the trademark rights listed in the attached lists (1) and (2) of trademark rights (hereinafter referred to as the "Plaintiffs' trademark rights"). The trademark pertaining to the Plaintiff's trademark rights is also referred to as the "Plaintiff's trademark"). (Plaintiff's Evidence7-1, Plaintiff's Evidence7-2, and Plaintiff's Evidence7-3)[4].

##### (b) Use of the trademark by the Defendant

Since at least August 2022 to the present, Defendant has used the marks listed in the attached list of Defendant's marks (hereinafter

---

[4] In the trademark registration certificate (Plaintiff's Evidence-7-1), the trademark owner is "LegalForce Corporation", which does not match the plaintiff's current trade name "LegalOn Technologies Corporation". However, this is because the plaintiff changed its trade name from "LegalForce Corporation" to its current trade name "LegalOn Technologies Corporation" on December 1, 2022. In this regard, as stated in the application for registration of change of indication of registered owner (A7-2), the plaintiff changed the registered name pertaining to the plaintiff's trademark right to "LegalOn Technologies Inc. Therefore, it is clear that the plaintiff still rightfully holds the plaintiff's trademark right.

referred to as "Defendant's Marks") on its website. In addition to the marks review services ("Defendant's Services"), similar to the Plaintiff's Services (Plaintiff's Evidence 2) and the price list therefore is provided (Plaintiff's Evidence 8) stating "Artificial Intelligence based Contract and Email Account Reviews" and "LegalForce helps businesses reduce the risk in reviewing contracts through artificial intelligence."

**(c) That the Plaintiff's trademark and the Defendant's mark are similar.**

**(a) Plaintiff's trademark**

**a. Appearance**

The appearance of the Plaintiff's trademark consists of the letters "LegalForce" arranged in a horizontal line. The "LegalForce" trademark consists of the letters "L" and "F" in uppercase, and the rest in lowercase, all in black English typeface.

**b. Nomenclature**

Plaintiff's trademark is called "Legal Force".

**c. Conception**

The Plaintiff's trademark is not mentioned in dictionaries, etc., and it cannot be said to create a specific idea.

**(b) Defendant's mark**

**a. Appearance**

In the appearance of the Defendant's mark, the orange-based logo combining the letters "L" and "F" is placed at the far left. The light brown letters of "LegalForce" are placed in a horizontal line in conjunction with the logo.

7

### b. Nomenclature

The Defendant's mark is called "Legal Force".

### c. Conception

The Defendant's trademark is likewise not mentioned in dictionaries, etc., and cannot be said to create a specific concept.

### (d) Similarity between the Plaintiff's trademark and the Defendant's mark

The Plaintiff's mark and the Defendant's mark are identical in designation.

As for the appearance, the marks are identical in that the letters "LegalForce" are arranged in a horizontal row. In identifying a mark, the arrangement of the character string described therein is considered important. Therefore, even if there is a difference in the presence or absence of the logo, as long as the letters of the alphabet "LegalForce" completely match, the essential parts of the appearance can be said to match.

Furthermore, as for the conception, as mentioned above, both parties agree that no specific conception can be said to arise.

Therefore, the Plaintiff's trademark and the Defendant's mark are similar.

### (e) Comparison between the designated services of the Plaintiff's trademark and the Defendant's services

The Defendant's service, contract review service, provides contract review services by providing software in SaaS format on a computer.

This is included, at least among the designated services of the Plaintiff's trademark, in Category 41, "teaching knowledge of law and

providing information relating thereto," Category 42, "providing computer programs," and Category 45, "providing information relating to legal services, legal consultation and consulting relating to legal services."

### (f) The need to delete the Defendant's website

Defendant provides its services primarily through Defendant's website. Thus, it is clear that there is a need to remove Defendant's website.

### (g) Summary

Based on the above, the Defendant's acts of providing advertisements and price lists for the Defendant's services by electromagnetic means infringe the Plaintiff's trademark rights, and should be enjoined and the Defendant's website should be deleted (Article 37-1, 2-3-8, 36-1 and 36-2 of the Trademark Law).

## (2) Injunction demand under Article 2(1)(ii) of the Unfair Competition Prevention Act

### (a) Plaintiff's Product Marks

Plaintiff uses the product marks set forth in the attached List of Plaintiff's product marks ("Plaintiff's Product Marks") in the sale of Plaintiff's contract review services, in sales advertising, and in other business activities.

Therefore, the Plaintiff's mark is both a business mark and a product mark of the Plaintiff.

### (b) Prominence

Famous means having a high degree of specific distinctiveness and being well known.

9

As described below, the Plaintiff's Product Mark was highly well-known among consumers nationwide as an indication of the Plaintiff's business or products by August 2022, at the latest, when the Defendant created its website offering contract review services under the name "LegalForce". In other words, the "LegalForce" service provided by Plaintiff is used by approximately 3,000 companies as of December 2022, and the number of competitors in Japan is literally "off the charts" at 400 companies and several hundred companies (Plaintiff's Evidence 9, second page (with the 21 at the right bottom)). In light of such a high market share, at least in Japan, "LegalForce" was highly recognizable as an indication of Plaintiff's business or products in the form of "LegalTech". In addition, from July 7, 2021, the Plaintiff began broadcasting TV commercials, and also used the Plaintiff's mark in the said commercials. Since the Plaintiff provides advanced contract review services using AI, it and the Plaintiff's mark have been covered by numerous newspapers and magazines, which have published numerous articles on the Plaintiff (Plaintiff's Evidence 10) and therefore, the Plaintiff's Product Mark was highly well known in the country. In addition, on June 23, 2022, the company announced a fundraising totaling approximately 13.7 billion yen, which attracted social attention due to its large scale and was covered by several newspapers and magazines. Therefore, "LegalForce" used by the Plaintiff is recognized as famous.

**(c) Defendant's conduct**

As described in 2. above, after Plaintiff's press release on June 23, 2022 regarding its entry into the U.S. market, Defendant changed its

10

website around August of the same year to one that closely resembled Plaintiff's website in terms of appearance and service content.

Thus, Defendant has been using the product marks listed in the attached list of Defendant's Product Marks (hereinafter referred to as "Defendant's Product Marks") on Defendant's website and other advertising materials.

**(d) Similarity**

As described in (1)(d) above, the Plaintiff's Product Mark and the Defendant's Product Mark are identical in name and pronunciation.

The logos are also similar, even if there are differences in color.

Furthermore, the arrangement of the word "LegalForce" is identical in that only the letters "L" and "F" are capitalized, and they are identical in the essential part of the appearance. In addition, as described in (1)(d) above, the character strings are identical in terms of the concept that can be read therefrom.

Therefore, the Plaintiff's product marks and the Defendant's product marks are similar.

**(e) Infringement and threat of infringement of Plaintiff's business interests**

As described in (1)(a) above, with respect to the business areas, Defendant's website includes the following statements: "Artificial Intelligence based Contract and Email Account Reviews" ("AI based contract and email account reviews") and "LegalForce helps businesses reduce the risk in reviewing contracts through artificial intelligence". The Defendant's website can be accessed from Japan, and the company sells to Japan. In particular, the fact that the client

11

expressly indicates in the opposition proceedings against the Plaintiff's trademark that it is receiving requests from Japan confirms this point (Plaintiff's Evidence 11, p. 2 (p. 7/13), line 7 from the bottom).

Therefore, Plaintiff's business profits have been infringed by Defendant's use of Defendant's Product Marks or sale of Defendant's goods, and there is a significant risk of further infringement.

**(f) Summary**

Based on the above, the Defendant's actions fall under Article 2, Paragraph 1, Item 2 of the Unfair Competition Prevention Law, and the Defendant shall be enjoined from using the Defendant's Product Mark and the mark should be erased (Article 3, Paragraphs 1 and 2 of the same law).

**(3) Injunction demand based on Article 2(1)(i) of the Unfair Competition Prevention Act**

**(a) Requirements other than act of confusion**

As stated in (2)(a) above, the Plaintiff's mark is the Plaintiff's business mark and is also a product mark. As stated in (2)(b) above, the Plaintiff's mark is well-known since it is even recognized as famous. As described in (2)(d) above, there is similarity between the Plaintiff's mark and the Defendant's mark, and as described in (2)(e) above, there is a risk of infringement of the Plaintiff's business interests.

**(b) Acts of confusion**

Here, the service called "LegalForce" provided by the Plaintiff is a contract review service that touts the use of AI, which is identical to

the AI-based contract review service sold by the Defendant, and the consumers are shared and [consist of] the same consumers. Therefore, there is a likelihood that the Defendant's business or products will cause confusion with the Plaintiff's business or products, respectively, because consumers will mistakenly believe that the Plaintiff and the Defendant are the same business entity or that the Plaintiff's products and the Defendant's products have the same source of origin.

**(c) Summary**

Based on the above, the Defendant's actions fall under Article 2, Paragraph 1, Item 1 of the Unfair Competition Prevention Law, and the Defendant should be enjoined from using the Defendant's Product mark and the mark should be erased (Article 3, Paragraphs 1 and 2 of the same law).

**(4) Injunction demand under Article 2, Paragraph 1, Item 19 of the Unfair Competition Prevention Act**

**(a) Possession of a domain name similar to a specific trade or other indication of goods, etc. of another person**

A specific trade or other indication means a name, trade name, trademark, mark or other indication of goods or services pertaining to a person's business (Article 2(1)(19) of the Unfair Competition Law in parentheses).

Plaintiff possesses the trademark "LegalForce", and "LegalForce" constitutes a specific trade or other indication.

In contrast, the domain name used by the Defendant is "legalforce.jp" (i.e., typing "legalforce.jp" in an Internet browser is set to redirect (automatically connect) to the website operated by the Defendant

13

(https://www.legalforcelaw.com/). (i.e., typing "legalforce.jp" in an Internet browser is set to redirect (automatically connect) to the website operated by the Defendant). Although there is a difference in whether the "L" and "F" are capitalized, the appearance of both being written in English is the same, and the name is "Legal Force".

Therefore, it can be said that the domain name is similar to the specific trade or other indications of others.

**(b) Existence of purpose of unjust enrichment**

The purpose of ill-gotten gains refers to the purpose of improperly seeking one's own benefit in a manner contrary to public order and morals (Tokyo District Court, July 15, 2002, HANREI TIMES No. 1099, p. 291).

Defendant uses the domain "legalforce.jp" and directs users to a website operated by Defendant as described in (a) above. It is believed that the Defendant set up such a system for the purpose of using the customer attraction power of the service called "LegalForce" provided by the Plaintiff to make customers use its legal services.

In addition to this, given that the Defendant created the Defendant's website, which closely resembles the Plaintiff's website, it is believed that the Defendant also had the purpose of using the customer attraction of the Plaintiff's "LegalForce" service to induce customers to purchase its contract checking service.

As stated in 2. above, the Defendant created the Defendant's website around August 2022, after the filing of the U.S. lawsuit, and the design and content of the Defendant's website before that time were completely different from those of the Plaintiff's. In addition, given

14

the fact that the U.S. lawsuit was filed on June 24, 2022, it is natural to assume that the Defendant created the Defendant's website in a manner similar to the Plaintiff's website, since the Defendant is believed to have confirmed the Plaintiff's movements during the lawsuit through its website.

The purpose of such actions may be to harass the Plaintiffs, given the huge amount of money the Defendants are currently seeking in this U.S. lawsuit, or to force them to spend money in the name of settlement by making their website look like the Plaintiff's business by interfering with the Plaintiff's business.

Thus, an unjust enrichment purpose exists.

**(c) Infringement and threat of infringement of Plaintiff's business profits**

As described in (2)(e) above, Plaintiff's business interests have been infringed and are highly likely to be infringed in the future.

**(d) Summary**

Based on the above, the Defendant's use of "legalforce.jp" falls under Article 2, Paragraph 1, Item 19 of the Unfair Competition Law, and an injunction should be granted (Article 3, Paragraph 1 of the same law).

**4 Claims for damages**

**(1) Claims for damages for trademark rights**

**(a) Trademark Infringement**

As described in 3(1) above, the act of providing advertisements and price lists concerning the Defendant's provision of services by

15

electromagnetic means is an act that infringes the Plaintiff's trademark rights (Article 37(1) and 2(3)(viii) of the Trademark Law).

**(b) Willful misconduct or negligence on the part of the Defendant**

The Defendant's negligence is presumed (Article 103 of the Patent Law as applied mutatis mutandis by Article 39 of the Trademark Law).

The Defendant began to provide the Defendant's services on the Defendant's website in August 2022. Given that the Defendant filed the U.S. lawsuit against the Plaintiff on June 24 of the same year, which is the wrongful action, it can even be said that the Defendant was willful.

**(c) Occurrence of damage**

Defendant offers three types of contract review services on Defendant's website. One of the three types is offered free of charge, and two of the three types are sold for US$10.99 and US$20.99, respectively (Plaintiff's Evidence 8). Defendant's offering of these services has caused Plaintiff to lose the opportunity of [customers] purchasing the contract review services offered by Plaintiff, causing Plaintiff to suffer damages.

**(d) Amount of damage**

Defendant is an American law firm with five American attorneys (Plaintiff's Exhibit 12). According to statistical data of US Research Company, MH Sub I LLC (Martindale Avvo) (Plaintiff's Evidence 13), the average turnover of U.S. attorneys is US$190,000 per year (about 24.7 million Japanese yen). Assuming that the entirety of this amount is profit, the Defendant earns a yearly profit of 123.5 million yen per year (24.7 million times 5 attorneys).

Since the Defendant created the Defendant's website in around August 2022, the date of commencement of infringement is September 1, 2022, and the profits accrued up to the date of filing of this complaint are calculated to be approximately 47,700,000 yen. The total amount of profit is approximately 47,700,000 yen (141 days divided by 365 days times 123.5 million yen and amounts under 10,000 yen are rounded).

Therefore, 47.7 million yen is presumed to be the amount of damages under Article 38(2) of the Trademark Law.

In addition, Plaintiff has delegated the prosecution of this action to Plaintiff's counsel. Of this amount, the amount of attorney's fees and costs that have a reasonable causal relationship to the tortious acts committed by the Defendant is 10% of the damages, which is 4,770,000 yen.

**In this lawsuit, we claim 10 million yen as a partial claim for the above amount of 52,470,000 yen (an express partial claim).**

**(2) Claim for damages under Article 4 of the Unfair Competition Prevention Act**

**(a) The existence of an act of unfair competition and infringement of business profits**

As described in 3(2) through (4) above, there exists unfair competition under Article 2(1)(i), (ii), and (19) of the Unfair Competition Prevention Law, and Plaintiff's business interests have been infringed.

**(b) Defendant's willful misconduct or negligence**

As described in (1)(a) above, the Defendant intentionally violated

17

the Unfair Competition Prevention Law, and at least negligence exists.

**(c) Amount of damages**

Defendant is an American law firm with 5 American attorneys (Plaintiff's Exhibit 12). According to statistical data of US Research Company, MH Sub I LLC (Martindale Avvo) (Plaintiff's Evidence 13), the average turnover of U.S. attorneys is US$190,000 per year (about 24.7 million Japanese yen). Assuming that the entirety of this amount is profit, the Defendant earns a yearly profit of 123.5 million yen per year (24.7 million times 5 attorneys).

Since the Defendant created the Defendant's website in around August 2022, the date of commencement of infringement is September 1, 2022, and the profits accrued up to the date of filing of this complaint are calculated to be approximately 47,700,000 yen. The total amount of profit is approximately 47,700,000 yen (141 days divided by 365 days times 123.5 million yen and amount under 10,000 yen are rounded).

Therefore, 47.7 million yen shall be the damages according to Article 5, Paragraph 2 of the Unfair Competition Prevention Act.

In addition, Plaintiff has delegated the prosecution of this action to Plaintiff's counsel. Of this amount, the amount of attorney's fees and costs that have a reasonable causal relationship to the tortious acts committed by the Defendant is 10% of the damages, which is 4,770,000 yen.

**(3) Claim for damages based on tort (Civil Code Article 709)**

**(a) Filing of the U.S. Lawsuit**

The Defendant filed this lawsuit in the U.S. on June 24, 2022, the day after the Plaintiff issued a press release regarding financing for expansion into the U.S.

In addition, the Defendant did not negotiate with the Plaintiff as is usually done, such as sending warning letters, but suddenly filed a lawsuit, and in the lawsuit, demanded a huge amount of money US$100 million (about 132 billion Japanese yen).

Therefore, from the timing and manner of the filing of the lawsuit, this U.S. lawsuit was not filed for a legitimate purpose, but rather, because the Defendant happened to possess the trademark "LegalForce" in the U.S., the Plaintiff, who provides services in Japan using the mark "LegalForce", was sued by the Defendant in the U.S. The lawsuit was not filed for legitimate purposes, but rather, it was a wrongful lawsuit filed to sue the Plaintiff for trademark infringement and demand money in the form of a settlement payment at a stage when no business had been conducted, taking advantage of the fact that the Defendant had announced its intention to expand its business in the U.S.

**(b) Defendant's Response to the U.S. Lawsuit**

In the U.S. lawsuit, Raj V. Abhyanker, a representative of the Defendant, directly contacted the Plaintiff's representatives on or about August 3, 2022, even though the lawsuit was pending in the U.S. and the Plaintiff had appointed a counsel and the counsel had notified Defendant of his appointment.

In Japan, Article 52 of the Basic Rules of Professional Conduct for Attorneys prohibits contacting the principal directly even though the agent has already assumed office. The purpose of this Article is to

19

cause the opposing party to lose the purpose of appointing an agent, to the detriment of the opposing party, and to interfere with the duties of the opposing agent. Therefore, at least in the determination of torts in Japan, acts in the U.S. are treated in the same manner.

The fact that Raj V. Abhyanker, a representative of the law firm, contacted the Plaintiff directly, in light of the above purpose, is an act that would cause prejudice to the Plaintiff and interfere with the duties of the Plaintiff's representative, which is an act that would not normally be done if there was an intention to conduct a legitimate lawsuit.

**(c) Changes to the Defendant's website**

It is strongly inferred that the Defendant changed the Defendant's website to be very similar to the Plaintiff's website in order to mislead and confuse the Defendant's website with the Plaintiff's website, thereby obstructing the Plaintiff's business in Japan and thereby putting pressure on the Plaintiff to pay the aforementioned settlement amount in the name of money.

Therefore, the changes to the Defendant's website are also part of a series of interrelated torts.

**(d) Summary**

From the above, it can be said that the Defendant filed this lawsuit in the U.S. for the purpose of obtaining a huge settlement from the Plaintiff by taking advantage of the Plaintiff's expansion into the U.S. The Defendant's decision to file this lawsuit in the U.S. is unjustified.

And since the claim of trademark infringement clearly lacks factual and legal grounds, the filing of the U.S. lawsuit in this case constitutes

20

a tort.

