David A. Makman (SBN 178195)
david@makmanlaw.com
**LAW OFFICES OF DAVID A. MAKMAN**
483 Seaport Court, Suite 103
Redwood City, California 94063
Telephone:   (650) 242-1560
Facsimile:    (650) 242-1547

Christopher Studebaker (admitted *pro hac vice*)
chris.studebaker@tkilaw.com
**TOKYO INTERNATIONAL LAW OFFICE**
Daido Seimei Kasumigaseki Bldg., 8F
1-4-2 Kasumigaseki, Chiyoda-ku
Tokyo 100-0013, Japan
Telephone:   011-81-(0)3-6273-3120
Facsimile:    011-81-(0)3-6273-3876

*Attorneys for Specially Appearing Defendant*
*Kabushiki Kaisha LegalOn Technologies f/k/a Kabushiki Kaisha LegalForce*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| LEGALFORCE RAPC WORLDWIDE, P.C.,<br><br>Plaintiff,<br><br>v.<br><br>LEGALFORCE, INC.,<br><br>Defendant. | CASE NO.: 3:22-cv-03724-TLT<br><br>**SPECIALLY APPEARING DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**<br><br>Judge:   Hon. Trina L. Thompson<br>Crtrm.:  9<br>Date:    November 7, 2023<br>Time:    2:00 PM<br>Action Filed:    June 24, 2022 |

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................1

II. ARGUMENT .......................................................................................................................2

    A. Plaintiff Fails to Cite Any Legal Authority in the Opposition................................2

    B. Plaintiff Fails to Save the Complaint with Reliance on Extraneous Documents.....2

    C. Plaintiff Fails to Refute That the SAC Cannot Be Cured by Amendment ..............4

    D. Plaintiff Fails to Plead Facts Sufficient to Support General or Specific Jurisdiction Even After Extensive Jurisdictional Discovery ...................................5

    E. Plaintiff Fails to Plead a Ripe Case or Controversy ................................................6

        1. Plaintiff Fails to Allege a Particularized and Concrete Injury-In-Fact........6

        2. Plaintiff Fails to Establish That Defendant Used the LEGALFORCE Trademarks in the United States ...................................................................7

        3. Plaintiff Fails to Establish That the LEGALON Mark Causes a Likelihood of Confusion ................................................................................10

    F. Plaintiff Fails to State a Claim for Cybersquatting................................................12

    D. Amendment Would Be Futile ................................................................................13

III. CONCLUSION..................................................................................................................14

# TABLE OF AUTHORITIES

**Cases**

*Abshire v. Newsome*,
  Case No. No. 21-16442, 2023 U.S. App. LEXIS 10945 (E.D. Cal. May 4, 2023) ...................... 7

*Alexandria Real Est. Equities, Inc. v. RUNLABS (UK) Ltd.*,
  2019 WL 4221590 (N.D. Cal. 2019) ....................................................................................... 8

*Americopters, LLC v. FAA*,
  441 F.3d 726 (9th Cir. 2006) .................................................................................................. 6

*AMF Inc. v. Sleekcraft Boats*,
  599 F.2d 341 (9th Cir. 1979), *abrogated on other grounds by Mattel Inc. v. Walking Mountain Prods.*, 353 F.3d 792 (9th Cir. 2003) ............................................................ 11

*Barbera v. WMC Mortg. Corp.*,
  Case No. C 04-3738 SBA, 2006 WL 167632, (N.D. Cal. Jan. 19, 2006); ................................ 3

*Birdsong v. Apple, Inc.*,
  590 F.3d 955 (9th Cir. 2009) ................................................................................................ 2

*Branch v. Tunnell*,
  14 F.3d 449 (9th Cir. 1994) .................................................................................................. 3

*Carter-Wallace, Inc. v. Procter & Gamble Co.*,
  434 F.2d 794 (9th Cir. 1970) ....................................................................................... 11, 12

*Copasetic Clothing Ltd. v. Roots Canada Corp.*,
  No. 17-CV-02300-GPC-KSC, 2018 WL 4051693 (S.D. Cal. Aug. 24, 2018) ........................... 6

*Doe v. Unocal Corp.*,
  248 F.3d 915 (9th Cir. 2001) *abrogated on other grounds by Williams v. Yamaha Motor Co.*, 851 F.3d 1015 (9th Cir. 2017)) ............................................................................................ 5

*E. & J. Gallo Winery v. Pernod Ricard USA, LLC*,
  No. 1:06-CV-00823 OWW-SMS, 2006 WL 2849830 (E.D. Cal. Oct. 5, 2006) ......................... 6

*EcoDisc Tech. AG v. DVD Format/Logo Licensing Corp.*,
  711 F. Supp. 2d 1074 (C.D. Cal. 2010) ............................................................................... 13

*Gardier v. Walmart, Inc.*,
 Case No. 20-cv-04618-JSW, 2021 WL 4992539 (N.D. Cal. July 8, 2021) ................................. 3

*Grober v. Mako Productions, Inc.*,
 No. CV 04–08604 SGL (OPx), 2008 WL 9027249 (C.D. Cal. Aug. 29, 2008), *aff'd* 686 F.3d
 1335 (Fed. Cir. 2012) .............................................................................................................. 13

