David A. Makman (SBN 178195)
david@makmanlaw.com
**LAW OFFICES OF DAVID A. MAKMAN**
483 Seaport Court, Suite 103
Redwood City, California 94063
Telephone:   (650) 242-1560
Facsimile:   (650) 242-1547

Christopher Studebaker (admitted *pro hac vice*)
chris.studebaker@tkilaw.com
**TOKYO INTERNATIONAL LAW OFFICE**
Daido Seimei Kasumigaseki Bldg., 8F
1-4-2 Kasumigaseki, Chiyoda-ku
Tokyo 100-0013, Japan
Telephone:   011-81-(0)3-6273-3120
Facsimile:   011-81-(0)3-6273-3876

*Attorneys for Specially Appearing Defendant*
*Kabushiki Kaisha LegalOn Technologies, f/k/a Kabushiki Kaisha LegalForce*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| LEGALFORCE RAPC WORLDWIDE, P.C.,<br><br>Plaintiff,<br><br>v.<br><br>LEGALFORCE, INC.,<br><br>Defendant. | CASE NO.: 3:22-cv-03724-TLT<br><br>**DECLARATION OF DAVID A. MAKMAN IN SUPPORT OF SPECIALLY APPEARING DEFENDANT'S REPLY TO MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**<br><br>Judge:   Hon. Trina L. Thompson<br>Crtrm.:   9<br>Date:   November 7, 2023<br>Time:   2:00 PM<br>Action Filed:   June 24, 2022 |

**DECLARATION**

I, David A. Makman, declare as follows:

1.  I am an attorney at the Law Offices of David A. Makman, counsel for Specially Appearing Defendant, Kabushiki Kaisha LegalOn Technologies, sued under the name LegalForce, Inc. ("Defendant"), in this action. The facts in this Declaration are based on my personal knowledge. If called upon to do so, I could and would testify competently to the facts contained in this Declaration.

2.  Defendant has correctly pointed out that I got the web address for Defendant's U.S. subsidiary wrong. I was trying to make the point that the U.S. subsidiary uses the term LEGALON in its domain name and does not use the term LEGALFORCE there. In that context, I did not notice that I had mis-typed the domain name. The correct domain name is www.legalontech.com and the point that I was making – that the U.S. subsidiary does not use the term LEGALFORCE in its domain name – is valid.

3.  Surprisingly, Plaintiff claims the fact that its Letters of Protest are being submitted to the U.S. Patent and Trademark Office ("USPTO") Trademark Examiner for consideration constitutes some sort of finding of "likelihood of confusion." Plaintiff did not provide a copy of the Letters of Protest themselves, and they do not appear to be a matter of public record, so I am unable to determine what evidence was submitted to the USPTO. However, Exhibit 6 to Declaration of Raj Abhyanker, ECF No. 100.2 at 30-33, contains the Letters Of Protest Memorandum that went to the Trademark Examiner. As I understand the procedure, the Trademark Examiner has not yet taken any action based on the Letters of Protest and the papers submitted by opposing counsel are not evidence of any substantive determination or ruling on that issue.

4.  I attach hereto as Exhibit 1, is a true and correct copy of pages from the Trademark Manual of Examination Procedure. The description of examination procedure in Exhibit 1 under the section "1715 Letters of Protest Against Pending Applications," 7 C.F.R. 2.149, supports my conclusion that Letters of Protest are reviewed by the Deputy Commissioner for Trademark Examination Policy for compliance with the rules – *i.e.*, to confirm that they include all the required information, and not for substance. They are then forwarded to the Trademark Examiner who is not obligated to take any action in response. Here, there is no evidence of any action by the Trademark

DECLARATION OF DAVID A. MAKMAN ISO OF SPECIALLY APPEARING DEF'S REPLY TO MTN TO DISMISS THE SECOND AMENDED COMPLAINT
Case No.: 3:22-cv-03724-TLT

1

Examiner. For that reason, I conclude that the USPTO has not made any substantive decision and the evidence relied on by Plaintiff does not show what he contends it shows. This conclusion is supported by the following language found in Exhibit 6, confirming that there has been no substantive legal determination by the Trademark Examiner:

> The consideration of a letter of protest filed before publication is not a legal determination by the USPTO of registrability, nor is it meant to compromise the integrity of the ex parte examination process. It merely serves to bring the submitted evidence to the attention of the examining attorney, who determines whether a refusal or requirement should be raised or ultimately made final. *See* 37 C.F.R. §2.149(d)(1).

5. Given this clear and unambiguous language in the very document cited by Plaintiff, the issue has not been finally resolved at the USPTO and the Deputy Commissioner's decision to let the Trademark Examiner review Plaintiff's Letters of Protest has not been reached. As such, the Letters of Protest should be given no weight here.

6. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 6th day of June 2023, at Redwood City, California.

By: /s *David Alan Makman*

David A. Makman (SBN 178195)