**Makman Declaration**
**Exhibit 1**

## 1714.01(f)(ii)(B)    Examining Attorney's Refusal of Registration on Ground That Applicant Did Not Meet Statutory Requirements Before Expiration of Deadline for Filing Statement of Use

If the applicant unintentionally fails to meet the minimum requirements for *filing* a statement of use, as set forth in **37 C.F.R. §2.88(c)**, the applicant may file a petition to revive under **37 C.F.R. §2.66**. However, the applicant may not file a petition to revive under **37 C.F.R. §2.66** if the applicant met the minimum filing requirements of **37 C.F.R. §2.88(c)**, but the examining attorney later refuses registration on the ground that the applicant failed to satisfy the statutory requirements for a *complete* statement of use (**15 U.S.C. §1051(d)**; **37 C.F.R. §2.88(b)**) on or before the statutory deadline (e.g., because the specimen is unacceptable or the dates of use are subsequent to the deadline for filing the statement of use).  The applicant may appeal the examining attorney's refusal of registration to the Trademark Trial and Appeal Board.  See **TMEP §1109.16(a)** regarding the requirements that must be met within the statutory period for filing the statement of use.

## 1714.01(f)(ii)(C)    Goods/Services Omitted from Statement of Use or Request for Extension of Time to File a Statement of Use

If the applicant lists the goods/services/classes in a statement of use or request for an extension of time to file a statement of use, and omits any goods or services that were listed in the notice of allowance, the USPTO will presume these goods/services to be deleted.  The applicant may not thereafter request that the goods/services be reinserted in the application.  **37 C.F.R. §§2.88(b)(1)(iv)**, **2.89(f)**; **TMEP §§1108.02(d)**, **1109.13**.  In these situations, the applicant may not file a petition under **37 C.F.R. §2.66** claiming unintentional delay in filing a statement of use or extension request for the omitted goods/services.

## 1714.01(f)(ii)(D)    Registered Marks

Trademark Rule 2.66 does not apply to registrations; it only applies to applications.

*Registrants must file petition to Director, not petition to revive.* If a registrant fails to timely respond to an Office action regarding a §8 affidavit, §71 affidavit, or §9 renewal application, even if the electronic record does not indicate the registration is cancelled or expired, the registrant may file a petition to the Director under **37 C.F.R. §2.146(a)(5)** and **§2.148** to waive a rule and accept a late response.  The petition must be filed by not later than two months after the issue date of the notice of cancellation/expiration.  **37 C.F.R. §2.146(d)(1)**.  Where the registrant declares under **37 C.F.R. §2.20** or **28 U.S.C. §1746** that it did not receive the action, the petition must be filed by not later than two months of actual knowledge of the cancellation/expiration and not later than six months after the date the trademark electronic records system indicates that the registration is cancelled/expired.  **37 C.F.R. §2.146(d)(2)(ii)**.

The Director will waive a rule only in an extraordinary situation, where justice requires, and no other party is injured.  The Director has no authority to waive a statutory requirement.  See **TMEP §1708** regarding the waiver of rules. Failure to receive the post registration Office action may be considered an extraordinary situation.

See **TMEP §§1712.02–1712.02(b)** regarding requests to reinstate cancelled or expired registrations.

## 1714.01(f)(ii)(E)    Dismissal of Appeal for Failure to File a Brief

An applicant cannot file a petition to revive under **37 C.F.R. §2.66** if an application is abandoned because the Board dismisses an appeal for failure to file a brief.  In this situation, the applicant may file a motion with the Board to set aside the dismissal and accept a late-filed brief.  *See* **TBMP §1203.02(a)**.  If the Board denies this motion, the applicant may file a petition to the Director under **37 C.F.R. §2.146**, asking the Director to reverse the Board's order.  The petition must be filed by not later than thirty days after the issue date of the Board's order.  **37 C.F.R. §2.146(e)(2)**.  The Director will reverse the Board's action only if the Board clearly erred or abused its discretion.

## 1714.01(g)    Request for Reconsideration of Denial of Petition to Revive

Under **37 C.F.R. §2.66(e)**, if a petition to revive is denied, the applicant may request reconsideration by:  (1) filing the request for reconsideration by not later than two months after the issue date of the decision denying the petition or two months after the date of actual knowledge of the decision denying the petition and not later than six months after the issue date of the decision where the applicant declares under **37 C.F.R. §2.20** or **28 U.S.C. §1746** that it did not receive the decision; and (2) paying a second petition fee under **37 C.F.R. §2.6**.  *See* **TMEP §1705.08**.  Petitioners should use the TEAS Petition to Director form to request reconsideration.

