# EXHIBIT A

David A. Makman (SBN 178195)
david@makmanlaw.com
**LAW OFFICES OF DAVID A. MAKMAN**
483 Seaport Court, Suite 103
Redwood City, California 94063
Telephone:   (650) 242-1560
Facsimile:    (650) 242-1547

Christopher Studebaker (admitted *pro hac vice*)
chris.studebaker@tkilaw.com
**TOKYO INTERNATIONAL LAW OFFICE**
Daido Seimei Kasumigaseki Bldg., 8F
1-4-2 Kasumigaseki, Chiyoda-ku
Tokyo 100-0013, Japan
Telephone:   011-81-(0)3-6273-3120
Facsimile:    011-81-(0)3-6273-3876

*Attorneys for Specially Appearing Defendant
Kabushiki Kaisha LegalOn Technologies, f/k/a Kabushiki Kaisha LegalForce*

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| LEGALFORCE RAPC WORLDWIDE, P.C.<br><br>Plaintiff,<br><br>v.<br><br>LEGALFORCE, INC.,<br><br>Defendant. | CASE NO.: 3:22-cv-03724-TLT<br><br>**DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FOURTH SET OF REQUESTS FOR PRODUCTION** |

**PROPOUNDING PARTY**: LegalForce RAPC Worldwide, P.C.

**RESPONDING PARTY**: Specially Appearing Defendant *Kabushiki Kaisha* LegalOn Technologies, f/k/a *Kabushiki Kaisha* LegalForce

**SET NUMBER**: Four

TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

Pursuant to Rules 26 and 34, Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the Northern District of California, Specially Appearing Defendant *Kabushiki Kaisha* LegalOn Technologies, f/k/a *Kabushiki Kaisha* LegalForce, Inc. ("Defendant"), through its counsel, hereby responds and objects to Plaintiff LegalForce RAPC Worldwide, P.C.'s ("Plaintiff") Fourth Set of Requests for Production (the "Requests)," served on June 30, 2023.

Defendant provides these Responses, and any document produced in response to the Requests, without waiver of or prejudice to (i) its right at any later time to raise objections as to the relevance, materiality, privilege, work-product character or admissibility as evidence, for any purpose, of (a) the Requests or any part thereof, (b) statements made in these Responses to the Requests or any part thereof, or (c) any information disclosed and/or any documents produced as part of Defendant's Responses to the Requests or any part thereof; (ii) its right to object to the use of any documents produced in response to these Requests in any subsequent proceedings or the trial of this Action or any other action; or (iii) its right to object on any ground at any time to a demand for further response to these Requests or other discovery requests in this Action. Any response or objection or agreement to search for and produce in response to an individual Request is not an acknowledgement or concession that the documents sought exist or are in Defendant's possession, custody or control.

Defendant reserves the right to amend or supplement its responses and objections to the Requests from time to time as appropriate.

## GENERAL OBJECTIONS

1. The General Objections set forth below apply to the Requests generally and to the Definitions, Instructions and the Individual Requests set forth therein. Unless otherwise stated, the General Objections shall have the same force and effect as if set forth in full response to each Definition and Instruction and Request.

2. Defendant objects generally to the Requests, including the Definitions and Instructions set forth therein, to the extent that they seek to impose burdens or obligations on Defendant that are broader than, inconsistent with or not authorized under the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of California, other applicable rules or laws, or any order entered by the Court in, or applicable to, this Action (the "Applicable Rules"). Subject to and without waiving any Objections, in responding to these Requests, Defendant will construe the Requests in accordance with the Applicable Rules.

3. Defendant objects generally to the Requests, including the Definitions and Instructions set forth therein, on the grounds that they seek documents or information that come within the scope of the attorney-client privilege, the work-product doctrine, the common interest or joint defense privilege or any other applicable privilege or immunity, or that otherwise are exempted from disclosure. Defendant hereby claims such privileges and protections to the extent implicated by the Requests and excludes privileged or protected material from its responses to the Requests. Any disclosure of such privileged or protected material in response to the Requests is inadvertent and not intended to waive those privileges and protections. Defendant reserves the right to demand that Plaintiff return, destroy or sequester any privileged or protected documents produced and all copies thereof consistent with the Applicable Rules.

