UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEGALFORCE RAPC WORLDWIDE, P.C, <br><br> Plaintiff, <br><br> v. <br><br> LEGALFORCE, INC., <br><br> Defendant. | Case No. 22-cv-03724-TLT (AGT) <br><br> **DISCOVERY ORDER** <br> Re: Dkt. Nos. 121, 122 |

This order resolves the pending discovery disputes. *See* Dkt. 121, 122.

\* \* \*

1. <u>Venture Capital Funding</u>. Defendant must identify, and produce documents sufficient to show, "the amount of venture capital that [defendant has] raised from investors headquartered in the United States." RFP 94; ROG 25. This discovery is relevant to plaintiff's ripeness argument: that plaintiff's trademark infringement claims are ripe because defendant used plaintiff's trademark "within commerce in the United States while advertising and selling $100 million dollars of securities to American investors." Opp'n to MTD, Dkt. 100 at 6 (emphasis omitted); *see also* Dkt. 93, SAC ¶¶ 17–18. Whether plaintiff's argument has merit is a question for

another day. For present purposes, it is sufficient that plaintiff's requested discovery is relevant, and that defendant hasn't established that "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Defendant, in opposition, argues that "the period for jurisdictional discovery closed with the filing of the third and final complaint." Dkt. 121 at 4. Defendant hasn't identified a court order supporting this contention, nor is the undersigned aware of one. Judge Thompson set June 3, 2024, as the fact discovery cutoff and didn't set a separate, earlier cutoff for jurisdictional discovery. See Dkt. 118 at 2.

Defendant, in opposition, also invokes a jurisdictional argument it has made in the pending motion to dismiss the operative amended complaint. See Joint Statement, Dkt. 121 at 4 ("[W]here a case [has been] dismissed for lack of subject matter jurisdiction, a court does not have the power to grant leave to amend under Article III."). The undersigned won't consider this argument because it relates to a "case-dispositive matter." *CPC Pat. Techs. Pty Ltd. v. Apple, Inc.*, 34 F.4th 801, 807 (9th Cir. 2022). It is for Judge Thompson to evaluate. Discovery hasn't been stayed pending a decision on the motion to dismiss, so the undersigned won't wait to resolve the pending discovery disputes.

Defendant must produce the discovery ordered above by August 30, 2023.

2. Subpoena to LegalOn. Plaintiff's request to compel defendant, LegalForce, Inc., to produce documents responsive to a subpoena served on LegalOn Technologies, Inc., is denied. See Dkt. 122. The subpoena wasn't addressed to LegalForce, Inc., see dkt. 122-2 at 2–8, so LegalForce, Inc., wasn't required to respond and need not produce responsive documents.

3. Miscellaneous RFPs. Plaintiff's request to compel defendant to respond to various RFPs referenced in the August 11, 2023, joint statement is denied without prejudice. See Dkt.

122 at 3–4. Plaintiff's counsel didn't attest to meeting and conferring with defendant's current counsel about any of these RFPs, as required. *See* AGT Civil Standing Order § VII.B.

**IT IS SO ORDERED.**

Dated: August 22, 2023

Alex G. Tse
United States Magistrate Judge