**(e) Intentional or negligent**

The Defendant has intentionally committed the above-mentioned unlawful acts. At the very least, the Defendant is found to be negligent.

**(f) Occurrence of damage and causal relationship**

With the filing of this U.S. lawsuit by the Defendant, which is such a wrongful lawsuit, the Plaintiff has already spent 30 million yen in costs of responding to the lawsuit, which it did not have to spend. Therefore, the Plaintiff has incurred damages of 30 million yen. Therefore, the Plaintiff is entitled to claim 34.77 million yen as damages, including 4.77 million yen in attorney's fees for this lawsuit (as in above ((1)c and (2) c)), and claims 10,000,000 yen as a part of that amount (an express partial claim).

In addition, if the Defendant continues this lawsuit in the U.S., this damage will further increase, and in that case, the Plaintiff intends to claim further increased damages by changing the lawsuit or other means.

## 5. Conclusion

Accordingly, the Plaintiff seeks to enjoin the Defendant from providing advertisements and price lists relating to the provision of contract review services by electromagnetic means bearing the Defendant's mark and to delete the Defendant's website bearing the Defendant's mark, pursuant to Articles 36(1), (2), and 37(1) of the Trademark Law, as well as Article 2(1), (1), (2), and (3)(i) and (2) of the Unfair Competition Prevention Law. (2) In accordance with Article 2(1)(i) and (ii), Article 3(1) and (2) of the Unfair

21

Competition Prevention Law, to enjoin the use of the Defendant's mark in the provision of contract review services and to delete the Defendant's mark from advertising materials, and to enjoin the possession and use of the domain name "legalforce.jp" in accordance with Article 2(1)(ix) and (1) of the Unfair Competition Prevention Law, as well as Article 709 and Article 3(1) of the Civil Code.

In addition, the Company seeks damages under Article 709 of the Civil Code and Article 38(2) of the Trademark Law, 10,000,000 yen as part of the damages, plus damages for delay at the rate of 3% per annum as prescribed by the Civil Code from September 1, 2022 until paid, and damages under Articles 4 and 5(2) of the Unfair Competition Prevention Law, 10,000,000 yen as part of the damages, plus damages for delay at the rate of 3% per annum as prescribed by the Civil Code from September 1, 2010 until paid.

In addition, we demand that 10 million yen be paid as part of the damages based on Article 4 and Article 5, Paragraph 2 of the Unfair Competition Prevention Law, and that 10 million yen be paid as part of the damages based on the tort, and that these be paid from June 24, 2022, and that these be paid as late damages at the rate of 3 percent per annum as prescribed by the Civil Code, until paid.

[End]

**Method of Evidence**

As stated in the Statement of Evidence (1) dated January 20, 2023

**Annexed Documents**

1 2 copies of the complaint

2 Copies of Plaintiff's Evidence 2 copies each

3 Statement of Evidence 2 copies

4 Certificate of eligibility 2 copies

5 Power of attorney for litigation 1 copy

23

(Attachment)

List of Trademark Rights (1)

Registration No. 6074525

Filing Date August 16, 2017

Registration Date August 24, 2008

registered trademark

L e g a l F o r c e

Classification of goods and services

Classes 9, 35, 36, 38, 41, 42, 45

Designated Products

Category 9 Electronic calculators, computer peripherals, electronic applied machinery and appliances and parts thereof, computer hardware, computer software, application software, computer programs, image files that can be received and stored via the Internet, prerecorded video, electronic publications, data processing equipment

Category 35 Placement and mediation of human resources, job placement, provision of consulting and information on placement and mediation of human resources, advertising, provision of consulting and information on advertising, provision of information on newspaper articles, business diagnosis or advice on business management, research or analysis for risk management of enterprises, market research or analysis, business consulting, consulting and

24

provision of information on marketing, input processing into computer databases for collection, analysis and management of digital data and provision of information thereon, editing information in computer databases and provision of information thereon Acting as an agent for searching computer databases and providing information thereon, reproduction of documents, filing of documents or magnetic tapes

Category 36 Acting as agent for settlement of payments using computer networks, clearing of payments on behalf of credit card users, clearing of payments on behalf of debit card users, clearing of payments on behalf of electronic money users, issuance of prepaid means of payment, collection of payments for goods, taxation Provision of information on consultation, provision of financial or financial advice on investment, tax planning, loans, and bankruptcy, provision of consulting and information on investment, provision of consulting and information on appraisal of buildings or land, provision of consulting and information on management, leasing, purchase and sale of buildings or land

Class 38 Telecommunications (excluding "broadcasting") Class 37 Supply of news to news media

Class 41 Planning, operation, or holding of seminars, provision of electronic publications, production of books, teaching how to use computer software, etc., teaching how to use computers and computer peripherals, education and training in computer and data processing technology, reproduction of projected films, pre-recorded magnetic disks, magnetic tapes, etc.

Class 42 Designing, creating or maintaining computer programs, designing, creating or maintaining computer software, lending computer programs, lending computer software, lending electronic storage space on the Internet, providing computer programs, providing computer software Analysis of computer systems and provision of information thereon, provision of scientific and technical information, devising of designs, hosting of websites, hosting of data, files and applications, hosting of computers, computer programs and computer software and other software appropriate to their use; (ii) Monitoring of electronic data stored in or input/output from computers by means of computer programs, restoration or recovery of digital data by means of computers, data processing by means of computers, research and development of computer systems and data processing equipment for preservation of evidence, analysis of digital data and disclosure of the results of analysis Research and development of computer programs, research and development of computer programs for classification, extraction, conversion and processing of digital data, consulting on research, research and development of information processing technology and communications technology, consulting on research, research and development of science and technology

Category 45 Provision of information on legal services, legal consultation, consulting on legal services, arbitration and mediation for handling disputes on the Internet, assistance in resolving out-of-court legal disputes on the Internet, research or analysis of prior literature related to intellectual property rights, research or analysis

of databases of information Research or analysis of litigation cases and other legal cases using databased information, provision of online social networking services, provision of consulting and information on social insurance, research on the identity or behavior of individuals

List of Trademark Rights (2)

Registration No. 6502847

Filing date April 8, 2021

Registration date January 21, 2022

registered trademark

# L e g a l F o r c e

Classification of goods and services

Class 41

Designated Products

Class 41 Planning, operating or holding seminars, providing electronic publications, producing books, teaching how to use computer software, etc., teaching how to use computers and computer peripherals, education and training in computer and data processing technology, reproduction of projected films, pre-recorded magnetic disks, magnetic tapes, etc. Teaching knowledge of law and providing information thereon; teaching knowledge of management, taxation, legal affairs, and finance; planning, operating, or holding lectures, workshops, and seminars on law; planning, operating, or holding seminars on management, taxation, legal affairs, and finance; teaching skills, sports, or knowledge; providing video images via the Internet; providing education, sports, or knowledge; providing education, sports, or knowledge; and providing information on law, taxation, and legal affairs, and finance; Provision of video images via

28

the Internet, production of educational, cultural, entertainment, and sports videos (excluding those for films, broadcast programs, and advertisements), planning, operation, or holding of shows, planning, operation, or holding of lectures, seminars, and other events Planning, operation, or holding of entertainment (excluding entertainment of movies, performances, plays, and musical performances, and entertainment of sports, horse racing, bicycle racing, boat racing, and small car racing)

(Attachment)

List of Defendant's Marks



List of Defendant's Product Marks



(Attachment)

List of Plaintiff's Trademarks



Appendix

**Party List**

Toyosu Front 6F, 3-2-20 Toyosu, Koto-ku, Tokyo 135-0061, Japan

Plaintiff LegalOn Technologies, Inc.

Nozomu Tsunoda, Representative Director of the above

4-1, Kojimachi 4-chome, Chiyoda-ku, Tokyo 102-0083, Japan

Kojimachi Diamond Building

Momo-o, Matsuo & Namba Law Office (Place of service)

Phone 03-3288-2080

fax 03-3288-2081

Takayuki Matsuo, Plaintiff's Attorney

Naoki Nihonmatsu, Plaintiff's Attorney

Hiroko Yuba, Plaintiff's Attorney

1580 West El Camino Real, Suite 10, Mountain View, CA 94040, USA

Defendant Legal Force R.A.P.C. Worldwide, Professional Corporation

Raj V. Abhyankar, representative and Chief Executive Officer of the above

Defendant

# EXHIBIT 2

to Declaration of Hirofumi Tada



# LegalForce、シリーズDラウンドで137億円の資金調達--海外進出も明らかに



河部恭紀（編集部）　2022-06-24 07:40

シェアする 3　　ツイート　　1　　noteで書く　　1

PR　DXを邁進！パーソル社内ITコンサルトが語るデジタル活用の現場

PR　なぜオンライン会議はストレスがたまるのか？原因は「音」にあり

PR　導入事例、製品情報、調査・レポートなど、ホワイトペーパー多数掲載

契約審査プラットフォーム「LegalForce」と人工知能（AI）契約管理システム「LegalForceキャビネ」を提供するLegalForceは6月23日、シリーズDラウンドにおける総額約137億円の資金調達と海外進出を発表した。

今回の資金調達により、累計調達額は179億円となり、リーガルテック領域においてはグローバルで見ても比較的規模が大きいとLegalForceの代表取締役社長を務める角田望氏は述べた。同領域への投資が進む北米の企業と比べても上位に位置する規模だという。



## ホワイトペーパー

### 新着

**1** ビジネスアプリケーション
IT人材不足解消の救世主として今注目されている「ローコード開発」。その活用事例と導入のメリットを知る

**2** セキュリティ
キーワードは"日本流ゼロトラスト"—増大する脅威やクラウド侵害の本質を知り、正しく対処するために

**3** クラウドコンピューティング
データをビジネスインサイトへ、Google Cloud が提供する標準 BI ツールはどこが凄いのか

**4** 経営
誤解が多いクラウドのデータ保護責任、所在はプロバイダーではなく企業自身に

**5** セキュリティ
マンガでわかりやすくeKYCを解説--本人確認のDXが会社を救う

### ランキング

**1** セキュリティ
量子コンピューターの実用化がもたらす脅威とは？既存の暗号資産を守る"4つのステップ"を徹底解説

**2** セキュリティ



攻撃者がクラウドを標的にする仕組みとは？
CrowdStrikeのレポートから考察する

3　経営
「作って終わり」のマニュアルを「活用される」マニュアルにするためには？

4　セキュリティ
脱「PPAP」で考える、重要なファイルを安全に送付・共有する最適解とは？

5　コミュニケーション
Slack 導入事例集 2023：伊藤忠テクノソリューションズはいかに営業チームを1つにまとめたのか

ホワイトペーパーライブラリー　＞

　同ラウンドはSoftBank Vision Fund 2をリード投資家とし、Sequoia Capital ChinaとGoldman Sachsに加えて既存投資家であるWiL、みずほキャピタル、三菱UFJキャピタルが参画。「Global Unicorn Index 2021」によると、Sequoia、SoftBank、Goldman Sachsは、投資しているユニコーン企業数でそれぞれ1位、3位、5位だという。グローバルで投資を展開する投資家からLegalForceのポテンシャルが評価されたとの見方を角田氏は示した。

　調達資金は、人事採用、開発強化、営業体制強化、マーケティング、新事業に投資する予定だという。

　今回の資金調達を受け、角田氏は、新事業として海外進出を発表した。グローバルで投資を展開する企業の参画により、世界のリーガルテック企業と肩を並べる額の資金調達を実施するということで、自社のミッションである「全ての契約リスクを制御可能にする」を世界で実現することに向けて投資をしたいとの考えを述べ、「その中において、海外戦略は避けて通れない。日本初のリーガルテックあるいはソフトウェアを世界に問うていきたい」と続けた。

　進出先としては、まずは英語圏を考えており、特に米国を中心に展開するという。「英語圏には1000社を越すリーガルテックのスタートアップ企業が存在するが、まだ黎明期であり可能性がある」とし、

同社主力製品のLegalForceと同様のサービスが現時点では存在しないことを角田氏は理由に挙げた。



2023年3月までに市場調査を完了し、初期プロダクトを投入したいとしている。日本で現在展開している製品をそのままに英語化して投入するのではなく、米国の市場や契約実務に適合した製品を作るという戦略のため、市場調査から進めるという。

海外展開にあたりグローバル戦略部を設立し、JP Biard氏が部長に就任している。

LegalForceは、法務の知見に自然言語処理技術や機械学習などを組み合わせた製品を開発・提供する。機械知性研究部門の設置、京都大学との共同研究、開発専任の弁護士の在籍、法律事務所との提携を特徴としている。

同社が提供するサービスであるLegalForceは、案件受付や起案・審査といった契約締結までの業務をサポートする。LegalForceキャビネは、契約書の期限や権利・義務といった内容面を含めた契約締結後の管理を効率化する。

LegalForceは2019年に正式版がリリースされ、2022年3月末時点で導入企業数が2000社を超えている。LegalForceキャビネは2021年に正式リリースされ、2022年6月には導入企業が450社を超えている。

企画特集 PR


**ITで日本の中小企業は復活する！**
ローコード開発ツールで誰でもアプリ作成
持ち前のアイデアを具現化し競争力に


**テクノロジー人材募集中！**
転職サービスdodaをITで支えるITコンサルタントやエンジニアの醍醐味


**勝つためのクラウド活用術**
New Value on Azure
ビジネスを次のステージへ！


**中堅・中小企業のIT投資動向**
ランサムウェア対策へ増えるDR環境の再考
しかし、そこに残る不安の原因とは？


**いまなんて？ちょっと聞き取れず**
オンライン会議の生産性を落とす意外な要因
音声にまつわる問題と解説策


**日本企業のクラウド移行を加速**
マイクロソフト×IBMの強力タッグが導くエンタープライズクラウドの世界


**ヴイエムウェアと共にビジネス変革**
ITモダナイゼーションへの現実解
ビジネスはマルチクラウドで標準化される


**攻撃者が狙うのは部品化したS/W**
いま注目されるソフトウェア品質管理
その背景と、これからのセキュリティ戦略


**Business Innovation on Azure**
業務のデジタル化推進のヒントになるMSパートナーの資料を一挙掲載


**ZDNET×Fortinet 特別企画**
日本には日本にあったやり方がある！
日本流ゼロトラセキュリティ運用のススメ


**最新技術で不正アクセスを防ぐ**
クラウド時代のサーバーセキュリティに必要なものをMSのエキスパートが紹介


**日本のDXをGoogle Cloudと共に！**
SaaS / ISV 事業者がさらに飛躍するために考えたいGoogle Cloudとのパートナーシップ

角田氏は同社の強みとして、このような実績に加え、法的知見、自然言語処理技術、データ量を必要とする「高い参入障壁」、契約業務のうち案件受付や起案・審査、管理といった部分で事業を展開する企業の少なさによる「未開拓な市場」を挙げた。

ZDNET Japan 記事を毎朝メールでまとめ読み(登録無料)

**メールマガジン購読のお申し込み**

シェアする 3　　　ツイート　　　1　　📝 noteで書く　　1

PR　導入事例、製品情報、調査・レポートなど、ホワイトペーパー多数掲載

## 関連記事


「ChatGPT」VS.新「Bing」--どちらのAIチャットボットを使うべきか


日鉄ソリューションズ新社長が語った「これからのSIerの姿」とは


運用はどこが面白いのか、IBMの冠がなくなった影響は--キンドリルジャパン社長に聞いてみた


「ChatGPT」を使用してコードを記述--プロンプト作成のヒントと注意点

- LegalForce、契約審査プラットフォームの自社基準レビューをアップデート

- 契約管理システム「LegalForceキャビネ」、フラグ付け機能を正式リリース

- 「コロナ拡大以降、バックオフィスのDXが進んでいない」は76%--LegalForce調査

- SaaS活用者の約7割、「SaaSによりDXが進んだ」と回答--LegalForce調査

- 契約書の適切な管理運用で競争力強化-- LegalForceが考える「DXはバックオフィスから」

## カテゴリランキング

**1** NTTデータ、新3カ年計画からの国内新体制を発表

人材の不足を補う技術　MSの未来を担

**本質とは何か？**
◯◯アーキテクト対談から

**2** 富士通とNECは決算発表で「成長事業」をもっと前面に押し出せ

中小企業向けソリューションの「エモ

**日本のDXの現状と課題**

**3** 「うちのIT部門は…」はNG--リーダーシップを発揮できない理由

**4** 二桁成長を手堅く続ける手SIer、8社、年率10%弱の二桁成長に…Imperva の実力

**実は会議室側に問題があった!?**

**5** NTT、2022年度決算と新中期経営計画を発表--ドコモグループは法人事業再編

増える対面＋イブリッド会

## 新着企業動向

### リリース

**島根県信用保証協会が、「MotionBoard」導入で経営支援事業の効果検証業務を効率化**

ウイングアーク１ｓｔ株式会社

### イベント

**人材不足が続く「IT運用サポート事業」、求められるビジネスモデルの再考 ～ 具体的な成功事例を交えて、事業課題を解決する最適解をご紹介 ～**

アクロニス・ジャパン株式会社

### 企業ブログ

**増大するデータワークロードに対応するハイパースケールストレージのトレンド**

ファルコンストア・ジャパン株式会社

企業動向一覧 >



## NEWSLETTERS

関連キーワード 　[契約管理]

## 📘 関連ホワイトペーパー

- コスト節減やコンプライアンスなどさまざまな視点から、SaaSデータをバックアップすべき7つの理由

- IT担当者が誤解する「SaaSのデータ保護」の重要性、主要なアプリのデータ保護を強化できる最適解

- 誤解が多いクラウドのデータ保護責任、所在はプロバイダーではなく企業自身に

- 社内コンテンツで培ってきたモバイル×UI/UXのノウハウで顧客体験価値の向上をサポート

- DX推進の第一歩として注目、今すぐ取り組むべき「エンタープライズ・サービス・マネジメント」入門

- 主要なバックアップソリューションを新たなサービスに切り替えるべき5つの理由

人気カテゴリ 　[経営] [セキュリティ] [クラウドコンピューティング] [仮想化] [ビジネスアプリケーション] [モバイル]

## 特集

- 松岡功の「今週の明言」
- Ziddyちゃんの「私を社食に連れてって」
- 新潮流Device as a Serviceの世界
- 松岡功の一言もの申す
- Linuxノウハウ
- ハイブリッドワークでのデータセキュリティ
- 企業セキュリティの歩き方
- トップインタビュー
- 「働く」を変える、HRテックの今
- 不確実性の時代に、アジャイル開発で向き合っていこう
- デジタル岡目八目
- デジタルジャーニーの歩き方
- リテールテック最前線
- 中国ビジネス四方山話
- PDF Report at ZDNET Japan
- ITアナリストが知る日本企業の「ITの盲点」
- 古賀政純「Dockerがもたらすビジネス変革」
- ラズパイをより身近に
- D＆Iで切り開く、企業の可能性
- カーボンニュートラル（脱炭素）
- これからのDXプロジェクト、実践的手法と意義
- 「Excel」ハウツー
- 量子コンピューターを知る--現状と今後
- デジタルで変わるスポーツの未来
- CPMで実現するデジタル経営変革
- Chromebookをより便利に
- ITとOTセキュリティの統一
- ビジネス視点で分かるサイバーのリスクとセキュリティ
- 今こそ考えるサプライチェーンリスクマネジメント
- モバイルトレンド2023

## エンタープライズ・コンピューティングの最前線を配信

メールアドレスを入力してください

[ メルマガ登録 ]

ZDNET Japanは、CIOとITマネージャーを対象に、ビジネス課題の解決とITを活用した新たな価値創造を支援します。

ITビジネス全般については、CNET Japanをご覧ください。

- 画面のないノートPC「Spacetop」を体験--ARメガネで無数のウィンドウを表示

- 「ChatGPT」のiOS版アプリが登場、まず米国で

- テーブルトップRPGの世界も生成AIで変革--米Hidden Doorの取り組み

- 「iOS 16.5」公開、新しい壁紙やスクリーンタイムのバグ修正など

- 東京ゲームショウ2023のメインビジュアルが公開--「ゲームが動く、世界が変わる。」を表現







特集
事例
ブログ
トップインタビュー
ホワイトペーパー

企業情報センター
プレスリリース
イベント情報
IT製品比較

その他
キーワード一覧

カテゴリー
CIO
クラウド
クライアント
セキュリティ
ソフトウェア
サーバー
ストレージ
ネットワーク
ミドルウェア
運用
マーケティング
ビッグデータ
キャリア
オフトピック
調査
PDF Report at ZDNET Japan

ASAHI INTERACTIVE
CNET Japan
ZDNET Japan
Tetsudo.com
UchuBiz
ツギノジダイ

USA Business Sites
CNET.com
ZDNET.com

International Business Sites
UNITED STATES
FRANCE
GERMANY
KOREA

The Japanese edition of 'ZDNET' is published under license from A Red Ventures Company., Fort Mill, SC, USA. Editorial items appearing in 'ZDNET Japan' that were originally published in the US Edition of 'ZDNET', 'CNET', and 'CNET News.com' are the copyright properties of A Red Ventures Company. or its suppliers. Copyright (c) A Red Ventures Company. All Rights Reserved. 'ZDNET', 'CNET' and 'CNET News.com' are trademarks of A Red Ventures Company.