*Indep. Towers of Washington v. Washington*,
 350 F.3d 925 (9th Cir. 2003) ..................................................................................................... 2

*JGX, Inc. v. Handlery*,
 No. 17-cv-00287, 2018 WL 984856 (N.D. Cal. Feb. 20, 2018) ................................................ 8

*Johnson v. Cty. of Santa Clara*,
 No. 5:18-cv-06264-EJD, 2019 WL 1597488 (N.D. Cal. Apr. 15, 2019) ................................... 3

*Lee v. City of Los Angeles*,
 250 F.3d 668 (9th Cir. 2001) ..................................................................................................... 3

*Mack v. South Bay Beer Distrib.*,
 798 F.2d 1279 (9th Cir. 1986) ................................................................................................... 3

*Maya v. Centex Corp.*,
 658 F.3d 1060 (9th Cir. 2011) ................................................................................................... 6

*Morongo Band of Mission Indians v. Cal. State Bd. Of Equalization*,
 858 F.2d 1376 (9th Cir. 1988) ............................................................................................... 4, 7

*Murray v. Cable NBC Co.*,
 86 F.3d 858 (9th Cir. 1996) ..................................................................................................... 11

*Name.Space, Inc. v. Internet Corp. for Assigned Names & Nos.*,
 795 F.3d 1124 (9th Cir. 2015) ................................................................................................... 8

*Native American Arts, Inc. v. Specialty Merchandise Corp.*,
 451 F. Supp. 2d 1080 (C.D. Cal. 2006) .................................................................................... 7

*Native Vill. of Kivalina v. ExxonMobil Corp.*,
 696 F.3d 849 (9th Cir. 2012) ..................................................................................................... 7

*O'Neal v. Sideshow, Inc.*,
  583 F. Supp. 3d 1282 (C.D. Cal. 2022) ................................................................................ 2

*Progressive Distribution Services, Inc. v. United Parcel Service, Inc.*,
  856 F.3d 416 (6th Cir. 2017) ........................................................................................ 11, 12

*Quatrewave LLC v. de Stefano*,
  No. CV 20-07237-MWF (PJWx), 2020 WL 10758648 (C.D. Cal. Dec. 2, 2020) ..................... 12

*Ranza v. Nike, Inc.*,
  793 F.3d 1059 (9th Cir. 2015) ............................................................................................ 5

*Richardson v. City & Cnty. of Honolulu*,
  124 F.3d 1150 (9th Cir. 1997) ............................................................................................ 8

*Scott v. Pasadena Unified Sch. Dist.*,
  306 F.3d 646 (9th Cir. 2002) .............................................................................................. 6

*Selfway, Inc. v. Travelers Petroleum Inc.*,
  579 F.2d 75 (C.C.P.A. 1978) .............................................................................................. 8

*Spokeo, Inc. v. Robins,*
  578 U.S. 330 (2016) ............................................................................................................ 7

*SunEarth, Inc. v. Sun Earth Solar Power Co.*,
  No. C 11-4991 CW, 2013 WL 4528539 (N.D. Cal. Aug. 23, 2013), *amended in part by*, No.
  C 11-4991 CW, 2013 WL 6157208 (N.D. Cal. Nov. 22, 2013), *and aff'd*, 650 F. App'x 473
  (9th Cir. 2016), *on reh'g en banc*, 839 F.3d 1179 (9th Cir. 2016) .......................................... 12

*TransUnion LLC v. Ramirez*,
  141 S. Ct. 2190 (2021)........................................................................................................ 6

*United States v. Dunkel*,
  927 F.2d 955 (7th Cir. 1991) .............................................................................................. 2

*Villiarimo v. Aloha Island Air, Inc.*,
  281 F.3d 1054 (9th Cir. 2002) ............................................................................................ 3

*Walker v. Boeing Corp.*,
  218 F. Supp. 2d 1177 (C.D. Cal. 2002) ........................................................................... 4, 9

**Statutes**

15 U.S.C. § 1127 .................................................................................................................. 8

**Rules**

Fed. R. Evid. 602 .................................................................................................................. 9

Fed. R. Evid. 201 .................................................................................................................. 3

## I. INTRODUCTION

Plaintiff's Opposition confirms what Defendant demonstrated in its moving papers: that even with discovery, Plaintiff cannot establish jurisdiction and is unable to state any claim for which relief can be granted.[1]  Defendant's Motion to Dismiss therefore should be granted and the case should be dismissed with prejudice.[2]

Despite three attempts, Plaintiff still has been unable to articulate either a plausible basis for this Court's jurisdiction or a plausible claim on which relief can be granted.  In his rambling Opposition, Plaintiff fails to even address many of the issues raised in the motion, choosing, instead, to reiterate arguments that the Court has already rejected and to supplement them with additional irrelevant information.  Nor does Plaintiff provide any legal authority for his assertions.

Plaintiff does not support his opposition by referring to facts found in the pleading but, instead, relies on speculative declarations from counsel despite having had access to jurisdictional discovery.  All new information that Plaintiff added to the Second Amended Complaint ("SAC"), ECF No. 93, is pled "on information and belief."  As such, the SAC is even more speculative than the First Amended Complaint ("FAC").  ECF No. 32.  Furthermore, even "on information and belief", Plaintiff is unable to plead any colorable "injury-in-fact" as would be required to establish a case or controversy.