## 1715    Letters of Protest Against Pending Applications

***37 C.F.R. 2.149  Letters of protest against pending applications.***

> (a) A third party may submit, for consideration and entry in the record of a trademark application, objective evidence relevant to the examination of the application for a ground for refusal of registration if the submission is made in accordance with this section.
> (b) A party protesting multiple applications must file a separate submission under this section for each application.
> (c) Any submission under this section must be filed no later than 30 days after the date the application is published for opposition under section 12(a) of the Act and § 2.80 of this part. If the subject application cannot be withdrawn from issuance of a registration while consideration of the protest is pending, the protest may be considered untimely.
> (d)
> > (1) If the letter of protest is filed before publication of the subject application, the evidence must be relevant to the identified ground(s) for refusal, such that it is appropriate for the examining attorney to consider whether to issue a refusal or make a requirement under the Act or this part.
> > (2) If the letter of protest is filed on or within 30 days after the date of publication of the subject application, the evidence must establish a prima facie case for refusal on the identified ground(s), such that failure to issue a refusal or to make a requirement would likely result in issuance of a registration in violation of the Act or parts 2 or 7 of this section.
> (e) Filing a submission under this section does not stay or extend the time for filing a notice of opposition.
> (f) Any submission under this section must be made in writing, filed through TEAS, and include:
> > (1) The fee required by § 2.6(a)(25);
> > (2) The serial number of the pending application that is the subject of the protest;
> > (3) An itemized evidence index that does not identify the protestor or its representatives, does not contain legal argument, and includes:
> > > (i) An identification of the documents, or portions of documents, being submitted as evidence. The submission may not total more than 10 items of evidence in support of a specified ground of refusal and more than 75 total pages of evidence without a detailed and sufficient explanation that establishes the special circumstances that necessitate providing more than 10 items of evidence per refusal ground or more than 75 total pages of evidence; and
> > > (ii) A concise factual statement of the relevant ground(s) for refusal of registration appropriate in ex parte examination that each item identified supports; and
> > (4) A clear and legible copy of each item identified in the evidence index where:
> > > (i) Copies of third-party registrations come from the electronic records of the Office and show the current status and title of the registration;
> > > (ii) Evidence from the internet includes the date the evidence was published or accessed and the complete URL address of the website; and
> > > (iii) Copies of printed publications identify the publication name and date of publication.

(g) Any submission under this section may not be entered or considered by the Office if:
   (1) Any part of the submission is not in compliance with this section;
   (2) The application record shows that the examining attorney already considered the refusal ground(s) specified in the submission; or
   (3) A provision of the Act or parts 2 or 7 of this chapter precludes acceptance of the submission.
(h) If a submission is determined to be in compliance with this section, only the specified ground(s) for refusal and the provided evidence relevant to the ground(s) for refusal will be included in the application record for consideration by the examining attorney. An applicant should not reply to the entry into the application record of evidence entered under this section.
(i) Any determination whether to include in an application record the ground(s) or evidence for a refusal of registration in a submission under this section is not petitionable.
(j) A third party filing a submission under this section will not receive any communication from the Office relating to the submission other than acknowledgement that it has been received by the Office and notification of whether the submission is found to be compliant or non-compliant with this section. Communications with the third party will not be made of record in the application. The Office will not accept amendments to a non-compliant submission that was previously filed. Instead, a third party who previously filed a non-compliant submission may file another submission that meets the requirements of paragraph (f) of this section, provided the time period for filing a submission in paragraph (c) of this section has not closed.
(k) The limited involvement of the third party ends with the filing of the submission under this section. The third party may not directly contact the examining attorney assigned to the application.

A letter of protest is a procedure whereby third parties may submit, for consideration and entry in the record of a trademark application, objective evidence bearing on the registrability of a mark.  37 C.F.R §2.149(a). The letter of protest procedure applies only to pending applications and is intended to aid in examination without causing undue delay and without compromising the integrity and objectivity of the ex parte examination process. *See In re BPJ Enters., Ltd.*, 7 USPQ2d 1375 (Comm'r Pats. 1988); *In re Pohn*, 3 USPQ2d 1700 (Comm'r Pats. 1987).

Letters of protest are reviewed in the Office of the Deputy Commissioner for Trademark Examination Policy (Deputy Commissioner).  To preserve the integrity and objectivity of the ex parte examination process, the letter of protest is not entered into the application file. If a letter of protest is mistakenly entered in the record as a document received from the applicant, all evidence of that receipt will be expunged from the application record. The Deputy Commissioner will determine if the letter of protest complies with the requirements of Rule 2.149 and whether any submitted evidence should be included in the application record without consulting with the examining attorney. The Deputy Commissioner considers only the record in the application and the evidence submitted by the protestor. *In re BPJ Enters., Ltd.*, 7 USPQ2d at 1378.