4. Defendant objects generally to the Requests, including the Definitions and Instructions set forth therein, to the extent they purport to require Defendant to produce documents without any date restriction and therefore seek documents that are not relevant to any party's claim or defense or proportional to the needs of the case.

5. Defendant objects generally to the Requests, including the Definitions and Instructions set forth therein, to the extent that they seek documents that are cumulative or duplicative.

6. Defendant objects generally to the Requests, including the Definitions and Instructions set forth therein, to the extent that they purport to require Defendant to conduct anything beyond a reasonable and diligent search for readily accessible documents (including electronic documents) from readily available sources (including electronic sources) where responsive documents reasonably would be expected to be found, and to the extent that the Requests purport to require Defendant to

exceed its obligations under the Applicable Rules.

7.     Defendant objects generally to the Requests, including the Definitions and Instructions set forth therein, to the extent that they purport to impose an obligation to produce any information or documents that are newly created or received after the receipt of Requests, because efforts to produce such information or documents would be unduly burdensome and require unreasonable expense.

8.     Defendant objects generally to the Requests, including the Definitions and Instructions set forth therein, to the extent that they purport to require Defendant to draw subjective or legal conclusions, or are predicated on subjective or legal conclusions or arguments.  Subject to and without waiving any objections, Defendant states that any response, production of documents or provision of information in response to the Requests is not intended to provide, and shall not constitute or be construed as providing, an admission concerning any of the terms used in the Requests.

9.     Defendant objects generally to the Requests, including the Definitions and Instructions set forth therein, to the extent that the Requests, Definitions or Instructions contain inaccurate, incomplete or misleading descriptions of the facts, persons, relationships and/or events underlying the Action.  Defendant further objects to the Requests, including the Definitions and Instructions set forth therein, to the extent that they assume the existence of facts that do not exist or the occurrence of events that did not take place.  Any response, production of documents or provision of information in response to the Requests is not intended to provide, and shall not constitute or be construed as providing, an admission that any factual predicates stated in the Requests are accurate.

10.    Defendant objects generally to the Requests to the extent that the Requests purport to require production of documents within 30 days on the grounds that such a request is unreasonable and unduly burdensome.

11.    Defendant object generally to Definition No. 3, defining the term "LegalOn Japan" as vague, over-broad and, as used in the Requests, calling for material not relevant to claims or defenses of either party to Action to the extent that it encompasses Defendant's "contractors."  Unless otherwise stated, Defendant will interpret "You", "Your" and "LegalOn Japan" to include only *Kabushiki Kaisha* LegalOn Technologies, f/k/a *Kabushiki Kaisha* LegalForce and its employees.

**SPECIFIC OBJECTIONS AND RESPONSES**

Defendant submits the following Specific Objections and Responses to the Requests. The absence of a Specific Objection to a Request is not an admission that documents responsive to the Request exist. Moreover, Defendant hereby incorporates its General Objections into the Responses set forth below.

**REQUEST FOR PRODUCTION NO. 94:**

Documents sufficient to show the amount of venture capital that You have raised from investors headquartered in the United States of America.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 94**:

Defendant objects to this Request to the extent that it seeks documents protected by attorney work product and/or attorney-client privilege. Defendant additionally objects to this Request based on the grounds that it is premature, call for production of confidential and proprietary information and documents absent entry of a stipulated protective order, and call for electronically stored information absent entry of a stipulated order regarding discovery of electronically stored information for litigation. Defendant further objects to this Request with respect to the language "venture capital" and "headquartered" based on the grounds that it overly broad and unduly burdensome as it is not limited in the subject matter, not limited to the U.S. jurisdiction, and not tied to the claims or defenses in this case. Defendant further objects to this Request as vague and ambiguous with respect to the language "venture capital" and "headquartered" on the grounds that it relies on the interpretation of terms that are undefined. Defendant objects to this Request to the extent that it falsely suggests that Defendant had any plan or activity to enter the U.S. market using the LEGALFORCE name or mark. Defendant further objects to this Request as it is compound and assumes facts not in evidence and calling for speculation when it asks Defendant to identify the supposed headquarters of its investors. Defendant further objects to this Request in that it calls for highly confidential information—the specific amounts invested by specific investors—when there is no protective order in this action.

Defendant also objects to the Request given that jurisdictional discovery has closed and/or is inappropriate pending a determination from the Court whether it has Article III jurisdiction here.

Defendant will withhold responding to this Request on these bases.

| | | |
|---|---|---|
| 1 | Dated July 29, 2023 | By:   /s/Christopher Studebaker |
| 2 | | Christopher Studebaker (admitted *pro hac vice*) |
| | | chris.studebaker@tkilaw.com |
| 3 | | **TOKYO INTERNATIONAL LAW OFFICE** |
| | | Daido Seimei Kasumigaseki Bldg., 8F |
| 4 | | 1-4-2 Kasumigaseki, Chiyoda-ku |
| | | Tokyo 100-0013, Japan |
| 5 | | Telephone:     011-81-(0)3-6273-3120 |
| | | Facsimile:      011-81-(0)3-6273-3876 |

David A. Makman (SBN 178195)
david@makmanlaw.com
**LAW OFFICES OF DAVID A. MAKMAN**
483 Seaport Court, Suite 103
Redwood City, California 94063
Telephone:     (650) 242-1560
Facsimile:      (650) 242-1547

*Attorneys for Specially Appearing Defendant Kabushiki Kaisha LegalOn Technologies, f/k/a Kabushiki Kaisha LegalForce*

**Certificate of Service**

Based on an agreement to accept service by e-mail, I hereby certify that on June 29, 2023, I served a true and correct copy of Defendant's Objections and Responses to Plaintiff's Fourth Set of Requests for Production by e-mail pursuant to Fed. R. Civ. Proc. 5(b) to the party listed below:

>Raj Vasant Abhyanker
>LEGALFORCE RAPC WORLDWIDE, P.C.
>1580 W. El Camino Real, Suite 10
>Mountain View, CA 94040
>650-965-8731
>Fax: 650-989-2131
>Email: raj@legalforcelaw.com
>Counsel for Plaintiff LegalForce RAPC Worldwide, P.C.

I hereby certify that I am admitted *pro hac vice t*o practice before the United States District Court for the Northern District of California for this case. I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Certificate of Service is true and correct.

Dated: July 29, 2023

/s/Christopher Studebaker
Christopher Studebaker

David A. Makman (SBN 178195)
david@makmanlaw.com
**LAW OFFICES OF DAVID A. MAKMAN**
483 Seaport Court, Suite 103
Redwood City, California 94063
Telephone:      (650) 242-1560
Facsimile:       (650) 242-1547

Christopher Studebaker (admitted *pro hac vice*)
chris.studebaker@tkilaw.com
**TOKYO INTERNATIONAL LAW OFFICE**
Daido Seimei Kasumigaseki Bldg., 8F
1-4-2 Kasumigaseki, Chiyoda-ku
Tokyo 100-0013, Japan
Telephone:      011-81-(0)3-6273-3120
Facsimile:       011-81-(0)3-6273-3876

*Attorneys for Specially Appearing Defendant*
*Kabushiki Kaisha LegalOn Technologies, f/k/a Kabushiki Kaisha LegalForce*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| LEGALFORCE RAPC WORLDWIDE, P.C.<br><br>Plaintiff,<br><br>v.<br><br>LEGALFORCE, INC.,<br><br>Defendant. | CASE NO.: 3:22-cv-03724-TLT<br><br>**DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S THIRD SET OF INTERROGATORIES** |

**PROPOUNDING PARTY**: LegalForce RAPC Worldwide, P.C.

**RESPONDING PARTY**: Specially Appearing Defendant *Kabushiki Kaisha* LegalOn Technologies, f/k/a *Kabushiki Kaisha* LegalForce

**SET NUMBER**: Three

TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

Pursuant to Rules 26 and 33, Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the Northern District of California, Specially Appearing Defendant *Kabushiki Kaisha* LegalOn Technologies, f/k/a *Kabushiki Kaisha* LegalForce ("Defendant"), through its counsel, hereby responds and objects to Plaintiff LegalForce RAPC Worldwide, P.C.'s ("Plaintiff") Third Set of Interrogatories (the "Interrogatories")," served on June 30, 2023.

Defendant provides these Responses, and any document produced in response to the Interrogatories, without waiver of or prejudice to (i) its right at any later time to raise objections as to the relevance, materiality, privilege, work-product character or admissibility as evidence, for any purpose, of (a) the Interrogatories or any part thereof, (b) statements made in these Responses to the Interrogatories or any part thereof, or (c) any information disclosed and/or any documents produced as part of Defendant's Responses to the Interrogatories or any part thereof; (ii) its right to object to the use of any documents produced in response to these Interrogatories in any subsequent proceedings or the trial of this Action or any other action; or (iii) its right to object on any ground at any time to a demand for further response to these Interrogatories or other discovery requests in this Action. Any response or objection or agreement to search for and produce in response to an individual Interrogatory is not an acknowledgement or concession that the documents sought exist or are in Defendant's possession, custody or control.

Defendant reserves the right to amend or supplement its responses and objections to the Interrogatories from time to time as appropriate.

**GENERAL OBJECTIONS**

1. The General Objections set forth below apply to the Interrogatories generally and to the Definitions, Instructions and the Individual Interrogatories set forth therein. Unless otherwise stated, the General Objections shall have the same force and effect as if set forth in full response to

each Definition and Instruction and Interrogatory. Any undertaking to search for, or provide information or documents in response to, any Interrogatory is made subject to the General Objections.

2. Defendant objects generally to the Interrogatories, including the Definitions and Instructions set forth therein, to the extent that they seek to impose burdens or obligations on Defendant that are broader than, inconsistent with or not authorized under the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of California, other applicable rules or laws, or any order entered by the Court in, or applicable to, this Action (the "Applicable Rules"). Subject to and without waiving any Objections, in responding to these Interrogatories, Defendant will construe the Interrogatories in accordance with the Applicable Rules.

3. Defendant objects generally to the Interrogatories, including the Definitions and Instructions set forth therein, on the grounds that they seek documents or information that come within the scope of the attorney-client privilege, the work-product doctrine, the common interest or joint defense privilege or any other applicable privilege or immunity, or that otherwise are exempted from disclosure. Defendant hereby claims such privileges and protections to the extent implicated by the Interrogatories and excludes privileged or protected material from its responses to the Interrogatories. Any disclosure of such privileged or protected material in response to the Interrogatories is inadvertent and not intended to waive those privileges and protections. Defendant reserves the right to demand that Plaintiff return, destroy or sequester any privileged or protected documents produced and all copies thereof consistent with the Applicable Rules.

4. Defendant objects generally to the Interrogatories, including the Definitions and Instructions set forth therein, to the extent they purport to require Defendant to respond with information without any date restriction and therefore seek information that are not relevant to any party's claim or defense or proportional to the needs of the case.

5. Defendant objects generally to the Interrogatories, including the Definitions and Instructions set forth therein, to the extent that they seek information that is cumulative or duplicative.

6. Defendant objects generally to the Interrogatories, including the Definitions and Instructions set forth therein, to the extent that they purport to require Defendant to conduct anything beyond a reasonable and diligent search for readily accessible documents (including electronic

documents) from readily available sources (including electronic sources) where responsive documents reasonably would be expected to be found, and to the extent that the Interrogatories purport to require Defendant to exceed its obligations under the Applicable Rules.

7. Defendant objects generally to the Interrogatories, including the Definitions and Instructions set forth therein, to the extent that they purport to impose an obligation to produce any information or documents that are newly created or received after the receipt of Interrogatories, because efforts to produce such information or documents would be unduly burdensome and require unreasonable expense.

8. Defendant objects generally to the Interrogatories, including the Definitions and Instructions set forth therein, to the extent that they purport to require Defendant to draw subjective or legal conclusions, or are predicated on subjective or legal conclusions or arguments.  Subject to and without waiving any objections, Defendant states that any response, production of documents or provision of information in response to the Interrogatories is not intended to provide, and shall not constitute or be construed as providing, an admission concerning any of the terms used in the Interrogatories.

9. Defendant objects generally to the Interrogatories, including the Definitions and Instructions set forth therein, to the extent that the Interrogatories, Definitions or Instructions contain inaccurate, incomplete or misleading descriptions of the facts, persons, relationships and/or events underlying the Action.  Defendant further objects to the Interrogatories, including the Definitions and Instructions set forth therein, to the extent that they assume the existence of facts that do not exist or the occurrence of events that did not take place.  Any response, production of documents or provision of information in response to the Interrogatories is not intended to provide, and shall not constitute or be construed as providing, an admission that any factual predicates stated in the Interrogatories are accurate.

10. Defendant objects generally to the Interrogatories to the extent that the Interrogatories purport to require production of information or documents within 30 days on the grounds that such a request is unreasonable and unduly burdensome.

11. Defendant object generally to Definition No. 3, defining the term "LegalOn Japan" as

vague, over-broad and, as used in the Interrogatories, calling for material not relevant to claims or defenses of either party to Action to the extent that it encompasses Defendant's "contractors." Unless otherwise stated, Defendant will interpret "You", "Your" and "LegalOn Japan" to include only *Kabushiki Kaisha* LegalOn Technologies, f/k/a *Kabushiki Kaisha* LegalForce and its employees.

## SPECIFIC OBJECTIONS AND RESPONSES

Defendant submits the following Specific Objections and Responses to the Interrogatory. The absence of a Specific Objection to an Interrogatory is not an admission that information responsive to the Interrogatory exists. Moreover, Defendant hereby incorporates it General Objections into the Responses to the Interrogatory set forth below.

**INTERROGATORY NO. 25:**

Documents sufficient to show the amount of venture capital that You have raised from investors headquartered in the United States of America.

**RESPONSE TO INTERROGATORY NO. 25**:

Defendant objects to this Interrogatory to the extent that it seeks information protected by attorney work product and/or attorney-client privilege. Defendant additionally objects to this Interrogatory based on the grounds that it is premature, call for production of confidential and proprietary information and documents absent entry of a stipulated protective order, and call for electronically stored information absent entry of a stipulated order regarding discovery of electronically stored information for litigation. Defendant further objects to this Interrogatory with respect to the language "venture capital" and "headquartered" based on the grounds that it overly broad and unduly burdensome as it is not limited in the subject matter, not limited to the U.S. jurisdiction, and not tied to the claims or defenses in this case. Defendant further objects to this Interrogatory as vague and ambiguous with respect to the language "venture capital" and "headquartered" on the grounds that it relies on the interpretation of terms that are undefined. Defendant objects to this Interrogatory to the extent that it falsely suggests that Defendant had any plan or activity to enter the U.S. market using the LEGALFORCE name or mark. Defendant further objects to this Interrogatory as it is compound and assumes facts not in evidence and calling for speculation when it asks Defendant to identify the supposed headquarters of its investors. Defendant further objects to this Interrogatory

in that it calls for highly confidential information—the specific amounts invested by specific investors—when there is no protective order in this action.

Defendant also objects to the Interrogatory given that jurisdictional discovery has closed and/or is inappropriate pending a determination from the Court whether it has Article III jurisdiction here.

Defendant will withhold responding to this Interrogatory on these bases.

Dated July 29, 2023

By: /s/Christopher Studebaker
Christopher Studebaker (admitted *pro hac vice*)
chris.studebaker@tkilaw.com
**TOKYO INTERNATIONAL LAW OFFICE**
Daido Seimei Kasumigaseki Bldg., 8F
1-4-2 Kasumigaseki, Chiyoda-ku
Tokyo 100-0013, Japan
Telephone:   011-81-(0)3-6273-3120
Facsimile:    011-81-(0)3-6273-3876

David A. Makman (SBN 178195)
david@makmanlaw.com
**LAW OFFICES OF DAVID A. MAKMAN**
483 Seaport Court, Suite 103
Redwood City, California 94063
Telephone:   (650) 242-1560
Facsimile:    (650) 242-1547

*Attorneys for Specially Appearing Defendant Kabushiki Kaisha LegalOn Technologies, f/k/a Kabushiki Kaisha LegalForce*

**Certificate of Service**

Based on an agreement to accept service by e-mail, I hereby certify that on June 29, 2023, I served true and correct copies of Defendant's Objections and Responses to Plaintiff's Third Set of Interrogatories by e-mail pursuant to Fed. R. Civ. Proc. 5(b) to the party listed below:

> Raj Vasant Abhyanker
> LEGALFORCE RAPC WORLDWIDE, P.C.
> 1580 W. El Camino Real, Suite 10
> Mountain View, CA 94040
> 650-965-8731
> Fax: 650-989-2131
> Email: raj@legalforcelaw.com
> Counsel for Plaintiff LegalForce RAPC Worldwide, P.C.

I hereby certify that I am admitted *pro hac vice t*o practice before the United States District Court for the Northern District of California for this case.  I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Certificate of Service is true and correct.

Dated:  July 29, 2023

/s/Christopher Studebaker
Christopher Studebaker