個人情報保護方針　　利用規約　　広告について　　運営会社　　サイトマップ

当サイトは最新ブラウザでの閲覧を推奨します。
Copyright (c) 2023 ASAHI INTERACTIVE, Inc. All rights reserved. No reproduction or republication without written permission.

# EXHIBIT 3

to Declaration of Hirofumi Tada



BUSINESS INSIDER  ビジネス　テクノロジー　働き方　サイエンス　政治　国内　国際

PREMIUM
ログイン | 会員登録

#ChatGPT　#脱炭素とはなにか　#スタートアップ　#決算　#FIRE



**Next Startups**  ›

# リーガルフォースの137億円調達は「バリュエーション下げて金額上げた」「不況で離れた投資家も」

スタートアップ

竹下 郁子［編集部］
⏱ Jun. 29, 2022, 08:05 AM　ビジネス　📶 5,119

🐦　⋯

AIによる契約書の審査・管理システムを手掛けるLegalForce（リーガルフォース）が6月に約137億円を調達したと発表し、経済が悪化する中での大型調達に注目が集まっている。著名海外VCも参加した本ラウンド。投資家とは一体どのような交渉があったのだろうか。

## 難航したのも、最優先したのも「バリュエーション」





大型調達が話題を呼ぶ、リーガルフォースの角田望CEO。写真は過去のBusiness Insider Japan取材時に撮影。

撮影：今村拓馬

リーガルフォースにとってシリーズDとなる今回はソフトバンク・ビジョン・ファンド2をリード投資家に迎え、アメリカの著名VCセコイア・キャピタルの中国法人セコイア・チャイナや、ゴールドマンサックスが新規投資家として参加している。

第三者割当増資による調達額は約137億円だ。

28日、リーガルフォースは「137億円調達の裏側を解説！～なぜスタートアップ冬の時代に大型調達ができたのか～」と題したメディア向け講座を開いた。登壇した大木晃氏（リーガルフォース執行役員・経営企画担当）によると、同社が資金調達の準備を始めたのは2021年の夏頃だ。



**ゲーム会社から脱却する東京通信。目指す「デジタルビジネス・コングロマリット」とは**
Sponsored by TOKYO TSUSHIN GROUP

それから現在までの経済状況の悪化は周知の通りだろう。大木氏は調達の過程をこう振り返る。

> 「当初はここまでの大型調達をする予定はありませんでした。2桁台後半、90億円ほどの予定だったんです。
>
> ところが市場環境が変化していく中で、**投資家とのバリュエーション（株式の値決め）のすり合わせに難航した**んですね。見直しを迫られ、想定より低いバリュエーションでの調達になりました。
>
> なので今後に備えて調達額を増やすことにしたんです。市況は厳しくなる一方ですし、バッファとしての資金が必要だと」（大木さん）

Advertisement

## 今後はアメリカに進出

2023/05/19 12:22　　　　　AI契約書レビューを提供する企業が20億円を調達。政府解釈で「違法」評価後も伸びる需要 | Business Insider Japan

Case 3:22-cv-03724-TLT　Document 100-4　Filed 05/30/23　Page 77 of 146



出典：リーガルフォースHP

投資家とはバリュエーションの交渉を最優先し、その落とし所が見えたところで金額の調整に入った。株価が前回の調達時を下回る「ダウンラウンド」ではないという。

> 「初めは感触がよかったものの、市況の悪化などもあり、途中で手を引いた投資家の方もいました。反応が変化していったのは2021年12月頃でしょうか。海外の投資家が特にシビアでした」（大木さん）

AIで契約書を審査するサービスについて、政府のグレーゾーン解消制度で「違法と評価される可能性がある」という回答が出た（2022年6月6日）が、この点についても「投資家からデューデリジェンスを受けている」そうだ。

気になる出口戦略（Exit）については、

> 「投資家と具体的な話はしていません。合併買収（M&A）か新規上場（IPO）か、どちらにしてもオープンに議論していきたいです」（大木さん）

今回の調達資金を元手に、アメリカに進出する予定だ。

> 「アメリカの契約書レビューを行う会社で、我々ほどの規模のところはほとんどないという認識です。円安の懸念もありますが、これからさらに進む可能性もありますし、あまりそこに引っ張られないほうがいいと思っています」



**もっと知る**
不況でも20億円調達。ナッジ、カウシェ CEOが語るスタートアップの投資環境ウソホント

（文・竹下郁子）

**無料のメールマガジンに登録**

メールマガジンが届く　　　無料会員限定記事が読める

登録する

Advertisement






FEATURE

## Next Startups



電動キックボードのLuupが45億調達。「近距離密集型」モデルで見えた、黒字化の道筋



お菓子の海外向けサブスクで年商40億。好調越境ECの「次の一手」はローカル×マーケティング



23歳社長、AIコーヒーロボ企業が54億円調達。狙うは「飲食チェーン自動化」の巨大市場



BASEが「あと払い（PayBNPL機能をあえて後発

この特集をもっとみる

## Popular

G-SHOCK以上、スマートウォッチ未満。「ちょうどいい」時計がカシオから新発売

「アフリカの労働者」と「ヨーロッパの労働者」で結果が違いすぎる…画像生成AIにつきまとう偏見の問題

ゲーム『ウマ娘』の特許権侵害めぐる訴訟、コナミ「特許はクリエイターの開発の歴史であり会社の財産」（回答全文）

「テフロン加工が剥げてしまう問題」を気にせず高温でガシガシ使える。理想のフライパンはIKEAのコレだった

無印の四角い
場がない問題
きた

「信じられないほど利己的な行為だ」…ある大富豪がプライベートジェットを売却することに決めた理由

「人生には仕事以上のものがある」「必要なときは休んで」…ビル・ゲイツが大学の卒業生に向けてスピーチ

炭酸も水筒でぐびぐび飲める。炭酸OKの水筒はこんな安くなった

"ホロライブ生みの親"カバー谷郷社長が語る上場の意義「VTuberは、より一般化した存在になり得る」

素足でサッと履けて、靴ひも靴не必要! 意外な素材の組み合わせで実現した

4年で1億円を貯めたシングルマザーが語る、目標達成のための6つのステップ

この画像、LINEで作りました。わずか1分「AIイラスト生成」が話題、ChatGPTを駆使して"自然な画像"

洗車キズを防ぎ、すぐピカピカに…車好きのオーナーが愛用のシュアラスター「洗車セット」がもう手放せない

「niko and ...」が家になる?アパレル大手のアダストリアが住宅事業に参入

イーロン・マスク、週間「テスラ並みに撤回も、混乱

米国債がデフォルトに陥ったらどうなる?…ノーベル賞経済学者ほか、各界の有力者が警告

吉野家がパワハラや人事評価改ざんを謝罪、解決金支払う。被害社員「悔しさもあるが、一石投じた」

ハリー・ポッター仕様に変わる西武鉄道「豊島園」駅舎、新エリア・ダイアゴン横丁も公開

「じんわり温まる耳栓」を使ったら、忙しい日々でもぐっすり眠れるようになった

ChatGPT pluを奪い取るか家が指摘

BUSINESS
INSIDER
JAPAN



Copyright © 2023 Mediagene Inc. All rights reserved. Registration on or use of this site constitutes acceptance of our Terms of Service and Privacy Policy.

About | 採用情報 | スタッフ | 広告掲載について | よくあるご質問 | お問い合わせ | プレスリリースを送る
運営会社 | プライバシーポリシー | 利用規約 | インフォマティブデータポリシー | スポンサード＆アフィリエイト表記について
International Editions　US | INTL | AT | DE | ES | IN | JP | MX | NL | PL | ZA
GIZMODO | FUZE | lifehacker | DIGIDAY | GLOSSY | MODERN RETAIL | MASHING UP | ROOMIE | ROOMIE KITCHEN | machi-ya | CoSTORY | ギズ屋台

# EXHIBIT 4

to Declaration of Hirofumi Tada

**ASCII** STARTUP

特集　　連載　　動画　　カテゴリ



## 「法務業務でもソフトウェアが当たり前に」LegalForceが137億円の資金調達

リーガルテックベンチャー、角田社長は「来年には米国進出を実現したい」と語る

2022.06.24 17:15　文● 末岡洋子　編集● 大塚／TECH.ASCII.jp

リーガルテックベンチャーのLegalForceが137億円という大型の資金調達に成功した。最新のシリーズD投資ラウンドには、SoftBank Vision Fund 2がリード投資家となり、Sequoia ChinaとGoldman Sachsが新たに参加。2022年6月23日に発表を行った同社 代表取締役社長の角田望氏は、今後の事業戦略として「2023年3月までに米国進出を実現したい」と話した。



LegalForce代表取締役社長の角田望氏

LegalForceは2017年創業のベンチャー企業。AIを用いた契約書チェック（契約審査）クラウドサービス「LegalForce」を代表製品とし、2021年1月には2つ目の製品となる「LegalForceキャビネ」を発表した。LegalForceキャビネは、契約締結後の契約書管理を担うクラウドサービスとなる。



「LegalForce」と「LegalForceキャビネ」で、契約業務フローの大部分（「締結」以外）をカバーする

LegalForceはすでに2000社以上、LegalForceキャビネも450社以上の導入実績を持つ。導入顧客の中には、サントリーホールディングス、ENEOSホールディングス、日本たばこ産業（JT）などがある。

### HOTカテゴリ

#AI　#IoT/ハード　#スポーツ　#環境　#VR　#教育　#飲食　#起業家教育

### ランキング

1　北九州市のコ...トアップ支援6... 

2　2023年 IT業界...【4/4更新 10件... 

3　「Nature Rem...ト、ダイキン... 

4　ロボット、マ...ックで社会課... 

5　熊本の天然資...ジン「KUMAM... 

6　ワープスペー...通信システム... 

7　広島からユニ...指すスタート... 

8　ChatGPTと連...ーザーの未来... 

9　世代の... なる社会... 

10　Shields...なる新素材 


LegalForceの導入実績


LegalForceキャビネの導入実績

　大学卒業後、弁護士として勤務した経験を持つ角田氏は、LegalForceのミッションを「すべての契約リスクを制御可能にする」ことだと説明する。「契約はビジネスにおいて不可欠なもの。事業上のリスクを守るために結ぶのが契約だが、その契約自体にもリスクが潜んでいる。テクノロジーの力を使うことで、契約書を扱う企業の法務部門、法律事務所の先生を支援したい」（角田氏）。

　これまで2018年3月のシード投資以来、シリーズA、B、Cと資金調達を重ねてきた。これまでの投資家には、WiL, LLC、みずほキャピタル、三菱UFJキャピタルなどが名を連ねている。

　そして、今回のシリーズDでは約137億円を調達。AIプレイヤーを中心にグローバルで投資をしているSoftBank Vision Fund 2がリード投資家となり、シリコンバレーの有力VCであるSequoiaのアジア部門Sequoia China、Goldman Sachsと、名だたる投資家が揃った。角田氏は「2021年の世界のユニコーンに投資しているベンチャーキャピタルインデックスにおいて上位5社のうち、3社に参加をいただいた」と胸を張った。

　シリーズDには既存の投資家も継続して参加をしており、累計の調達総額は179億円となった。


各シリーズでのエクイティでの資金調達額

　調達した資金の使途としては、「人材」「開発」「営業体制」「マーケティング」「新事業」と大きく5つを考えているという。

　中でも「新事業」として紹介されたのが、海外進出だ。最初に狙うは米国市場という。「英語圏は1000社を超えるリーガルテックのスタートアップが存在してい


ASCII STARTUP メルマガ登録

【スタッフ募集】編集



特集

ASCII STARTUP イベン

堺市・中百舌鳥の社会
ョン

STARTUP×知財戦略

Project PLATEAU by N

JOIC：オー
創造協議会

連載

JAPAN INNOVATION D

知財で読み解くITビジ

研究開発型イノベーシ
ディ

ASCII STARTUP 今週の

5分で読める日本オー
録

ASCII STARTUP ライト

IoT H/W BIZ DAY 2022

このスタートアップに

AS　　　　ACAD


PAGE TOP

ASCII STARTUP

**特集**　**連載**　**動画**　**カテゴリ**　**✈ メ**

同社で調査したところ「LegalForceと同様の（AI契約審査）サービスはまだ市場にはない」とのこと。「日本の製品をそのまま英語にするのではなく、アメリカの市場や契約実務にフィットしたプロダクトをきちんと作りたい」とした。

具体的には、来年（2023年）3月までに市場調査を完了し、初期プロダクトを投入する計画だという。



米国市場にはまだLegalForceと同様のサービスは「有力企業不在」と分析している

すでにグローバル戦略部も立ち上げており、責任者として、BNPパリバなど財務領域でキャリアを積んだJP Biard氏が部長に着任している。

角田氏はLegalForceの強みとして、（1）機械知性研究部門を設置し、AI、自然言語処理の研究を行っている、（2）京都大学とAI分野での共同研究を実施、（3）開発専任の弁護士が多数在籍、（4）法律事務所とプロダクト開発において連携している、の4つを挙げた。

さらに企業としての強みとして、（1）実績、（2）高い参入障壁、（3）未開拓の市場、の3つがあると分析した。「契約書は言語で作られるが、言語を扱う技術は開発難易度が高い。さらに、AIを活用する上で一定の法律知識がなければ正しいプロダクトを開発することは難しい」（角田氏）。

契約業務はこれまでアナログ、手作業だったが、「ソフトウェアを使って法務業務の品質や生産性を上げるという流れが今後出てくる」と予想した。

■関連サイト
▸ LegalForce

## 合わせて読みたい編集者オススメ記事


依頼された案件を一元管理、AI契約審査プラットフォーム「LegalForce」の案件管理機能がアップデート
2022.02.18


契約書レビューのLegalForceの導入が1000社突破　新サービスやテレビCMも
2021.07.07


契約書のレビューを支援するLegalForce、CTOと事業開発担当が語る
2019.04.01

**アーカイブ**

| 2023 | 01 | 02 | 03 | 04 | 05 |
| 2022 | 01 | 02 | 03 | 04 | 05 | 06 | 0 |
| 2021 | 01 | 02 | 03 | 04 | 05 | 06 | 0 |
| 2020 | 01 | 02 | 03 | 04 | 05 | 06 | 0 |
| 2019 | 01 | 02 | 03 | 04 | 05 | 06 | 0 |
| 2018 | 01 | 02 | 03 | 04 | 05 | 06 | 0 |
| 2017 | 01 | 02 | 03 | 04 | 05 | 06 | 0 |
| 2016 | 01 | 02 | 03 | 04 | 05 | 06 | 0 |
| 2015 | 10 | 11 | 12 |




PAGE TOP

ASCII STARTUP

特集 連載 動画 カテゴリ メ

Panasonic | 富士通 | DELL | マウスコンピューター | dynabook | マカフィー | ELECOM | 日本HP | iiyama PC | ドスパラ | AMD | Radeon | TSUKUMO | Sycom | ASUS ROG | Acer | パ
弥生 | NETGEAR | HUAWEI | JAWS-UG | さくら | Xperia | FOSSIL GROUP | kintone | Acrobat | HTC | ダイドー | Planetway | SHARP | ESET | Azure | ひかりTVショッピング | arro
LINE Clova | DMM GAMES | CITIZEN Smart Watch | モダンPC | LINE WORKS | FRONTIER | v6プラス | MSI | GIGABYTE | カゴヤのサーバー研究室 | ViewSonic
Samsung SSD | LAVIE | Lenovo | STORM | Autoジョブ名人 | ASRock | Veeam Software | Razer | XPG | Crucial | VAIO | Google Cloud | G123 | SORACOM | Dropbox | ASUS | イノラボ | ふるさ
アスキーキッズ | 格安SIM | 電力自由化 | SAO | Windows | Steam | 家電ASCII | アスキーTV | アスキーグルメ | アスキーストア | 倶楽部情報局 | Team Leaders | プログラミング+ | HealthTe
FinTech | レジャー&ショッピング | 地域innovation | 地方活性 | SDGs
今日の必読記事 | 週刊アスキー | アスキーストア | デジタル用語辞典 | mobileASCII | MITテクノロジーレビュー |
ラーメンWalker | エリアLOVEWalker | 横浜LOVEWalker | 西新宿LOVEWalker | 夜景LOVEWalker | 九州LOVEWalker | 丸の内LOVEWalker

| サイトポリシー | プライバシーポリシー | 運営会社 | お問い合わせ | 広告掲載 |

© KADOKAWA ASCII Research Laboratories, Inc. 2023



# EXHIBIT 5

to Declaration of Hirofumi Tada



# Company Information

**会社情報**

## 会社概要

**商号**

株式会社LegalOn Technologies
（英語名 LegalOn Technologies, Inc.）

**設立**

2017年4月21日

**事業内容**

法律業務に関するソフトウェアの開発・提供

**資本金等**

178.5億円（資本準備金等含）（2022年6月現在）

**株主**

DIMENSION株式会社
Goldman Sachs Asset Management
ジャフコ グループ株式会社
京都大学イノベーションキャピタル株式会社
三菱UFJキャピタル株式会社
みずほキャピタル株式会社
Sequoia China
SMBCベンチャーキャピタル株式会社
SoftBank Investment Advisers
株式会社WiL
エンジェル投資家 等
（アルファベット順）

**所在地**

〒135-0061
東京都江東区豊洲3-2-20
豊洲フロント6階

東京メトロ・有楽町線 豊洲駅 1C出口より徒歩1分



LegalOn Technologies, Inc. （米国）

Google Mapで見る 🗗

## 沿革



**2017.04** ◎ 株式会社LegalForce 設立

**2018.03** ◎ シードラウンドで、約8,000万円を調達

**2018.04** ◎ 「LegalForce」クローズドβ版リリース



**2018.08** ◎ 「LegalForce」オープンβ版リリース



**2018.11** ◎ シリーズAラウンドで約5億円の資金調達を実施

**2019.04** ◎ 「LegalForce」正式版リリース



**2019.07** ◎ 築地オフィスから日比谷オフィスへ移転



**2019.08** ◎ LegalForce導入社数100社突破

**2020.04** ◎ シリーズBラウンドで、総額約10億円の資金調達を実施

**2020.04** ◎ 「Marshall（LegalForceキャビネ）」クローズドβ版リリース





**2020.08**　◎　LegalForce Conference初開催



**2021.01**　◎　「Marshall（LegalForceキャビネ）」正式版リリース



**2021.02**　◎　シリーズCラウンドにおいて総額30億円を調達

**2021.05**　◎　日比谷オフィスから豊洲オフィスへ移転



**2021.07**　◎　LegalForce、LegalForceキャビネ初のCM放映

**2021.07**　◎　LegalForce導入社数1,000社突破



**2022.03**　◎　LegalForce導入社数2,000社突破





**2022.06**　　○　シリーズDラウンドにおいて総額約137億円を資金調達



**2022.07**　　○　LegalForceキャビネ導入社数500社突破



**2022.09**　　○　LegalForce導入社数2,500社突破



**2022.11**　　○　広末涼子さん起用の第2弾CM放映



　　　　　　　　○　LegalForceキャビネ導入社数600社突破



**2022.12**　　○　株式会社LegalForceから株式会社LegalOn Technologiesに商号変更





**2023.03** ◎ LegalForceキャビネ導入社数800社突破



私たちについて ➤
_____

会社情報 ➤
_____

役員紹介 ➤
_____



| About | Service | News |
|-------|---------|------|
| Recruit | Ad Gallery | LegalOn Now |
| Contact | US website | |

プレスキット　プライバシーポリシー

© 2023 LegalOn Technologies, Inc. all rights reserved

# EXHIBIT 6

to Declaration of Hirofumi Tada



# News

ニュースリリース

プレスリリース お知らせ    |    #コーポレート

**2022.12.1**

【社名変更のお知らせ】 「LegalForce」から「LegalOn Technologies」に生まれ変わり グローバルで始動します 〜 法とテクノロジーの力で、安心して前進できる社会を創る。〜

株式会社LegalForce（本社：東京都江東区　代表取締役：角田望、以下LegalForce）はかねてよりお伝えしておりましたように、**法とテクノロジーの力で、安心して前進できる社会を創る。**」を、弊社が社会に提供する価値、存在意義であるパーパスとして策定し、本日12月1日より社名を「**LegalOn Technologies**」に変更し、始動します。

加えて、米国においてもLegalOn Technologies, Inc.を米国法人として設立し（以下、日本法人と区別し「LegalOn Technologies US」とします。）、CEOを迎え本格的なグローバル展開を開始します。



## パーパス「法とテクノロジーの力で、安心して前進できる社会を創る。」

弊社は、弊社が社会に提供する価値、存在意義としてパーパスを策定しました。
「テクノロジー」を駆使して「法」を正しく理解して使いこなすことができれば、不測のトラブルを防止し、安心して前に進むための基盤ができると信じており、私たちは法とテクノロジーの力で安心して前進できる社会を創っていくという思いを込めました。

LegalOn Technlogiesパーパス詳細

## 「**LegalOn Technologies**」としてグローバル展開を開始します



Technologies」を採用しました。このたび、LegalOn Technologies USを設立し、ダニエル・ルイス（Daniel Lewis）をCEOとして迎え、米国でのサービス展開を本格化させてまいります。

## LegalOn Technologies US CEO ダニエル・ルイス（**Daniel Lewis**）について

スタンフォード大学ロースクールで法学博士（JD）を取得後、2012年8月リーガルテックのスタートアップ「Ravel」を創業。1,400万ドルの資金調達を成功させ、2017年に業界トップのLexisNexisに売却。米国、カナダ、英国で最大300人の社員を抱えるチームを率いるまでに事業を拡大させました。リーガルテックスタートアップ起業経験と法学博士としての資格と経験を活かし、2022年10月にLegalOn Technologies USのCEOとして参画し、米国市場へリーガルテックイノベーションを提供してまいります。

US teaserサイト



## ＜ダニエル・ルイスからのコメント＞

多くの顧問弁護士や社内の法務チームは、秘密保持契約や売買契約などの大量の契約書を迅速に、かつ正確にレビューすることを求められています。リーガルオンの製品は、洗練されたAIと法務知識を組み合わせ、契約業務の品質を向上させ、かつ効率化させることが可能です。

それにより、顧問弁護士や法務チームが契約業務における課題を解決し、重要かつ戦略的な業務に集中できるよう支援することができます。

今回、日本ではすでに2,500社以上が導入している「LegalForce」と同様のサービスを米国市場へも展開し、リーガルテックイノベーションを提供できることを非常に楽しみにしています。



2023年1月より、AIで契約書審査をサポートするAI契約書レビューサービスの提供を開始します。お客様のご意見を踏まえながら改善と改良を加え、2023年前半には正式版のサービスを展開してまいります。ぜひご期待ください。

私たちは「LegalOn Technologies」の社名のもとに、より一層大きく事業を飛躍させ、法とテクノロジーの力で安心して前進できる社会を創ってまいります。

※AI契約審査プラットフォーム「LegalForce」、AI契約管理システム「LegalForceキャビネ」は名称の変更はなく、従来通り提供させていただきます。

## 関連記事



プレスリリース
コーポレート

LegalOn Technologies、アメリカ・ラスベガスで開催の 世界的リーガルテックカンファレンス「CLOC GLOBAL INSTITUTE」 に日本企業として初出展！ 〜US向けAI契約レビュー支援ソフトウェア「LegalOn Review」搭載 OpenAIのGPT技術を活用した契約書の修正文案表示機能「AI Revise」を初披露〜

**2023.05.18**



プレスリリース
LegalForce, 導入事例

M&A、海外案件などの企業「LegalForce」を導入。 契質も向上し、クライアント

**2023.05.18**



| About | Service | News |
|---|---|---|
| Recruit | Ad Gallery | LegalOn Now |
| Contact | US website | |



© 2023 LegalOn Technologies, Inc. all rights reserved

# EXHIBIT 7

to Declaration of Hirofumi Tada

# United States of America

## United States Patent and Trademark Office



**Reg. No. 4,346,898**

**Registered June 4, 2013**

**Int. Cl.: 45**

**SERVICE MARK**

**PRINCIPAL REGISTER**

RAJ ABHYANKER (UNITED STATES INDIVIDUAL)
SUITE 8
1580 W. EL CAMINO REAL
MOUNTAIN VIEW, CA 94040

FOR: LEGAL SERVICES, NAMELY, LAW FIRM SERVICES SPECIALIZING IN ADMINIS-
TRATIVE, TRANSACTIONAL, LITIGATION, CIVIL AND CRIMINAL MATTERS; LEGAL
DOCUMENT PREPARATION AND RESEARCH SERVICES FOR ATTORNEYS; PROVIDING
GENERAL INFORMATION IN THE FIELD OF LEGAL SERVICES VIA A GLOBAL COM-
PUTER NETWORK; LEGAL SERVICES; LEGAL RESEARCH, IN CLASS 45 (U.S. CLS. 100
AND 101).

FIRST USE 11-21-2012; IN COMMERCE 11-21-2012.

OWNER OF U.S. REG. NO. 4,227,650.

THE COLOR(S) ORANGE, GREY AND WHITE IS/ARE CLAIMED AS A FEATURE OF THE
MARK.

THE MARK CONSISTS OF AN ORANGE SQUARE WITH CLIPPED CORNERS IN THE UPPER
LEFT AND BOTTOM RIGHT SIDES CONTAINING A WHITE "L" AND AN ORANGE "F"
WITH THE WORDS "LEGALFORCE" IN GREY TO THE RIGHT.

SER. NO. 85-785,842, FILED 11-21-2012.

BRIDGETT SMITH, EXAMINING ATTORNEY



*Teresa Stanek Rea*

Acting Director of the United States Patent and Trademark Office

# EXHIBIT 8

to Declaration of Hirofumi Tada

（１９０）【発行国】日本国特許庁（ＪＰ）
（４５０）【発行日】令和４年３月２８日（２０２２．３．２８）
【公報種別】商標公報
（１１１）【登録番号】商標登録第６５２９７７６号（Ｔ６５２９７７６）
（１５１）【登録日】令和４年３月１７日（２０２２．３．１７）
（５４０）【登録商標】



（５００）【商品及び役務の区分の数】７
（５１１）【商品及び役務の区分並びに指定商品又は指定役務】
第９類　契約書作成・管理支援のためのアプリケーションソフトウェア，電子計算機，電子計算機周辺機器，
電子応用機械器具及びその部品，電子計算機用ハードウェア，電子計算機用ソフトウェア，アプリケーション
用ソフトウェア，電子計算機用プログラム，インターネットを利用して受信し及び保存することができる画像
ファイル，録画済みビデオディスク及びビデオテープ，電子出版物，データ処理装置
第３５類　広告用コンセプトの開発，広告物のレイアウト，人材の紹介及びあっせん，職業のあっせん，人材
の紹介及びあっせんに関するコンサルティング・情報の提供，広告業，広告に関するコンサルティング・情報
の提供，新聞記事情報の提供，経営の診断又は経営に関する助言，企業のリスクマネジメントのための調査又
は分析，市場調査又は分析，ビジネスコンサルティング，マーケティングに関するコンサルティング・情報の
提供，デジタルデータの収集・分析・管理用コンピュータデータベースへの入力処理及びこれに関する情報の
提供，コンピュータデータベースへの情報編集及びこれに関する情報の提供，コンピュータデータベースの検
索の代行及びこれに関する情報の提供，文書の複製，文書又は磁気テープのファイリング
第３６類　コンピュータネットワークを利用した支払代金の決済の代行，クレジットカード利用者に代わって
する支払代金の清算，デビットカード利用者に代わってする支払代金の決済，電子マネー利用者に代わってす
る支払代金の決済，前払式支払手段の発行，商品代金の徴収の代行，税務相談に関する情報の提供，投資・税
務計画・資金の貸付け・破産における金融又は財務に関する助言，投資に関するコンサルティング・情報の提
供，建物又は土地の鑑定評価に関するコンサルティング・情報の提供，建物又は土地の管理・貸与・売買に関
するコンサルティング・情報の提供
第３８類　電気通信（「放送」を除く。），報道をする者に対するニュースの供給
第４１類　セミナーの企画・運営又は開催，電子出版物の提供，書籍の制作，電子計算機用ソフトウェア等の
使用方法の教授，電子計算機及び電子計算機周辺機器の使用方法の教授，電子計算機及びデータ処理技術の教
育訓練，映写フィルム・録画済み磁気ディスク・磁気テープ等の複製，法律に関する知識の教授及びこれに関
する情報の提供，経営・税務・法務・財務に関する知識の教授，法律に関する講演会・講習会・セミナーの企
画・運営又は開催，経営・税務・法務・財務に関するセミナーの企画・運営又は開催，技芸・スポーツ又は知
識の教授，インターネットを利用して行う映像の提供，教育・文化・娯楽・スポーツ用ビデオの制作（映画・
放送番組・広告用のものを除く。），興行の企画・運営又は開催（映画・演芸・演劇・音楽の演奏の興行及び
スポーツ・競馬・競輪・競艇・小型自動車競走の興行に関するものを除く。）
第４２類　電子計算機用プログラムの設計・作成又は保守，電子計算機用ソフトウェアの設計・作成又は保
守，電子計算機用プログラムの貸与，電子計算機用ソフトウェアの貸与，インターネット上の電子記憶領域の

(2)

貸与，電子計算機用プログラムの提供，電子計算機用ソフトウェアの提供，コンピュータシステムの分析及び
これに関する情報の提供，科学技術情報の提供，デザインの考案，販売促進用材料のグラフィックデザインの
考案，ウェブサイトのホスティング，データ・ファイル・アプリケーションのホスティング，電子計算機・電
子計算機用プログラム及び電子計算機用ソフトウェアその他の用途に応じて的確な操作をするためには高度
の専門的な知識・技術又は経験を必要とするものの性能・操作方法等に関する紹介及び説明，電子計算機用
ハードウェアの設計及び開発，機械・装置若しくは器具（これらの部品を含む。）又はこれらの機械等により構
成される設備の設計，電子計算機に格納された又は入出力される電子データに対する電子計算機用プログラム
による監視，電子計算機を用いて行うデジタルデータの復元又は復旧，電子計算機を用いて行うデータ処理，
証拠保全用のコンピュータシステム・データ処理装置の研究開発，デジタルデータの解析・解析結果の開示に
関する電子計算機用プログラムの研究開発，デジタルデータの分類・抽出・変換および加工に関する電子計算
機用プログラムの研究開発，情報処理技術及び通信技術の調査・研究・開発に関するコンサルティング，科学
技術の調査・研究・開発に関するコンサルティング
第４５類　契約書その他の権利義務又は事実証明に関する書類作成に関するコンサルティング・情報の提供，
法律業務に関する情報の提供，法律相談，法律業務に関するコンサルティング，インターネット上での紛争を
処理するための仲裁・調停，裁判外の法的紛争に関するインターネット上での解決支援，知的財産権に関連す
る先行文献の調査又は分析，データベース化した情報を用いて行う訴訟事件その他の法律事件に関する調査又
は分析，オンラインによるソーシャルネットワーキングサービスの提供，社会保険に関するコンサルティン
グ・情報の提供，個人の身元又は行動に関する調査
【国際分類第１１版】
（２１０）【出願番号】商願２０２１－８５５１３（Ｔ２０２１－８５５１３）
（２２０）【出願日】令和３年７月８日（２０２１．７．８）
（７３２）【商標権者】
【識別番号】７１７００５１３２
【氏名又は名称】株式会社ＬｅｇａｌＦｏｒｃｅ
【住所又は居所】東京都江東区豊洲三丁目２番２０号豊洲フロント６階
（７４０）【代理人】
【識別番号】１０００７８２８２
【弁理士】
【氏名又は名称】山本　秀策
（７４０）【代理人】
【識別番号】１００１１３４１３
【弁理士】
【氏名又は名称】森下　夏樹
（７４０）【代理人】
【識別番号】１００１８１６７４
【弁理士】
【氏名又は名称】飯田　貴敏
（７４０）【代理人】
【識別番号】１００１８１６４１
【弁理士】
【氏名又は名称】石川　大輔
（７４０）【代理人】
【識別番号】２３０１１３３３２
【弁護士】
【氏名又は名称】山本　健策
（７４０）【代理人】
【識別番号】２３０１１８８９８
【弁護士】
【氏名又は名称】井▲高▼　将斗
【法区分】平成２３年改正

⑶

【審査官】藤田　和美
（５６１）【称呼（参考情報）】エルエフ
【検索用文字商標（参考情報）】ＬＦ
【類似群コード（参考情報）】
第９類　１１Ｃ０１、１１Ｃ０２、２４Ｅ０２、２６Ａ０１、２６Ｄ０１
第３５類　３５Ａ０１、３５Ａ０２、３５Ｂ０１、３５Ｄ０１、３５Ｇ０２、３５Ｇ０３、４２Ｇ０４、４２Ｐ０２
第３６類　３６Ａ０１、３６Ａ０２、３６Ａ０３、３６Ｂ０１、３６Ｄ０１、３６Ｈ０１、３６Ｊ０１
第３８類　３８Ａ０１、３８Ｃ０１
第４１類　４０Ｄ０１、４１Ａ０１、４１Ａ０３、４１Ｃ０２、４１Ｄ０１、４１Ｅ０２、４１Ｅ０５、４１Ｆ０６
第４２類　４２Ｎ０３、４２Ｐ０１、４２Ｐ０２、４２Ｐ０３、４２Ｑ０１、４２Ｑ０２、４２Ｑ０３、４２Ｑ９９、４２Ｘ１１
第４５類　４２Ｈ０１、４２Ｒ０１、４２Ｒ０２、４２Ｒ０３、４２Ｕ０１
（５３１）【ウィーン分類（参考情報）】２６．３．２３；２６．５．１；２６．５．１０；２６．５．１２；２６．５．１９；２６．７．２５；２６．１１．１；２６．１１．６；２６．１１．９；２６．１１．１０；２６．１３．２５．９２；２６．１３．２５．９３；２７．１．１；２７．１．３；２７．１．４；２７．１．２５；２７．５．１．６；２７．５．１．１２；２７．５．８；２７．５．２３．９２

# EXHIBIT 9

to Declaration of Hirofumi Tada



# News

**ニュースリリース**

プレスリリース  |  #LegalForce, 機能, コーポレート

**2022.9.22**

## AI契約審査プラットフォーム「LegalForce」、 Oktaの「Okta Integration Network」に登録 〜LegalForceとのシングルサインオン （SSO）の設定作業を、数クリックで設定が可能に〜

AI契約審査プラットフォーム「LegalForce」を提供する株式会社LegalForce（本社：東京都江東区 代表取締役社長：角田望、以下LegalForce）は、アイデンティティ管理・認証基盤プラットフォーム 「Okta Identity Cloud」と事前連携する7,300以上のアプリテンプレート群「Okta Integration Network」（OIN）への登録が完了したことをお知らせします。これにより、LegalForceとのシングル サインオン（SSO）の設定作業を、数クリックで迅速に設定できるようになります。

 × 

## AI契約審査プラットフォーム「**LegalForce**」とは



しをサポートします。法改正にも対応し、日・英合わせて約50類型の契約書レビューを支援します。また700点を超える弁護士が監修した契約書ひな形の提供や差分比較など、テクノロジーで契約審査の効率化と品質向上を支援します。2019年4月に正式版を提供開始し、約3年を経て、2022年3月現在2,000社を超える企業・法律事務所に有償契約にてご利用をいただいています。

## Oktaの「Okta Integration Network」とは

Oktaは、すべての人のアイデンティティとアクセスを安全に管理するベンダーニュートラルなサービスプロバイダーです。クラウド、オンプレミスを問わず、適切な人に適切なテクノロジーを適切なタイミングで安全に利用できるようになるアイデンティティ管理・認証基盤プラットフォーム「Okta Identity Cloud」を提供しています。中でも「Okta Integration Network」は、「Okta Identity Cloud」と事前連携する7,300以上のアプリテンプレート群を指します。

今回、「LegalForce」がOINに登録されたことにより、Oktaを利用する組織や企業のIT管理者は、「LegalForce」とのSAML認証方式を利用したシングルサインオン（SSO）の設定作業を、数クリックで迅速に設定できるようになります。

LegalForceでは、今後もお客様の利便性や安全性を向上させ、企業法務における業務の品質向上と効率化を実現するソフトウェアの開発・提供を行ってまいります。

## 関連記事







プレスリリース
コーポレート

プレスリリース
LegalForce, 導入事例

LegalOn Technologies、アメリカ・ラスベガスで開催の 世界的リーガル
テックカンファレンス「CLOC GLOBAL INSTITUTE」 に日本企業として
初出展！ 〜US向けAI契約レビュー支援ソフトウェア「LegalOn Review」
搭載 OpenAIのGPT技術を活用した契約書の修正文案表示機能「AI
Revise」 を初披露〜

M&A、海外案件などの企業
「LegalForce」を導入。 契
質も向上し、クライアント

2023.05.18

2023.05.18



**About**

**Service**

**News**

**Recruit**

**Ad Gallery**

**LegalOn Now**

**Contact**

**US website**

プレスキット　プライバシーポリシー

© 2023 LegalOn Technologies, Inc. all rights reserved

# EXHIBIT 10

to Declaration of Hirofumi Tada

## REQUEST FOR EXTENSION OF PROTECTION

### SERIAL NUMBER: 79347079

### FILING DATE: 12/20/2021

**The table below presents the data as entered.**

| Input Field | Entered |
|---|---|
| **MARK SECTION** | |
| IMAGE | \\TICRS\EXPORT18\IMAGEOUT18\793\470\79347079\xml1\APP0002.JPG |
| COLLECTIVE, CERTIFICATE OR GUARANTEE MARK | NO |
| MARK IN STANDARD CHARACTERS | NO |
| MARK IN COLOR | NO |
| THREE DIMENSIONAL MARK | NO |
| SOUND MARK | NO |
| TM IMAGE: COLOR | Grey Scale |
| IMAGE FILE NAME | \\TICRS\EXPORT18\IMAGEOUT18\793\470\79347079\xml1\APP0002.JPG |
| TYPE (IMAGE TYPE) | JPG |
| TEXTUAL ELEMENTS OF MARK | LF |
| **HOLDER DETAILS** | |
| CLIENT IDENTIFIER | 1425486 |
| NOTIFICATION LANGUAGE | ENGLISH |
| NAME | LegalForce, Inc. |
| ADDRESS | 6th floor, Toyosu Front, 3-2-20, |
| | Toyosu, Koto-ku |
| | Tokyo 135-0061 |
| COUNTRY | Japan |
| ENTITLEMENT NATIONALITY OF APPLICANT/TRANSFEREE/HOLDER | Japan |
| LEGAL NATURE | Corporation |
| LEGAL NATURE: PLACE INCORPORATED | Japan |
| CORRESPONDENCE INDICATOR | YES |
| **BASIC GOODS AND SERVICES** | |
| VERSION OF NICE CLASSIFICATION USED | 11-2021 |
| NICE CLASSIFICATION | 09 |
| GOODS AND SERVICES | Application software for supporting preparation and management of contracts; computers; computer peripherals; electronic machines, apparatus and their parts; computer hardware; computer software; application software; computer programs; downloadable image files; recorded video discs and video tapes; electronic publications; data processing apparatus. |
| NICE CLASSIFICATION | 35 |
| | Development of advertising concepts; layout services for advertising purposes; |

| | |
|---|---|
| GOODS AND SERVICES | personnel placement services; employment agency services; consultancy and providing information relating to personnel placement services; advertising and publicity services; consultancy and providing information relating to advertising; news clipping services; business management analysis or business consultancy; research or analysis for risk management of companies; marketing research or analysis; business consulting; consultancy and providing information relating to marketing; input processing services into computer database for collecting, analysing, managing digital data, and providing information relating thereto; compilation of information into computer databases and providing information relating thereto; computer database retrieval services and providing information relating thereto; duplication of documents; office functions, namely filing, in particular documents or magnetic tapes. |
| NICE CLASSIFICATION | 36 |
| GOODS AND SERVICES | Payment services using computer networks; processing of credit card payments; processing of debit card payments; electronic funds transfer and payment services; issuance of tokens of value; consigned collection of payment for goods; providing information about advisory services relating to tax planning; financial advisory services relating to investment, tax planning, loan financing and insolvency; consultancy and providing information relating to investment; consultancy and providing information relating to real estate appraisal; consultancy and providing information relating to management, rental and purchase and sale of real estate. |
| NICE CLASSIFICATION | 38 |
| GOODS AND SERVICES | Telecommunication, other than broadcasting; news agency services. |
| NICE CLASSIFICATION | 41 |
| GOODS AND SERVICES | Arranging, conducting and organization of seminars; providing electronic publications; publication of books; instruction services in the field of the usage of computer software; instruction services in the field of the usage of computers and computer peripherals; educational training services in the field of computers and data processing technology; dubbing of exposed cinematographic films, recorded magnetic disks and magnetic tapes; educational services in the field of law and providing information relating thereto; educational services in the field of business management, tax affairs, legal affairs and financial affairs; arranging, conducting and organization of conference, workshops and seminars relating to law; arranging, conducting and organization of seminars relating to business management, tax affairs, legal affairs and financial affairs; educational and instruction services relating to arts, crafts, sports or general knowledge; providing videos from the internet, not downloadable; production of videotape film in the field of education, culture, entertainment or sports [not for movies or television programs and not for advertising or publicity]; organization of entertainment events excluding movies, shows, plays, musical performances, sports, horse races, bicycle races, boat races and auto races. |
| NICE CLASSIFICATION | 42 |
| GOODS AND SERVICES | Computer software design, computer programming, or maintenance of computer software; design, creation or maintenance of computer software; rental of computer programs; rental of computer software; rental of electronic memory space on the Internet; providing computer programs on data networks; providing temporary use of non-downloadable computer software; computer system analysis and providing information relating thereto; providing information about scientific technology; design services; graphic design of promotional materials; hosting web sites; hosting of computerized data, files, applications and information; technological advice relating to the performance and operation of computers, computer programs and computer software and the other equipment requiring highly specialized knowledge, technology or experiences for performing accurate operations according to the purposes; design and development of computer hardware; designing of machines, apparatus, instruments [including their parts] or systems composed of such machines, apparatus and instruments; monitoring of electronic data stored in or input and output from computers by computer programs; restoration or recovery of digital data using computers; data processing by using computers in the nature of document data |

|  | transfer from one computer format to another, data encryption and decoding services; electronic data back-up, conversion of data or documents from physical to electronic media, and data migration services; research and development of computer systems and data processing apparatus for evidence preservation; research and development of computer programs relating to digital data analysis and disclosure of analysis results; research and development of computer programs relating to classification, extraction, conversion and processing of digital data; consultancy relating to research and development of information processing technology and telecommunication technology; consultancy relating to research and development of scientific technology. |
|---|---|
| NICE CLASSIFICATION | 45 |
| GOODS AND SERVICES | Legal consultancy and providing legal information relating to preparation of contracts and other documents about rights and obligations or certification of facts; providing information relating to legal services; legal consultation; consultancy services relating to legal services; arbitration and mediation to process disputes on the Internet; resolution assistance relating to alternative legal disputes on the Internet; legal research or analysis of prior literature in connection with intellectual property; research or analysis relating to lawsuits or other legal cases conducted using information stored in database; online social networking services; legal consultancy and providing legal information relating to social insurance claims; investigation or surveillance services for checking background profiles. |

## PARIS PRIORITY DETAILS

| PARIS PRIORITY CODE: | Japan |
|---|---|
| PARIS PRIORITY APPLICATION NUMBER | 2021-085513 |
| PARIS PRIORITY APPLICATION DATE | 07/08/2021 |

## BASE REGISTRATION DETAILS

| BASE APPLICATION NUMBER | 2021-085513 |
|---|---|
| BASE APPLICATION DATE | 07/08/2021 |

## REPRESENTATIVE DETAILS

| CLIENT IDENTIFIER | 1425487 |
|---|---|
| NAME | YAMAMOTO Shusaku |
| ADDRESS | c/o SHUSAKU YAMAMOTO PATENT LAW OFFICES, |
|  | GRAND FRONT OSAKA TOWER C, |
|  | 3-1 Ofuka-cho, Kita-ku, |
|  | Osaka-shi |
|  | Osaka 530-0011 |
| COUNTRY | Japan |

## INTENT TO USE GROUP

| CONTRACTING PARTY CODE | United States of America |
|---|---|

## DESIGNATIONS

| DESIGNATIONS UNDER THE PROTOCOL | United States of America |
|---|---|

## INTERNATIONAL REGISTRATION DETAILS

| INTERNATIONAL REGISTRATION NUMBER | 1677142 |
|---|---|
| INTERNATIONAL REGISTRATION DATE OF MARK | 12/20/2021 |
| INTERNATIONAL REGISTRATION EXPIRY DATE | 12/20/2031 |

| | |
|---|---|
| EFFECTIVE DATE OF MODIFICATION | 12/20/2021 |
| NOTIFICATION DATE | 08/11/2022 |
| DATE OF RECORDAL IN INTERNATIONAL REGISTER | 07/27/2022 |
| IB DOCUMENT ID | 1549425001 |
| OFFICE OF ORIGIN CODE | Japan |
| OFFICE REFERENCE | 79347079 |
| TRANSACTION TYPE VALUES | Initial Designation |
| ORIGINAL LANGUAGE | ENGLISH |
| INSTRUMENT UNDER WHICH CONTRACTING PARTY IS DESIGNATED | Protocol |
| DURATION OF MARK (YEARS) | 10 |
| VIENNA CLASSIFICATION VERSION USED | 8 |
| VIENNA CLASS | 2603 |
| VIENNA CLASS | 2605 |
| VIENNA CLASS | 2705 |



**For assistance with TSDR**, email **teas@uspto.gov** and include your serial number, the document you are looking for, and a screenshot of any error messages you have received.

**STATUS**    **DOCUMENTS**            <u>Back to Search</u>      Print

| | |
|---|---|
| **Generated on:** | This page was generated by TSDR on 2023-05-24 19:45:24 EDT |
| **Mark:** | LF |



| | | | |
|---|---|---|---|
| **US Serial Number:** | 79347079 | **Application Filing Date:** | Dec. 20, 2021 |
| **Register:** | Principal | | |
| **Mark Type:** | Trademark, Service Mark | | |

| | | |
|---|---|---|
| **TM5 Common Status Descriptor:** |  | DEAD/APPLICATION/Refused/Dismissed or Invalidated<br><br>This trademark application was refused, dismissed, or invalidated by the Office and this application is no longer active. |
| **Status:** | | U.S. application abandoned because International Registration restricted, renounced, or expired, in whole or in part. No transformation or petition to revive is allowed. |
| **Status Date:** | | Feb. 07, 2023 |
| **Date Abandoned:** | | Feb. 07, 2023 |

## Mark Information

| | |
|---|---|
| **Mark Literal Elements:** | LF |
| **Standard Character Claim:** | No |
| **Mark Drawing Type:** | 3 - AN ILLUSTRATION DRAWING WHICH INCLUDES WORD(S)/ LETTER(S)/NUMBER(S) |
| **Design Search Code(s):** | 26.15.21 - Polygons that are completely or partially shaded |

## Related Properties Information

| | |
|---|---|
| **International Registration Number:** | 1677142 |
| **International Registration Date:** | Dec. 20, 2021 |

## Goods and Services

**Note:**

The following symbols indicate that the registrant/owner has amended the goods/services:

- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- Asterisks *..* identify additional (new) wording in the goods/services.

| | |
|---|---|
| **For:** | Application software for supporting preparation and management of contracts; computers; computer peripherals; electronic machines, apparatus and their parts; computer hardware; computer software; application software; computer programs; downloadable image files; recorded video discs and video tapes; electronic publications; data processing apparatus |
| **International Class(es):** | 009 - Primary Class        **U.S Class(es):**   021, 023, 026, 036, 038 |
| **Class Status:** | SECTION 70 - CANCELLED |
| **Basis:** | 66(a) |
| **For:** | Development of advertising concepts; layout services for advertising purposes; personnel placement services; employment agency services; consultancy and providing information relating to personnel placement services; advertising and publicity services; consultancy and |

providing information relating to advertising; news clipping services; business management analysis or business consultancy; research or analysis for risk management of companies; marketing research or analysis; business consulting; consultancy and providing information relating to marketing; input processing services into computer database for collecting, analysing, managing digital data, and providing information relating thereto; compilation of information into computer databases and providing information relating thereto; computer database retrieval services and providing information relating thereto; duplication of documents; office functions, namely, filing, in particular documents or magnetic tapes

| | | |
|---|---|---|
| **International Class(es):** | 035 - Primary Class | **U.S Class(es):** 100, 101, 102 |
| **Class Status:** | SECTION 70 - CANCELLED | |
| **Basis:** | 66(a) | |

**For:** Payment services using computer networks; processing of credit card payments; processing of debit card payments; electronic funds transfer and payment services; issuance of tokens of value; consigned collection of payment for goods; providing information about advisory services relating to tax planning; financial advisory services relating to investment, tax planning, loan financing and insolvency; consultancy and providing information relating to investment; consultancy and providing information relating to real estate appraisal; consultancy and providing information relating to management, rental and purchase and sale of real estate

| | | |
|---|---|---|
| **International Class(es):** | 036 - Primary Class | **U.S Class(es):** 100, 101, 102 |
| **Class Status:** | SECTION 70 - CANCELLED | |
| **Basis:** | 66(a) | |

**For:** Telecommunication, other than broadcasting; news agency services

| | | |
|---|---|---|
| **International Class(es):** | 038 - Primary Class | **U.S Class(es):** 100, 101, 104 |
| **Class Status:** | SECTION 70 - CANCELLED | |
| **Basis:** | 66(a) | |

**For:** Arranging, conducting and organization of seminars; providing electronic publications; publication of books; instruction services in the field of the usage of computer software; instruction services in the field of the usage of computers and computer peripherals; educational training services in the field of computers and data processing technology; dubbing of exposed cinematographic films, recorded magnetic disks and magnetic tapes; educational services in the field of law and providing information relating thereto; educational services in the field of business management, tax affairs, legal affairs and financial affairs; arranging, conducting and organization of conference, workshops and seminars relating to law; arranging, conducting and organization of seminars relating to business management, tax affairs, legal affairs and financial affairs; educational and instruction services relating to arts, crafts, sports or general knowledge; providing videos from the internet, not downloadable; production of videotape film in the field of education, culture, entertainment or sports [not for movies or television programs and not for advertising or publicity]; organization of entertainment events excluding movies, shows, plays, musical performances, sports, horse races, bicycle races, boat races and auto races

| | | |
|---|---|---|
| **International Class(es):** | 041 - Primary Class | **U.S Class(es):** 100, 101, 107 |
| **Class Status:** | SECTION 70 - CANCELLED | |
| **Basis:** | 66(a) | |

**For:** Computer software design, computer programming, or maintenance of computer software; design, creation or maintenance of computer software; rental of computer programs; rental of computer software; rental of electronic memory space on the Internet; providing computer programs on data networks; providing temporary use of non-downloadable computer software; computer system analysis and providing information relating thereto; providing information about scientific technology; design services; graphic design of promotional materials; hosting web sites; hosting of computerized data, files, applications and information; technological advice relating to the performance and operation of computers, computer programs and computer software and the other equipment requiring highly specialized knowledge, technology or experiences for performing accurate operations according to the purposes; design and development of computer hardware; designing of machines, apparatus, instruments [including their parts] or systems composed of such machines, apparatus and instruments; monitoring of electronic data stored in or input and output from computers by computer programs; restoration or recovery of digital data using computers; data processing by using computers in the nature of document data transfer from one computer format to another, data encryption and decoding services, electronic data back-up, conversion of data or documents from physical to electronic media, and data migration services; research and development of computer systems and data processing apparatus for evidence preservation; research and development of computer programs relating to digital data analysis and disclosure of analysis results; research and development of computer programs relating to classification, extraction, conversion and processing of digital data; consultancy relating to research and development of information processing technology and telecommunication technology; consultancy relating to research and development of scientific technology

| | | |
|---|---|---|
| **International Class(es):** | 042 - Primary Class | **U.S Class(es):** 100, 101 |
| **Class Status:** | SECTION 70 - CANCELLED | |
| **Basis:** | 66(a) | |

**For:** Legal consultancy and providing legal information relating to preparation of contracts and other documents about rights and obligations or certification of facts; providing information relating to legal services; legal consultation; consultancy services relating to legal services; arbitration and mediation to process disputes on the Internet; resolution assistance relating to alternative legal disputes on the Internet; legal

research or analysis of prior literature in connection with intellectual property; research or analysis relating to lawsuits or other legal cases conducted using information stored in database; online social networking services; legal consultancy and providing legal information relating to social insurance claims; investigation or surveillance services for checking background profiles

| | |
|---|---|
| International Class(es): | 045 - Primary Class |
| Class Status: | SECTION 70 - CANCELLED |
| Basis: | 66(a) |

U.S Class(es): 100, 101

## Basis Information (Case Level)

| | | | |
|---|---|---|---|
| Filed Use: | No | Currently Use: | No |
| Filed ITU: | No | Currently ITU: | No |
| Filed 44D: | No | Currently 44E: | No |
| Filed 44E: | No | Currently 66A: | Yes |
| Filed 66A: | Yes | Currently No Basis: | No |
| Filed No Basis: | No | | |

## Current Owner(s) Information

| | |
|---|---|
| Owner Name: | LegalOn Technologies, Inc. |
| Owner Address: | 6th floor, Toyosu Front, 3-2-20, Toyosu, Koto-ku Tokyo 135-0061 JAPAN |
| Legal Entity Type: | CORPORATION |
| State or Country Where Organized: | JAPAN |

## Attorney/Correspondence Information

**Attorney of Record - None**

**Correspondent**

| | |
|---|---|
| Correspondent Name/Address: | YAMAMOTO Shusaku c/o SHUSAKU YAMAMOTO PATENT LAW OFFICES, GRAND FRONT OSAKA TOWER C, Osaka 530-0011 JAPAN |

**Domestic Representative - Not Found**

## Prosecution History

| Date | Description | Proceeding Number |
|---|---|---|
| Feb. 27, 2023 | NOTIFICATION OF EFFECT OF CANCELLATION OF INTL REG MAILED | |
| Feb. 26, 2023 | DEATH OF INTERNATIONAL REGISTRATION | |
| Jan. 28, 2023 | CHANGE OF NAME/ADDRESS REC'D FROM IB | |
| Jan. 05, 2023 | REFUSAL PROCESSED BY IB | |
| Dec. 13, 2022 | NON-FINAL ACTION MAILED - REFUSAL SENT TO IB | |
| Dec. 13, 2022 | REFUSAL PROCESSED BY MPU | 72629 |
| Sep. 30, 2022 | NON-FINAL ACTION (IB REFUSAL) PREPARED FOR REVIEW | |
| Sep. 29, 2022 | NON-FINAL ACTION WRITTEN | 93935 |
| Sep. 25, 2022 | ASSIGNED TO EXAMINER | 93935 |
| Aug. 16, 2022 | APPLICATION FILING RECEIPT MAILED | |
| Aug. 12, 2022 | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED | |
| Aug. 11, 2022 | SN ASSIGNED FOR SECT 66A APPL FROM IB | |

## International Registration Information (Section 66a)

| | | | |
|---|---|---|---|
| International Registration Number: | 1677142 | International Registration Date: | Dec. 20, 2021 |
| Priority Claimed Flag: | Yes | Date of Section 67 Priority Claim: | Jul. 08, 2021 |
| Intl. Registration Status: | DEATH OF IR | Date of International Registration Status: | Feb. 07, 2023 |
| Notification of Designation Date: | Aug. 11, 2022 | Date of Automatic Protection: | Feb. 11, 2024 |
| International Registration Renewal Date: | Dec. 20, 2031 | | |
| First Refusal Flag: | Yes | Date International Registration Cancelled: | Feb. 07, 2023 |

## TM Staff and Location Information

**TM Staff Information**

| | | | |
|---|---|---|---|
| TM Attorney: | LARKEY, MICHAEL M | Law Office Assigned: | LAW OFFICE 116 |

**File Location**

| | | | |
|---|---|---|---|
| Current Location: | TMO LAW OFFICE 116 - EXAMINING ATTORNEY ASSIGNED | Date in Location: | Sep. 29, 2022 |

## Assignment Abstract Of Title Information

**Summary**

Conveyance Filter

| | | | |
|---|---|---|---|
| Total Assignments: | 2 | Applicant: | LegalOn Technologies, Inc. |

### Assignment 1 of 2

| | | | |
|---|---|---|---|
| Conveyance: | CHANGE OF NAME | | |
| Reel/Frame: | 7932/0201 | Pages: | 2 |
| Date Recorded: | Jan. 26, 2023 | | |
| Supporting Documents: | assignment-tm-7932-0201.pdf | | |

**Assignor**

| | | | |
|---|---|---|---|
| Name: | LEGALFORCE, INC. | Execution Date: | Dec. 14, 2022 |
| Legal Entity Type: | UNKNOWN | State or Country Where Organized: | NOT PROVIDED |

**Assignee**

| | | | |
|---|---|---|---|
| Name: | LEGALON TECHNOLOGIES, INC. | | |
| Legal Entity Type: | CORPORATION | State or Country Where Organized: | JAPAN |
| Address: | 6TH FLOOR, TOYOSU FRONT, 3-2-20, TOYOSU, KOTO-KU TOKYO 135-0061, JAPAN | | |

**Correspondent**

| | |
|---|---|
| Correspondent Name: | LEGALON TECHNOLOGIES, INC. |
| Correspondent Address: | 6TH FLOOR, TOYOSU FRONT, 3-2-20, TOKYO 135-0061 JAPAN |

**Domestic Representative - Not Found**

### Assignment 2 of 2

| | | | |
|---|---|---|---|
| Conveyance: | CHANGE OF NAME | | |
| Reel/Frame: | 7932/0203 | Pages: | 2 |
| Date Recorded: | Jan. 26, 2023 | | |
| Supporting Documents: | assignment-tm-7932-0203.pdf | | |

**Assignor**

|  |  |  |  |
|---|---|---|---|
| **Name:** | **LEGALFORCE, INC.** | **Execution Date:** | Dec. 14, 2022 |
| **Legal Entity Type:** | UNKNOWN | **State or Country Where Organized:** | NOT PROVIDED |

**Assignee**

|  |  |  |  |
|---|---|---|---|
| **Name:** | **LEGALON TECHNOLOGIES, INC.** | | |
| **Legal Entity Type:** | CORPORATION | **State or Country Where Organized:** | JAPAN |
| **Address:** | 6TH FLOOR, TOYOSU FRONT, 3-2-20, TOYOSU, KOTO-KU TOKYO 135-0061, JAPAN | | |

**Correspondent**

|  |  |
|---|---|
| **Correspondent Name:** | LEGALON TECHNOLOGIES, INC. |
| **Correspondent Address:** | 6TH FLOOR, TOYOSU FRONT, 3-2-20, TOKYO 135-0061 JAPAN |

**Domestic Representative - Not Found**

### Proceedings - None recorded

# EXHIBIT 11

to Declaration of Hirofumi Tada



Service   News   Recruit   LegalOn Now   Contact   JP / EN   US website

# Advancing Legal Practice with Technology

# News



**Read more ➤**

Media publications

LegalOn Technologies was featured in "Artificial Lawyer".

#Company
12.01.2022



Press releases

LegalOn Technologies, the AI Contract Review Leader, Announces Expansion into the United States   Daniel Lewis joins as US CEO

#Company
12.01.2022



Media publications

LegalForce was introduced on "Bloomberg"

#Company
**07.22.2022**



**Media publications**

LegalForce was introduced on "Tech in Asia"

#Company
**07.06.2022**

**Media publications**

LegalForce was introduced on "BRIDGE"

#Company
**06.28.2022**

# Service

Review and manage contracts faster and more accurately
with LegalOn technologies's AI,
so that you can make a bigger impact.



Services in Japan

AI Contract Review Platform

LegalOn Technologies' AI contract review platform
allows legal professionals to review contracts faster and
wit.



EN

**Services in Japan**

AI-enabled Contract Management Suite

# LegalForce キャビネ

LegalOn Technologies' AI-enabled Contract Management Suite allows companies to manage and unlock the information in their contracts.

# KEIYAKU-WATCH

Contract Learning Media

Offering a learning place related to contract tasks and supporting the improvement of contract knowledge.

LegalOn Technologies, Inc.

EN  ■

| | |
|---|---|
| **Company name** | LegalOn Technologies, Inc. |
| **Founded** | April 21st, 2017 |
| **Description of business** | Developing and providing software related to legal operations |
| **Capital stock** | ¥17.85 billion (including capital reserve) (as of June 2022) |

| **Board members** | | |
|---|---|---|
| | President Representative Director | **Nozomu Tsunoda** |
| | Outside Director | **Toshimichi Namba** |
| | Outside Director | **Hiroshi Sensaki** |
| | Director (Audit & Supervisory Committee Member)&Co-Founder | **Masataka Ogasawara** |
| | Outside Director (Audit & Supervisory Committee Member) | **Noriko Takahashi** |
| | Outside Director (Audit & Supervisory Committee Member) director | **Koki Yamada** |

| | |
|---|---|
| **Shareholders (Alphabetical order)** | DIMENSION, Inc. |
| | Goldman Sachs Asset Management |
| | JAFCO Group Co., Ltd. |
| | Kyoto University Innovation Capital Co., Ltd. |
| | Mitsubishi UFJ Capital Co., Ltd. |



EN

Mizuho Capital Co., Ltd.

Sequoia China

SMBC Venture Capital Co., Ltd.

SoftBank Investment Advisers

WiL, LLC

Angel investors, etc.

(Alphabetical order)

| Location | 6th floor, Toyosu Front, 3-2-20, Toyosu, Koto-ku, Tokyo 135-0061 One minute by foot from Exit 1C, Toyosu Station, Yurakucho Line, Tokyo Metro |
| --- | --- |
| Subsidiary | LegalOn Technologies, Inc.（United States） |

View on Google Map



Service    News    Recruit    LegalOn Now    Contact    US website

Press kit    Privacy policy

© 2023 LegalOn Technologies, Inc. all rights reserved




# EXHIBIT 12

to Declaration of Hirofumi Tada

（１９０）【発行国】日本国特許庁（ＪＰ）
（４５０）【発行日】令和５年１月１９日（２０２３．１．１９）
【公報種別】商標公報
（１１１）【登録番号】商標登録第６６６１１３３号（Ｔ６６６１１３３）
（１５１）【登録日】令和５年１月１１日（２０２３．１．１１）
（５４０）【登録商標】



（５００）【商品及び役務の区分の数】７
（５１１）【商品及び役務の区分並びに指定商品又は指定役務】
第９類　契約書作成・管理支援のためのアプリケーションソフトウェア，電子計算機，電子計算機周辺機器，電子応用機械器具及びその部品，電子計算機用ハードウェア，電子計算機用ソフトウェア，アプリケーション用ソフトウェア，電子計算機用プログラム，インターネットを利用して受信し及び保存することができる画像ファイル，録画済みビデオディスク及びビデオテープ，電子出版物，データ処理装置，コンピュータ，コンピュータハードウェア，コンピュータ周辺機器，コンピュータソフトウェア（記憶されたもの），コンピュータプログラム（記憶されたもの），録音済み又は録画済みのコンパクトディスク，電子出版物（電気通信回線を通じてダウンロードにより販売されるもの）
第３５類　広告用コンセプトの開発，広告物のレイアウト，人材の紹介及びあっせん，職業のあっせん，人材の紹介及びあっせんに関するコンサルティング・情報の提供，広告業，広告に関するコンサルティング・情報の提供，新聞記事情報の提供，経営の診断又は経営に関する助言，企業のリスクマネジメントのための調査又は分析，市場調査又は分析，ビジネスコンサルティング，マーケティングに関するコンサルティング・情報の提供，デジタルデータの収集・分析・管理用コンピュータデータベースへの入力処理及びこれに関する情報の提供，コンピュータデータベースへの情報編集及びこれに関する情報の提供，コンピュータデータベースの検索の代行及びこれに関する情報の提供，文書の複製，文書又は磁気テープのファイリング，広告，ニュースクリッピングサービス，コンピュータソフトウェア制作のマーケティング，事業に関する指導及び助言，会社のための管理業務の代行，顧客ロイヤリティプログラムの管理，ターゲット・マーケティング，データ処理（事務処理），コンピュータデータベース内のデータの更新及び保守，事業に関する情報の提供，事業の管理及び組織に関する指導及び助言，文書情報及びデータの構築，複写機による書類の複製，電子計算機を用いて行う情報検索事務の代行
第３６類　コンピュータネットワークを利用した支払代金の決済の代行，クレジットカード利用者に代わってする支払代金の清算，デビットカード利用者に代わってする支払代金の決済，電子マネー利用者に代わってする支払代金の決済，前払式支払手段の発行，商品代金の徴収の代行，税務相談に関する情報の提供，投資・税務計画・資金の貸付け・破産における金融又は財務に関する助言，投資に関するコンサルティング・情報の提供，建物又は土地の鑑定評価に関するコンサルティング・情報の提供，建物又は土地の管理・貸与・売買に関するコンサルティング・情報の提供，資金の貸付け又は手形の割引，資金の借入れ，資金の振替，知的財産資産の財務評価，有価証券の売買の媒介・取次ぎ又は代理，株式及び債券の売買の媒介・取次ぎ又は代理，建物又は土地の鑑定評価，土地・建物の売買又は貸借の代理又は媒介，金融又は財務に関する助言，関税に関する手続きの代行，ウェブサイト経由による金融又は財務に関する情報の提供，財務管理

(2)

第３８類　電気通信（「放送」を除く。），報道をする者に対するニュースの供給，コンピュータ端末による通信，ストリーミングによるデータの伝送交換，電子計算機端末による通信ネットワークへの接続の提供，インターネット利用のチャットルーム形式による電子掲示板通信，デジタルファイルの伝送交換，電子メールによる通信

第４１類　セミナーの企画・運営又は開催，電子出版物の提供，書籍の制作，電子計算機用ソフトウェア等の使用方法の教授，電子計算機及び電子計算機周辺機器の使用方法の教授，電子計算機及びデータ処理技術の教育訓練，映写フィルム・録画済み磁気ディスク・磁気テープ等の複製，法律・契約に関する知識の教授及びこれに関する情報の提供，経営・税務・法務・財務に関する知識の教授，法律に関する講演会・講習会・セミナーの企画・運営又は開催，経営・税務・法務・財務に関するセミナーの企画・運営又は開催，技芸・スポーツ又は知識の教授，インターネットを利用して行う映像の提供，教育・文化・娯楽・スポーツ用ビデオの制作（映画・放送番組・広告用のものを除く。），興行の企画・運営又は開催（映画・演芸・演劇・音楽の演奏の興行及びスポーツ・競馬・競輪・競艇・小型自動車競走の興行に関するものを除く。），録音又は録画済み記録媒体の複製，コーチング（訓練），ビジネスの知識及びノウハウの伝授（訓練），知識の教授，セミナーの手配及び運営，文化又は教育のための展示会の企画・運営，オンラインによる電子出版物の提供（ダウンロードできないものに限る。），マルチメディア技術を利用した図書の供覧，オンラインによる映像の提供（ダウンロードできないものに限る。），音楽のプロデュース（企画・制作），娯楽イベントの企画・運営，イベントのためのビデオの編集，研修会の手配及び管理

第４２類　電子計算機用プログラムの設計・作成又は保守，電子計算機用ソフトウェアの設計・作成又は保守，電子計算機用プログラムの貸与，電子計算機用ソフトウェアの貸与，インターネット上の電子記憶領域の貸与，電子計算機用プログラムの提供，電子計算機用ソフトウェアの提供，コンピュータシステムの分析及びこれに関する情報の提供，科学技術情報の提供，デザインの考案，販売促進用材料のグラフィックデザインの考案，ウェブサイトのホスティング，データ・ファイル・アプリケーションのホスティング，電子計算機・電子計算機用プログラム及び電子計算機用ソフトウェアその他の用途に応じて的確な操作をするためには高度の専門的な知識・技術又は経験を必要とするものの性能・操作方法等に関する紹介及び説明，電子計算機用ハードウェアの設計及び開発，機械・装置若しくは器具（これらの部品を含む。）又はこれらの機械等により構成される設備の設計，電子計算機に格納されている入出力される電子データに対する電子計算機用プログラムによる監視，電子計算機を用いて行うデジタルデータの復元又は復旧，電子計算機を用いて行うデータ処理，証拠保全用のコンピュータシステム・データ処理装置の研究開発，デジタルデータの解析・解析結果の開示に関する電子計算機用プログラムの研究開発，デジタルデータの分類・抽出・変換および加工に関する電子計算機用プログラムの研究開発，情報処理技術及び通信技術の調査・研究・開発に関するコンサルティング，科学技術の調査・研究・開発に関するコンサルティング，グラフィックアートデザインの考案，工業デザインの考案，コンピュータハードウェアの設計及び開発に関する助言，コンピュータ技術に関する助言，情報技術（ＩＴ）に関する助言，コンピュータソフトウェアの設計，コンピュータソフトウェアの保守，コンピュータープラットフォームの開発，他人のためのウェブサイトの作成及び保守，検索エンジンの提供，受託による新製品の研究開発，オンラインによるアプリケーションソフトウェアの提供（ＳａａＳ），コンピュータの貸与，コンピュータウェブサイトのホスティング，コンピュータソフトウェアの貸与，コンピュータソフトウェアプラットフォームの提供（ＰａａＳ），電子データの保存用記憶領域の貸与，技術的課題の研究，電気通信技術の分野に関する研究，契約書作成・管理支援のためのアプリケーションソフトウェアの提供，人工知能技術の分野に関する研究，デジタルトランスフォーメーションのための技術的助言

第４５類　契約書その他の権利義務又は事実証明に関する書類作成に関するコンサルティング・情報の提供，法律業務に関する情報の提供，法律相談，法律業務に関するコンサルティング，インターネット上での紛争を処理するための仲裁・調停，裁判外の法的紛争に関するインターネットでの解決支援，知的財産権に関連する先行文献の調査又は分析，データベース化した情報を用いて行う訴訟事件その他の法律事件に関する調査又は分析，オンラインによるソーシャルネットワーキングサービスの提供，社会保険に関するコンサルティング・情報の提供，個人の身元又は行動に関する調査，契約の交渉に関する法律業務（他人のためのこと）に関する情報の提供，ライセンスに関する法律業務に関する情報の提供，身元調査，法律的事項に関する研究，法律的事項の監視，契約書類の作成（法律業務）に関する情報の提供

【国際分類第１１版】

（２１０）【出願番号】商願２０２２－１１５５９６（Ｔ２０２２－１１５５９６）

（２２０）【出願日】令和４年１０月７日（２０２２．１０．７）

(3)

（７３２）【商標権者】
【識別番号】７１７００５１３２
【氏名又は名称】株式会社ＬｅｇａｌＯｎ　Ｔｅｃｈｎｏｌｏｇｉｅｓ
【住所又は居所】東京都江東区豊洲三丁目２番２０号豊洲フロント６階
（７４０）【代理人】
【識別番号】１００１０７７６６
【弁理士】
【氏名又は名称】伊東　忠重
（７４０）【代理人】
【識別番号】１００７０１５０
【弁理士】
【氏名又は名称】伊東　忠彦
【早期審査対象出願】
【法区分】平成２３年改正
【審査官】大塚　順子
【類似群コード（参考情報）】
第９類　１１Ｃ０１、１１Ｃ０２、２４Ｅ０２、２６Ａ０１、２６Ｄ０１
第３５類　３５Ａ０１、３５Ａ０２、３５Ｂ０１、３５Ｄ０１、３５Ｇ０２、３５Ｇ０３、４２Ｇ０４、４２Ｐ０２
第３６類　３６Ａ０１、３６Ａ０２、３６Ａ０３、３６Ｂ０１、３６Ｄ０１、３６Ｈ０１、３６Ｊ０１
第３８類　３８Ａ０１、３８Ｃ０１
第４１類　４０Ｄ０１、４１Ａ０１、４１Ａ０３、４１Ｃ０２、４１Ｄ０１、４１Ｅ０２、４１Ｅ０５、４１Ｆ０６
第４２類　４２Ｎ０３、４２Ｐ０１、４２Ｐ０２、４２Ｐ０３、４２Ｑ０１、４２Ｑ０２、４２Ｑ０３、４２Ｑ９９、４２Ｘ１１
第４５類　４２Ｈ０１、４２Ｑ９９、４２Ｒ０１、４２Ｒ０２、４２Ｒ０３、４２Ｕ０１
（５３１）【ウィーン分類（参考情報）】２５．７．１；２５．７．８；２６．３．２３；２６．５．１；２６．５．１０；２６．５．１８；２６．１３．２５．５；２６．１３．２５．９１；２７．１．１；２７．１．４；２７．５．１．２２；２７．５．２３．９４

# EXHIBIT 13

to Declaration of Hirofumi Tada

**For assistance with TSDR**, email **teas@uspto.gov** and include your serial number, the document you are looking for, and a screenshot of any error messages you have received.

STATUS        DOCUMENTS                                                          Back to Search            Print

| | |
|---|---|
| **Generated on:** | This page was generated by TSDR on 2023-05-24 20:05:18 EDT |
| **Mark:** |  |

| | | | |
|---|---|---|---|
| **US Serial Number:** | 97799190 | **Application Filing Date:** | Feb. 17, 2023 |
| **Register:** | Principal | | |
| **Mark Type:** | Trademark, Service Mark | | |
| **TM5 Common Status Descriptor:** |  | LIVE/APPLICATION/Awaiting Examination | |
| | | The trademark application has been accepted by the Office (has met the minimum filing requirements) and has not yet been assigned to an examiner. | |
| **Status:** | New application awaiting assignment to an examining attorney. **See current trademark processing wait times** for more information. | | |
| **Status Date:** | Mar. 07, 2023 | | |

## Mark Information

| | |
|---|---|
| **Mark Literal Elements:** | None |
| **Standard Character Claim:** | No |
| **Mark Drawing Type:** | 2 - AN ILLUSTRATION DRAWING WITHOUT ANY WORDS(S)/ LETTER(S)/NUMBER(S) |
| **Description of Mark:** | The mark consists of six geometric figures arranged in a hexagonal shape. |
| **Color(s) Claimed:** | Color is not claimed as a feature of the mark. |
| **Design Search Code(s):** | 26.05.03 - Triangle, incomplete (two angles); Incomplete triangles (must have two angles) |
| | 26.05.15 - Triangles - four or more; Four or more triangles |
| | 26.15.09 - Polygons made of geometric figures, objects, humans, plants or animals |
| | 26.15.28 - Polygonal shapes (miscellaneous overall shape); Miscellaneous designs with overall polygon shape |

## Foreign Information

| | | | |
|---|---|---|---|
| **Priority Claimed:** | Yes | | |
| **Foreign Application Number:** | 2022-115596 | **Foreign Application Filing Date:** | Oct. 07, 2022 |
| **Foreign Application/Registration Country:** | JAPAN | | |

## Goods and Services

**Note:**
The following symbols indicate that the registrant/owner has amended the goods/services:

- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- Asterisks *..* identify additional (new) wording in the goods/services.

**For:** Application software for assisting contract drafting and document management; electronic calculators; computer peripheral devices; electronic machines, apparatus and their parts; hardware for electronic calculators; software for electronic calculators; application software; application software for providing assistance in the field of legal affairs; application software for providing assistance in the field of business organization; programs for electronic calculators; downloadable image files; recorded video discs and video tapes; electronic publications;

data processors; computers; computer hardware; computer peripherals; recorded computer software; recorded computer programs; audio-video compact discs; electronic publications, downloadable; electronic publications, downloadable, namely, downloadable templates for contracts, regulations and legal documents

| International Class(es): | 009 - Primary Class | U.S Class(es): | 021, 023, 026, 036, 038 |
| --- | --- | --- | --- |
| Class Status: | ACTIVE | | |
| Basis: | 1(b) 44(d) | | |

**For:** Development of advertising concepts; layout services for advertising purposes; personnel placement and placement of staff; employment agencies; consultancy and providing information relating to personnel placement and placement of staff; advertising services; advertising consultation; providing information about newspaper articles; business management analysis and business consultancy; research and analysis for business risk management; market analysis and research services; business consultancy; marketing consulting; providing information in the field of marketing; input of data into computer databases for collection, analysis and management of digital data and information services relating thereto; compiling of information into computer databases and information services relating thereto; computer database retrieval services and information services relating thereto; duplication of documents; filing of documents or magnetic tapes; advertising; news clipping services; marketing in the framework of software publishing; business consulting services; outsourced administrative management for companies; administration of consumer loyalty programs; targeted marketing; data processing services; updating and maintenance of data in computer databases; business information services; business management and organization consultancy; registration of written communications and data; photocopying services; data search in computer files for others; data processing in the field of legal affairs; data processing in the field of contracts; consultancy relating to clerical services in the field of legal affairs; business consulting services, namely, assisting legal professionals in organizing and setting up their practices for legal document services to their clients

| International Class(es): | 035 - Primary Class | U.S Class(es): | 100, 101, 102 |
| --- | --- | --- | --- |
| Class Status: | ACTIVE | | |
| Basis: | 1(b) 44(d) | | |

**For:** Payment processing services using computer network; issuance of credit cards; issuance of debit cards; processing of electronic cash transactions; issuance of tokens of value; consigned collection of payment for goods; providing information relating to advisory services relating to tax planning; financial advisory and consultancy services relating to investments, tax planning, financial services relating to loans and insolvency; consultancy of capital investment and providing information relating thereto; consultancy of real estate appraisal and providing information relating thereto; real estate consultancy and real estate management and providing information relating thereto; electronic funds transfer; financial valuation of intellectual property assets; securities brokerage; brokerage services for stocks and bonds; real estate appraisal; real estate agencies; financial consultancy; financial customs brokerage services; providing financial information via a web site; financial management

| International Class(es): | 036 - Primary Class | U.S Class(es): | 100, 101, 102 |
| --- | --- | --- | --- |
| Class Status: | ACTIVE | | |
| Basis: | 1(b) 44(d) | | |

**For:** Arranging, conducting and organization of seminars; providing electronic publications; publication of books; instruction in the field of usage of computer software; instruction in the field of usage of computers and computer peripherals; education training services relating to computer and data processing technology; dubbing of cine-films, recorded magnetic discs and recorded magnetic tapes; educational services relating to law and contracts and providing information relating thereto; educational services relating to business management, tax planning and tax payments, legal services and financial services; arranging, conducting and organization of seminars, workshops and lectures relating to law; arranging, conducting and organization of seminars, workshops and lectures relating to business management, tax planning and tax payments, legal services and financial services; educational and instruction services relating to arts, crafts, sports and academic and business knowledge; providing videos from the Internet, not downloadable; production of videotape film in the field of education, culture, entertainment and sports; organization of entertainment events excluding movies, shows, plays, musical performances, sports, horse races, bicycle races, boat races and auto races; dubbing; coaching; transfer of business knowledge and know-how; teaching; arranging and conducting of seminars; organization of exhibitions for cultural or educational purposes; providing online electronic publications, not downloadable; multimedia library services; providing online videos, not downloadable; production of music; arranging and conducting of entertainment events; video editing services for events; arranging and conducting of workshops

| International Class(es): | 041 - Primary Class | U.S Class(es): | 100, 101, 107 |
| --- | --- | --- | --- |
| Class Status: | ACTIVE | | |
| Basis: | 1(b) 44(d) | | |

**For:** Design, programming and maintenance of computer programs; design, programming and maintenance of computer software; rental of computer programs; rental of computer software; rental of electronic memory space on the Internet; providing computer programs on data networks; providing computer software on data networks; computer system analysis and information services relating thereto; providing scientific information in the field of technology; design services; graphic design of promotional materials; hosting of web sites; hosting of data, files and applications; technological advice relating to computers, automobiles and industrial machines; design and development of computer hardware; designing of machines, apparatus, instruments, including their parts, or systems composed of such machines, apparatus and instruments; computer programmatically monitoring of electronic data in computer data storage and of input-output data; restoring and recovering digital data using computers; data processing using computers; research and development of computer system

and data processors; research and development of computer programs for analysis and disclosure of analysis results of digital data; research and development of computer programs for classifying, mining, converting and processing of digital data; consulting related to survey, research and development of information-processing technology and communication technologies; consulting related to survey, research and development of scientific technologies; graphic art design; industrial design; consultancy in the design and development of computer hardware; computer technology consultancy; Information technology consulting services; computer software design; maintenance of computer software; development of computer platforms; creating and maintaining web sites for others; providing search engines for the Internet; research and development of new products for others; software as a service; software as a service featuring software for providing assistance in the field of legal services; software as a service featuring software for providing assistance in the field of business organization and management; computer rental; hosting computer websites; rental of computer software; platform as a service; electronic storage services for archiving electronic data; conducting technical project studies; research in the field of telecommunications technology; providing application software for use in drafting contracts and management support thereof; research in the field of artificial intelligence technology; technological consultancy services for digital transformation; cloud storage services for electronic files for contracts, regulations and legal documents; electronic storage of files for contracts, regulations and legal documents

| | | | |
|---|---|---|---|
| **International Class(es):** | 042 - Primary Class | **U.S Class(es):** | 100, 101 |
| **Class Status:** | ACTIVE | | |
| **Basis:** | 1(b) 44(d) | | |

**For:** Consulting and providing information about drafting contracts and other documents relating to rights and obligations and proof of facts; providing information about legal services; legal advice; legal consultation services; arbitration and mediation for resolution services of Internet disputes; Internet legal assistance in alternative dispute resolution; research and analysis of prior literature regarding intellectual property rights; research and analysis relating to litigation and other legal issues using database information; online social networking services; consulting and providing information related to social insurance claims; investigation or surveillance services for checking background profiles; legal services in relation to the negotiation of contracts for others; providing information about legal services relating to licenses; personal background investigations; legal research; legal watching services; providing information relating to legal document preparation services

| | | | |
|---|---|---|---|
| **International Class(es):** | 045 - Primary Class | **U.S Class(es):** | 100, 101 |
| **Class Status:** | ACTIVE | | |
| **Basis:** | 1(b) 44(d) | | |

## Basis Information (Case Level)

| | | | |
|---|---|---|---|
| **Filed Use:** | No | **Currently Use:** | No |
| **Filed ITU:** | Yes | **Currently ITU:** | Yes |
| **Filed 44D:** | Yes | **Currently 44D:** | No |
| **Filed 44E:** | No | **Currently 44E:** | No |
| **Filed 66A:** | No | **Currently 66A:** | No |
| **Filed No Basis:** | No | **Currently No Basis:** | No |

## Current Owner(s) Information

| | |
|---|---|
| **Owner Name:** | LegalOn Technologies, Inc. |
| **Owner Address:** | 6th floor, Toyosu Front<br>3-2-20, Toyosu, Koto-ku<br>Tokyo JAPAN 135-0061 |
| **Legal Entity Type:** | CORPORATION |
| **State or Country Where Organized:** | JAPAN |

## Attorney/Correspondence Information

**Attorney of Record**

| | | | |
|---|---|---|---|
| **Attorney Name:** | B. Brett Heavner | **Docket Number:** | 16288.0003 |
| **Attorney Primary Email Address:** | docketing@finnegan.com | **Attorney Email Authorized:** | Yes |

**Correspondent**

| | |
|---|---|
| **Correspondent Name/Address:** | B. BRETT HEAVNER<br>FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER LLP<br>901 NEW YORK AVENUE NW<br>WASHINGTON, DISTRICT OF COLUMBIA UNITED STATES 20001 |

| | | |
|---|---|---|
| **Phone:** 202-408-4000 | **Fax:** 202-408-4400 | |

| | |
|---|---|
| **Correspondent e-mail:** docketing@finnegan.com teas-filing-receipts@finnegan.com | **Correspondent e-mail Authorized:** Yes |

**Domestic Representative - Not Found**

## Prosecution History

| Date | Description | Proceeding Number |
|---|---|---|
| Mar. 08, 2023 | NOTICE OF DESIGN SEARCH CODE E-MAILED | |
| Mar. 07, 2023 | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED | |
| Feb. 21, 2023 | NEW APPLICATION ENTERED | |

## TM Staff and Location Information

**TM Staff Information - None**

**File Location**

| | | |
|---|---|---|
| **Current Location:** NEW APPLICATION PROCESSING | **Date in Location:** Mar. 07, 2023 | |

## Assignment Abstract Of Title Information - None recorded

## Proceedings - None recorded

# EXHIBIT 14

to Declaration of Hirofumi Tada

（１９０）【発行国】日本国特許庁（ＪＰ）
（４５０）【発行日】令和５年１月１９日（２０２３．１．１９）
【公報種別】商標公報
（１１１）【登録番号】商標登録第６６６１１４４号（Ｔ６６６１１４４）
（１５１）【登録日】令和５年１月１１日（２０２３．１．１１）
（５４０）【登録商標】



（５００）【商品及び役務の区分の数】７
（５１１）【商品及び役務の区分並びに指定商品又は指定役務】
第９類　契約書作成・管理支援のためのアプリケーションソフトウェア，電子計算機，電子計算機周辺機器，電子応用機械器具及びその部品，電子計算機用ハードウェア，電子計算機用ソフトウェア，アプリケーション用ソフトウェア，電子計算機用プログラム，インターネットを利用して受信し及び保存することができる画像ファイル，録画済みビデオディスク及びビデオテープ，電子出版物，データ処理装置，コンピュータ，コンピュータハードウェア，コンピュータ周辺機器，コンピュータソフトウェア（記憶されたもの），コンピュータプログラム（記憶されたもの），録音済み又は録画済みのコンパクトディスク，電子出版物（電気通信回線を通じてダウンロードにより販売されるもの）
第３５類　広告用コンセプトの開発，広告物のレイアウト，人材の紹介及びあっせん，職業のあっせん，人材の紹介及びあっせんに関するコンサルティング・情報の提供，広告業，広告に関するコンサルティング・情報の提供，新聞記事情報の提供，経営の診断又は経営に関する助言，企業のリスクマネジメントのための調査又は分析，市場調査又は分析，ビジネスコンサルティング，マーケティングに関するコンサルティング・情報の提供，デジタルデータの収集・分析・管理用コンピュータデータベースへの入力処理及びこれに関する情報の提供，コンピュータデータベースへの情報編集及びこれに関する情報の提供，コンピュータデータベースの検索の代行及びこれに関する情報の提供，文書の複製，文書又は磁気テープのファイリング，広告，ニュースクリッピングサービス，コンピュータソフトウェア制作のマーケティング，事業に関する指導及び助言，会社のための管理業務の代行，顧客ロイヤリティプログラムの管理，ターゲット・マーケティング，データ処理（事務処理），コンピュータデータベース内のデータの更新及び保守，事業に関する情報の提供，事業の管理及び組織に関する指導及び助言，文書情報及びデータの構築，複写機による書類の複製，電子計算機を用いて行う情報検索事務の代行
第３６類　コンピュータネットワークを利用した支払代金の決済の代行，クレジットカード利用者に代わってする支払代金の清算，デビットカード利用者に代わってする支払代金の決済，電子マネー利用者に代わってする支払代金の決済，前払式支払手段の発行，商品代金の徴収の代行，税務相談に関する情報の提供，投資・税務計画・資金の貸付け・破産における金融又は財務に関する助言，投資に関するコンサルティング・情報の提供，建物又は土地の鑑定評価に関するコンサルティング・情報の提供，建物又は土地の管理・貸与・売買に関するコンサルティング・情報の提供，電子的な資金の振替，知的財産資産の財務評価，有価証券の売買の媒介・取次ぎ又は代理，株式及び債券の売買の媒介・取次ぎ又は代理，建物又は土地の鑑定評価，土地・建物の売買又は貸借の代理又は媒介，金融又は財務に関する助言，関税に関する手続きの代行，ウェブサイト経由による金融又は財務に関する情報の提供，財務管理
第３８類　電気通信（「放送」を除く。），報道をする者に対するニュースの供給，コンピュータ端末による通信，ストリーミングによるデータの伝送交換，電子計算機端末による通信ネットワークへの接続の提供，インターネット利用のチャットルーム形式による電子掲示板通信，デジタルファイルの伝送交換，電子メールによる通信

⑵

第４１類　セミナーの企画・運営又は開催，電子出版物の提供，書籍の制作，電子計算機用ソフトウェア等の使用方法の教授，電子計算機及び電子計算機周辺機器の使用方法の教授，電子計算機及びデータ処理技術の教育訓練，映写フィルム・録画済み磁気ディスク・磁気テープ等の複製，法律・契約に関する知識の教授及びこれに関する情報の提供，経営・税務・法務に関する知識の教授，法律に関する講演会・講習会・セミナーの企画・運営又は開催，経営・税務・法務・財務に関するセミナーの企画・運営又は開催，技芸・スポーツ又は知識の教授，インターネットを利用して行う映像の提供，教育・文化・娯楽・スポーツ用ビデオの制作（映画・放送番組・広告用のものを除く。），興行の企画・運営又は開催（映画・演芸・演劇・音楽の演奏の興行及びスポーツ・競馬・競輪・競艇・小型自動車競走の興行に関するものを除く。），録音又は録画済み記録媒体の複製，コーチング（訓練），ビジネスの知識及びノウハウの伝授（訓練），知識の教授，セミナーの手配及び運営，文化又は教育のための展示会の企画・運営，オンラインによる電子出版物の提供（ダウンロードできないものに限る。），マルチメディア技術を利用した図書の供覧，オンラインによる映像の提供（ダウンロードできないものに限る。），音楽のプロデュース（企画・制作），娯楽イベントの企画・運営，イベントのためのビデオの編集，研修会の手配及び管理

第４２類　電子計算機用プログラムの設計・作成又は保守，電子計算機用ソフトウェアの設計・作成又は保守，電子計算機用プログラムの貸与，電子計算機用ソフトウェアの貸与，インターネット上の電子記憶領域の貸与，電子計算機用プログラムの提供，電子計算機用ソフトウェアの提供，コンピュータシステムの分析及びこれに関する情報の提供，科学技術情報の提供，デザインの考案，販売促進用材料のグラフィックデザインの考案，ウェブサイトのホスティング，データ・ファイル・アプリケーションのホスティング，電子計算機・電子計算機用プログラム及び電子計算機用ソフトウェアその他その用途に応じた的確な操作をするためには高度の専門的な知識・技術又は経験を必要とするものの性能・操作方法等に関する紹介及び説明，電子計算機用ハードウェアの設計及び開発，機械・装置若しくは器具（これらの部品を含む。）又はこれらの機械等により構成される設備の設計，電子計算機に格納された又は入出力される電子データに対する電子計算機用プログラムによる監視，電子計算機を用いて行うデジタルデータの復元又は復旧，電子計算機を用いて行うデータ処理，証拠保全用のコンピュータシステム・データ処理装置の研究開発，デジタルデータの解析・解析結果の開示に関する電子計算機用プログラムの研究開発，デジタルデータの分類・抽出・変換および加工に関する電子計算機用プログラムの研究開発，情報処理技術及び通信技術の調査・研究・開発に関するコンサルティング，科学技術の調査・研究・開発に関するコンサルティング，グラフィックアートデザインの考案，工業デザインの考案，コンピュータハードウェアの設計及び開発に関する助言，コンピュータ技術に関する助言，情報技術（ＩＴ）に関する助言，コンピュータソフトウェアの設計，コンピュータソフトウェアの保守，コンピュータープラットフォームの開発，他人のためのウェブサイトの作成及び保守，検索エンジンの提供，受託による新製品の研究開発，オンラインによるアプリケーションソフトウェアの提供（ＳａａＳ），コンピュータの貸与，コンピュータウェブサイトのホスティング，コンピュータソフトウェアの貸与，コンピュータソフトウェアプラットフォームの提供（ＰａａＳ），電子データの保存用記憶領域の貸与，技術的課題の研究，電気通信技術の分野に関する研究，契約書作成・管理支援のためのアプリケーションソフトウェアの提供，人工知能技術の分野に関する研究，デジタルトランスフォーメーションのための技術的助言

第４５類　契約書その他の権利義務又は事実証明に関する書類作成に関するコンサルティング・情報の提供，法律業務に関する情報の提供，法律相談，法律業務に関するコンサルティング，インターネット上での紛争を処理するための仲裁・調停，裁判外の法的紛争に関するインターネット上での解決支援，知的財産権に関連する先行文献の調査又は分析，データベース化した情報を用いて行う訴訟事件その他の法律事件に関する調査又は分析，オンラインによるソーシャルネットワーキングサービスの提供，社会保険に関するコンサルティング・情報の提供，個人の身元又は行動に関する調査，契約の交渉に関する法律業務（他人のためのこと）に関する情報の提供，ライセンスに関する法律業務に関する情報の提供，身元調査，法律的事項に関する研究，法律的事実の監視，法的書類の作成（法律業務）に関する情報の提供

【国際分類第１１版】
（２１０）【出願番号】商願２０２２－１１９４４５（Ｔ２０２２－１１９４４５）
（２２０）【出願日】令和４年１０月１８日（２０２２．１０．１８）
（７３２）【商標権者】
【識別番号】７１７００５１３２
【氏名又は名称】株式会社ＬｅｇａｌＯｎ　Ｔｅｃｈｎｏｌｏｇｉｅｓ
【住所又は居所】東京都江東区豊洲三丁目２番２０号豊洲フロント６階

⑶

（７４０）【代理人】
【識別番号】１００１０７７６６
【弁理士】
【氏名又は名称】伊東　忠重
（７４０）【代理人】
【識別番号】１０００７０１５０
【弁理士】
【氏名又は名称】伊東　忠彦
【早期審査対象出願】
【法区分】平成２３年改正
【審査官】大塚　順子
（５６１）【称呼（参考情報）】リーガルオンテクノロジーズ、リーガロンテクノロジーズ、レガロンテクノ
ロジーズ、リーガルオン、リーガロン、レガロン、テクノロジーズ
【検索用文字商標（参考情報）】ＬＥＧＡＬＯＮ、ＴＥＣＨＮＯＬＯＧＩＥＳ
【類似群コード（参考情報）】
第９類　１１Ｃ０１、１１Ｃ０２、２４Ｅ０２、２６Ａ０１、２６Ｄ０１
第３５類　３５Ａ０１、３５Ａ０２、３５Ｂ０１、３５Ｄ０１、３５Ｇ０２、３５Ｇ０３、４２Ｇ０４、４２
Ｐ０２
第３６類　３６Ａ０１、３６Ａ０２、３６Ａ０３、３６Ｂ０１、３６Ｄ０１、３６Ｈ０１、３６Ｊ０１
第３８類　３８Ａ０１、３８Ｃ０１
第４１類　４０Ｄ０１、４１Ａ０１、４１Ａ０３、４１Ｃ０２、４１Ｄ０１、４１Ｅ０２、４１Ｅ０５、４１
Ｆ０６
第４２類　４２Ｎ０３、４２Ｐ０１、４２Ｐ０２、４２Ｐ０３、４２Ｑ０１、４２Ｑ０２、４２Ｑ０３、４２
Ｑ９９、４２Ｘ１１
第４５類　４２Ｈ０１、４２Ｑ９９、４２Ｒ０１、４２Ｒ０２、４２Ｒ０３、４２Ｕ０１
（５３１）【ウィーン分類（参考情報）】２５．７．１；２５．７．８；２５．７．１７；２６．３．２３；
２６．５．１；２６．７．２５；２６．１３．２５．５；２６．１３．２５．９１；２７．５．１．２２；２
７．５．１７；２７．５．２３．９４

# EXHIBIT 15

to Declaration of Hirofumi Tada

**For assistance with TSDR**, email **teas@uspto.gov** and include your serial number, the document you are looking for, and a screenshot of any error messages you have received.

**STATUS**     **DOCUMENTS**                                                                    Back to Search          Print



|  |  |  |  |
|---|---|---|---|
| **Generated on:** | This page was generated by TSDR on 2023-05-24 20:11:33 EDT | | |
| **Mark:** | LEGALON TECHNOLOGIES | | |

| | | | |
|---|---|---|---|
| **US Serial Number:** | 97799217 | **Application Filing Date:** | Feb. 17, 2023 |
| **Register:** | Principal | | |
| **Mark Type:** | Trademark, Service Mark | | |
| **TM5 Common Status Descriptor:** | | LIVE/APPLICATION/Awaiting Examination | |
| | | The trademark application has been accepted by the Office (has met the minimum filing requirements) and has not yet been assigned to an examiner. | |
| **Status:** | New application awaiting assignment to an examining attorney. **See current trademark processing wait times** for more information. | | |
| **Status Date:** | Mar. 07, 2023 | | |

## Mark Information

| | |
|---|---|
| **Mark Literal Elements:** | LEGALON TECHNOLOGIES |
| **Standard Character Claim:** | No |
| **Mark Drawing Type:** | 3 - AN ILLUSTRATION DRAWING WHICH INCLUDES WORD(S)/ LETTER(S)/NUMBER(S) |
| **Description of Mark:** | The mark consists of six geometric figures arranged in a hexagonal shape next to the words "LegalOn Technologies" in stylized letters and the wording "Technologies" in smaller stylized letters underneath "LegalOn". |
| **Color(s) Claimed:** | Color is not claimed as a feature of the mark. |
| **Design Search Code(s):** | 26.05.05 - Triangles made of broken or dotted lines |
| | 26.05.15 - Triangles - four or more; Four or more triangles |
| | 26.15.09 - Polygons made of geometric figures, objects, humans, plants or animals |
| | 26.15.28 - Polygonal shapes (miscellaneous overall shape); Miscellaneous designs with overall polygon shape |

## Foreign Information

| | | | |
|---|---|---|---|
| **Priority Claimed:** | Yes | | |
| **Foreign Application Number:** | 2022-119445 | **Foreign Application Filing Date:** | Oct. 18, 2022 |
| **Foreign Application/Registration Country:** | JAPAN | | |

## Goods and Services

**Note:**
The following symbols indicate that the registrant/owner has amended the goods/services:

- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- Asterisks *..* identify additional (new) wording in the goods/services.

| | |
|---|---|
| **For:** | Application software for assisting contract drafting and document management; electronic calculators; computer peripheral devices; electronic machines, apparatus and their parts; hardware for electronic calculators; software for electronic calculators; application software; application software for providing assistance in the field of legal affairs; application software for providing assistance in the field of business organization; programs for electronic calculators; downloadable image files; recorded video discs and video tapes; electronic publications; data processors; computers; computer hardware; computer peripherals; recorded computer software; recorded computer programs; audio-video compact discs; electronic publications, downloadable; electronic publications, downloadable, namely, downloadable templates for contracts, regulations and legal documents |
| **International Class(es):** | 009 - Primary Class | **U.S Class(es):** | 021, 023, 026, 036, 038 |

| | |
|---|---|
| **Class Status:** | ACTIVE |
| **Basis:** | 1(b) 44(d) |

**For:** Development of advertising concepts; layout services for advertising purposes; personnel placement and placement of staff; employment agencies; consultancy and providing information relating to personnel placement and placement of staff; advertising services; advertising consultation; providing information about newspaper articles; business management analysis and business consultancy; research and analysis for business risk management; market analysis and research services; business consultancy; marketing consulting; providing information in the field of marketing; input of data into computer databases for collection, analysis and management of digital data and information services relating thereto; compiling of information into computer databases and information services relating thereto; computer database retrieval services and information services relating thereto; duplication of documents; filing of documents or magnetic tapes; advertising; news clipping services; marketing in the framework of software publishing; business consulting services; outsourced administrative management for companies; administration of consumer loyalty programs; targeted marketing; data processing services; updating and maintenance of data in computer databases; business information services; business management and organization consultancy; registration of written communications and data; photocopying services; data search in computer files for others; data processing in the field of legal affairs; data processing in the field of contracts; consultancy relating to clerical services in the field of legal affairs; business consulting services, namely, assisting legal professionals in organizing and setting up their practices for legal document services to their clients

| | | | |
|---|---|---|---|
| **International Class(es):** | 035 - Primary Class | **U.S Class(es):** | 100, 101, 102 |
| **Class Status:** | ACTIVE | | |
| **Basis:** | 1(b) 44(d) | | |

**For:** Payment processing services using computer network; issuance of credit cards; issuance of debit cards; processing of electronic cash transactions; issuance of tokens of value; consigned collection of payment for goods; providing information relating to advisory services relating to tax planning; financial advisory and consultancy services relating to investments, tax planning, financial services relating to loans and insolvency; consultancy of capital investment and providing information relating thereto; consultancy of real estate appraisal and providing information relating thereto; real estate consultancy and real estate management and providing information relating thereto; electronic funds transfer; financial valuation of intellectual property assets; securities brokerage; brokerage services for stocks and bonds; real estate appraisal; real estate agencies; financial consultancy; financial customs brokerage services; providing financial information via a web site; financial management

| | | | |
|---|---|---|---|
| **International Class(es):** | 036 - Primary Class | **U.S Class(es):** | 100, 101, 102 |
| **Class Status:** | ACTIVE | | |
| **Basis:** | 1(b) 44(d) | | |

**For:** Arranging, conducting and organization of seminars; providing electronic publications; publication of books; instruction in the field of usage of computer software; instruction in the field of usage of computers and computer peripherals; education training services relating to computer and data processing technology; dubbing of cine-films, recorded magnetic discs and recorded magnetic tapes; educational services relating to law and contracts and providing information relating thereto; educational services relating to business management, tax planning and tax payments, legal services and financial services; arranging, conducting and organization of seminars, workshops and lectures relating to law; arranging, conducting and organization of seminars, workshops and lectures relating to business management, tax planning and tax payments, legal services and financial services; educational and instruction services relating to arts, crafts, sports and academic and business knowledge; providing videos from the Internet, not downloadable; production of videotape film in the field of education, culture, entertainment and sports; organization of entertainment events excluding movies, shows, plays, musical performances, sports, horse races, bicycle races, boat races and auto races; dubbing; coaching; transfer of business knowledge and know-how; teaching; arranging and conducting of seminars; organization of exhibitions for cultural or educational purposes; providing online electronic publications, not downloadable; multimedia library services; providing online videos, not downloadable; production of music; arranging and conducting of entertainment events; video editing services for events; arranging and conducting of workshops

| | | | |
|---|---|---|---|
| **International Class(es):** | 041 - Primary Class | **U.S Class(es):** | 100, 101, 107 |
| **Class Status:** | ACTIVE | | |
| **Basis:** | 1(b) 44(d) | | |

**For:** Design, programming and maintenance of computer programs; design, programming and maintenance of computer software; rental of computer programs; rental of computer software; rental of electronic memory space on the Internet; providing computer programs on data networks; providing computer software on data networks; computer system analysis and information services relating thereto; providing scientific information in the field of technology; design services; graphic design of promotional materials; hosting of web sites; hosting of data, files and applications; technological advice relating to computers, automobiles and industrial machines; design and development of computer hardware; designing of machines, apparatus, instruments, including their parts, or systems composed of such machines, apparatus and instruments; computer programmatically monitoring of electronic data in computer data storage and of input-output data; restoring and recovering digital data using computers; data processing using computers; research and development of computer system and data processors; research and development of computer programs for analysis and disclosure of analysis results of digital data; research and development of computer programs for classifying, mining, converting and processing of digital data; consulting related to survey, research and development of information-processing technology and communication technologies; consulting related to survey, research and development of scientific technologies; graphic art design; industrial design; consultancy in the design and development of computer hardware; computer technology consultancy; Information technology consulting services; computer software design; maintenance

of computer software; development of computer platforms; creating and maintaining web sites for others; providing search engines for the Internet; research and development of new products for others; software as a service; software as a service featuring software for providing assistance in the field of legal services; software as a service featuring software for providing assistance in the field of business organization and management; computer rental; hosting computer websites; rental of computer software; platform as a service; electronic storage services for archiving electronic data; conducting technical project studies; research in the field of telecommunications technology; providing application software for use in drafting contracts and management support thereof; research in the field of artificial intelligence technology; technological consultancy services for digital transformation; cloud storage services for electronic files for contracts, regulations and legal documents; electronic storage of files for contracts, regulations and legal documents

| | | | |
|---|---|---|---|
| **International Class(es):** | 042 - Primary Class | **U.S Class(es):** | 100, 101 |
| **Class Status:** | ACTIVE | | |
| **Basis:** | 1(b) 44(d) | | |

**For:** Consulting and providing information about drafting contracts and other documents relating to rights and obligations and proof of facts; providing information about legal services; legal advice; legal consultation services; arbitration and mediation for resolution services of Internet disputes; Internet legal assistance in alternative dispute resolution; research and analysis of prior literature regarding intellectual property rights; research and analysis relating to litigation and other legal issues using database information; online social networking services; consulting and providing information related to social insurance claims; investigation or surveillance services for checking background profiles; legal services in relation to the negotiation of contracts for others; providing information about legal services relating to licenses; personal background investigations; legal research; legal watching services; providing information relating to legal document preparation services

| | | | |
|---|---|---|---|
| **International Class(es):** | 045 - Primary Class | **U.S Class(es):** | 100, 101 |
| **Class Status:** | ACTIVE | | |
| **Basis:** | 1(b) 44(d) | | |

## Basis Information (Case Level)

| | | | |
|---|---|---|---|
| **Filed Use:** | No | **Currently Use:** | No |
| **Filed ITU:** | Yes | **Currently ITU:** | Yes |
| **Filed 44D:** | Yes | **Currently 44E:** | No |
| **Filed 44E:** | No | **Currently 66A:** | No |
| **Filed 66A:** | No | **Currently No Basis:** | No |
| **Filed No Basis:** | No | | |

## Current Owner(s) Information

| | |
|---|---|
| **Owner Name:** | LegalOn Technologies, Inc. |
| **Owner Address:** | 6th floor, Toyosu Front<br>3-2-20, Toyosu, Koto-ku<br>Tokyo JAPAN 135-0061 |
| **Legal Entity Type:** | CORPORATION |
| **State or Country Where Organized:** | JAPAN |

## Attorney/Correspondence Information

**Attorney of Record**

| | | | |
|---|---|---|---|
| **Attorney Name:** | B. Brett Heavner | **Docket Number:** | 16288.0004 |
| **Attorney Primary Email Address:** | docketing@finnegan.com | **Attorney Email Authorized:** | Yes |

**Correspondent**

| | |
|---|---|
| **Correspondent Name/Address:** | B. BRETT HEAVNER<br>FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER LLP<br>901 NEW YORK AVENUE NW<br>WASHINGTON, DISTRICT OF COLUMBIA UNITED STATES 20001 |

| | | | |
|---|---|---|---|
| **Phone:** | 202-408-4000 | **Fax:** | 202-408-4400 |
| **Correspondent e-mail:** | docketing@finnegan.com teas-filing-receipts@finnegan.com | **Correspondent e-mail Authorized:** | Yes |

**Domestic Representative - Not Found**

## Prosecution History

| Date | Description | Proceeding Number |
|------|-------------|-------------------|
| Mar. 08, 2023 | NOTICE OF DESIGN SEARCH CODE E-MAILED | |
| Mar. 07, 2023 | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED | |
| Feb. 21, 2023 | NEW APPLICATION ENTERED | |

## TM Staff and Location Information

**TM Staff Information - None**

**File Location**

| Current Location: | NEW APPLICATION PROCESSING | Date in Location: | Mar. 07, 2023 |
|---|---|---|---|

## Assignment Abstract Of Title Information - None recorded

## Proceedings - None recorded

# EXHIBIT 16

to Declaration of Hirofumi Tada

LegalOn Technologies – Review Contracts Faster



Product ⌄ Resources ⌄ Company ⌄ Sign in Get a demo

# Automate ~~tedious~~ ~~out of~~ contract review.

Negotiate stronger contracts faster with the global leader in AI-powered contract review.

Get a demo



# Accurate review in seconds

Instantly find and fix risks in your contracts with point-by-point alerts powered by our sophisticated contract review AI.

**Get a demo**

Learn more about the LegalOn platform



## Peace of mind

Catch hard-to-spot contract risks and ensure your team reviews against consistent standards configurable to your business.



## More time

Spend less time on tedious line-by-line reviews so you can turnaround more deals and have time for legal work that you want to face slowly.



## Continuity

Digitize your contract knowledge to make onboarding new team members easy and to ensure consistent review even if a team member is out.



## Start right away

Begin on Day 1 without a time-consuming implementation or disruption to your legal team's workflow or existing applications.

# News

NEWS

## SoftBank-Backed Legal Tech Startup in Japan Readies US Debut

Featured on **Bloomberg Law**

View article   〉



NEWS

## LegalOn Unveils AI Software Tools For Legal Contracts In US

Featured on **Law360**

View article   〉

NEWS

## LegalOn Technologies, the Global Leader in AI Contract Review, Unveils AI Revise Tool and Subscription Plans for US Customers

Featured on **Business Wire**

View article   〉

NEWS

## As It Opens Commercial Availability in the U.S., LegalOn Releases GPT-Powered Contract-Editing Tool 'AI Revise'

Featured on **LawSites**

View article   〉

Read more

# Experience LegalOn today

We automate what's tedious. You negotiate what matters. Sign up today and experience a smarter way to work.

Get a demo



Home  Product  About  Careers  News  Blog

Follow

Your Privacy Choices   Privacy Policy   Terms of use   Disclaimer

Copyright © 2023 LegalOn Technologies