Perhaps, in recognition of this, Plaintiff's Opposition relies almost entirely on new declarations rather than on the facts as pled in the SAC.  This case has been pending long enough.  Plaintiff was afforded an opportunity to obtain jurisdictional discovery and did so.  There are already more than 100 documents on the Court's docket and Plaintiff is still flailing around in search of a viable cause of action.  Enough is enough.  The SAC should be dismissed.

---

[1] "Defendant" refers to Specially Appearing Defendant *Kabushiki Kaisha* LegalOn Technologies, sued under the name LegalForce, Inc.  "Plaintiff" refers to Plaintiff LegalForce RAPC Worldwide, P.C.  "Motion to Dismiss" refers to Defendant's Motion to Dismiss the Second Amended Complaint.  ECF No. 95.  "Opposition" and "Opp." refer to Plaintiff's Opposition to Defendant LegalForce, Inc.'s Motion to Dismiss Plaintiff's Second Amended Complaint: Memorandum of Points and Authorities in Support Thereof.  ECF No. 100.

[2] Although the motion to dismiss hearing is scheduled for November of 2023, the parties have filed an administrative motion requesting that the hearing be rescheduled for an earlier date.  ECF No. 98.

## II. ARGUMENT

### A. Plaintiff Fails to Cite Any Legal Authority in the Opposition

Where, as here, a plaintiff does not support any of his arguments or legal conclusions with proper factual or legal authority, Courts routinely grant motions to dismiss. *See O'Neal v. Sideshow, Inc.*, 583 F. Supp. 3d 1282, 1287 n. 2 (C.D. Cal. 2022) (granting motion to dismiss because plaintiff drew "a series of legal conclusions – both here and virtually everywhere in his opposition – without providing any supporting authority" and "appears to misunderstand the motion process"); *Birdsong v. Apple, Inc.*, 590 F.3d 955, 959 (9th Cir. 2009) (stating that courts will not "manufacture arguments for a[ ] [party], and a bare assertion does not preserve a claim."); *Indep. Towers of Washington v. Washington*, 350 F.3d 925, 929-30 (9th Cir. 2003) ("However much we may importune lawyers to be brief and to get to the point, we have never suggested that they skip the substance of their argument in order to do so . . . . We require contentions to be accompanied by reasons."); *see also United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."). Dismissal is particularly appropriate here given that the Court has already dismissed the Complaint once, ECF No. 92, and Defendant has provided no facts to demonstrate that jurisdiction attached during the time since the filing of the FAC.

### B. Plaintiff Fails to Save the Complaint with Reliance on Extraneous Documents

Defendant established in its Motion to Dismiss that the SAC, which was filed after months of discovery at a high cost to Defendant in terms of time and attorneys' fees, contains only conclusory allegations that are insufficient to establish jurisdiction. ECF No. 95 at 10-18. Simply put, Plaintiff has failed to state plausible claims for trademark infringement and/or cybersquatting. *Id*. at 18-20. Nothing in Plaintiff's Opposition refutes any of the facts or arguments presented in Defendant's opening brief, and the Motion to Dismiss should be granted accordingly.

Plaintiff has implicitly acknowledged the infirmity of the SAC by submitting and relying on two declarations (from Raj Abhyanker and Hirofumi Tada) in support of his Opposition rather than

relying on the SAC itself to provide facts establishing jurisdiction here. ECF Nos. 100.1 & 100.3[3] Plaintiff's use of declarations is particularly surprising because the case has been pending for almost a year and Plaintiff amended his complaint *after* substantial jurisdictional discovery. In that context, if there were any plausible basis for this case, it would be pled with confidence in the SAC. It is not The Court should dismiss with prejudice.[4]

Plaintiff's attempt to amend the SAC by attaching self-serving declarations is improper. *See Johnson v. Cty. of Santa Clara*, No. 5:18-cv-06264-EJD, 2019 WL 1597488, at *3 (N.D. Cal. Apr. 15, 2019) ("[A] complaint may not be amended by briefs in opposition to a motion to dismiss.") (quoting *Barbera v. WMC Mortg. Corp.*, Case No. C 04-3738 SBA, 2006 WL 167632, at *2 n. 4 (N.D. Cal. Jan. 19, 2006)); *see also Gardier v. Walmart, Inc.*, Case No. 20-cv-04618-JSW, 2021 WL 4992539, at *2 (N.D. Cal. July 8, 2021) (refusing to consider plaintiff's "self-serving declarations" submitted in opposition to motion to dismiss). As such, Abhyanker's and Tada's declarations should be disregarded.

Moreover, Tada's and Abhyanker's speculative opinions, *inter alia*, as to Defendant's conduct and business motivations, go beyond their personal knowledge and thus lack foundation. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1059 n. 5, 1061 (9th Cir. 2002) (holding that district court properly disregarded declaration that included facts beyond declarant's personal knowledge and did not indicate how declarant knew the facts to be true). Under Federal Rule of Evidence 602, a witness is not competent to testify if they lack personal knowledge of the facts they

---

[3] Normally, Courts may not consider materials beyond the pleadings in ruling on a Rule 12(b)(6) motion. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (citing *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994)). There are two exceptions: (1) a court may consider "material which is properly submitted as part of the complaint" on a motion to dismiss; and (2) under Federal Rule of Evidence 201, "a court may take judicial notice of 'matters of public record.'" *Id.* (citing *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)). Because Plaintiff's declarations are not pleadings, are not attached to or relied on in the SAC, and are not a matter of public record, the first exception does not apply. Further, the second exception is inapplicable because Plaintiff did not file a request for judicial notice or provide any legal argument supporting the Court's ability to consider the declarations. *See also Gardier*, 2021 WL 4992539, at *2 (refusing to consider declarations on a motion to dismiss).

[4] Mr. Tada is Plaintiff's counsel in an infringement lawsuit in Japan, which Defendant has brought against Plaintiff. The lawsuit is over Plaintiff's illegal use of the LEGALFORCE marks that Defendant lawfully owns in Japan.

are testifying about, and incompetent evidence should be disregarded. *See Walker v. Boeing Corp.*, 218 F. Supp. 2d 1177 (C.D. Cal. 2002) (holding that the Federal Rules of Evidence "require the Court to disregard deposition testimony offered in opposition to a motion for summary judgment unless such testimony is competent, admissible, and based on the witness' personal knowledge of the matter."). In other words, the declarations do nothing to save the SAC which, like the first two Complaints, is insufficient to establish jurisdiction and fails to state plausible trademark infringement and cyberpiracy claims in the face of the record evidence and Defendant's denials.

### C. Plaintiff Fails to Refute That the SAC Cannot Be Cured by Amendment

Plaintiff has no response to the argument that the SAC cannot be cured by amendment. Plaintiff simply ignores the plain language of *Morongo Band of Mission Indians v. Cal. State Bd. Of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988) and presents no thought or analysis as to how the SAC could be proper given the Court's ruling dismissing the FAC for lack of subject matter jurisdiction. The validity of the Court's Order granting leave to amend could be relevant to the *res adjudicata* effect of this proceeding and, given the large number of related judicial and administrative proceedings here, Defendant respectfully requests that the Court provide a ruling on the issue, which was argued in full in the opening brief and is unrefuted in Plaintiff's Opposition.

Plaintiff does argue, in a footnote, that the SAC includes conduct that occurred after the filing of the FAC and that this somehow preserves jurisdiction. *See* ECF No. 100 at 4 n. 2. However, the conduct identified (*e.g.*, forming a U.S. subsidiary and hiring employees for that subsidiary), even if accurate, would not suffice to establish jurisdiction here. To the contrary, the Court does not have jurisdiction over Defendant because Defendant properly formed a U.S. subsidiary and arranged its business affairs such that any commerce in the United States is conducted by that subsidiary (which is not a party to this lawsuit).[5] In light of this common structure, the Court does not have jurisdiction over the parent.

---

[5] Plaintiff has not pled facts sufficient to attribute actions of the subsidiary to the parent. Instead, Plaintiff has pled the SAC's allegations "on information and belief" and then treated the parent and the subsidiary as the same entity, making it impossible to distinguish which facts relate to which entity. The reality, however, is clear from the record submitted by Defendant: all commerce in the United States is handled by the U.S. subsidiary under the mark LEGALON. ECF No. 95.5 (Ex. 4, (continued...)

It is a "basic tenet" of American law that "a corporation and its shareholders are distinct entities" and "a parent corporation is shielded from liability created by its subsidiary, notwithstanding the parent's ownership of the subsidiary." *See e.g., Ranza v. Nike, Inc.*, 793 F.3d 1059, 1073 (9th Cir. 2015) (affirming dismissal of case involving parent-subsidiary relationship). *See also Doe v. Unocal Corp.*, 248 F.3d 915 (9th Cir. 2001) (approving dismissal where the company observed corporate formalities even though parent corporation was actively involved in decision making at the subsidiary), *abrogated on other grounds by Williams v. Yamaha Motor Co.*, 851 F.3d 1015 (9th Cir. 2017)). As such, Plaintiff should not be able to obtain jurisdiction over Defendant by falsely attributing the acts of the LegalOn US subsidiary to its Japanese parent, which is the only defendant present here.

### D. Plaintiff Fails to Plead Facts Sufficient to Support General or Specific Jurisdiction Even After Extensive Jurisdictional Discovery

In the opening brief, Defendant demonstrated that Plaintiff had failed to plead facts establishing general or specific jurisdiction in the SAC. ECF No. 95 at 16-18. Defendant's arguments and case law stand un-addressed and un-refuted.

Plaintiff does argue that the Court has personal jurisdiction in **Section I.G**. In support of that argument, Plaintiff relies solely on paragraphs 38, 45 and 48 of the SAC, with no relevant case law or statutory authority in support of the argument. Those paragraphs do not, alone or in combination, establish jurisdiction over Defendant. Plaintiff has presented no evidence or allegation that Defendant is active in the United States. Nor has Plaintiff properly alleged that Defendant has used the term LEGALFORCE in commerce in the United States in a manner that, if proven, would make Defendant liable under the Lanham Act. To the extent that Plaintiff is alleging infringement based on the use of the term LEGALON in commerce, that claim should be addressed to Defendant's U.S. subsidiary, which is the entity that is providing services "in commerce" in the United States.

---

Lewis Decl. ¶¶ 13-14). Defendant is not operating in commerce in the United States in the sense that it has not offered goods or services or provided services in the United States using either the mark LEGALON or LEGALFORCE. ECF Nos. 95.4 (Ex. 3, Tsunoda Decl. ¶¶ 21-22)); 95.3 (Ex. 2, Biard Dep. Tr. 92:13-25 (testifying that the names LegalForce and LegalForce Cabinet were never used in the United States)). As such, there is no case or controversy here.

### E.  Plaintiff Fails to Plead a Ripe Case or Controversy

Plaintiff fails to support its conclusory claims that a justiciable Article III case or controversy exists. *See E. & J. Gallo Winery v. Pernod Ricard USA, LLC*, No. 1:06-CV-00823 OWW-SMS, 2006 WL 2849830, at *4 (E.D. Cal. Oct. 5, 2006) ("[T]he plaintiff has the burden of proof that jurisdiction does in fact exist."). "In resolving a factual attack on jurisdiction, the Court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Copasetic Clothing Ltd. v. Roots Canada Corp.*, No. 17-CV-02300-GPC-KSC, 2018 WL 4051693, at *3 (S.D. Cal. Aug. 24, 2018). "[T]he plaintiff must support [his or] her jurisdictional allegations with 'competent proof,' under the same evidentiary standard that governs in the summary judgment context." *Id*. Thus, the Court is "not confined to the facts contained in the four corners of the complaint" and does not need to "assume the truthfulness of the complaint." *See Americopters, LLC v. FAA*, 441 F.3d 726, 732 n.4 (9th Cir. 2006); *see also E. & J. Gallo Winery*, 2006 WL 2849830, at *4 ("In a factual 12(b)(1) motion, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.").

#### 1.  Plaintiff Fails to Allege a Particularized and Concrete Injury-In-Fact

Plaintiff concedes, as he must, that, to establish standing, he must properly plead an "injury in fact" that is "fairly traceable to the conduct of the defendant" and that is "likely to be redressed by a favorable judicial decision." *See* Opp. at 4:16-17:3; *see also TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2197 (2021) ("To have Article III standing to sue in federal court, a plaintiff must show, among other things, that the plaintiff suffered concrete injury in fact."). Plaintiff "must satisfy the injury-in-fact requirement by alleging that he suffered some threatened or actual injury resulting from the putatively illegal action." *Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 656 (9th Cir. 2002). Moreover, Plaintiff may not "rely on a bare legal conclusion to assert injury-in-fact or engage in an 'ingenious academic exercise in the conceivable' to explain how defendants' actions caused his injury." *Maya v. Centex Corp.*, 658 F.3d 1060, 1068 (9th Cir. 2011).

Plaintiff has not pled a plausible injury-in-fact. The "harms" that Plaintiff allegedly suffered are (1) supposed lost "sales, profits or reputation" that arose due to Defendant's filing a trademark application in the United States, and (2) the alleged use of the LEGALFORCE trademarks in the United States—specifically Defendant's sale of shares in the company, then called *Kabushiki Kaisha LegalForce*, undermined Plaintiff's competitive position.[6] SAC ¶¶ 45-6. Such conclusory allegations, however, do not establish the injury-in-fact requirement of standing. As the U.S. Supreme Court has explained, an injury in fact must both be particularized and concrete. *Spokeo, Inc. v. Robins,* 578 U.S. 330, 339 (2016); *see also Native Vill. of Kivalina v. ExxonMobil Corp.*, 696 F.3d 849, 867 (9th Cir. 2012) (affirming that a "complaint must allege sufficient facts plausibly establishing each element of the standing inquiry."); *Abshire v. Newsome*, Case No. No. 21-16442, 2023 U.S. App. LEXIS 10945 (E.D. Cal. May 4, 2023) (affirming dismissal for lack of standing when the alleged injury of fact was not sufficiently concrete and particularized); *Native American Arts, Inc. v. Specialty Merchandise Corp.*, 451 F. Supp. 2d 1080, 1082 (C.D. Cal. 2006) (finding that plaintiff lacked standing due to failure to plead specific facts showing injury, and instead only pled conclusory allegations of harms to competition and advertising efforts). As such, Plaintiff has failed to establish standing. *See Morongo*, 858 F.2d 1376 (9th Cir. 1988).

### 2. Plaintiff Fails to Establish That Defendant Used the LEGALFORCE Trademarks in the United States

Defendant has not used and has no intent to use the LEGALFORCE mark in U.S. commerce.[7] Trademark infringement is unripe for resolution absent any "actual or imminent infringement."

---

[6] If Plaintiff is claiming injury-in-fact based on Defendant's conduct outside the United States, he has failed to establish Defendant's conduct is within the Court's extraterritorial reach. To the extent that he is claiming injury-in-fact due to the use of the term "LegalOn" in the United States, that claim is not plausible. But, even if it were, it should be directed at Plaintiff's U.S. subsidiary, which is the company that is participating in commerce in the United States within the meaning of the Lanham Act. Defendant's U.S. subsidiary has been sued in a separate lawsuit where Plaintiff is not alleging that the term LegalOn infringes.

[7] *See, e.g.*, ECF Nos. 95.3 (Ex. 2, Biard Dep. Tr. 92:13-25 (testifying that the names LegalForce and LegalForce Cabinet were never used in the United States); Biard Dep. Tr. 132:19-133:2 (testifying that "I can state that the Japanese company never said or intended to enter the U.S. under the LegalForce name")); 95.2 (Ex. 1, Tsunoda Dep. Tr. 67:4-6 (responding "No" when asked if Defendant (continued...)

*Name.Space, Inc. v. Internet Corp. for Assigned Names & Nos.*, 795 F.3d 1124, 1133 (9th Cir. 2015) (federal trademark infringement and unfair competition claims both require use in commerce); *JGX, Inc. v. Handlery*, No. 17-cv-00287, 2018 WL 984856, at *3 (N.D. Cal. Feb. 20, 2018) ("A plaintiff's claims may be 'unripe' if they rest on anticipated future trademark infringement, in the absence of an imminent threat of use of the mark."). "The central concern [of the ripeness inquiry] is whether the case involves uncertain or contingent future events that may not occur as anticipated, or indeed may not occur at all." *Richardson v. City & Cnty. of Honolulu*, 124 F.3d 1150, 1160 (9th Cir. 1997) (internal quotation omitted).

*First*, Plaintiff attempts to overcome this fatal fact by arguing that Defendant "has used its infringing LEGALFORCE marks in the United States within commerce" through selling shares. **See Section I.A**. Plaintiff has no case law to support his argument that this is trademark infringement. To the contrary, fund raising is plainly not a form of trademark infringement as it does not involve selling goods or services in commerce. This Court rejected any notion that selling shares qualified as "use in commerce" when it dismissed the FAC and reminded Plaintiff of the definition of use in commerce that is found in the Lanham Act: "A mark is used in commerce 'on services when it is used or displayed in the sale or advertising of services and the services are rendered in commerce.'" ECF No. 92 at 4 (quoting 15 U.S.C. § 1127).

Under that definition, the sale of shares to investors is not "use in commerce" within the meaning of the Lanham Act. *See also Selfway, Inc. v. Travelers Petroleum Inc.*, 579 F.2d 75, 79 (C.C.P.A. 1978) (finding brochure circulated only to potential investors was not "use in commerce" or "use analogous to trademark use" because it was not consumer-facing); *accord Alexandria Real Est. Equities, Inc. v. RUNLABS (UK) Ltd.*, 2019 WL 4221590, at *13 (N.D. Cal. 2019) (concluding that foreign entities' fundraising trip alleged to be related to infringing conduct was insufficient to confer jurisdiction).

---

ever wanted to use the name "LegalForce" in the United States)); 95.4 (Ex. 3, Tsunoda Decl. ¶¶ 21, 64)).

*Second*, Plaintiff without citation to legal authority claims that filing an intent-to-use trademark application is a form of trademark infringement and demonstrates "purposeful availment." However, Plaintiff bases this argument, not on any specific language of the SAC, but, instead, on the speculative and argumentative declaration of Japanese counsel, Mr. Tada, who declared that Defendant currently has imminent plans to use the mark "LegalForce" in the United States, even though he has no foundation to provide such testimony. **See Opp. Section I.B**. His claim is based on the fact that, long before the FAC or the SAC, Defendant filed an "intent to use" application for trademark registration. That application has been abandoned. ECF No. 100.4 at 113 (Ex. 10 to Declaration of Hirofumi Tada).

In addition, Mr. Tada does not have foundation to testify about Defendant's current business plans. Because he lacks any personal knowledge of the facts for which he is testifying, his declaration should be disregarded. Fed. R. Evid. 602; *see also Walker*, 218 F. Supp. 2d 1177. Furthermore, the argument that filing an intent-to-use trademark application is a form of trademark infringement was already at issue in the FAC and, thus, has already been rejected once. Again, in its Order dismissing the FAC, the Court provided a clear and accurate definition of "use in commerce." Filing a trademark application does not qualify under that definition. ECF No. 92 at 4.

*Third*, Plaintiff's reliance on the Press Release, dated April 24, 2023, which discusses LegalOn US's sales to customers in the United States, is misplaced. Plaintiff claims this document shows that LegalOn Japan has U.S. customers that are using the "LegalForce" products. **See Section I.C**. In support of this argument, Plaintiff does not cite to the SAC at all but, instead, he relies on his own declaration as Plaintiff's counsel, Founder and CEO. Mr. Abhyanker argues that Exhibit 1 to his declaration establishes that the LegalOn Japan, the Defendant in this case, rather than its American subsidiary, is the company that is providing services "in commerce" in the United States. However, Mr. Abhyanker does not have personal knowledge that this is so. As such, his testimony lacks foundation and should be disregarded under Federal Rule of Evidence 602. *See also Walker,* 218 F. Supp. 2d 1177. The record evidence also shows that Defendant it is not providing services "in commerce" in the United States as such use has been defined by this Court. *See* ECF No. 92 at 4; ECF 95 at 5-8 (summarizing Defendant's evidence). Neither the SAC nor the Abhyanker Declaration is

sufficient to overcome Defendant's denial that it is using the allegedly infringing marks in commerce in the United States.

*Fourth*, Plaintiff's references to the deposition testimony from Messrs. Biard and Tsunoda, ***see* Section I.D,** do not demonstrate "use in commerce" in the United States within the meaning of the Lanham Act. Preparing slides for potential investors (Opp. at 11:17-12:9) is not trademark infringement and does not create any justiciable case or controversy. The presence of an American flag in a PowerPoint presentation (*id.*) is not trademark infringement and does not create any justiciable case or controversy. Forming a U.S. subsidiary and recruiting and hiring U.S. employees for that subsidiary (*id*. at 12:10-15) is not trademark infringement and does not create any justiciable case or controversy. Using a WeWork office (*id*. at 12:23-13:5) for a "single day" is not trademark infringement and does not create any justiciable case or controversy. Using the product name LEGALFORCE in Japan (*id*. at 13:6-16) is not trademark infringement—Defendant owns the registration to the mark LEGALFORCE in Japan, and the U.S. trademark laws do not extend to conduct in Japan. Making two trips to the United States (*id*. at 13:6-16) is not trademark infringement and does not create any justiciable case or controversy. None of these facts, even if they were taken as true for this motion, would individually or collectively be sufficient to create a case or controversy in the face of Defendant's clear denials that are of record in the Lewis and Tsunoda Declarations and Biard and Tsunoda depositions. *See* ECF No. 95 at 5-8 (summarizing Defendant's evidence).

### 3. Plaintiff Fails to Establish That the LEGALON Mark Causes a Likelihood of Confusion

Finally, Plaintiff argues that the term LEGALON infringes Plaintiff's LEGALFORCE marks under the doctrines of visual similarity, contextual similarity, and inference similarity within the same sales channels. *See* **Section I.E**. However, LegalOn is a term that Defendant's U.S. subsidiary—not Defendant itself—is using when providing services to customers in the United States. Defendant's U.S. subsidiary is not a party to this case and, as discussed above, Defendant is not providing services to customers in the United States and is not liable for the actions of its subsidiary here.

Moreover, Plaintiff has not distinguished the case law that was cited in Defendant's opening brief. In fact, Plaintiff's argument that the term LEGALON allegedly infringes his LEGALFORCE marks is not connected to any case law or to any allegation in the SAC and, therefore, is irrelevant and inapposite.

To reiterate, any similarity derives entirely from the use of the term "Legal"—a term, that in isolation is generic and, as used in Defendant's mark, is descriptive. Similarity of this one portion of the two marks is not sufficient to demonstrate a "likelihood of confusion." Rather, to plausibly put trademark infringement at issue, Plaintiff would have to have pled a plausible injury-in-fact based on such use and to have pled and argued the *Sleekcraft* factors in such a way as to demonstrate that confusion is "probable, not simply a possibility." *Murray v. Cable NBC Co.*, 86 F.3d 858, 861 (9th Cir. 1996).[8] Here, the SAC—which is pled "on information and belief" and is argumentative, inaccurate and incorrect in many places—does not allege facts sufficient to plausibly establish either that (1) Defendant (rather than its U.S. subsidiary) is providing services using the mark in the United States or (2) even that, if such conduct could be rightfully attributed to the Defendant parent organization, it would plausibly infringe Plaintiff's trademark rights.

Nor does Plaintiff's reliance on its own letters of protest filed with the U.S. Patent and Trademark Office ("USPTO") establish a likelihood of confusion between Defendant's LEGALON mark and Plaintiff's LEGALFORCE marks. **See** **Section I.F**. The Ninth Circuit has held that any determinations that are made by a trademark examiner about likelihood of confusion "must be regarded as inconclusive," since they are "made at [the USPTO's] lowest administrative level." *Carter-Wallace, Inc. v. Procter & Gamble Co.*, 434 F.2d 794, 802 (9th Cir. 1970). As the Ninth Circuit also explained, when the USPTO is evaluating an application for registration of a trademark,

---

[8] The *Sleekcraft* factors are: (1) strength of the mark, (2) proximity of the goods, (3) similarity of the marks, (4) evidence of actual confusion, (5) marketing channels used, (6) type of goods and the degree of care likely to be exercised by the purchaser, (7) the defendant's intent in selecting the mark, and (8) likelihood of expansion of the product lines. *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348 (9th Cir. 1979), *abrogated on other grounds by Mattel Inc. v. Walking Mountain Prods*., 353 F.3d 792, 810 n. 19 (9th Cir. 2003). Plaintiff has neither pled nor argued likelihood of confusion under this test.

it does "not have before it the great mass of evidence", which parties are able to present in a court proceeding. *Id*. Other courts have likewise recognized that findings made by trademark examiners are entitled to little or no weight especially where, as here, the examiner's findings are not final, and are not informed by evidence of how the marks at issue are actually used in the marketplace. *See, e.g., Progressive Distribution Services, Inc. v. United Parcel Service, Inc.*, 856 F.3d 416, 225-27 (6th Cir. 2017) (adopting Ninth Circuit law and disregarding USPTO examiner's finding of a likelihood of confusion, stating: "we see no reason why such a low-level determination should be entitled to any weight before a federal court.").

Here, the trademark examiner has not made any determination. As such, the evidence Plaintiff has submitted is even more inconclusive than was at issue in either *Carter-Wallace* or *Progressive Distribution Services*.

Indeed, on their face, the documents relied on by Plaintiff say:

> The consideration of a letter of protest filed before publication is not a legal determination by the USPTO of registrability, nor is it meant to compromise the integrity of the ex parte examination process. It merely serves to bring the submitted evidence to the attention of the examining attorney, who determines whether a refusal or requirement should be raised or ultimately made final. *See* 37 C.F.R. §2.149(d)(1).

ECF No. 100.2 at 30-33 (Ex. 6 to Declaration of Raj Abhyanker). In other words, although the protest letters have been submitted to the trademark examiner, they have taken no action and it is entirely possible that the examiner will take no action based on the evidence submitted by Plaintiff. *See* Declaration of David A. Makman at ¶¶ 3-6, Ex. 1 (excerpts from Trademark Manual of Examining Procedure (July 2022)).

F.   **Plaintiff Fails to State a Claim for Cybersquatting**

Plaintiff's final argument is that the Court has jurisdiction over the cyberpiracy claims under the Anticybersquatting Consumer Protection Act ("ACPA"). Those claims have not changed since the FAC, and the Court should again reject them.

Even if the exercise of jurisdiction were proper here, which it is not, Plaintiff's cybersquatting claims fails as a matter of law. Plaintiff's sole argument in support of the requisite bad faith intent for cybersquatting is that Defendant registered its English-version websites after knowing of Plaintiff's

LEGALFORCE trademark use in the United States. Opp. at 21-23. But Plaintiff does not tether this argument to any statutory factor and provides no caselaw supporting its position. *Quatrewave LLC v. de Stefano*, No. CV 20-07237-MWF (PJWx), 2020 WL 10758648, at *5 (C.D. Cal. Dec. 2, 2020) ("The ACPA provides a non-exhaustive list of nine factors that a court may consider in determining whether a defendant acted with bad faith intent to profit."). Indeed, use of a website for "bona fide offerings . . . outside of the United States" is "a good indicator of good faith intent." *See, e.g., SunEarth, Inc. v. Sun Earth Solar Power Co.*, No. C 11-4991 CW, 2013 WL 4528539, at *23 (N.D. Cal. Aug. 23, 2013), *amended in part by*, No. C 11-4991 CW, 2013 WL 6157208 (N.D. Cal. Nov. 22, 2013), *and aff'd*, 650 F. App'x 473 (9th Cir. 2016), *on reh'g en banc*, 839 F.3d 1179 (9th Cir. 2016) (stating prior use factor "recognizes that the legitimate use of the domain name in commerce is a good indicator of a good faith intent" and finding good faith prior use where "Defendants have used the websites for bona fide offerings of goods outside of the United States"); *see also* ECF No. 95 at 20-21 (citing to further cases and facts in support of the Motion to Dismiss). Thus, the Court should dismiss Plaintiff's cybersquatting claim.

### D.     Amendment Would Be Futile

Plaintiff seeks leave to file a third amended complaint, **Conclusion**, even though the Court already permitted multiple rounds of amendments and previously said the SAC would be the last, ECF No. 92 at 8. ("Plaintiff has already amended its complaint once, this shall be Plaintiff's final opportunity to amend its pleading.") Because the SAC is fatally defective and cannot be cured by further amendment, it should be dismissed with prejudice.[9]

---

[9] Plaintiff took extensive jurisdictional discovery and the Court granted Plaintiff leave to amend the FAC given that discovery. Plaintiff does not contend in the SAC or in the Opposition that further discovery is needed. If Plaintiff were to seek to reopen discovery, Plaintiff should not be allowed to do so because the period for discovery ended when Plaintiff filed the SAC. "Judicial efficiency begs that this matter be put to rest." *Grober v. Mako Productions, Inc.*, No. CV 04–08604 SGL (OPx), 2008 WL 9027249, at *8 (C.D. Cal. Aug. 29, 2008) (denying further jurisdictional discovery arising from plaintiff's delay in seeking discovery), *aff'd* 686 F.3d 1335 (Fed. Cir. 2012); *EcoDisc Tech. AG v. DVD Format/Logo Licensing Corp.*, 711 F. Supp. 2d 1074, 1093 (C.D. Cal. 2010) (denying further jurisdictional discovery where "additional discovery would be futile").

## III. CONCLUSION

Defendant's Motion should be GRANTED.

Dated: June 6, 2023

Respectfully submitted,

By: /s *David Alan Makman*
David A. Makman (SBN 178195)
david@makmanlaw.com
**LAW OFFICES OF DAVID A. MAKMAN**
483 Seaport Court, Suite 103
Redwood City, California 94063
Telephone:   (650) 242-1560
Facsimile:    (650) 242-1547

Christopher Studebaker (admitted *pro hac vice*)
chris.studebaker@tkilaw.com
**TOKYO INTERNATIONAL LAW OFFICE**
Daido Seimei Kasumigaseki Bldg., 8F
1-4-2 Kasumigaseki, Chiyoda-ku
Tokyo 100-0013, Japan
Telephone:   011-81-(0)3-6273-3120
Facsimile:    011-81-(0)3-6273-3876

*Attorneys for Specially Appearing Defendant Kabushiki Kaisha LegalOn Technologies, f/k/a Kabushiki Kaisha LegalForce*