If a third party attempts to contact an examining attorney regarding a letter of protest, the examining attorney will refer the third party to the Deputy Commissioner's Office. 37 C.F.R. §2.149(k). If an examining attorney receives a letter of protest, the letter will be referred to the Deputy Commissioner's Office.

A letter of protest may not be entered or considered by the Office if: (1) any part of the submission does not comply with the requirements of Rule 2.149; (2) the application record shows that the examining attorney already considered the refusal ground(s) specified in the submission; or (3) acceptance of the submission is precluded by a provision of the Trademark Act or applicable rules. 37 C.F.R §2.149(g).

However, when a letter of protest complies with the requirements of Rule 2.149, the Deputy Commissioner may determine that the evidence should be included in the application record even if the examining attorney already considered the refusal ground(s) when: (1) the evidence provided by the protestor is significant additional evidence not currently of record in the application; or (2) the examining attorney clearly erred in his or her consideration of the issue and such error would result in the issuance of a registration in violation of the Trademark Act or applicable rules. See TMEP §706.01 regarding clear error.

If it is determined that evidence submitted with a letter of protest should be included in the application record, only the evidence and the ground for refusal to which the evidence relates will be so included. 37 C.F.R §2.149(h). Any determination whether or not to include evidence in the record of an application is not petitionable. 37 C.F.R §2.149(i).

# 1715.01    Appropriate and Inappropriate Subjects to Be Raised in Letter of Protest

Only issues and evidence relevant to a ground for refusing registration during the ex parte examination of an application are appropriate subjects for a letter of protest. 37 C.F.R. §2.149(a). It is inappropriate to use the letter-of-protest procedure to delay registration or to present purely adversarial arguments.  Adversarial arguments objecting to registration must be made in an opposition proceeding after publication or, in the case of the Supplemental Register, a cancellation proceeding after registration.  The letter-of-protest procedure may not be used to circumvent the requirements for filing an opposition.  The USPTO will not consider letters of protest that do not include factual, objective evidence.

# 1715.01(a)    Issues Appropriate as Subjects of Letters of Protest

Appropriate subjects for letters of protest concern issues that the examining attorney has the authority and resources to pursue to a legal conclusion without further intervention by third parties.  The following are examples of the most common areas of protest:

(1) A third party files an objection to the registration of a term because it is allegedly generic or descriptive.  The objection must be accompanied by *evidence* of genericness or descriptiveness.  The evidence should be objective, independent, and factual evidence that the examining attorney may use to support the suggested refusal.  Personal opinions are subjective and may be self-serving, and are not forwarded to the examining attorney.
(2) A third party notifies the USPTO of the existence of a federally registered mark or prior-pending application and alleges that there is a likelihood of confusion between this mark and the mark in the application that is the subject of the letter of protest.
(3) A third party files a request that prosecution of an application be suspended because of pending litigation claiming infringement based on the applicant's use of the applied-for mark.  The litigation must be specifically identified and a copy of the relevant pleadings must be enclosed. The litigation must involve a federally registered mark or prior-pending application of the protestor, and the protestor must allege that there is a likelihood of confusion between this mark and the mark in the application that is the subject of the letter of protest. Normally, a court proceeding is not considered relevant to the registrability of a mark unless the remedy requested in the proceeding is cancellation, abandonment, or amendment of the application that is the subject of the letter of protest.
(4) A third party notifies the USPTO that registered marks are being used inappropriately in identifications of goods and services, mark descriptions, or other application data fields for particular applications. (*See* TMEP §1402.09.)
(5) A third party notifies the USPTO that the specimens of use in the protested application feature an image that is used by third parties without the mark in question or an image that appears in multiple prior registrations or applications all bearing different marks.
(6) A third party notifies the USPTO of the existence of a subsequently filed U.S. application and alleges that the application contains a proper claim of priority under §44(d) to which the third party is entitled and that there is a likelihood of confusion between its mark and the mark in a prior-filed application that is the subject of the letter of protest. *See* TMEP §§1003.05 and 1904.01(e).
(7) A third party notifies the USPTO of the serial number of an application filed under §66(a) with an earlier filing date or a priority claim to which the third party is entitled and that there is a likelihood of confusion between its mark and the mark in the application that is the subject of the letter of protest, even if the §66(a) application was not entered into the Trademark database at the time the application that is the subject of the letter of protest was examined. *See* TMEP §§1904.01(b) and 1904.01(e).
(8) A third party notifies the USPTO that the foreign application relied upon as the basis for a claim of priority under §44(d) is not the first application filed in a treaty country and provides evidence of the existence of an earlier-filed foreign registration or pending foreign application. *See* TMEP §1003.01.

# 1715.01(b)    Issues Inappropriate as Subjects of Letters of Protest

The following are examples of issues that are *not* appropriate to raise in letters of protest: